RECEIVED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

HORTON HOMES, INC.,

    Plaintiff,

v.

LARUE BANDY, MARIE BANDY,
PATRICK PRITCHETT, WILLIAM
SHANER, ELSIE FONDREN
AVERETTE, WILLIAM CRUTHIRDS,
and SHERRIE CRUTHIRDS,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO. 2:07CV506-F

## COMPLAINT

NOW COMES Plaintiff Horton Homes, Inc. ("Plaintiff Horton") and files

this Complaint against Defendants Larue Bandy, Marie Bandy, Patrick Pritchett,

William Shaner, Elsie Fondren Averette, William Cruthirds, and Sherrie Cruthirds

(collectively, the "Defendants"), and states as follows:

## I.    PARTIES.

1.

Plaintiff Horton is a Georgia corporation having its principal place of

business at 101 Industrial Boulevard, Eatonton, Georgia  31024.

2.

Defendant Larue Bandy is a natural person who, upon information and belief, resides at 329 Main Street, Lowndes County, City of Hayneville, Alabama 36040.

3.

Defendant Marie Bandy is a natural person who, upon information and belief, resides at 329 Main Street, Lowndes County, City of Hayneville, Alabama 36040.

4.

Defendant Patrick Pritchett is a natural person who, upon information and belief, resides at Route One, Box 126, Bullock County, City of Fitzpatrick, Alabama 36029.

5.

Defendant William Shaner is a natural person who, upon information and belief, resides at 1111 Thrasher Road, Elmore County, City of Wetumpka, Alabama 36092.

6.

Defendant Elsie Fondren Averette ("Defendant Elsie Averette") is a natural person who, upon information and belief, resides at 33 Ashlee Drive, Bibb County, City of Centerville, Alabama 35042.

7.

Defendant William Cruthirds is a natural person who, upon information and belief, resides at 875 Lynch Lake Road, St. Clair County, City of Odenville, Alabama 35120.

8.

Defendant Sherrie Cruthirds is a natural person who, upon information and belief, resides at 875 Lynch Lake Road, St. Clair County, City of Odenville, Alabama 35120.

9.

Joinder of all of the Defendants in this single action is proper under Fed. R. Civ. P. 20(a) because Plaintiff Horton is asserting against them severally a right to relief arising out of a series of similar transactions that involve common questions of law and fact.  Specifically, Plaintiff Horton is seeking a determination that the Defendants cannot require Plaintiff Horton to arbitrate, based on nearly identical arbitration provisions in contracts with H&S Homes, L.L.C. ("H&S Homes")

which contracts concern Defendants' purchases of manufactured homes built by Plaintiff Horton.

10.

All of the Defendants are represented by attorneys Michael S. Harper and Frank H. Hawthorne, Jr., in their similar attempts to arbitrate against Plaintiff Horton.

## II.    JURISDICTION AND VENUE.

11.

The dollar amount in controversy as between Plaintiff Horton and each of the Defendants, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

12.

For purposes of determining diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(3), there is complete diversity of citizenship between Plaintiff Horton, on the one hand, and Defendants, on the other hand.  Plaintiff Horton is a citizen of the State of Georgia, because it is incorporated under the laws of Georgia and has its principal place of business in Georgia.  28 U.S.C. § 1332(c)(1).  Each of the Defendants is a natural person who is a citizen of the State of Alabama.

- 4 -

13.

Each of the Defendants is subject to the jurisdiction and venue of this Court because each is a citizen of the State of Alabama, and because, upon information and belief, Defendants Larue Bandy and Marie Bandy (collectively, the "Bandy Defendants"), Defendant Patrick Pritchett, and Defendant William Shaner, reside in the Northern Division of the Middle District of Alabama.

III.   **FACTS COMMON TO ALL COUNTS.**

14.

Plaintiff Horton produces manufactured homes and modular homes, which it constructs at its production facility located in Eatonton, Georgia.

15.

Plaintiff Horton sells the manufactured homes that it produces to approximately 200 retailers, which are separate corporate entities from Plaintiff Horton and are located primarily throughout the Southeastern United States.

16.

H&S Homes is a limited liability company formed in the State of Georgia and registered to conduct business in the State of Alabama. H&S Homes is an entirely separate and distinct entity from Plaintiff Horton.

17.

H&S Homes is a retailer of manufactured homes built by Plaintiff Horton. As such, H&S Homes purchases manufactured homes from Plaintiff Horton, which H&S then sells to the public.

### A.    Defendants' Purchase of Manufactured Homes from H&S Homes.

18.

Each of the Defendants purchased from H&S Homes, in Alabama, a manufactured home that was built by Plaintiff Horton.  Each of the Defendants effected the purchase of a manufactured home from H&S Homes by entering into a "Retail Installment Contract" with H&S Homes, as described below:

(a)    On or about April 12, 1999, Defendant Larue Bandy and Defendant Marie Bandy (collectively, the "Bandy Defendants") purchased a manufactured home from H&S Homes.  The Bandy Defendants effected this purchase by entering into a "Retail Installment Contract" that contains a provision requiring arbitration of any claims arising out of or relating to that contract.  Attached hereto as Exhibit "A" is a copy of the pages of the H&S/Bandy Arbitration Agreement that contain the arbitration provision (the "H&S/Bandy Arbitration Agreement").

- 6 -

(b)    On or about June 4, 1999, Defendant Patrick Pritchett purchased a manufactured home from H&S Homes. Defendant Patrick Pritchett effected this purchase by entering into a "Retail Installment Contract" that contains an "Arbitration Agreement". Attached hereto as Exhibit "B" is a copy of the H&S/Pritchett Arbitration Agreement (the "H&S/Pritchett Arbitration Agreement").

(c)    On or about October 12, 1999, Defendant William Shaner purchased a manufactured home from H&S Homes. Defendant William Shaner effected this purchase by entering into a "Retail Installment Contract" that contains an "Arbitration Agreement". Attached hereto as Exhibit "C" is a copy of the H&S/Shaner Arbitration Agreement (the "H&S/Shaner Arbitration Agreement").

(d)    On or about June 17, 2000, Defendant Elsie Averette purchased a manufactured home from H&S Homes. Defendant Elsie Averette effected this purchase by entering into a "Retail Installment Contract" that contains an "Arbitration Agreement". Attached hereto as Exhibit "D" is a copy of the H&S/Averette Arbitration Agreement (the "H&S/Averette Arbitration Agreement").

(e)     On or about March 31, 2000, William Cruthirds and Sherrie Cruthirds (collectively, the "Cruthirds Defendants") purchased a manufactured home from H&S Homes.   The Cruthirds Defendants effected this purchase by entering into a "Retail Installment Contract" that contains an "Arbitration Agreement".  Attached hereto as Exhibit "E" is a copy of the H&S/Cruthirds Arbitration Agreement (the "H&S/Cruthirds Arbitration Agreement").

19.

Plaintiff Horton is neither a party to, nor a third-party beneficiary of, the H&S/Bandy Arbitration Agreement, the H&S/Pritchett Arbitration Agreement, the H&S/Shaner Arbitration Agreement, the H&S/Averette Arbitration Agreement, or the   H&S/Cruthirds   Arbitration   Agreement   (collectively,   the   "Defendants' Arbitration Agreements").

20.

Although Plaintiff Horton is not a party to any of the Defendants' Arbitration Agreements, each of the Defendants has attempted to commence an arbitration proceeding against Plaintiff Horton based solely on the arbitration provisions contained in each of the Defendants' Arbitration Agreements.

21.

Under 9 U.S.C. § 4 and applicable law, parties can only be compelled to arbitrate where there is a written agreement to arbitrate within the meaning of 9 U.S.C. § 4. *See also Thomas v. Redman Manufactured Homes, Inc.*, 244 F. Supp. 2d 1295, 1296-97 (M.D. Ala. 2003) (purchaser of manufactured home cannot file arbitration against manufacturer of home, where only the retailer of the home was party to written arbitration agreement).

22.

Plaintiff Horton is not a party to any "written agreement for arbitration" with any of the Defendants within the meaning of 9 U.S.C. § 4 and applicable law.

23.

Accordingly, counsel for Plaintiff Horton promptly responded to each of the Bandy Defendants' Demand for Arbitration, Defendant Pritchett's Demand for Arbitration, Defendant Shaner's Demand for Arbitration, Defendant Averette's Demand for Arbitration, and the Cruthirds Defendants' Demand for Arbitration (collectively, "Defendants' Demands for Arbitration") by stating its objection to the inclusion of Plaintiff Horton as a respondent in each of the Defendants' Demands for Arbitration, because Plaintiff Horton is not subject to the jurisdiction of any of those purported arbitrations.

- 9 -

24.

Each of the Defendants' Demands for Arbitration is a bad faith attempt to engage Plaintiff Horton in an arbitration that will prejudice the rights of Plaintiff Horton, respecting non-arbitrable disputes.

## COUNT I

### Complaint for Declaratory Judgment Against the Bandy Defendants

25.

Plaintiff Horton repeats and realleges paragraphs 1 through 24 of this Complaint as fully as if set forth verbatim herein.

26.

On or about December 15, 2006, the Bandy Defendants filed a purported "Demand for Arbitration", a copy of which is attached hereto as Exhibit "F" (the "Bandy Defendants' Demand for Arbitration").

27.

On or about April 9, 2007, the Bandy Defendants amended the Bandy Defendants' Demand for Arbitration by filing their "First Amended Complaint in Arbitration" (the "Bandy Defendants' Amended Arbitration Complaint"), a copy of which is attached hereto as Exhibit "G".

28.

The Bandy Defendants' Demand for Arbitration and the Bandy Defendants' Amended Complaint attempt to give notice of commencement of an arbitration with the American Arbitration Association (the "AAA"). The purported arbitration relates entirely to the manufactured home that the Bandy Defendants purchased from H&S Homes, on or about April 12, 1999. Therefore, the purported arbitration is within the arbitration provision in the H&S/Bandy Arbitration Agreement.

29.

According to the Bandy Defendants' Amended Arbitration Complaint, the Bandy Defendants are seeking "out of pocket damages not to exceed $10,000.00 in total", "mental anguish and emotional distress damages in the sum of $50,000.00", and "an award of punitive damages in the sum of $500,000.00". (Bandy Defendants' Amended Arbitration Complaint (Exhibit "G" hereto), ¶ 3.)

30.

In the Bandy Defendants' Demand for Arbitration and in the Bandy Defendants' Amended Arbitration Complaint, the Bandy Defendants purport to name both H&S Homes and Plaintiff Horton as arbitration respondents, even

though Plaintiff Horton is **not** a party to the H&S/Bandy Arbitration Agreement upon which the Bandy Defendants' Demand for Arbitration is based.

31.

The Bandy Defendants' Demand for Arbitration and the Bandy Defendants' Amended Arbitration Complaint both fail to include any contract or other document, or even reference any contract or other document, showing that Plaintiff Horton has agreed to arbitrate any claim with the Bandy Defendants.

32.

Arbitrations filed pursuant to the H&S/Bandy Arbitration Agreement involve interstate commerce and are thus conducted pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* (*See* H&S/Bandy Arbitration Agreement (Exhibit "A").)

33.

The Bandy Defendants are attempting to require Plaintiff Horton to participate in an arbitration pursuant to the Bandy Defendants' Demand for Arbitration, even though the Bandy Defendants cannot show that Plaintiff Horton has signed any agreement allowing the Bandy Defendants to file an arbitration against Plaintiff Horton.

- 12 -

34.

Because Plaintiff Horton has not signed a writing in which Plaintiff Horton has agreed to arbitrate with the Bandy Defendants, the Bandy Defendants cannot require Plaintiff Horton to participate in an arbitration.

35.

Despite demand by Plaintiff Horton's counsel, the Bandy Defendants have refused to withdraw Plaintiff Horton from the Bandy Defendants' Demand for Arbitration. Consequently, Plaintiff Horton is faced with uncertainty about whether it must proceed in the arbitrations attempted to be noticed by the Bandy Defendants' Demand for Arbitration.

36.

In the absence of a declaration by this Court stating whether Plaintiff Horton must participate in the arbitration attempted to be noticed by the Bandy Defendants' Demand for Arbitration, Plaintiff Horton must choose between either (1) subjecting itself to expense and liability in an improperly filed arbitration against it, or (2) suffering an alleged default in that improperly filed arbitration.

37.

Consequently, Plaintiff Horton is entitled to a judgment by the Court declaring the status of its rights and obligations under the Bandy Defendants' Demand for Arbitration.

**WHEREFORE**, Plaintiff Horton prays:

(1)    That this Court issue a judgment declaring that the Bandy Defendants cannot pursue any arbitration against Plaintiff Horton pursuant to the Bandy Defendants' Demand for Arbitration;

(2)    That this Court issue a judgment declaring that the Bandy Defendants have no right to pursue arbitration against Plaintiff Horton under the Bandy Defendants' Arbitration Agreement;

(3)    That all costs of this action, including reasonable attorney's fees, be taxed jointly and severally against the Bandy Defendants; and

(4)    That this Court grant such other and further relief as is just and proper.

## <u>COUNT II</u>

### <u>Complaint to Enjoin Arbitration Against the Bandy Defendants</u>

38.

Plaintiff Horton repeats and realleges paragraphs 1 through 24 of this Complaint as fully as if set forth verbatim herein.

- 14 -

39.

In the event that the Bandy Defendants go forward with the arbitration attempted to be instituted by the Bandy Defendants' Demand for Arbitration, Plaintiff Horton will be irreparably damaged because Plaintiff Horton will either: (i) suffer an alleged default for failure to participate in the arbitration; (ii) lose its constitutional right to a jury trial by proceeding to defend in arbitration any claims asserted by the Bandy Defendants; or (iii) be forced to seek vacation of any adverse result, resulting from an illegal and unconstitutional arbitration of Plaintiff Horton's rights.

40.

Plaintiff Horton has no adequate remedy at law to prevent the prejudice that will result from the continuation of the arbitration attempted to be commenced by the Bandy Defendants' Demand for Arbitration.

41.

Plaintiff Horton is therefore entitled to preliminary and permanent injunctions, enjoining the Bandy Defendants from proceeding further against Plaintiff Horton in the arbitration attempted to be commenced by the Bandy Defendants' Demand for Arbitration.

**WHEREFORE**, Plaintiff Horton prays:

(1)    That, after notice and hearing, this Court enter preliminary and permanent injunctions, enjoining the Bandy Defendants from proceeding further against Plaintiff Horton in the arbitration attempted to be commenced pursuant to the Bandy Defendants' Demand for Arbitration;

(2)    That all costs of this action, including reasonable attorney's fees, be taxed jointly and severally against the Bandy Defendants; and

(3)    That this Court grant such other and further relief as is just and proper.

## COUNT III

### Complaint for Declaratory Judgment Against Defendant Patrick Pritchett

42.

Plaintiff Horton repeats and realleges paragraphs 1 through 24 of this Complaint as fully as if set forth verbatim herein.

43.

On or about August 9, 2006, Defendant Patrick Pritchett filed a purported "Demand for Arbitration" ("Defendant Pritchett's Demand for Arbitration") and a "Complaint in Arbitration" ("Defendant Pritchett's Arbitration Complaint"), copies of which are attached hereto as Exhibit "H" and Exhibit "I", respectively.

44.

Defendant Pritchett's Demand for Arbitration and Defendant Pritchett's Arbitration Complaint attempt to give notice of commencement of an arbitration with the AAA. The purported arbitration relates entirely to the manufactured home that Defendant Pritchett purchased from H&S Homes, on or about June 4, 1999. Therefore, the purported arbitration is within the H&S/Pritchett Arbitration Agreement.

45.

According to Defendant Pritchett's Arbitration Complaint, Defendant Patrick Pritchett alleges "various theories of fraud and conversion" for which he is seeking unspecified "compensatory damages" and "punitive damages" for each of his nine claims. (Exhibit "H" hereto).

46.

In Defendant Pritchett's Demand for Arbitration, Defendant Patrick Pritchett purports to name both H&S Homes and Plaintiff Horton as arbitration respondents, even though Plaintiff Horton is *not* a party to the H&S/Pritchett Arbitration Agreement upon which the Defendant Pritchett's Demand for Arbitration is based.

47.

Defendant Pritchett's Demand for Arbitration fails to include any contract or other document, or even reference any contract or document, showing that Plaintiff Horton has agreed to arbitrate any claim with Defendant Patrick Pritchett.

48.

Arbitrations filed pursuant to the H&S/Pritchett Arbitration Agreement involve interstate commerce and are thus conducted pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* (*See* H&S/Pritchett Arbitration Agreement (Exhibit "B" hereto).)

49.

Defendant Patrick Pritchett is attempting to require Plaintiff Horton to participate in an arbitration pursuant to Defendant Pritchett's Demand for Arbitration, even though Defendant Pritchett cannot show that Plaintiff Horton has signed any agreement allowing him to file an arbitration against Plaintiff Horton.

50.

Because Plaintiff Horton has not signed a writing in which Plaintiff Horton has agreed to arbitrate with Defendant Patrick Pritchett, he cannot require Plaintiff Horton to participate in an arbitration.

51.

Despite demand by Plaintiff Horton's counsel, Defendant Patrick Pritchett has refused to withdraw Plaintiff Horton from Defendant Pritchett's Demand for Arbitration. Consequently, Plaintiff Horton is faced with uncertainty about whether it must proceed in the arbitrations attempted to be noticed by Defendant Pritchett's Demand for Arbitration.

52.

In the absence of a declaration by this Court stating whether Plaintiff Horton must participate in the arbitrations attempted to be noticed by Defendant Pritchett's Demand for Arbitration, Plaintiff Horton must choose between either (1) subjecting itself to expense and liability in an improperly filed arbitration against it, or (2) suffering an alleged default in that improperly filed arbitration.

53.

Consequently, Plaintiff Horton is entitled to a judgment by the Court declaring the status of its rights and obligations under Defendant Pritchett's Demand for Arbitration.

**WHEREFORE**, Plaintiff Horton prays:

(1)     That this Court issue a judgment declaring that Defendant Patrick Pritchett cannot pursue any arbitration against Plaintiff Horton pursuant to Defendant Pritchett's Demand for Arbitration;

(2)     That this Court issue a judgment declaring that Defendant Patrick Pritchett has no right to pursue arbitration against Plaintiff Horton under Defendant Pritchett's Arbitration Agreement;

(3)     That all costs of this action, including reasonable attorney's fees, be taxed jointly and severally against Defendant Patrick Pritchett; and

(4)     That this Court grant such other and further relief as is just and proper.

## COUNT IV

### Complaint to Enjoin Arbitration Against Defendant Patrick Pritchett

54.

Plaintiff Horton repeats and realleges herein paragraphs 1 through 24 and paragraphs 42 through 53 of this Complaint as fully as if set forth verbatim herein.

55.

In the event that Defendant Patrick Pritchett goes forward with the arbitration attempted to be instituted by Defendant Pritchett's Demand for Arbitration, Plaintiff Horton will be irreparably damaged because Plaintiff Horton

will either: (i) suffer an alleged default for failure to participate in the arbitration; (ii) lose its constitutional right to a jury trial by proceeding to defend in arbitration any claims asserted by Defendant Patrick Pritchett; or (iii) be forced to seek vacation of any adverse result, resulting from an illegal and unconstitutional arbitration of Plaintiff Horton's rights.

56.

Plaintiff Horton has no adequate remedy at law to prevent the prejudice that will result from the continuation of the arbitration attempted to be commenced by Defendant Pritchett's Demand for Arbitration.

57.

Plaintiff Horton is therefore entitled to a preliminary and permanent injunctions, enjoining Defendant Patrick Pritchett from proceeding further against Plaintiff Horton in the arbitration attempted to be commenced by Defendant Pritchett's Demand for Arbitration.

**WHEREFORE**, Plaintiff Horton prays:

(1)     That, after notice and hearing, this Court enter preliminary and permanent injunctions, enjoining Defendant Patrick Pritchett from proceeding further against Plaintiff Horton in the arbitration attempted

- 21 -

to be commenced pursuant to Defendant Pritchett's Demand for Arbitration;

(2)    That all costs of this action, including reasonable attorney's fees, be taxed jointly and severally against Defendant Patrick Pritchett; and

(3)    That this Court grant such other and further relief as is just and proper.

## COUNT V

### Complaint for Declaratory Judgment Against Defendant William Shaner

58.

Plaintiff Horton repeats and realleges paragraphs 1 through 24 of this Complaint as fully as if set forth verbatim herein.

59.

On or about August 9, 2006, Defendant William Shaner filed a purported "Demand for Arbitration" ("Defendant Shaner's Demand for Arbitration") and a "Complaint in Arbitration" ("Defendant Shaner's Arbitration Complaint"), copies of which are attached hereto as Exhibit "J" and Exhibit "K", respectively.

60.

Defendant Shaner's Demand for Arbitration and Defendant Shaner's Arbitration Complaint attempt to give notice of commencement of an arbitration with the AAA. The purported arbitration relates entirely to the manufactured home

that Defendant Pritchett purchased from H&S Homes, on or about October 12, 1999. Therefore, the purported arbitration is within the H&S/Pritchett Arbitration Agreement.

61.

According to Defendant Shaner's Arbitration Complaint, Defendant William Shaner alleges fraud, deceit, conversion, forgery, negligence and wantonness, for which he is seeking unspecified "compensatory damages" and "punitive damages" for each of his nine claims. (Exhibit "J" hereto).

62.

In Defendant Shaner's Demand for Arbitration, Defendant William Shaner purports to name both H&S Homes and Plaintiff Horton as arbitration respondents, even though Plaintiff Horton is *not* a party to the H&S/Shaner Arbitration Agreement upon which Defendant Shaner's Demand for Arbitration is based.

63.

Defendant Shaner's Demand for Arbitration fails to include any contract or other document, or even reference any contract or document, showing that Plaintiff Horton has agreed to arbitrate any claim with Defendant William Shaner.

- 23 -

64.

Arbitrations filed pursuant to the H&S/Shaner Arbitration Agreement involve interstate commerce and are thus conducted pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*  (*See* H&S/Shaner Arbitration Agreement (Exhibit "C" hereto).)

65.

Defendant William Shaner is attempting to require Plaintiff Horton to participate in an arbitration pursuant to Defendant Shaner's Demand for Arbitration, even though Defendant Shaner cannot show that Plaintiff Horton has signed any agreement allowing him to file an arbitration against Plaintiff Horton.

66.

Because Plaintiff Horton has not signed a writing in which Plaintiff Horton has agreed to arbitrate with Defendant William Shaner, he cannot require Plaintiff Horton to participate in an arbitration.

67.

Accordingly, Plaintiff Horton filed its "Answer of Respondent Horton Homes, Inc." in the arbitration attempted to be commenced by Defendant Shaner's Demand for Arbitration.  In this Answer, Plaintiff Horton notes its objection to being subject to the arbitration, on the ground that it is not a party to any written

arbitration agreement with Defendant William Shaner. (A copy of this Answer is attached hereto as Exhibit "L".)

68.

Despite demand by Plaintiff Horton's counsel, Defendant William Shaner has refused to withdraw Plaintiff Horton from Defendant Shaner's Demand for Arbitration. Instead, Defendant William Shaner has proceeded with his purported arbitration against Plaintiff Horton. An arbitration hearing was held on June 5, 2007, and the parties to that arbitration are currently submitting additional evidence, followed by post-hearing briefs and filings that are due by June 24, 2007. At the outset of the hearing, Plaintiff Horton moved for dismissal on the grounds that the arbitrator lacked jurisdiction to arbitrate disputes involving Plaintiff Horton because Horton was not a party to any arbitration agreement. Notwithstanding this objection, the arbitrator went forward with the hearing and deferred ruling on Plaintiff Horton's jurisdictional objection motion.

69.

As a result, Plaintiff Horton is faced with uncertainty about whether it must proceed in the arbitration attempted to be noticed by Defendant Shaner's Demand for Arbitration.

70.

In the absence of a declaration by this Court stating whether Plaintiff Horton must participate in the arbitrations attempted to be noticed by Defendant Shaner's Demand for Arbitration, Plaintiff Horton must choose between either (1) subjecting itself to expense and liability in an improperly filed arbitration against it, or (2) suffering an alleged default in that improperly filed arbitration. Furthermore, if the arbitrator enters an arbitration award against Plaintiff Horton in that improperly filed arbitration, then Plaintiff Horton will be uncertain about its obligations, if any, to comply with any such award.

71.

Consequently, Plaintiff Horton is entitled to a judgment by the Court declaring the status of its rights and obligations under Defendant Shaner's Demand for Arbitration.

**WHEREFORE**, Plaintiff Horton prays:

(1)    That this Court issue a judgment declaring that Defendant William Shaner cannot pursue any arbitration against Plaintiff Horton pursuant to Defendant Shaner's Demand for Arbitration;

(2)    That this Court issue a judgment declaring that Defendant William Shaner has no right to pursue arbitration against Plaintiff Horton under Defendant Shaner's Arbitration Agreement;

(3)    That, in any arbitration against Plaintiff Horton pursuant to Defendant Shaner's Demand for Arbitration, any award, ruling, finding of fact or law, or other decision is of no effect because Plaintiff Horton was not a proper party to any such arbitration;

(4)    That all costs of this action, including reasonable attorney's fees, be taxed jointly and severally against Defendant William Shaner; and

(5)    That this Court grant such other and further relief as is just and proper.

## COUNT VI

### Complaint to Enjoin Arbitration Against Defendant William Shaner

72.

Plaintiff Horton repeats and realleges herein paragraphs 1 through 24 and paragraphs 58 through 71 of this Complaint as fully as if set forth verbatim herein.

73.

In the event that Defendant William Shaner continues to go forward with the arbitration attempted to be instituted by Defendant Shaner's Demand for Arbitration, Plaintiff Horton will be irreparably damaged because Plaintiff Horton

will lose its constitutional right to a jury trial respecting any claims asserted by Defendant Shaner.

74.

Plaintiff Horton has no adequate remedy at law to prevent the prejudice that will result from the continuation of the arbitration attempted to be commenced by Defendant Shaner's Demand for Arbitration.

75.

Plaintiff Horton is therefore entitled to a preliminary and permanent injunctions, enjoining Defendant William Shaner from proceeding further against Plaintiff Horton in the arbitration attempted to be commenced by Defendant Shaner's Demand for Arbitration.

**WHEREFORE**, Plaintiff Horton prays:

(1)    That, after notice and hearing, this Court enter preliminary and permanent injunctions, enjoining Defendant William Shaner from proceeding further against Plaintiff Horton in the arbitration attempted to be commenced pursuant to Defendant Shaner's Demand for Arbitration;

(2)    That, after notice and hearing, this Court enter preliminary and permanent injunctions, enjoining Defendant William Shaner from

- 28 -

attempting to collect on, enforce, or otherwise use against Plaintiff Horton, any award or decision that may be issued in any arbitration attempted to be commenced pursuant to Defendant Shaner's Demand for Arbitration;

(3)    That all costs of this action, including reasonable attorney's fees, be taxed jointly and severally against Defendant William Shaner; and

(4)    That this Court grant such other and further relief as is just and proper.

## COUNT VII

### Complaint for Declaratory Judgment Against Defendant Elsie Averette

76.

Plaintiff Horton repeats and realleges paragraphs 1 through 24 of this Complaint as fully as if set forth verbatim herein.

77.

On or about December 5, 2006, Defendant Elsie Averette filed a purported "Demand for Arbitration", a copy of which is attached hereto as Exhibit "M" ("Defendant Averette's Demand for Arbitration").

78.

Defendant Averette's Demand for Arbitration attempts to give notice of commencement of an arbitration with the American Arbitration Association (the

- 29 -

"AAA"). The purported arbitration relates entirely to the manufactured home that the Defendant Elsie Averette purchased from H&S Homes, on or about June 17, 2000. Therefore, the purported arbitration is within the arbitration provision in the H&S/Averette Arbitration Agreement.

79.

According to Defendant Averette's Demand for Arbitration, she is seeking "unspecified relief by way of compensatory and punitive damages", including "money damages for fraud, suppression, conversion, mental anguish, negligence and wantonness". (Defendant Averette's Demand for Arbitration (Exhibit "M" hereto), p. 2.)

80.

In Defendant Averette's Demand for Arbitration, Defendant Elsie Averette purports to name both H&S Homes and Plaintiff Horton as arbitration respondents, even though Plaintiff Horton is *not* a party to the H&S/Averette Arbitration Agreement upon which Defendant Averette's Demand for Arbitration is based.

81.

Defendant Averette's Demand for Arbitration fails to include any contract or other document, or even reference any contract or other document, showing that Plaintiff Horton has agreed to arbitrate any claim with Defendant Elsie Averette.

82.

Defendant Averette's Demand for Arbitration attempts to require arbitration under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* (Defendant Averette's Demand for Arbitration (Exhibit "M" hereto), p. 1.)

83.

Defendant Elsie Averette is attempting to require Plaintiff Horton to participate in an arbitration pursuant to Defendant Averette's Demand for Arbitration, even though Defendant Elsie Averette cannot show that Plaintiff Horton has signed any agreement allowing her to file an arbitration against Plaintiff Horton.

84.

Because Plaintiff Horton has not signed a writing in which Plaintiff Horton has agreed to arbitrate with Defendant Elsie Averette, she cannot require Plaintiff Horton to participate in an arbitration.

85.

Despite demand by Plaintiff Horton's counsel, Defendant Elsie Averette has refused to withdraw Plaintiff Horton from Defendant Averette's Demand for Arbitration. Consequently, Plaintiff Horton is faced with uncertainty about

whether it must proceed in the arbitration attempted to be noticed by Defendant Averette's Demand for Arbitration.

86.

In the absence of a declaration by this Court stating whether Plaintiff Horton must participate in the arbitration attempted to be noticed by Defendant Averette's Demand for Arbitration, Plaintiff Horton must choose between either (1) subjecting itself to expense and liability in an improperly filed arbitration against it, or (2) suffering an alleged default in that improperly filed arbitration.

87.

Consequently, Plaintiff Horton is entitled to a judgment by the Court declaring the status of its rights and obligations under Defendant Averette's Demand for Arbitration.

**WHEREFORE**, Plaintiff Horton prays:

(1)    That this Court issue a judgment declaring that Defendant Elsie Averette cannot pursue any arbitration against Plaintiff Horton pursuant to Defendant Averette's Demand for Arbitration;

(2)    That this Court issue a judgment declaring that Defendant Elsie Averette has no right to pursue arbitration against Plaintiff Horton under Defendant Averette's Arbitration Agreement;

- 32 -

(3)    That all costs of this action, including reasonable attorney's fees, be

taxed jointly and severally against Defendant Elsie Averette; and

(4)    That this Court grant such other and further relief as is just and proper.

## COUNT VIII

## Complaint to Enjoin Arbitration Against Defendant Elsie Averette

88.

Plaintiff Horton repeats and realleges paragraphs 1 through 24 and

paragraphs 76 through 87 of this Complaint as fully as if set forth verbatim herein.

89.

In the event that Defendant Elsie Averette goes forward with the arbitration

attempted to be instituted by Defendant Averette's Demand for Arbitration,

Plaintiff Horton will be irreparably damaged because Plaintiff Horton will either:

(i) suffer an alleged default for failure to participate in the arbitration; (ii) lose its

constitutional right to a jury trial by proceeding to defend in arbitration any claims

asserted by Defendant Elsie Averette; or (iii) be forced to seek vacation of any

adverse result, resulting from an illegal and unconstitutional arbitration of Plaintiff

Horton's rights.

90.

Plaintiff Horton has no adequate remedy at law to prevent the prejudice that will result from the continuation of the arbitration attempted to be commenced by Defendant Averette's Demand for Arbitration.

91.

Plaintiff Horton is therefore entitled to preliminary and permanent injunctions, enjoining Defendant Elsie Averette from proceeding further against Plaintiff Horton in the arbitration attempted to be commenced by Defendant Averette's Demand for Arbitration.

**WHEREFORE**, Plaintiff Horton prays:

(1)     That, after notice and hearing, this Court enter preliminary and permanent injunctions, enjoining Defendant Elsie Averette from proceeding further against Plaintiff Horton in the arbitration attempted to be commenced pursuant to Defendant Averette's Demand for Arbitration;

(2)     That all costs of this action, including reasonable attorney's fees, be taxed jointly and severally against Defendant Elsie Averette; and

(3)     That this Court grant such other and further relief as is just and proper.

## COUNT IX

## Complaint for Declaratory Judgment Against the Cruthirds Defendants

92.

Plaintiff Horton repeats and realleges paragraphs 1 through 24 of this Complaint as fully as if set forth verbatim herein.

93.

On or about December 5, 2006, the Cruthirds Defendants filed a purported "Demand for Arbitration" (the "Cruthirds Defendants' Demand for Arbitration"), a copy of which is attached hereto as Exhibit "N".

94.

The Cruthirds Defendants' Demand for Arbitration attempts to give notice of commencement of an arbitration with the AAA. The purported arbitration relates entirely to the manufactured home that the Cruthirds Defendants purchased from H&S Homes, on or about March 31, 2000. Therefore, the purported arbitration is within the arbitration provision in the H&S/Cruthirds Arbitration Agreement.

95.

According to the Cruthirds Defendants' Demand for Arbitration, the Cruthirds Defendants are seeking "unspecified relief by way of compensatory and punitive damages", including "money damages for fraud, suppression, conversion,

mental anguish, negligence and wantonness." (Cruthirds Defendants' Demand for Arbitration (Exhibit "N" hereto), p. 2.)

96.

In the Cruthirds Defendants' Demand for Arbitration, the Cruthirds Defendants purport to name both H&S Homes and Plaintiff Horton as arbitration respondents, even though Plaintiff Horton is *not* a party to the H&S/Cruthirds Arbitration Agreement upon which the Cruthirds Defendants' Demand for Arbitration is based.

97.

The Cruthirds Defendants' Demand for Arbitration fails to include any contract or other document, or even reference any contract or document, showing that Plaintiff Horton has agreed to arbitrate any claim with the Cruthirds Defendants.

98.

The Cruthirds Defendants' Demand for Arbitration attempts to require arbitration under the Federal Arbitration Act. (Cruthirds Defendants' Demand for Arbitration (Exhibit "N" hereto), p. 1.)

- 36 -

99.

The Cruthirds Defendants are attempting to require Plaintiff Horton to participate in an arbitration pursuant to the Cruthirds Defendants' Demand for Arbitration, even though Cruthirds Defendants cannot show that Plaintiff Horton has signed any agreement allowing Cruthirds Defendants to file an arbitration against Plaintiff Horton.

100.

Because Plaintiff Horton has not signed a writing in which Plaintiff Horton has agreed to arbitrate with Cruthirds Defendants, they cannot require Plaintiff Horton to participate in an arbitration.

101.

Despite demand by Plaintiff Horton's counsel, the Cruthirds Defendants refused to withdraw Plaintiff Horton from the Cruthirds Defendants' Demand for Arbitration. Consequently, Plaintiff Horton is faced with uncertainty about whether it must proceed in the arbitrations attempted to be noticed by the Cruthirds Defendants' Demand for Arbitration.

102.

In the absence of a declaration by this Court stating whether Plaintiff Horton must participate in the arbitrations attempted to be noticed by the Cruthirds

Defendants' Demand for Arbitration, Plaintiff Horton must choose between either (1) subjecting itself to expense and liability in an improperly filed arbitration against it, or (2) suffering an alleged default in that improperly filed arbitration.

103.

Consequently, Plaintiff Horton is entitled to a judgment by the Court declaring the status of its rights and obligations under the Cruthirds Defendants' Demand for Arbitration.

**WHEREFORE**, Plaintiff Horton prays:

(1)    That this Court issue a judgment declaring that Cruthirds Defendants cannot pursue any arbitration against Plaintiff Horton pursuant to the Cruthirds Defendants' Demand for Arbitration;

(2)    That this Court issue a judgment declaring that the Cruthirds Defendants have no right to pursue arbitration against Plaintiff Horton under the Cruthirds Defendants' Arbitration Agreement;

(3)    That all costs of this action, including reasonable attorney's fees, be taxed jointly and severally against the Cruthirds Defendants; and

(4)    That this Court grant such other and further relief as is just and proper.

## COUNT X

### Complaint to Enjoin Arbitration Against the Cruthirds Defendants

104.

Plaintiff Horton repeats and realleges herein paragraphs 1 through 24 and paragraphs 92 through 103 of this Complaint as fully as if set forth verbatim herein.

105.

In the event that the Cruthirds Defendants go forward with the arbitration attempted to be instituted by the Cruthirds Defendants' Demand for Arbitration, Plaintiff Horton will be irreparably damaged because Plaintiff Horton will either: (i) suffer an alleged default for failure to participate in the arbitration; (ii) lose its constitutional right to a jury trial by proceeding to defend in arbitration any claims asserted by the Cruthirds Defendants; or (iii) be forced to seek vacation of any adverse result, resulting from an illegal and unconstitutional arbitration of Plaintiff Horton's rights.

106.

Plaintiff Horton has no adequate remedy at law to prevent the prejudice that will result from the continuation of the arbitration attempted to be commenced by the Cruthirds Defendants' Demand for Arbitration.

107.

Plaintiff Horton is therefore entitled to preliminary and permanent injunctions, enjoining the Cruthirds Defendants from proceeding further against Plaintiff Horton in the arbitration attempted to be commenced by the Cruthirds Defendants' Demand for Arbitration.

**WHEREFORE**, Plaintiff Horton prays:

(1)     That, after notice and hearing, this Court enter preliminary and permanent injunctions, enjoining the Cruthirds Defendants from proceeding further against Plaintiff Horton in the arbitration attempted to be commenced pursuant to the Cruthirds Defendant's Demand for Arbitration;

(2)     That all costs of this action, including reasonable attorney's fees, be taxed jointly and severally against the Cruthirds Defendants; and

(3)     That this Court grant such other and further relief as is just and proper.

Dated this _8th_ day of June, 2007.

By: _____
SYDNEY F. FRAZIER, JR.
*SJIS #FRA007*

*Counsel for Plaintiff Horton Homes, Inc.*

*Cabaniss, Johnston, Gardner, Dumas & O'Neal, LLP*
Suite 700
2001 Park Place North
Birmingham, Alabama  35203
(205) 716-5291
(205) 716-5389 (Facsimile)
sff@cabaniss.com

JAMES L. PAUL
*Georgia Bar No. 567600*
THOMAS C. GRANT
*Georgia Bar No. 297455*
*Counsel for Plaintiff Horton Homes, Inc.*

*Chamberlain, Hrdlicka, White, Williams & Martin*
191 Peachtree Street, N.E. – Thirty-Fourth Floor
Atlanta, Georgia 30303
(404) 659-1410
(404) 659-1852 (Facsimile)
james.paul@chamberlainlaw.com

253694.1
730302-000000:6/6/2007

**PLAINTIFF'S ADDRESS:**

Horton Homes, Inc.
101 Industrial Boulevard
Eatonton, Georgia  31024.


**SERVE DEFENDANTS AT ADDRESSES BELOW:**


Larue Bandy
329 Main Street
Hayneville, Alabama 36040

Marie Bandy
329 Main Street
Hayneville, Alabama  36040

Patrick Pritchett
Route One, Box 126
Fitzpatrick, Alabama  36029

William Shaner
1111 Thrasher Road
Wetumpka, Alabama  36092

Elsie Fondren Averette
33 Ashlee Drive
Centerville, Alabama  35042

William Cruthirds
875 Lynch Lake Road
Odenville, Alabama  35120

Sherrie Cruthirds
875 Lynch Lake Road
Odenville, Alabama 35120

"H&S/Bandy Arbitration Agreement"

Exhibit A

**EVENTS OF DEFAULT:** I will be in default under this Contract if: (a) I fail to make any payment when due; (b) I fail to timely make rental payments, or to pay other charges and assessments, relating to the real property and/or facility on which the Manufactured Home is located; (c) I violate restrictive covenants, rules or regulations relating to the real property and/or facility where the Manufactured Home is located; (d) I fail to keep the Manufactured Home in good repair and condition, as you may reasonably determine; (e) I remove the Manufactured Home from the address shown on this Contract unless I notify you in advance and receive your written consent; (f) I sell or attempt to sell or to transfer any beneficial interest in the Manufactured Home without first obtaining your written consent; (g) I allow the Manufactured Home to become part of any real estate without first obtaining your written consent; (h) I encumber or abandon the Manufactured Home or use it for hire or illegally; (i) I fail to promptly pay any taxes and other liens and encumbrances on the Manufactured Home or on the real property on which it is located, if this is my responsibility; and/or (j) I fail to do anything else which I have promised to do under this Contract.

**NOTICE OF DEFAULT:** If any of the above specified Events of Default have occurred, you may do whatever is necessary to correct my default. You will, except as set forth below, first give me a Notice of Default and Right to Cure Default before you accelerate payment of the remaining unpaid balance I owe you or repossess or foreclose on any property which secures this Contract. The Notice will tell me what my default is and how I can cure it. Except as required by applicable law, you are not required to send me this Notice when (1) you have already sent a Notice twice within the preceding one-year period, (2) I have abandoned or voluntarily surrendered the Manufactured Home, or (3) other extreme circumstances exist.

**REMEDIES UPON DEFAULT:** If I do not cure the default, you may do either or both of the following at the end of the notice period, as allowed by applicable law: (a) you can require me to immediately pay you the entire remaining unpaid balance due under this Contract plus accrued interest or (b) you can repossess the Manufactured Home pursuant to the security interest I give you under this Contract. If you are not required to send me the Notice of Default and Right to Cure Default, you will have these rights immediately upon my default. Once you get possession of the Manufactured Home you will sell it. If the amount from the sale, after expenses, is less than what I owe you, I will pay you the difference except as otherwise provided by law. All remedies are cumulative and you may enforce them separately or together in any order you deem necessary to protect your security.

**ARBITRATION OF DISPUTES AND WAIVER OF JURY TRIAL:**

a. **Dispute Resolution.** Any controversy or claim between or among you and me or our assignees arising out of or relating to this Contract or any agreements or instruments relating to or delivered in connection with this Contract, including any claim based on or arising from an alleged tort, shall, if requested by either you or me, be determined by arbitration, reference, or trial by a judge as provided below. A controversy involving only a single claimant, or claimants who are related or asserting claims arising from a single transaction, shall be determined by arbitration as described below. Any other controversy shall be determined by judicial reference of the controversy to a referee appointed by the court or, if the court where the controversy is venued lacks the power to appoint a referee, by trial by a judge without a jury, as described below. YOU AND I AGREE AND UNDERSTAND THAT WE ARE GIVING UP THE RIGHT TO TRIAL BY JURY, AND THERE SHALL BE NO JURY WHETHER THE CONTROVERSY OR CLAIM IS DECIDED BY ARBITRATION, BY JUDICIAL REFERENCE, OR BY TRIAL BY A JUDGE.

b. **Arbitration.** Since this Contract touches and concerns interstate commerce, an arbitration under this Contract shall be conducted in accordance with the United States Arbitration Act (Title 9, United States Code), notwithstanding any choice of law provision in this Contract. The Commercial Rules of the American Arbitration Association ("AAA") also shall apply. The arbitrator(s) shall follow the law and shall give effect to statutes of limitation in determining any claim. Any controversy concerning whether an issue is arbitrable shall be determined by the arbitrator(s). The award of the arbitrator(s) shall be in writing and include a statement of reasons for the award. The award shall be final. Judgment upon the award may be entered in any court having jurisdiction, and no challenge to entry of judgment upon the award shall be entertained except as provided by Section 10 of the United States Arbitration Act or upon a finding of manifest injustice.

c. **Judicial Reference or Trial by a Judge.** If requested by either you or me, any controversy or claim under subparagraph (a) that is not submitted to arbitration as provided in subparagraph (b) shall be determined by reference to a referee appointed by the court who, sitting alone and without jury, shall decide all questions of law and fact. You and I shall designate to the court a referee selected under the auspices of the AAA in the same manner as arbitrators are selected in AAA-sponsored proceedings. The referee shall be an active attorney or retired judge. If the court where the controversy is venued lacks the power to appoint a referee, the controversy instead shall be decided by trial by a judge without a jury.

d. **Self-Help, Foreclosure, and Provisional Remedies.** The provisions of this paragraph shall not limit any rights that you or I may have to exercise self-help remedies such as set-off or repossession, to foreclose by power of sale or judicially against or sell any collateral or security, or to obtain any provisional or ancillary remedies from a court of competent jurisdiction before, after or during the pendency of any arbitration under subparagraph (b) above. Neither the obtaining nor the exercise of any such remedy shall serve as a waiver of the right of either you or me to demand that the related or any other dispute or controversy be determined by arbitration as provided above.

AL252526-0307                         ORIGINAL COPY                                        PAGE 2 OF 3

**ATTORNEY FEES:** If I prevail in any legal action or arbitration proceeding which is commenced in connection with the enforcement of this Contract or any instrument or agreement required under this Contract, or in connection with any dispute relating to this Contract, you will pay my reasonable attorney fees, court costs and necessary disbursements incurred in connection with such action or proceeding, as determined by the court, the referee, or the arbitrator(s) in accordance with the law. If you prevail in any such action or proceeding, or in the exercise of any self-help remedy as described above, I will pay any reasonable fees imposed on you by an attorney who is not your salaried employee, not to exceed 15% of the unpaid debt, together with court costs and necessary disbursements to the full extent permitted by law.

**OTHER TERMS AND CONDITIONS:** I agree: (a) to pay with my monthly installments, if requested by you to do so, the estimated amount necessary to pay yearly taxes, assessments and insurance premiums that will become due within the next twelve-month period; (b) to pay you a transfer fee if I sell the Manufactured Home, unless such fee is prohibited by law; (c) to pay interest at the Contract rate on the remaining unpaid balance plus accrued interest, from the date of maturity until paid in full; (d) to reimburse you immediately upon your demand, with interest at the Contract rate, the amount of funds you actually advance on my behalf to correct my default; and (e) that if I am married, and residing in a community property state, both my community property and separate property will be liable for all payments due under this Contract.

**ASSIGNMENT:** You may assign this Contract to any person or entity. All rights granted to you under this Contract shall apply to any assignee of this Contract.

**CREDIT INFORMATION:** You may investigate my credit history and credit capacity in connection with opening and collecting my account and share information about me and my account with credit reporting agencies. You may sell or otherwise furnish information about me, including insurance information, to all others who may lawfully receive such information. You may furnish specific information about the Manufactured Home and any insurance policies on the Manufactured Home to any insurance agent to enable such agent to quote premiums to me and solicit my insurance business.

**WAIVER:** Waiver of any default shall not constitute a waiver of any other default. No term of this Contract shall be changed unless in writing and signed by one of your officers. This Contract is the entire agreement between us and I agree that no oral or implied representations have been made to induce me to enter into this Contract.

**VALIDITY:** Wherever possible each provision of this Contract shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Contract shall be prohibited by or invalid under applicable law, such provision shall be ineffective only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Contract. This Contract shall be of no effect until and unless signed by me and you. In no event shall any charge under this Contract exceed the highest amount allowed by applicable law. If any excess charge is received, such excess shall be refunded or applied to the amount due.

**GOVERNING LAW:** Each provision of this Contract shall be construed in accordance with and governed by the laws of the state of Alabama, provided that to the extent you have greater rights or remedies under Federal law, such choice of state law shall not be deemed to deprive you of such greater rights and remedies under Federal law.



YOU AND I HAVE READ AND FULLY UNDERSTAND THIS CONTRACT, INCLUDING THE PARAGRAPH CALLING FOR RESOLVING DISPUTES BY ARBITRATION, REFERENCE, OR TRIAL BY A JUDGE, AND NOT BY JURY TRIAL, AND AGREE THAT THIS CONTRACT SETS FORTH OUR ENTIRE AGREEMENT AND THAT NO OTHER PROMISES HAVE BEEN MADE.

I AGREE TO ALL THE TERMS ON ALL PAGES OF THIS RETAIL INSTALLMENT CONTRACT AND ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS CONTRACT.

ACCEPTED: The foregoing Contract is hereby assigned under the terms of the Assignment below.

**CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

BUYER(S) SIGNATURE(S):

SELLER    H & S HOMES, INC.
DBA:   HORTON HOMES

SELLER'S ADDRESS    3440 US HWY 80 WEST

BANDY LARUE

MARIE HUNTER

SELMA, AL   367010000

SELLER'S SIGNATURE

SELLER'S TITLE

DATE OF THIS CONTRACT:

## ASSIGNMENT BY SELLER

TO CREDITOR INDICATED ON PAGE 1 ("Creditor")

    With respect to this retail installment contract ("Contract") signed by one or more buyers ("Buyer"), SELLER represents and warrants that: (1) Buyer's credit statement submitted herewith is completely accurate unless otherwise specified; (2) Buyer was legally competent to contract at the time of Buyer's execution of this Contract; (3) this Contract arose from the bona fide sale of the merchandise described in this Contract; (4) the down payment was made by Buyer in cash unless otherwise specified and no part thereof was loaned directly or indirectly by Seller to Buyer; (5) any trade-in, or other consideration, received as any part of the down payment is accurately described on page 2 and has been valued at its bona fide value, and any amount owed on such trade-in or other property is accurately described on page 2 and has been paid off by Seller prior to or contemporaneously with the assignment of this Contract to Creditor; (6) there is now owing on this Contract the amount set forth herein; (7) this Contract and any guaranty submitted in connection herewith is in all respects legally enforceable against each purported signatory thereof; (8) Seller has the right to assign this Contract and thereby to convey good title to it; (9) in the event of any claim or defense asserted by any Buyer, or any heirs or assigns of Buyer, with respect to the Manufactured Home or other property or consideration transferred pursuant to this retail installment contract, Seller agrees that it will indemnify and hold Creditor harmless from all such claims and defenses as well as from all costs reasonably incurred by Creditor in connection therewith, including but not limited to reasonable attorney fees and court costs; and (10) in accordance with the Fair Credit Reporting Act, Seller has notified Buyer that this Contract is to be submitted to Creditor.

    For value received, Seller hereby assigns to Creditor all its rights, title and interest in this Contract and the property which is the subject matter hereof and authorizes Creditor to do everything necessary to collect and discharge same. All the terms of any existing written agreements between Seller and Creditor governing the purchase of Contracts are made a part hereof by reference, it being understood that Creditor relies upon the above warranties and upon said agreements in purchasing this Contract.

AL2E028-0397

ORIGINAL COPY

PAGE 5 OF 9

"H&S/Pritchett Arbitration Agreement"

Exhibit B

## ARBITRATION AGREEMENT

All disputes, claims, or controversies arising from or relating to the Contract or the relationships which result from the Contract, or the validity of this arbitration clause or the entire Contract, shall be resolved by binding arbitration by one arbitrator selected by Assignee with consent of Buyers(s). This arbitration Contract is made pursuant ot a transaction in interstate commerce, and shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1. Judgment upon the award rendered may be entered into any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right or opportunity to litigate disputes through a court but they prefer to resolve their disputes through arbitration, except as provided herein.

THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY ASSIGNEE (AS PROVIDED HEREIN).

The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort and property disputes, will be subject to binding arbitration accord with this Contract. The parties agree and understand that the arbitrator shall have all powers provided by the law and the Contract. These powers shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief. Notwithstanding anything hereunto to the contrary [sic], Assignee retains an option to use judicial or nonjudicial relief to enforce a security agreement relating to the Manufactured home secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation secured by the Manufactured Home or to foreclose on the Manufactured Home. Such judicial relief would take the form of a lawsuit. The institution and maintenance of an action for judicial relief in a court to foreclose upon any security agreement shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Contract, including the filing of a counterclaim in a suit brought by Assignee pursuant to this provision.

H & S HOMES, L.L.C.

X _____
Horton Homes of Montgomery, General Manager

_____
Home Owner

_____6/4/99_____
Date

B 0954

"H&S/Shaner Arbitration Agreement"

Exhibit C

DEC-14-2006  14:50         HAWTHORNE AND MYERS LLC                    334 834 0080       P.04/04

## ARBITRATION AGREEMENT

All disputes, claims, or controversies arising from or relating to the Contract or the relationships which result from the Contract, or the validity of this arbitration clause or the entire Contract, shall be resolved by binding arbitration by one arbitrator selected by Assignee with consent of Buyers(s).  This arbitration Contract is made pursuant to a transaction in interstate commerce, and shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1.  Judgment upon the award rendered may be entered into any court having jurisdiction.  The parties agree and understand that they choose arbitration instead of litigation to resolve disputes.  The parties understand that they have a right or opportunity to litigate disputes through a court but they prefer to resolve their disputes through arbitration, except as provided herein.

THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY ASSIGNEE (AS PROVIDED HEREIN).

The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort and property disputes, will be subject to binding arbitration accord with this Contract.  The parties agree and understand that the arbitrator shall have all powers provided by the law and the Contract.  These powers shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief.  Notwithstanding anything hereunto to the contrary [sic], Assignee retains an option to use judicial or non-judicial relief to enforce a security agreement relating to the Manufactured home secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation secured by the Manufactured Home or to foreclose on the Manufactured Home.  Such judicial relief would take the form of a lawsuit.  The institution and maintenance of an action for judicial relief in a court to foreclose upon any security agreement shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Contract, including the filing of a counterclaim in a suit brought by Assignee pursuant to this provision.

H & S HOMES, L.L.C.

_Russ O. Climpio_
Horton Homes of Montgomery, General Manager

_Cliffie Shaner_
Home Owner

10/12/99
Date

A 0209
TOTAL P.04

"H&S/Averette Arbitration Agreement"

Exhibit D

## ARBITRATION AGREEMENT

All disputes, claims, or controversies arising from or relating to this Contract or the relationships which result from this Contract, or the validity of this arbitration clause or the entire Contract, shall be resolved by binding arbitration by one arbitrator selected by Assignee with consent of Buyer(s). This arbitration Contract is made pursuant to a transaction in interstate commerce, and shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1. Judgment upon the award rendered may be entered into any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right or opportunity to litigate disputes through a court but they prefer to resolve their disputes through arbitration, except as provided herein. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY ASSIGNEE (AS PROVIDED HEREIN). The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort and property disputes, will be subject to binding arbitration in accord with this Contract. The parties agree and understand that the arbitrator shall have all powers provided by the law and the Contract. These powers shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief, and injunctive relief. Notwithstanding anything hereunto to the contrary [sic], Assignee retains an option to use judicial or nonjudicial relief to enforce a security agreement relating to the Manufactured home secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation secured by the Manufactured Home or to foreclose on the Manufactured home. Such judicial relief would take the form of a lawsuit. The institution and maintenance of an action for judicial relief in a court to foreclose upon any security agreement shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Contract, including the filing of a counterclaim in a suit brought by Assignee pursuant to this provision.

H & S HOMES, L.L.C.

By: _____

Signed: _____

"H&S/Cruthirds Arbitration Agreement"

Exhibit E

RECEIVED
DEC 0 8 2006

## ARBITRATION AGREEMENT

All disputes, claims, or controversies arising from or relating to this Contract or the relationships which result from this Contract, or the validity of this arbitration clause or the entire Contract, shall be resolved by binding arbitration by one arbitrator selected by Assignee with consent of Buyer(s). This arbitration Contract is made pursuant to a transaction in interstate commerce, and shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1. Judgment upon the award rendered may be entered into any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right or opportunity to litigate disputes through a court but they prefer to resolve their disputes through arbitration, except as provided herein. **THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY ASSIGNEE (AS PROVIDED HEREIN).** The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort and property disputes, will be subject to binding arbitration in accord with this Contract. The parties agree and understand that the arbitrator shall have all powers provided by the law and the Contract. These powers shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief, and injunctive relief. Notwithstanding anything hereunto to the contrary [sic], Assignee retains an option to use judicial or nonjudicial relief to enforce a security agreement relating to the Manufactured home secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation secured by the Manufactured Home or to foreclose on the Manufactured home. Such judicial relief would take the form of a lawsuit. The institution and maintenance of an action for judicial relief in a court to foreclose upon any security agreement shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Contract, including the filing of a counterclaim in a suit brought by Assignee pursuant to this provision. Costs of arbitration imposed by the arbitrator shall be paid in full by H & S Homes, LLC.


H & S HOMES, L.L.C.

By: _Paul W. Wood_

Buyer(s):

Signed: _William Cruthord_

Signed: _Sherry Cruthord_

"Bandy Defendants' Demand for Arbitration"

Exhibit F

## AMERICAN ARBITRATION ASSOCIATION

LARUE BANDY and MARIE BANDY,  )
                                               )
        Claimants,                 )
                                               )
v.                                     )    CASE NO.: _____
                                             )
H & S HOMES, L.L.C., and         )
HORTON HOMES, INC.             )
                                            -)
        Respondent.               )

## <u>DEMAND FOR ARBITRATION</u>

COME NOW the Claimants Larue Bandy and Marie Bandy, by and through their counsel of record, and submit this Demand for Arbitration in accordance with the American Arbitration Association Commercial Dispute Resolution Procedures. The Claimants respectfully request that this matter be submitted to arbitration and further state as follows:

1.    **NATURE OF DISPUTE:** The named claimants, a party to an arbitration agreement contained in a written contract dated April 12, 1999 and providing for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demand arbitration thereunder.

This case alleges various theories of fraud and conversion against the Defendant the specifics of which are set forth hereafter.

The Claimants seek unspecified relief by way of compensatory and punitive damages. The dispute does not arise out of an employment relationship. The Claimants are individuals, and the Respondent is or was involved in the mobile home sales industry.

You are hereby notified that copies of our arbitration agreement and this demand are being filed with the American Arbitration Association at its Atlanta, Georgia office with a request that it commence administration of the arbitration. Under the rules, you may file an answering statement within fifteen (15) days after notice from the AAA.

2.    NAMES AND ADDRESS OF PARTIES AND THEIR LEGAL COUNSEL:

Name of Claimants:
Larue Bandy and Marie Bandy
198 Grant Hill Drive
Hayneville, AL 36040

Name of Representatives for the Claimants:
Michael S. Harper, Esquire
Harper & Smith, P.C.
213 Barnett Boulevard
P.O. Box 780608
Tallassee, AL 36078
Telephone: (334) 283-6855
Facsimile: (334) 283-6858

Frank H. Hawthorne, Jr., Esq.
Randy Myers, Esq.
322 Alabama Street
Montgomery, AL 36104
Telephone: (334) 269-5010
Facsimile: (334) 834-0080

Name of Representatives for the Respondent:
H & S Homes, L.L.C.
c/o The Corporation Company
2000 Interstate Park Dr., Suite 204
Montgomery, AL 36109

Horton Homes, Inc.
c/o Steve M. Sinclair
As Registered Agent
P.O. Box 4410
Eatonton, GA 31024-4410

2

3.    **AMOUNT INVOLVED:** $5,000.00 plus mental anguish and punitive damages.

4.    **REMEDY SOUGHT:**  The Claimant is seeking money damages for fraudulent misrepresentation, suppression, conversion, mental anguish, negligence and wantonness.

5.    **HEARING LOCALE REQUESTED:**  Montgomery County, Alabama. The facts and allegations of the Claimant are set forth in detail as follows:

## COMPLAINT

1.    Plaintiffs Larue Bandy and Marie Bandy are residents of Alabama and are over the age of majority.

2.    Defendant H & S Homes, L.L.C. (hereinafter sometimes referred to as "H & S") is a limited liability company duly qualified to do business in Alabama and which did business by agent in Montgomery County, Alabama.

3.    Prior to April, 1999, Plaintiffs were in the market to purchase a mobile home. During the course of their search, Plaintiffs visited Defendant's sales lot.

4.    After viewing a particular mobile home manufactured by Horton Homes, Inc., Plaintiffs agreed to purchase the home.

5.    During the meeting with Defendant's authorized agents, servants, or employees, oral representations were made to the Plaintiffs that induced them to purchase the mobile home and pay the agreed purchase price, $38,746.08.

3

6.    Based on the written and oral representations made by the Defendant's agents, servants or employees to the Plaintiffs, Plaintiffs agreed to purchase the subject mobile home from Defendant and signed a contract to that effect.

7.    After the purchase of the mobile home, Plaintiffs learned that Defendant made certain material representations to Plaintiffs in order to induce them to purchase the mobile home and pay the agreed price for the unit.

8.    As the direct and proximate result of the Defendant's fraudulent, malicious, intentional and wrongful conduct, Plaintiffs have been deprived of their down payment. Further, Plaintiffs would not have purchased the mobile home and paid the monthly payments on the home had they known the true facts. Plaintiffs have suffered damages in that they lost monies, lost the use of monies, and have suffered mental anguish, anxiety, and emotional distress.

9.    Plaintiffs claim that they are entitled to compensatory damages which they have suffered and, in addition thereto, that they should recover punitive damages pursuant to *Alabama Code*, Section 6-11-20. Plaintiffs claim that Defendant consciously or deliberately engaged in oppression, fraud, wantonness or malice with regard to the Plaintiffs as defined by *Alabama Code*, Section 6-11-20. Plaintiffs further allege that the Defendant either:

(a)    Knew or should have known of the unfitness of the agent, employee, or servant which committed the wrongful conduct and employed him or continued to employ him, or use his services without proper instruction with a disregard of the rights or safety of others; or

(b)    Authorized the wrongful conduct of its agent, employee, or servant; or

4

(c)    Ratified the wrongful conduct of its agent, employee or servant; or

(d)    The acts of the agent, servant, or employee were calculated to or did benefit the Defendant.

10.    At all times pertinent hereto, Defendant H & S Homes, L.L.C. acted through its duly appointed agents, servants, or employees, which agents, servants or employees acted within the line and scope of their agency, service of employment, or in the alternative, Defendant adopted, confirmed and ratified all the actions and omission of its agents, servants and employees as its own.

11.    All of the events alleged herein were first discovered within two (2) years prior to the filing of the instant complaint.

## COUNT I
## MISREPRESENTATION OF MATERIAL FACTS

12.    Plaintiffs reallege all allegations contained above, and in addition thereto, allege that, on or about April 12, 1999 and on the specific occasions described and detailed above, the Defendant acting by and through its agent, servant, employee, and/or representative, misrepresented certain material facts to the Plaintiffs willfully to deceive, or recklessly without knowledge, which were acted upon by the Plaintiffs.   In the alternative, Plaintiffs reallege that the misrepresentations were made by mistake and innocently acted upon by the Plaintiffs.  The misrepresentations constitute legal fraud pursuant to *Alabama Code*, Section 6-5-101.

13.    The misrepresentations made by the Defendant to the Plaintiffs include, but are not limited to, the material fact that:

5

(a)   Certain items of furniture, furnishings or appliances did not come as standard equipment with the home; and

(b)   Plaintiffs were not entitled to certain specified items of furniture, furnishings or appliances as standard equipment with the home.

14.   Plaintiffs reasonably and justifiably relied on the misrepresentations made by the Defendant acting through its agents, servants, employees, and/or representatives by signing the purchase agreement and the installment sales contract; by making the applicable down payment; by purchasing the subject mobile home; and by not looking for needed housing elsewhere.

## COUNT II
## SUPPRESSION OF MATERIAL FACTS

15.   Plaintiffs reallege all of the allegations of the above and foregoing paragraphs and, in addition thereto, allege that Defendant H & S, acting through its agents, servants, employees and/or representatives, suppressed certain material facts from the Plaintiffs which the Defendant was under an obligation to communicate.  This obligation to communicate arose from the confidential relations of the parties or from the particular circumstances of the case.  This claim is made pursuant to *Alabama Code*, Section 6-5-102.

16.   Some of the material facts suppressed by the Defendant includes, but are not limited to, the fact that:

(a)   Certain items of furniture, furnishings, and appliances came with the mobile home as standard equipment listed on the invoice thereof; and

6

(b)   Plaintiffs were entitled to receive the standard equipment for the mobile home being purchased by Plaintiffs without the payment of additional charges.

## COUNT III
## DECEIT

17.   Plaintiffs reallege all of the allegations of the above and foregoing paragraphs and, in addition thereto, allege that Defendant, acting through its agents, servants, employees and/or representatives, willfully misrepresented certain material facts to the Plaintiffs which were made to induce the Plaintiffs to act and upon which the Plaintiffs did act to their injury.  The Defendant had knowledge of the falsehood of the material facts willfully misrepresented.  In the alternative, Plaintiffs allege that Defendant fraudulently or recklessly represented facts as true which Defendant may not have known to be false but nevertheless intended to deceive the Plaintiffs.  This claim is brought by the Plaintiffs pursuant to *Alabama Code*, Section 6-5-103.

18.   The misrepresentations made by the Defendant to the Plaintiff include, but are not limited to, the material fact as set forth in paragraph 13 above.

## COUNT IV
## FRAUDULENT DECEIT

19.   Plaintiffs reallege all of the allegations of the above and foregoing paragraphs and, in addition thereto, allege that Defendant, acting through its agents, servants, employees and/or representatives, willfully deceived the Plaintiffs with the intent to induce them to alter their position to their injury or risk which the Plaintiffs did to their injury.  The deceit as alleged herein is either:

(a)   The suggestion as a fact of that which is not true by one who does not believe it to be true;

7

(b)     The assertion as a fact of that which is not true by one who has no reasonable ground for believing it to be true;

(c)     The suppression of a fact by one who is bound to disclose it or who gives information of other facts which are likely to mislead for want of communication of that fact; or

(d)     A promise made without any intention of performing it.  Plaintiffs bring this claim pursuant to *Alabama Code*, Section 6-5-104.  The facts supporting this claim are set forth in the preceding paragraphs.

## COUNT V
## CONVERSION

20.     Plaintiffs reallege all of the allegations of the above and foregoing paragraphs and, in addition thereto allege that Defendant intentionally and willfully converted their personal property to its use.

21.     The personal property converted includes, but is not limited to, the items of furniture, furnishings and appliances included on the invoice as standard equipment which were not delivered to the Plaintiffs.

## COUNT VI
## NEGLIGENCE

22.     Plaintiffs reallege all of the allegations of the above and foregoing paragraphs and, in addition thereto, allege that Defendant negligently injured or damaged Plaintiffs as otherwise set forth hereinabove.

23.     As a proximate consequence or result of the Defendants' negligence, Plaintiffs were caused to suffer and incur certain losses and damages, including but not

limited to, the loss of money, the loss of the use of money, and mental anguish, anxiety, and emotional distress.

**COUNT VII**
**WANTONNESS**

24. Plaintiffs reallege all of the allegations of the above and foregoing paragraphs and, in addition thereto, allege that Defendant wantonly injured or damaged Plaintiffs as otherwise set forth hereinabove.

25. As a proximate consequence or result of the Defendant's wantonness, Plaintiffs were caused to suffer and incur certain losses and damages, including but not limited to, the loss of money, the loss of the use of money, and mental anguish, anxiety, and emotional distress.

FRANK H. HAWTHORNE, JR. (HAW012)
Attorney for Claimant

RANDY MYERS (MYE003)
Attorney for Claimant

OF COUNSEL:
Hawthorne & Myers, LLC
322 Alabama Street
Montgomery, AL 36104
(334) 269-5010 / (334) 834-0080 Fax

OF COUNSEL:
Michael S. Harper (HAR094)
213 Barnett Boulevard
P.O. Box 780608
Tallassee, AL 36078
(334) 283-6855 / (334) 283-6858 Fax

9

EVENTS OF DEFAULT: I will be in default under this Contract if: (a) I fail to make any payment when due; (b) I fail to timely make rental payments, or to pay other charges and assessments, relating to the real property and/or facility on which the Manufactured Home is located; (c) I violate restrictive covenants, rules or regulations relating to the real property and/or facility where the Manufactured Home is located; (d) I fail to keep the Manufactured Home in good repair and condition, as you may reasonably determine; (e) I remove the Manufactured Home from the address shown on this Contract unless I notify you in advance and receive your written consent; (f) I sell or attempt to sell or to transfer any beneficial interest in the Manufactured Home without first obtaining your written consent; (g) I allow the Manufactured Home to become part of any real estate without first obtaining your written consent; (h) I encumber or abandon the Manufactured Home or use it for hire or illegally; (i) I fail to promptly pay any taxes and other liens and encumbrances on the Manufactured Home or on the real property on which it is located, if this is my responsibility; and/or (j) I fail to do anything else which I have promised to do under this Contract.

NOTICE OF DEFAULT: If any of the above specified Events of Default have occurred, you may do whatever is necessary to correct my default. You will, except as set forth below, first give me a Notice of Default and Right to Cure Default before you accelerate payment of the remaining unpaid balance I owe you or repossess or foreclose on any property which secures this Contract. The Notice will tell me what my default is and how I can cure it. Except as required by applicable law, you are not required to send me this Notice when (1) you have already sent a Notice twice within the preceding one-year period, (2) I have abandoned or voluntarily surrendered the Manufactured Home, or (3) other extreme circumstances exist.

REMEDIES UPON DEFAULT: If I do not cure the default, you may do either or both of the following at the end of the notice period, as allowed by applicable law: (a) you may require me to immediately pay you the entire remaining unpaid balance due under this Contract plus accrued interest or (b) you can repossess the Manufactured Home pursuant to the security interest I give you under this Contract. If you are not required to send me the Notice of Default and Right to Cure Default, you will have these rights immediately upon my default. Once you get possession of the Manufactured Home you will sell it. If the amount from the sale, after expenses, is less than what I owe you, I will pay you the difference except as otherwise provided by law. All remedies are cumulative and you may enforce them separately or together in any order you deem necessary to protect your security.

ARBITRATION OF DISPUTES AND WAIVER OF JURY TRIAL:

a.  Dispute Resolution. Any controversy or claim between or among you and me or our assignees arising out of or relating to this Contract or any agreements or instruments relating to or delivered in connection with this Contract, including any claim based on or arising from an alleged tort, shall, if requested by either you or me, be determined by arbitration, reference, or trial by a judge as provided below. A controversy involving only a single claimant, or claimants who are related or asserting claims arising from a single transaction, shall be determined by arbitration as described below. Any other controversy shall be determined by judicial reference of the controversy to a referee appointed by the court or, if the court where the controversy is venued lacks the power to appoint a referee, by trial by a judge without a jury, as described below. YOU AND I AGREE AND UNDERSTAND THAT WE ARE GIVING UP THE RIGHT TO TRIAL BY JURY, AND THERE SHALL BE NO JURY WHETHER THE CONTROVERSY OR CLAIM IS DECIDED BY ARBITRATION, BY JUDICIAL REFERENCE, OR BY TRIAL BY A JUDGE.

b.  Arbitration. Since this Contract touches and concerns interstate commerce, an arbitration under this Contract shall be conducted in accordance with the United States Arbitration Act (Title 9, United States Code), notwithstanding any choice of law provision in this Contract. The Commercial Rules of the American Arbitration Association ("AAA") also shall apply. The arbitrator(s) shall follow the law and shall give effect to statutes of limitation in determining any claim. Any controversy concerning whether an issue is arbitrable shall be determined by the arbitrator(s). The award of the arbitrator(s) shall be in writing and include a statement of reasons for the award. The award shall be final. Judgment upon the award may be entered in any court having jurisdiction, and no challenge to entry of judgment upon the award shall be entertained except as provided by Section 10 of the United States Arbitration Act or upon a finding of manifest injustice.

c.  Judicial Reference or Trial by a Judge. If requested by either you or me, any controversy or claim under subparagraph (a) that is not submitted to arbitration as provided in subparagraph (b) shall be determined by reference to a referee appointed by the court who, sitting alone and without jury, shall decide all questions of law and fact. You and I shall designate to the court a referee selected under the auspices of the AAA in the same manner as arbitrators are selected in AAA-sponsored proceedings. The referee shall be an active attorney or retired judge. If the court where the controversy is venued lacks the power to appoint a referee, the controversy instead shall be decided by trial by a judge without a jury.

d.  Self-Help, Foreclosure, and Provisional Remedies. The provisions of this paragraph shall not limit any rights that you or I may have to exercise self-help remedies such as set-off or repossession, to foreclose by power of sale or judicially against or sell any collateral or security, or to obtain any provisional or ancillary remedies from a court of competent jurisdiction before, after or during the pendency of any arbitration under subparagraph (b) above. Neither the obtaining nor the exercise of any such remedy shall serve as a waiver of the right of either you or me to demand that the related or any other dispute or controversy be determined by arbitration as provided above.

AL362828-0397                                    ORIGINAL COPY                                    PAGE 4 OF 8

**ATTORNEY FEES:** If I prevail in any legal action or arbitration proceeding which is commenced in connection with the enforcement of this Contract or any instrument or agreement required under this Contract, or in connection with any dispute relating to this Contract, you will pay my reasonable attorney fees, court costs and necessary disbursements incurred in connection with such action or proceeding, as determined by the court, the referee, or the arbitrator(s) in accordance with the law. If you prevail in any such action or proceeding, or in the exercise of any self-help remedy as described above, I will pay any reasonable fees imposed on you by an attorney who is not your salaried employee, not to exceed 15% of the unpaid debt, together with court costs and necessary disbursements to the full extent permitted by law.

**OTHER TERMS AND CONDITIONS:** I agree: (a) to pay with my monthly installments, if requested by you to do so, the estimated amount necessary to pay yearly taxes, assessments and insurance premiums that will become due within the next twelve-month period; (b) to pay you a transfer fee if I sell the Manufactured Home, unless such fee is prohibited by law; (c) to pay interest at the Contract rate on the remaining unpaid balance plus accrued interest, from the date of maturity until paid in full; (d) to reimburse you immediately upon your demand, with interest at the Contract rate, the amount of funds you actually advance on my behalf to correct my default; and (e) that if I am married, and residing in a community property state, both my community property and separate property will be liable for all payments due under this Contract.

**ASSIGNMENT:** You may assign this Contract to any person or entity. All rights granted to you under this Contract shall apply to any assignee of this Contract.

**CREDIT INFORMATION:** You may investigate my credit history and credit capacity in connection with opening and collecting my account and share information about me and my account with credit reporting agencies. You may sell or otherwise furnish information about me, including insurance information, to all others who may lawfully receive such information. You may furnish specific information about the Manufactured Home and any insurance policies on the Manufactured Home to any insurance agent to enable such agent to quote premiums to me and solicit my insurance business.

**WAIVER:** Waiver of any default shall not constitute a waiver of any other default. No term of this Contract shall be changed unless in writing and signed by one of your officers. This Contract is the entire agreement between us and I agree that no oral or implied representations have been made to induce me to enter into this Contract.

**VALIDITY:** Wherever possible each provision of this Contract shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Contract shall be prohibited by or invalid under applicable law, such provision shall be ineffective only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Contract. This Contract shall be of no effect until and unless signed by me and you. In no event shall any charge under this Contract exceed the highest amount allowed by applicable law. If any excess charge is received, such excess shall be refunded or applied to the amount due.

**GOVERNING LAW:** Each provision of this Contract shall be construed in accordance with and governed by the laws of the state of Alabama, provided that to the extent you have greater rights or remedies under Federal law, such choice of state law shall not be deemed to deprive you of such greater rights and remedies under Federal law.

NOTICE
ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

YOU AND I HAVE READ AND FULLY UNDERSTAND THIS CONTRACT, INCLUDING THE PARAGRAPH CALLING FOR RESOLVING DISPUTES BY ARBITRATION, REFERENCE, OR TRIAL BY A JUDGE, AND NOT BY JURY TRIAL, AND AGREE THAT THIS CONTRACT SETS FORTH OUR ENTIRE AGREEMENT AND THAT NO OTHER PROMISES HAVE BEEN MADE.

I AGREE TO ALL THE TERMS ON ALL PAGES OF THIS RETAIL INSTALLMENT CONTRACT AND ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS CONTRACT.

ACCEPTED: The foregoing Contract is hereby assigned under the terms of the Assignment below.

**CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

BUYER(S) SIGNATURE(S):

SELLER: H & S HOMES, INC.
DBA: HORTON HOMES

SELLER'S ADDRESS: 3440 US HWY 80 WEST

SELMA, AL 367010000

SELLER'S SIGNATURE:

SELLER'S TITLE:

BANDY LARUE

MARIE HUNTER

DATE OF THIS CONTRACT:

## ASSIGNMENT BY SELLER

TO CREDITOR INDICATED ON PAGE 1 ("Creditor")

With respect to this retail installment contract ("Contract") signed by one or more buyers ("Buyer"), SELLER represents and warrants that: (1) Buyer's credit statement submitted herewith is completely accurate unless otherwise specified; (2) Buyer was legally competent to contract at the time of Buyer's execution of this Contract; (3) this Contract arose from the bona fide sale of the merchandise described in this Contract; (4) the down payment was made by Buyer in cash unless otherwise specified and no part thereof was loaned directly or indirectly by Seller to Buyer; (5) any trade-in, or other consideration, received as any part of the down payment is accurately described on page 2 and has been valued at its bona fide value, and any amount owed on such trade-in or other property is accurately described on page 2 and has been paid off by Seller prior to or contemporaneously with the assignment of this Contract to Creditor; (6) there is now owing on this Contract the amount set forth herein; (7) this Contract and any guaranty submitted in connection herewith is in all respects legally enforceable against each purported signatory thereof; (8) Seller has the right to assign this Contract and thereby to convey good title to it; (9) in the event of any claim or defense asserted by any Buyer, or any heirs or assigns of Buyer, with respect to the Manufactured Home or other property or consideration transferred pursuant to this retail installment contract, Seller agrees that it will indemnify and hold Creditor harmless from all such claims and defenses as well as from all costs reasonably incurred by Creditor in connection therewith, including but not limited to reasonable attorney fees and court costs; and (10) in accordance with the Fair Credit Reporting Act, Seller has notified Buyer that this Contract is to be submitted to Creditor.

For value received, Seller hereby assigns to Creditor all its rights, title and interest in this Contract and the property which is the subject matter hereof and authorizes Creditor to do everything necessary to collect and discharge same. All the terms of any existing written agreements between Seller and Creditor governing the purchase of Contracts are made a part hereof by reference, it being understood that Creditor relies upon the above warranties and upon said agreements in purchasing this Contract.

AL350828-0397                    ORIGINAL COPY                    PAGE 9 OF 9

"Bandy Defendants' Amended Arbitration Complaint"

Exhibit G

IN THE ARBITRATION MATTER OF:

**LARUE & MARIE BANDY**

**PLAINTIFFS**

**VS.**                                                    30 181 E 01054 06

**H & S HOMES, L.L.C;**
**HORTON HOMES, INC.**

**DEFENDANTS**

**FIRST AMENDED COMPLAINT IN ARBITRATION**

Come now the Plaintiffs herein, who amend the complaint previously filed herein by saying as follows:

1.      Plaintiffs bring this actions against Defendant H & S Homes, L.L.C. (hereinafter sometimes referred to as "H & S"), which is a limited liability company which was duly qualified to do business in Alabama and which did business by agent in Montgomery County, Alabama. Defendant H & S Homes acted as the alter ego and mere instrumentality of Defendant Horton Homes, Inc.

2.      Plaintiffs also bring this action against Defendant Horton Homes, Inc., which is a corporation duly qualified to do business in the state of Georgia and which does business in Putnam County, Georgia, as well as in other surrounding states.   Defendant Horton Homes acted through its alter ego and mere instrumentality, H & S Homes, L.L.C.

3.     For their damages, Plaintiffs claim out of pocket damages not to exceed

$10,000.00 in total.   Plaintiffs claim mental anguish and emotional distress damages in the sum

of $50,000.00.   Plaintiffs also seek an award of punitive damages in the sum of $500,000.00.


                                                    MICHAEL S. HARPER,
                                                    A PROFESSIONAL CORPORATION

213 Barnett Boulevard
Post Office Box 780608                              MICHAEL S. HARPER   HAR 094
Tallassee, Alabama 36078                            Attorney for Plaintiff
Telephone: 334-283-6855


OF COUNSEL:

Frank H. Hawthorne, Jr., Esquire
Hawthorne and Myers, LLC
Attorneys at Law
322 Alabama Street
Montgomery, Alabama 36104
Telephone: 334-269-5010


                            **CERTIFICATE OF SERVICE**

     I hereby certify that I have this 9th day of April, 2007, mailed a copy of the foregoing

document to Steven J. Kyle, Esquire, 53 Perimeter Center East, Suite 300, Atlanta, Georgia

30346 and David L. Selby, II, Esquire, 1900 International Park Drive, Suite 220, Birmingham,

Alabama 35243, by United States Mail, postage prepaid.


                                                    OF COUNSEL

"Defendant Pritchett's Demand for Arbitration"

Exhibit H

IN ARBITRATION MATTER OF:


PATRICK PRITCHETT

PLAINTIFFS,

VS.

H & S HOMES, L.L.C.,

HORTON HOMES, INC.

DEFENDANTS


DEMAND FOR ARBITRATION

TO:   H & S Homes, LLC                    Horton Homes, Inc.
      c/o David L. Selby, Esquire          Post Office Drawer 4410
      1900 International Park Drive         Eatonton, Georgia 31024
      Suite 220
      Birmingham, Alabama 35243


The named claimant, a party to an arbitration agreement contained in a written contract dated June 4, 1999, hereby demands arbitration as set forth in the arbitration agreement.

This case alleges various theories of fraud and conversion against the Defendants herein, the specifics of which are set forth in the complaint which is attached hereto and incorporated by reference at length.

The claimant seeks unspecified relief by way of compensatory and punitive damages. The dispute does not arise out of an employment relationship. The claimant is an individual, and the respondent is or was involved in the mobile home sales industry.

The arbitrator selected to hear this case pursuant to the arbitration agreement entered into between the parties is J. Greg Allen, Esquire. The arbitration hearing is to be held in Montgomery, Alabama.

You are hereby notified that, under the applicable rules, you may file an answering

statement within fifteen (15) days after receipt of this demand for arbitration.

MICHAEL S. HARPER
Attorney for Claimant

Name of Claimant:         Patrick Pritchett

Names of Representative:     Michael S. Harper, Esquire
Michael S. Harper, A Professional Corporation
213 Barnett Boulevard
Post Office Box 780608
Tallassee, Alabama 36078
Telephone: 334-283-6855; Fax: 334-283-6858

Frank H. Hawthorne, Jr., Esquire
Hawthorne & Myers, L.L.C.
322 Alabama Street
Montgomery, Alabama 36104
Telephone: 334-269-5010; Fax: 334-834-0080

"Defendant Pritchett's Arbitration Complaint"

Exhibit I

IN ARBITRATION

PATRICK PRITCHETT,

PLAINTIFF

VS.

H & S HOMES, L.L.C.,

HORTON HOMES, INC.,

BOBBY CAPLES

DEFENDANTS

## COMPLAINT IN ARBITRATION

### STATEMENT OF THE PARTIES

1.      Plaintiff Patrick Pritchett is a resident of Bullock County, Alabama and is over the age of nineteen (19) years.

2.      Defendant H & S Homes, L.L.C. (hereinafter sometimes referred to as "H & S") is a limited liability company which was duly qualified to do business in Alabama and which did business by agent in Montgomery County, Alabama.   Defendant H & S Homes acted as the alter ego and mere instrumentality of Defendant Horton Homes, Inc.

3.      Defendant Horton Homes, Inc. is a corporation duly qualified to do business in the state of Georgia and which does business in Putnam County, Georgia, as well as in other surrounding states.   Defendant Horton Homes acted through its alter ego and mere instrumentality, H & S Homes, L.L.C.

1

4.     Defendant Bobby Caples (hereinafter sometimes referred to as "Caples") is an individual over the age of nineteen (19) years and who is a resident of the State of Alabama.

## STATEMENT OF THE FACTS

5.     Prior to June 4, 1999, Plaintiff was in the market to purchase a mobile home. During the course of his search, Plaintiff visited Defendants' sales lot.

6.     After viewing a particular mobile home, which is more particularly described as a 1999 Horton Mirage, Serial Number H86653GL&R mobile home manufactured by Horton Homes, Inc., Plaintiff agreed to purchase the home.

6.     During the meeting with Defendants' authorized agents, servants, or employees, oral representations were made to the Plaintiff that induced him to purchase the mobile home and pay the agreed purchase price, $50,832.00.

6.     Based on the written and oral representations made by the Defendants' agents, servants, or employees to the Plaintiff, Plaintiff agreed to purchase the subject mobile home from Defendants and signed a contract to that effect. In addition, Plaintiff paid to the Defendants a down payment of $2,543.63.

7.     After the purchase of the mobile home, Plaintiff learned that Defendants made certain material misrepresentations to Plaintiff in order to induce him to purchase the mobile home and pay the agreed price for the unit.

8.     As the direct and proximate result of the Defendants' fraudulent, malicious, intentional and wrongful conduct, Plaintiff has been deprived of his down payment. Further, Plaintiff would not have purchased the mobile home and paid the monthly payments on the home

2

had he known of the true facts. Plaintiff has suffered damages in that he has lost monies, lost the use of monies, and has suffered mental anguish, anxiety, and emotional distress.

9.      Plaintiff claims that he is entitled to compensatory damages which he has suffered and, in addition thereto, that he should recover punitive damages pursuant to Alabama Code, §6-11-20. Plaintiff claims that Defendants consciously or deliberately engaged in oppression, fraud, wantonness or malice with regard to the Plaintiff as defined by Alabama Code, §6-11-20. Plaintiff further alleges that the Defendants either:

   a.      knew or should have known of the unfitness of the agent, employee, or servant which committed the wrongful conduct and employed him or continued to employ him, or use his services without proper instruction with a disregard of the rights or safety of others; or

   b.      authorized the wrongful conduct of its agent, employee, or servant; or

   c.      ratified the wrongful conduct of its agent, employee or servant; or

   d.      the acts of the agent, servant, or employee were calculated to or did benefit the Defendants.

10.     At all times pertinent hereto, Defendants Horton Homes, Inc. and H & S Homes, L.L.C. acted through its duly appointed agents, servants or employees, which agents, servants or employees acted within the line and scope of their agency, service or employment, or in the alternative, Defendants adopted, confirmed and ratified all the actions and omissions of its agents, servants and employees as its own.

3

## COUNT I

## MISREPRESENTATION OF MATERIAL FACTS

11.    Plaintiff realleges all allegations contained in the Statement Of The Parties and Statement Of The Facts above, and in addition thereto, alleges that, on or about June 4, 1999 and on the specific occasions described and detailed the Statement of Facts above, the Defendants, acting by and through its agent, servant, employee, and/or representative, misrepresented certain material facts to the Plaintiff willfully to deceive, or recklessly without knowledge, which were acted upon by the Plaintiff. In the alternative, Plaintiff realleges that the misrepresentations were made by mistake and innocently acted upon by the Plaintiff. The misrepresentations constitute legal fraud pursuant to Alabama Code, §6-5-101.

12.    The misrepresentations made by the Defendants to the Plaintiff include, but are not limited to, the material fact that:

        a.    Certain items of furniture, furnishings or appliances were included in the purchase of the home; and

        b.    Plaintiff was not entitled to certain specified items of furniture, furnishings or appliances as standard equipment with the home.

13.    Plaintiff reasonably and justifiably relied on the misrepresentations made by the Defendants acting through its agents, servants, employees, and/or representatives by signing the purchase agreement and the installment sales contract; by making the applicable down payment; by purchasing the subject mobile home; and by not looking for needed housing elsewhere.

4

WHEREFORE, your Plaintiff, Patrick Pritchett, demands judgment against Defendant H & S Homes, L.L.C., Defendant Horton Homes, Inc., and Defendant Bobby Caples, jointly and severally, for such compensatory and punitive damages as may be assessed by the arbitrator at the hearing herein, plus interest and all costs of this proceeding.

## COUNT II

### Suppression Of Material Facts

14.    Plaintiff realleges all of the allegations of the above and foregoing paragraphs and, in addition thereto, alleges that Defendant Horton Homes and Defendant H & S, acting through its agent, servant, employee and/or representative, suppressed certain material facts from the Plaintiff which the Defendants were under an obligation to communicate. This obligation to communicate arose from the confidential relations of the parties or from the particular circumstances of the case. This claim is made pursuant to Alabama Code, §6-5-102.

15.    Some of the material facts suppressed by the Defendants include, but are not limited to, the fact that:

   a.    Plaintiff was entitled to receive certain furniture for the mobile home being purchased by Plaintiff without the payment of additional charges; and Defendants' were misapplying Plaintiff's manufacturer's rebate.

WHEREFORE, your Plaintiff, Patrick Pritchett, demands judgment against Defendant H & S Homes, L.L.C., Defendant Horton Homes, Inc., and Defendant Bobby Caples, jointly and severally, for such compensatory and punitive damages as may be assessed by the arbitrator at

5

the hearing herein, plus interest and all costs of this proceeding.

## COUNT III

### DECEIT

16.    Plaintiff realleges all of the allegations of the above and foregoing paragraphs and, in addition thereto, alleges that Defendants, acting through its agent, servant, employee and/or representative, willfully misrepresented certain material facts to the Plaintiff which were made to induce the Plaintiff to act and upon which the Plaintiff did act to his injury. The Defendants had knowledge of the falsehood of the material facts willfully misrepresented. In the alternative, Plaintiff alleges that Defendants fraudulently or recklessly represented facts as true which Defendants may not have known to be false but nevertheless intended to deceive the Plaintiff. This claim is brought by the Plaintiff pursuant to Alabama Code, §6-5-103.

17.    The misrepresentations made by the Defendants to the Plaintiff include, but are not limited to, the material fact as set forth herein above.

WHEREFORE, your Plaintiff, Patrick Pritchett, demands judgment against Defendant H & S Homes, L.L.C., Defendant Horton Homes, Inc., and Defendant Bobby Caples, jointly and severally, for such compensatory and punitive damages as may be assessed by the arbitrator at the hearing herein, plus interest and all costs of this proceeding.

6

## COUNT IV

### FRAUDULENT DECEIT

18.     Plaintiff realleges all of the allegations of the above and foregoing paragraphs and, in addition thereto, alleges that Defendants, acting through its agent, servant, employee and/or representative, willfully deceived the Plaintiff with the intent to induce him to alter his position to his injury or risk which the Plaintiff did to his injury.  The deceit as alleged herein is either:

    a.    The suggestion as a fact of that which is not true by one who does not believe it to be true;

    b.    The assertion as a fact of that which is not true by one who has no reasonable ground for believing it to be true;

    c.    The suppression of a fact by one who is bound to disclose it or who gives information of other facts which are likely to mislead for want of communication of that fact; or

    d.    A promise made without any intention of performing it.  Plaintiffs bring this claim pursuant to Alabama Code, §6-5-104.  The facts supporting this claim are set forth in the preceding paragraphs.

    WHEREFORE, your Plaintiff, Patrick Pritchett, demands judgment against Defendant H & S Homes, L.L.C., Defendant Horton Homes, Inc., and Defendant Bobby Caples, jointly and severally, for such compensatory and punitive damages as may be assessed by the arbitrator at the hearing herein, plus interest and all costs of this proceeding.

7

COUNT V

CONVERSION

19.    Plaintiff realleges all of the allegations of the above and foregoing paragraphs and, in addition thereto, alleges that Defendants intentionally and willfully converted his personal property to its use.

20.    The personal property converted includes, but is not limited to, the items of furniture, furnishings and appliances included in the purchase invoice which were not delivered to the Plaintiff.   Alternatively or in addition thereto, Defendants' converted Plaintiff's rebate to its use and benefit.

WHEREFORE, your Plaintiff, Patrick Pritchett, demands judgment against Defendant H & S Homes, L.L.C., Defendant Horton Homes, Inc., and Defendant Bobby Caples, jointly and severally, for such compensatory and punitive damages as may be assessed by the arbitrator at the hearing herein, plus interest and all costs of this proceeding.

COUNT VI

NEGLIGENCE

21.    Plaintiff realleges all of the allegations of the above and foregoing paragraphs and, in addition thereto, alleges that Defendants negligently injured or damaged Plaintiff as otherwise set forth hereinabove.

22.    As a proximate consequence or result of the Defendants' negligence, Plaintiff was caused to suffer and incur certain losses and damages, including but not limited to, the loss of

8

money, the loss of the use of money, and mental anguish, anxiety, and emotional distress.

WHEREFORE, your Plaintiff, Patrick Pritchett, demands judgment against Defendant H & S Homes, L.L.C., Defendant Horton Homes, Inc., and Defendant Bobby Caples, jointly and severally, for such compensatory and punitive damages as may be assessed by the arbitrator at the hearing herein, plus interest and all costs of this proceeding.

## COUNT VII
### WANTONNESS

23.     Plaintiff realleges all the allegations of the above and foregoing paragraphs and, in addition thereto, alleges that Defendants wantonly injured or damaged Plaintiff as otherwise set forth hereinabove.

24.     As a proximate consequence or result of the Defendants' wantonness, Plaintiff was caused to suffer and incur certain losses and damages, including but not limited to, the loss of money, the loss of the use of money, and mental anguish, anxiety, and emotional distress.

WHEREFORE, your Plaintiff, Patrick Pritchett, demands judgment against Defendant H & S Homes, L.L.C., Defendant Horton Homes, Inc., and Defendant Bobby Caples, jointly and severally, for such compensatory and punitive damages as may be assessed by the arbitrator at the hearing herein, plus interest and all costs of this proceeding.

MICHAEL S. HARPER,
A PROFESSIONAL CORPORATION

213 Barnett Boulevard
Post Office Box 780608
Tallassee, Alabama 36078
Telephone: 334-283-6855

MICHAEL S. HARPER - HAR 094
Attorney for Plaintiff

OF COUNSEL:

Frank H. Hawthorne, Jr., Esquire
Hawthorne and Myers, LLC
Attorneys at Law
322 Alabama Street
Montgomery, Alabama 36104
Telephone: 334-269-5010

10

"Defendant Shaner's Demand for Arbitration"

Exhibit J

*2006*



**American Arbitration Association**
*Dispute Resolution Services Worldwide.*

### COMMERCIAL ARBITRATION RULES
### DEMAND FOR ARBITRATION

*MEDIATION: If you would like the AAA to contact the other parties and attempt to arrange a mediation, please check this box. ☐*
*There is no additional administrative fee for this service.*

| Name of Respondent<br>H&S Homes, LLC/Horton Homes, Inc. | | | Name of Representative (if known)<br>David L. Selby, Esquire    (also see attached) | | |
|---|---|---|---|---|---|
| Address<br>P.O. Drawer 4410 | | | Name of Firm (if applicable)<br>Kee & Selby, LLP | | |
| | | | Representative's Address<br>1900 International Park Drive, Suite 220 | | |
| City<br>Eatonton | State<br>GA | Zip Code<br>31024 | City<br>Birmingham | State<br>AL | Zip Code<br>35243 |
| Phone No.<br>not available | | Fax No.<br>not available | Phone No.<br>205-968-9900 | | Fax No.<br>205-968-9909 |
| Email Address:<br>not available | | | Email Address:<br>ds@keeselby.com | | |

The named claimant, a party to an arbitration agreement dated    October 22, 1999, which provides for arbitration under the
Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration.

THE NATURE OF THE DISPUTE

  Fraud and conversion

| Dollar Amount of Claim $    5,000.00 | Other Relief Sought:  ☐ Attorneys Fees    ☒ Interest<br>☒ Arbitration Costs ☒ Punitive/ Exemplary ☒ Other Compensatory |
|---|---|

AMOUNT OF FILING FEE ENCLOSED WITH THIS DEMAND (please refer to the fee schedule in the rules for the appropriate fee) $

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:
Arbitrator has already been selected.  See Demand for Arbitration attached.

Hearing locale  Montgomery, AL      (check one) ☒ Requested by Claimant  ☐ Locale provision included in the contract

| Estimated time needed for hearings overall:<br>_____ hours or    2    days | Type of Business: Claimant    Individual<br>Respondent  Business |
|---|---|

Is this a dispute between a business and a consumer? ☒ Yes ☐ No Does this dispute arise out of an employment relationship? ☐ Yes ☒ No

If this dispute arises out of an employment relationship, what was/is the employee's annual wage range? Note: This question is required
by California law. ☐ Less than $100,000 ☐ $100,000 - $250,000 ☐ Over $250,000

You are hereby notified that copies of our arbitration agreement and this demand are being filed with the American Arbitration
Association's Case Management Center, located in (check one) ☒ Atlanta, GA ☐ Dallas, TX ☐ East Providence, RI
☐ Fresno, CA ☐ International Centre, NY, with a request that it commence administration of the arbitration.  Under the rules, you
may file an answering statement within fifteen days after notice from the AAA.

| Signature (may be signed by a representative)    Date:<br>8-9-06 | Name of Representative<br>Michael S. Harper, Esquire |
|---|---|
| Name of Claimant<br>William Shaner | Name of Firm (if applicable)<br>Michael S. Harper, A Professional Corporation |
| Address (to be used in connection with this case)<br>46 Defiance Street | Representative's Address<br>P.O. Box 780608 |

| City<br>Ticonderoga | State<br>NY | Zip Code<br>12883 | City<br>Tallassee | State<br>AL | Zip Code<br>36078 |
|---|---|---|---|---|---|
| Phone No.<br>not available | | Fax No.<br>unknown | Phone No.<br>334-283-6855 | | Fax No.<br>334-283-6858 |
| Email Address:<br>unknown | | | Email Address:<br>mikeharper@elmore.rr.com | | |

To begin proceedings, please send two copies of this Demand and the Arbitration Agreement, along with the filing fee as
provided for in the Rules, to the AAA.  Send the original Demand to the Respondent.

Please visit our website at www.adr.org if you would like to file this case online.  AAA Customer Service can be reached at 800-778-7879

NAME OF ADDITIONAL REPRESENTATIVE:

Steven J. Kyle, Esquire
Bovis, Kyle & Burch, L.L.C.
53 Perimeter Center East
3rd Floor
Atlanta, Georgia  30346

770-391-9100
779-668-0878 (fax)
kyle@boviskyle.net

MICHAEL S. HARPER,
Attorney for Claimant

Name of Claimant:          William Shaner

Names of Representative:   Michael S. Harper, Esquire
                           Michael S. Harper, A Professional Corporation
                           213 Barnett Boulevard
                           Post Office Box 780608
                           Tallassee, Alabama 36078
                           Telephone: 334-283-6855; Fax: 334-283-6858

                           Frank H. Hawthorne, Jr., Esquire
                           Hawthorne and Myers
                           322 Alabama Street
                           Montgomery, Alabama 36104
                           Telephone: 334-269-5010; Fax: 334-834-0080

"Defendant Shaner's Arbitration Complaint"

Exhibit K

IN ARBITRATION

WILLIAM SHANER

PLAINTIFF

VS.

H & S HOMES, L.L.C.

HORTON HOMES, INC.,

FRANK COKER,

DEFENDANTS

COMPLAINT IN ARBITRATION

STATEMENT OF THE PARTIES

1.    Plaintiff William Shaner is an individual who is over the age of 19 years.

2.    Defendant H & S Homes, L.L.C. (hereinafter sometimes referred to as "H & S") is a limited liability company which was duly qualified to do business in Alabama and which did business by agent in Montgomery County, Alabama.   Defendant H & S is the alter ego and mere instrumentality of Defendant Horton Homes, Inc.

3.    Defendant Horton Homes, Inc. (hereinafter sometimes referred to as "Horton") is a corporation duly qualified to do business in Georgia and which does business there by agent. Defendant Horton acted through its alter ego and mere instrumentality, Defendant H & S.

4.    Defendant Frank Coker (hereinafter sometimes referred to as "Coker") is an individual resident of the State of Alabama who did business in Montgomery County, Alabama.

25700

## STATEMENT OF THE FACTS

5.    Prior to October 12, 1999, Plaintiff was in the market to purchase a mobile home. During the course of his search, Plaintiff visited Defendants' sales lot in Montgomery, Alabama.

6.    After viewing a particular mobile home, which is more particularly described as a 1999 24 X 56 Mirage MGR, serial number H85423GL & R, mobile home manufactured by Defendant Horton, Plaintiff agreed to purchase the home.

7.    During the meeting with Defendants' authorized agents, servants, or employees, oral representations were made to the Plaintiff that induced him to purchase the mobile home and pay the agreed total purchase price, $41,201.86.

8.    Based on the written and oral representations made by the Defendants' agents, servants, or employees to the Plaintiff, Plaintiff agreed to purchase the subject mobile home from Defendants and signed a contract to that effect.  In addition, Plaintiff paid to the Defendants a down payment of $3,000.00.

9.    After the purchase of the mobile home, Plaintiff learned that Defendants made certain material misrepresentations to Plaintiff in order to induce him to purchase the mobile home and pay the agreed price for the unit.

10.    As the direct and proximate result of the Defendants' fraudulent, malicious, intentional and wrongful conduct, Plaintiff has been deprived of his down payment and his manufacturer's rebate.  Further, Plaintiff would not have purchased the mobile home and paid the monthly payments on the home had he known of the true facts.  Plaintiff has suffered damages in that he has lost monies, lost the use of monies, and has suffered mental anguish, anxiety, and emotional distress.

11.     Plaintiff claims that he is entitled to compensatory damages which he has suffered and, in addition thereto, that he should recover punitive damages pursuant to Alabama Code, §6-11-20. Plaintiff claims that Defendants consciously or deliberately engaged in oppression, fraud, wantonness or malice with regard to the Plaintiff as defined by Alabama Code, §6-11-20. Plaintiff further alleges that the Defendants either:

      a.     knew or should have known of the unfitness of the agent, employee, or servant which committed the wrongful conduct and employed him or continued to employ him, or use his services without proper instruction with a disregard of the rights or safety of others; or

      b.     authorized the wrongful conduct of its agent, employee, or servant; or

      c.     ratified the wrongful conduct of its agent, employee or servant; or

      d.     the acts of the agent, servant, or employee were calculated to or did benefit the Defendants.

12.     At all times pertinent hereto, Defendant Horton and Defendant H & S  acted through its duly appointed agents, servants or employees, which agents, servants or employees acted within the line and scope of their agency, service or employment, or in the alternative, Defendants adopted, confirmed and ratified all the actions and omissions of its agents, servants and employees as its own.

13.     Due to the fraudulent and wrongful acts of the Defendants, Plaintiff did not become aware of the acts or omissions giving rise to the claims set forth herein until within two (2) years prior to the filing of the instant complaint.

COUNT I

MISREPRESENTATION OF MATERIAL FACTS

14.    Plaintiff realleges all allegations contained in the Statement Of The Parties and Statement Of The Facts above, and in addition thereto, alleges that, on or about October 12, 1999 and on the specific occasions described and detailed the Statement of Facts above, the Defendants, acting by and through its agent, servant, employee, and/or representative, misrepresented certain material facts to the Plaintiff willfully to deceive, or recklessly without knowledge, which were acted upon by the Plaintiff. In the alternative, Plaintiff realleges that the misrepresentations were made by mistake and innocently acted upon by the Plaintiff. The misrepresentations constitute legal fraud pursuant to Alabama Code, §6-5-101.

15.    The misrepresentations made by the Defendants to the Plaintiff include, but are not limited to, the material fact that:

        a.    Certain items of furniture, furnishings or appliances, including, but not being limited to, a washer and dryer, dishwasher, television, microwave and limited living room furniture, did not come as standard equipment with the home; and

        b.    Plaintiff was not entitled to certain specified items of furniture, furnishings or appliances, including, but not limited to, a washer and dryer, dishwasher, television, microwave and limited living room furniture, the as standard equipment with the home.

16.    Plaintiff reasonably and justifiably relied on the misrepresentations made by the Defendants acting through its agents, servants, employees, and/or representatives by signing the purchase agreement and the installment sales contract; by making the applicable down payment;

by purchasing the subject mobile home; and by not looking for needed housing elsewhere.

WHEREFORE, your Plaintiff, William Shaner, demands judgment against Defendant Horton Homes, Inc., Defendant H & S Homes, L.L.C. and Defendant Frank Coker, jointly and severally, for such compensatory and punitive damages as may be assessed by the arbitrator at the hearing herein, plus interest and all costs of this proceeding.

COUNT II

SUPPRESSION OF MATERIAL FACTS

17.     Plaintiff realleges all of the allegations of the above and foregoing paragraphs and, in addition thereto, alleges that Defendants, acting through its agent, servant, employee and/or representative, suppressed certain material facts from the Plaintiff which the Defendants were under an obligation to communicate. This obligation to communicate arose from the confidential relations of the parties or from the particular circumstances of the case. This claim is made pursuant to Alabama Code, §6-5-102.

18.     Some of the material facts suppressed by the Defendants include, but are not limited to, the fact that:

      a.    Certain items of furniture, furnishings, and appliances, including, but not limited to, a washer and dryer, dishwasher, television, microwave and limited living room furniture, came with the mobile home as standard equipment listed on the invoice thereof;

      b.    Plaintiff was entitled to receive the standard equipment for the mobile home being purchased by Plaintiff, including, but not limited to, a washer

and dryer, dishwasher, television, microwave and limited living room

furniture, without the payment of additional charges; and

c.    Plaintiff was entitled to a $1,000.00 manufacturer's rebate to be paid to

him or to his order upon confirmation of the sale.

WHEREFORE, your Plaintiff, William Shaner, demands judgment against Defendant

Horton Homes, Inc., Defendant H & S Homes, L.L.C. and Defendant Frank Coker, jointly and

severally, for such compensatory and punitive damages as may be assessed by the arbitrator at

the hearing herein, plus interest and all costs of this proceeding.

## COUNT III

## DECEIT

19.    Plaintiff realleges all of the allegations of the above and foregoing paragraphs and,

in addition thereto, alleges that Defendants, acting through its agent, servant, employee and/or

representative, willfully misrepresented certain material facts to the Plaintiff which were made to

induce the Plaintiff to act and upon which the Plaintiff did act to his injury. The Defendants had

knowledge of the falsehood of the material facts willfully misrepresented. In the alternative,

Plaintiff alleges that Defendants fraudulently or recklessly represented facts as true which

Defendants may not have known to be false but nevertheless intended to deceive the Plaintiff.

This claim is brought by the Plaintiff pursuant to Alabama Code, §6-5-103.

20.    The misrepresentations made by the Defendants to the Plaintiff include, but are

not limited to, the material fact as set forth herein above.

WHEREFORE, your Plaintiff, William Shaner, demands judgment against Defendant Horton Homes, Inc., Defendant H & S Homes, L.L.C. and Defendant Frank Coker, jointly and severally, for such compensatory and punitive damages as may be assessed by the arbitrator at the hearing herein, plus interest and all costs of this proceeding.

## COUNT IV

### FRAUDULENT DECEIT

21.     Plaintiff realleges all of the allegations of the above and foregoing paragraphs and, in addition thereto, alleges that Defendants, acting through its agent, servant, employee and/or representative, willfully deceived the Plaintiff with the intent to induce him to alter his position to his injury or risk which the Plaintiff did to his injury. The deceit as alleged herein is either:

   a.     The suggestion as a fact of that which is not true by one who does not believe it to be true;

   b.     The assertion as a fact of that which is not true by one who has no reasonable ground for believing it to be true;

   c.     The suppression of a fact by one who is bound to disclose it or who gives information of other facts which are likely to mislead for want of communication of that fact; or

   d.     A promise made without any intention of performing it. Plaintiffs bring this claim pursuant to Alabama Code, §6-5-104. The facts supporting this claim are set forth in the preceding paragraphs.

WHEREFORE, your Plaintiff, William Shaner, demands judgment against Defendant Horton Homes, Inc., Defendant H & S Homes, L.L.C. and Defendant Frank Coker, jointly and severally, for such compensatory and punitive damages as may be assessed by the arbitrator at the hearing herein, plus interest and all costs of this proceeding.

## COUNT V

### FORGERY

22.    Plaintiff realleges all of the allegations of the above and foregoing paragraphs and, in addition thereto, alleges that Defendants intentionally and willfully committed fraud by forgery in that the Defendants, acting through its duly authorized and appointed agent, servant, employee and/or representative forged the Plaintiff's name on a rebate certificate, thereby allowing Defendants to acquire the proceeds of the rebate otherwise payable to Plaintiff.

WHEREFORE, your Plaintiff, William Shaner, demands judgment against Defendant Horton Homes, Inc., Defendant H & S Homes, L.L.C. and Defendant Frank Coker, jointly and severally, for such compensatory and punitive damages as may be assessed by the arbitrator at the hearing herein, plus interest and all costs of this proceeding.

## COUNT VI

### CONVERSTION

23.    Plaintiff realleges all of the allegations of the above and foregoing paragraphs and, in addition thereto, alleges that Defendants intentionally and willfully converted his personal property to its use.

24.    The personal property converted includes, but is not limited to, the items of furniture, furnishings and appliances set forth on the invoice as standard equipment and which are more particularly described hereinabove which were not delivered to the Plaintiff.   In addition, Defendants converted the proceeds of the manufacturer's rebate regarding the subject mobile home and/or converted a portion of the down payment in the amount of $1,000.00 owed to Plaintiff regarding the subject mobile home and converted a portion of the down payment in the amount of $1,000.00.

WHEREFORE, your Plaintiff, William Shaner, demands judgment against Defendant Horton Homes, Inc., Defendant H & S Homes, L.L.C. and Defendant Frank Coker, jointly and severally, for such compensatory and punitive damages as may be assessed by the arbitrator at the hearing herein, plus interest and all costs of this proceeding.

## COUNT VII

### NEGLIGENCE

25.    Plaintiff realleges all of the allegations of the above and foregoing paragraphs and, in addition thereto, alleges that Defendants negligently injured or damaged Plaintiff as otherwise set forth hereinabove.

26.    As a proximate consequence or result of the Defendants' negligence, Plaintiff was caused to suffer and incur certain losses and damages, including but not limited to, the loss of money, the loss of the use of money, and mental anguish, anxiety, and emotional distress.

WHEREFORE, your Plaintiff, William Shaner, demands judgment against Defendant Horton Homes, Inc., Defendant H & S Homes, L.L.C. and Defendant Frank Coker, jointly and severally, for such compensatory and punitive damages as may be assessed by the arbitrator at the hearing herein, plus interest and all costs of this proceeding.

## COUNT IX

### WANTONNESS

27.    Plaintiff realleges all the allegations of the above and foregoing paragraphs and, in addition thereto, alleges that Defendants wantonly injured or damaged Plaintiff as otherwise set forth hereinabove.

28.    As a proximate consequence or result of the Defendants' wantonness, Plaintiff was caused to suffer and incur certain losses and damages, including but not limited to, the loss of money, the loss of the use of money, and mental anguish, anxiety, and emotional distress.

WHEREFORE, your Plaintiff, William Shaner, demands judgment against Defendant Horton Homes, Inc., Defendant H & S Homes, L.L.C. and Defendant Frank Coker, jointly and severally, for such compensatory and punitive damages as may be assessed by the arbitrator at the hearing herein, plus interest and all costs of this proceeding.

MICHAEL S. HARPER,
A PROFESSIONAL CORPORATION


MICHAEL S. HARPER  HAR094
Attorney for Plaintiff

213 Barnett Boulevard
Post Office Box 780608
Tallassee, Alabama 36078
Telephone: 334-283-6855

OF COUNSEL:

Frank H. Hawthorne, Jr., Esquire
Hawthorne and Myers,
Attorneys at Law
322 Alabama Street
Montgomery, Alabama 36104
Telephone: 334-269-5010

"Plaintiff Horton's Answer to Defendant William Shaner's Demand for Arbitration"

Exhibit L

## AMERICAN ARBITRATION ASSOCIATION

| | | |
|---|---|---|
| **WILLIAM SHANER** | ) | |
| | ) | |
| **Claimant,** | ) | AAA Case No. |
| | ) | |
| **v.** | ) | 30 420 00729 06 |
| | ) | |
| **H&S HOMES, LLC,** | ) | |
| **HORTON HOMES, INC.** | ) | |
| | ) | |
| **Respondents.** | ) | |

## ANSWER OF RESPONDENT HORTON HOMES, INC.

COMES NOW Respondent Horton Homes, Inc. ("Horton Homes" or "Respondent") and, in response to Claimant William Shaner's Demand and Complaint in Arbitration, states as follows. In answering Claimant's Demand, Horton Homes does not submit to the administration of arbitration claims against it by the American Arbitration Association. Horton Homes maintains that it is not a party to any arbitration agreement with Claimant and no court has ordered that any claims against Horton Homes be arbitrated. The claims against Horton Homes are not due to be arbitrated and the American Arbitration Association does not have jurisdiction or authority to administer any such claims. Furthermore, in answering Claimant's Complaint, Horton Homes does not waive its objection to the arbitrator selected in this matter.

1.      Admitted.

2.      Respondent Horton Homes denies that H&S Homes, LLC is the alter ego or mere instrumentality of Horton Homes, Inc.

3.      Respondent Horton Homes admits that it is a corporation duly qualified to do business in Georgia and that it does business there. Respondent Horton Homes denies that H&S Homes, LLC is the alter ego and mere instrumentality of Horton Homes or that Horton Homes acted

through H&S Homes, LLC.

4.     Respondent Horton Homes is without knowledge or information sufficient to respond to the allegations of this paragraph and therefore denies same.

5.     Denied.

6.     Denied.

7.     Denied.

8.     Denied.

9.     Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Respondent Horton Homes incorporates and adopts herein its responses to paragraphs 1 through 13 above.  Respondent Horton Homes denies all allegations of this paragraph.

15.     Denied.

16.     Denied.

In response to the unnumbered paragraph following paragraph 16, Respondent Horton Homes denies that Claimant is entitled to the relief requested.

17.     Respondent Horton Homes incorporates and adopts herein its responses to paragraphs 1 through 16 above.  Respondent Horton Homes denies all allegations of this paragraph.

18.     Denied.

In response to the unnumbered paragraph following paragraph 18, Respondent Horton Homes denies that Claimant is entitled to the relief requested.

19.     Respondent Horton Homes incorporates and adopts herein its responses to paragraphs 1 through 18 above.  Respondent Horton Homes denies all allegations of this paragraph.

20.     Denied.

In response to the unnumbered paragraph following paragraph 20, Respondent Horton Homes denies that Claimant is entitled to the relief requested.

21.     Respondent Horton Homes incorporates and adopts herein its responses to paragraphs 1 through 20 above.  Respondent Horton Homes denies all allegations of this paragraph.

22.     Denied.

In response to the unnumbered paragraph following paragraph 22, Respondent Horton Homes denies that Claimant is entitled to the relief requested.

23.     Respondent Horton Homes incorporates and adopts herein its responses to paragraphs 1 through 22 above.  Respondent Horton Homes denies all allegations of this paragraph.

24.     Denied.

In response to the unnumbered paragraph following paragraph 24, Respondent Horton Homes denies that Claimant is entitled to the relief requested.

25.     Respondent Horton Homes incorporates and adopts herein its responses to paragraphs 1 through 24 above.  Respondent Horton Homes denies all allegations of this paragraph.

26.     Denied.

In response to the unnumbered paragraph following paragraph 26, Respondent Horton Homes denies that Claimant is entitled to the relief requested.

27.     Respondent Horton Homes incorporates and adopts herein its responses to paragraphs 1 through 26 above.  Respondent Horton Homes denies all allegations of this paragraph.

28.     Denied.

In response to the unnumbered paragraph following paragraph 28, Respondent Horton Homes denies that Claimant is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Respondent asserts that the arbitrator selected in this case is subject to the disclosure rules of the American Arbitration Association and reserves its right to seek the disqualification of such arbitrator once such required disclosures are made.

### SECOND DEFENSE

Respondent asserts that it is not a party to any arbitration agreement with Claimant and no court has ordered that any claims against Horton Homes be arbitrated. The claims against Horton Homes are not due to be arbitrated and the American Arbitration Association does not have jurisdiction or authority to administer any such claims.

### THIRD DEFENSE

There is no causal relation between the claims being made by Claimant and this Defendant's conduct.

### FOURTH DEFENSE

Respondent denies that any of its acts or omissions were the proximate cause of Claimant's injuries.

### FIFTH DEFENSE

Respondent denies that Claimant was injured or damaged to the nature and extent alleged in the Complaint and demands strict proof thereof.

### SIXTH DEFENSE

Respondent denies that Claimant was injured as a result of any conduct by this Defendant.

## SEVENTH DEFENSE

The alleged damages for which Claimant seeks recovery were caused by others for whom this Defendant is not responsible and Claimant cannot recover from this Defendant.

## EIGHTH DEFENSE

Claimant's claims are barred by the applicable statute of limitations or the doctrine of laches.

## NINTH DEFENSE

Claimant's claims are barred by accord and satisfaction.

## TENTH DEFENSE

Respondent pleads the affirmative defenses of estoppel, waiver, modification, ratification, novation and unclean hands.

## ELEVENTH DEFENSE

Provisions of the limited warranty issued by Respondent or others bars Claimant from recovery herein.

## TWELFTH DEFENSE

Claimant has been guilty of negligence that has proximately caused or contributed to cause the injuries and damages alleged in his Complaint.

## THIRTEENTH DEFENSE

Respondent pleads assumption of the risk.

## FOURTEENTH DEFENSE

Respondent pleads the statute of frauds.

## FIFTEENTH DEFENSE

Claimant's claims are barred by the doctrine of merger.

## SIXTEENTH DEFENSE

Claimant's claims are barred by the parol evidence rule.

## SEVENTEENTH DEFENSE

Claimant failed to mitigate his damages as required by Alabama law.

## EIGHTEENTH DEFENSE

Respondent asserts the defenses of release, payment and setoff.

## NINETEENTH DEFENSE

Claimant does not have standing to bring the claims alleged.

## TWENTIETH DEFENSE

Claimant has suffered no monetary damage.

## TWENTY-FIRST DEFENSE

Respondent denies that it breached any duty owed to Claimant.

## TWENTY-SECOND DEFENSE

Imposition of mental anguish damages would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

## TWENTY-THIRD DEFENSE

Respondent denies that it is the alter ego and mere instrumentality of Horton Homes, Inc.

## TWENTY-FOURTH DEFENSE

Respondent pleads failure to join a party under Rule 19.

## TWENTY-FIFTH DEFENSE

Claimant's Complaint contains allegations of fraud that are not pled with the requisite specificity and particularly as required by the Alabama Rules of Civil Procedure.

### TWENTY-SIXTH DEFENSE

Respondent denies that it suppressed any material facts from Claimant.

### TWENTY-SEVENTH DEFENSE

Respondent denies that it made any misrepresentations to Claimant.

### TWENTY-EIGHTH DEFENSE

Respondent denies that Claimant relied upon any representations to its detriment.

### TWENTY-NINTH DEFENSE

Respondent denies that it deceived Claimant.

### THIRTIETH DEFENSE

Respondent denies that it converted Claimant's property to its own use.

### THIRTY-FIRST DEFENSE

Respondent denies that it acted negligently or wantonly.

### THIRTY-SECOND DEFENSE

To the extent the Claimant seeks to hold Respondent jointly liable with other Defendants for misconduct and to recover punitive damages for such misconduct, the Alabama law permitting such joint liability for punitive damages is unconstitutional as violative of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because it permits jury imposition of punitive damages, purportedly based on the character and degree of the wrong committed, without in fact assigning to each defendant a proportionate responsibility for that defendant's contribution to the wrong committed.

### THIRTY-THIRD DEFENSE

With regard to Claimant's claim for punitive damages, Respondent pleads the following punitive damage defenses:

1.    Claims for punitive damages in this case violate the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, and Article I Section 6 of the Constitution of Alabama, on the following grounds:

    a.    It is in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    b.    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

    c.    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

    d.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provide vague or insufficient standards, for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth

Amendment of the United States Constitution;

e.    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

f.    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

g.    The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportioned, or bear a reasonable relationship, to the actual harm incurred; and,

h.    The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

2.    Claimant's claims for punitive damages violate the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

a.    It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendants upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.   The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendants;

c.   The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d.   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

e.   An award of punitive damages in this case would constitute a deprivation of property without due process of law.

3.   Any attempt by Claimant to impose punitive or extra contractual damages on Respondent, on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

4.   Any award of punitive damages to Claimant in this action would constitute a deprivation of property without due process of law, which is required under the Fifth and Fourteenth Amendments of the United States Constitution and under Article I, Section 6 of the Alabama Constitution.

5.   Any award of punitive damages against Respondent in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

## THIRTY-FOURTH DEFENSE

To the extent that Claimant's claims for punitive damages exceed $250,000 (the cap imposed by the Alabama Legislature in ALA. CODE (1975) §6-11-21, then Claimant's claims likewise violate

the Separation of Powers Clause of the United States Constitution and/or the Alabama Constitution. The Alabama Supreme Court acted beyond its authority in striking down the legislative and statutory mandate of §6-11-21; therefore, the Court's action thereby was unconstitutional and without effect. To allow an award of punitive damages in excess of that statutory cap is in direct contravention of the express public policy of the State of Alabama.

**THIRTY-FIFTH DEFENSE**

1.    To the extent that any punitive damages assessed in this action are apportioned to the State of Alabama or a General Fund as prescribed by *Life Ins. Co. of Georgia v. Johnson*, 684 So.2d 685 (Ala. 1996), *vacated* 117 S.Ct. 288 (1996), the award is unconstitutional. The Alabama Supreme Court's directive in that case is violative of the Separation of Powers Clause of the United States Constitution and/or Sections 42, 43 and 70 of the Alabama Constitution.

2.    To the extent that any punitive damages assessed in this action are apportioned to the State of Alabama or a General Fund as prescribed by *Life Ins. Co. of Georgia v. Johnson*, 684 So.2d 685 (Ala. 1996), *vacated* 117 S.Ct. 288 (1996),   then the award is violative of the Eighth Amendment to the United States Constitution and Article I, Section 15 of the Alabama Constitution.

3.    To the extent that any punitive damages assessed in this action are apportioned to the State of Alabama or a General Fund as prescribed by *Life Ins. Co. of Georgia v. Johnson*, 684 So.2d 685 (Ala. 1996), *vacated* 117 S.Ct. 288 (1996), the award constitutes an unconstitutional taking of private property without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

4.    To the extent that Claimant's demand for punitive damages may result in multiple punitive damage awards to be assessed for the same act or omission of the defendant, then that award contravenes the defendant's right to due process of law under the Fourteenth Amendment to the United States Constitution and Article 1, Section 13 of the Alabama Constitution. Moreover, such an

award of punitive damages would infringe upon the defendant's rights against double jeopardy, as guaranteed by the Fifth Amendment to the United States Constitution and/or Article 1, Section 9 of the Alabama Constitution.

     5.     To the extent that any punitive damages assessed in this action are apportioned to the State of Alabama or a General Fund as prescribed by *Life Ins. Co. of Georgia v. Johnson*, 684 So.2d 685 (Ala. 1996), *vacated* 117 S.Ct. 288 (1996), then such impermissibly infringes on the defendant's constitutional right to a trial by jury, as guaranteed by Article 1, Section 11 of the Alabama Constitution. The court's decision in that case inevitably places the judiciary and juries of the State of Alabama in a position of conflict of interest, since juries now have a financier incentive to award punitive damages as they will indirectly benefit from any such award.

     (a)     Likewise, any such punitive damage award would unconstitutionally encroach on the defendant's right to due process and open access to the courts of the State of Alabama, in violation of the Fourteenth Amendment to the United States Constitution  Article 1, Section 13 of the Alabama Constitution.

     6.     With respect to the Claimant's demands herein for punitive damages, the defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards as articulated in *Green Oil Co. V. Hornsby*, 539 So.2d 218 (Ala. 1989) and *BMW of North America, Inc.*, 116 S.Ct.1589 (1996).

### THIRTY-SIXTH DEFENSE

To the extent that any punitive damages are assessed in this action, this defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards as articulated in *Foremost Insurance Co. v. Parham*, Nos. 1950507, 1951238, 1997 WL 112722 (Ala. March 14, 1997). More specifically, that any award of

such damages are limited according to the (a) alleged reprehensibility of the defendant's conduct; (b) alleged defendant's knowledge or notice that the alleged misconduct could have resulted in excessive punitive damages; (c) the maximum fines imposed for similar conduct; and (d) the disparity between the actual harm suffered by the plaintiff and the punitive damage award.

### THIRTY-SEVENTH DEFENSE

Respondent denies that its agents, servants, and employees, if any, have been guilty of any conduct which would entitle Claimant to recover punitive damages.

### THIRTY-EIGHTH DEFENSE

Claimants' claims for damages are subject to the limitations contained in the Code of Alabama, as amended, section 6-11-20 (clear and convincing evidence standard), section 6-11-21 (punitive damages), section 6-11-27 (principal/agent) and section 12-21-12 (substantial evidence and clear and convincing evidence standards).

### THIRTY-NINTH DEFENSE

With regards to Claimant's claim for punitive damages, Respondent pleads the constitutional limitations set forth in State Farm Mutual Automobile Insurance Company v. Campbell, 123 S. Ct. 1513 (Apr. 7, 2003), because determination of the amount of or proper circumstances for an award of punitive damages without consideration of the limitations set forth in Campbell would deny the Defendant due process of law in violation of the fourteenth Amendment to the United States Constitution and of the Alabama Constitution.

### FORTIETH DEFENSE

Potential liability for mental anguish damages should be restricted to conduct which is bound to result in shame, humiliation, and mental anguish, but not mere disappointment, anger, worry, aggravation, resentment, or embarrassment, and in the absence of emotional distress so severe that

no reasonable person could be expected to endure it and substantial evidence a defendant was aware of circumstances that would make alleged intentional or negligent conduct result in shame, humiliation, and mental anguish, claims for mental anguish should not be allowed to be submitted to the jury. No emotional injury recovery is available in this case as Alabama follows the "zone of danger" test, which limits recovery of mental anguish damages to those plaintiffs who sustain a physical injury as a result of a defendant's negligent conduct, or who are placed in immediate risk of physical harm by that conduct. *See Grand Manor, Inc. v. Dykes*, 2000 WL 337528 (Ala. March 31, 2000); *Wal-Mart Stores, Inc. v. Bowers*, 752 So.2d 1201 (Ala. 1999.); *AALAR, Ltd., Inc. v. Francis*, 716 So.2d 1141, 1147 (Ala. 1998); accord, *White Consol. Indus., Inc. v. Wilkerson*, 737 So.2d 447, 449 (Ala. 1999).

## FORTY-FIRST DEFENSE

The invitation for a trier of fact to impose liability for mental anguish damages, without guidelines or standards for determination of the amount or proper circumstances for such an award, would deny due process of law in violation of the Fourteenth Amendment to the United States Constitution and in violation of the Constitution of the State of Alabama.

## FORTY-SECOND DEFENSE

The claims relating to mental anguish damages are barred by the Fourteenth Amendment to the United States Constitution and by the Constitution of the State of Alabama.

## FORTY-THIRD DEFENSE

The imposition of mental anguish damages in this case would contravene the due process clause of the United States Constitution and the Constitution of the State of Alabama and the Fourth, Sixth, Eighth, and Fourteenth Amendments, separately, to the United States Constitution on each of the following grounds:

A.   The procedures pursuant to which mental anguish damages are awarded permit the award of mental anguish damages upon satisfaction of a standard of proof less than the applicable standard of proof required for the imposition of criminal sanctions.

B.   The procedures pursuant to which mental anguish damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrong doing.

C.   The procedures pursuant to which mental anguish damages are awarded fail to provide a reasonable limit on the amount of award.

D.   The procedures pursuant to which mental anguish damages are awarded fail to provide specific standards for the award of mental anguish damages.

E.   The procedures pursuant to which mental anguish damages are awarded are unconstitutionally vague.

F.   The procedures pursuant to which mental anguish damages are awarded fail to provide a means for awarding separate judgments against alleged joint tortfeasors.

G.   The procedures pursuant to which mental anguish damages are awarded fail to provide specific standards for the amount of mental anguish damages.

H.   The procedures pursuant to which mental anguish damages are awarded fail to provide a clear appellate standard of review of an award of mental anguish damages.

I.   The procedures pursuant to which mental anguish damages are awarded may permit the admission of evidence relative to mental anguish damages in the same proceedings during which liability and compensatory damages are determined.

J.   An award of mental anguish damages would constitute an arbitrary and capricious taking of property without due process of law.

## FORTY-FOURTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

Respondent reserves the right to add any and all defenses that may be applicable in this case but which are unidentifiable at this time. Any such defenses will be added by amendment once they

are identified.

_G. M. Hughes_
David L. Selby, II
Jon M. Hughes
**Attorneys for Respondent**

Kee & Selby, LLP
1900 International Park Drive, Suite 220
Birmingham, Alabama 35243
(205) 968-9900

Steven J. Kyle
Bovis, Kyle & Burch, LLC,
53 Perimeter Center East, Suite 300
Atlanta, GA 30346
(770) 391-9100

### CERTIFICATE OF SERVICE

I hereby certify that I have served, by United States Mail, postage prepaid and properly addressed, a true and correct copy of the above and foregoing upon all counsel to this proceeding this the ___8th___ day of January, 2006.

Michael S. Harper, Esq.
PO Box 780608
Tallasee, AL 36078

Frank H. Hawthorne, Jr., Esq.
322 Alabama Street
Montgomery, AL 36104

_G. M. Hughes_
OF COUNSEL

"Defendant Averette's Demand for Arbitration"

Exhibit M

IN RE ARBITRATION MATTER OF:

ELSIE (FONDREN) AVERETTE,

    Claimant,

vs.

H & S HOMES, L.L.C. AND HORTON
HOMES, INC.,

    Respondents.

RECEIVED
DEC 05 2006
ser # 207441

## DEMAND FOR ARBITRATION

TO:    VIA CERTIFIED MAIL
        H&S Homes, L.L.C.
        c/o The Corporation Company
        2000 Interstate Park Drive, Suite 204
        Montgomery, AL 36109

        VIA CERTIFIED MAIL
        Horton Homes, Inc.
        P.O. Drawer 4410
        Eatonton, GA 31024

        COMES NOW Elsie (Fondren) Averette, by and through her counsel of record, and hereby makes this her demand for arbitration regarding her disputes with the respondents. Claimant respectfully requests that this matter be submitted to arbitration and further states as follows:

        1.    Nature of the dispute: On or about June 17, 2000, claimant purchased a mobile home from respondents. The parties executed an Arbitration Agreement in connection with this transaction providing that the arbitration contract shall be governed by the Federal Arbitration Act (Attached hereto as Exhibit "A"). Said Arbitration

1



RECEIVED
DEC 0 8 2006

Agreement also provided that one arbitrator shall be selected by the assignee (Greenpoint Credit) with the consent of buyer.

This procedure was followed, as Greenpoint Credit by and through its counsel, George M. Ritchey, Esquire selected Randall Stark Haynes, Esquire to serve as arbitrator (See Letter from George M. Ritchey, Esquire to Frank H. Hawthorne, Jr., Esquire attached as Exhibit "B"). Claimant, Elsie (Fondren) Averette, by and through her counsel, Frank H. Hawthorne, Jr., consented to Randall Stark Haynes serving as arbitrator (See Letter from Frank H. Hawthorne, Jr. to George M. Ritchey attached as Exhibit "C").

This case alleges various theories of fraud and conversion against the respondents in connection with claimant's purchase of her mobile home, including, but not limited to, theft of furniture.

Claimant seeks unspecified relief by way of compensatory and punitive damages.

2.     Amount involved:  Undetermined.

3.     Remedy sought:  Claimant seeks money damages for fraud, suppression, conversion, mental anguish, negligence and wantonness.

4.     Hearing locale requested:  Montgomery County, Alabama.

The facts and allegations of the Demand are set forth in detail as follows:

2

## COMPLAINT

1.      Claimant Elsie (Fondren) Averette is a resident of Alabama and over the age of majority.

2.      Respondent H & S Homes, L.L.C., (hereinafter referred to as "H&S") is a limited liability company qualified to do business in Alabama and did business by an agent in Alabama at all times complained of. H&S is, and was, a mere instrumentality or alter-ego of Horton Homes, Inc. at all times complained of.

3.      On or about June 17, 2000, claimant purchased her mobile home from respondents. As part of the transaction, said mobile home had certain furniture that was supposed to be provided as "standard equipment" in the mobile home to which claimant was unaware.

4.      Unbeknownst to claimant, the mobile home was delivered with various items of standard equipment removed from the mobile home.

5.      Claimant took the delivery of the mobile home and recently learned about the furniture she should have received in her purchase.

6.      As the direct and proximate result of respondents' fraudulent, malicious, intentional and wrongful conduct, claimant was deprived of standard equipment furniture that she paid for as part of the deal and has suffered damages. All of the events alleged were first discovered within two years prior to the filing of this Demand for Arbitration.

3

Frank H. Hawthorne, Jr.

Randy Myers

Counsel for Claimant:
Frank H. Hawthorne, Jr.
Randy Myers, Esq.
Hawthorne & Myers, L.L.C.
322 Alabama Street
Montgomery, AL 36104
Telephone (334) 269-5010
Facsimile (334) 834-0080

Michael S. Harper, Esq.
Attorney at Law
P. O. Box 780608
Tallassee, AL 36078-0608
Telephone (334) 283-6855
Facsimile (334) 283-6858

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following by certified mail; postage prepaid and properly addressed this the 5th day of December, 2006.

H&S Homes, L.L.C.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

Horton Homes, Inc.
P.O. Drawer 4410
Eatonton, GA 31024

OF COUNSEL

4

# ARBITRATION AGREEMENT

All disputes, claims, or controversies arising from or relating to this Contract or the relationships which result from this Contract, or the validity of this arbitration clause or the entire Contract, shall be resolved by binding arbitration by one arbitrator selected by Assignee with consent of Buyer(s). This arbitration Contract is made pursuant to a transaction in interstate commerce, and shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1. Judgment upon the award rendered may be entered into any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right or opportunity to litigate disputes through a court but they prefer to resolve their disputes through arbitration, except as provided herein. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY ASSIGNEE (AS PROVIDED HEREIN). The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort and property disputes, will be subject to binding arbitration in accord with this Contract. The parties agree and understand that the arbitrator shall have all powers provided by the law and the Contract. These powers shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief, and injunctive relief. Notwithstanding anything hereunto to the contrary [sic], Assignee retains an option to use judicial or nonjudicial relief to enforce a security agreement relating to the Manufactured home secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation secured by the Manufactured Home or to foreclose on the Manufactured home. Such judicial relief would take the form of a lawsuit. The institution and maintenance of an action for judicial relief in a court to foreclose upon any security agreement shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Contract, including the filing of a counterclaim in a suit brought by Assignee pursuant to this provision.

H & S HOMES, L.L.C.

By: _____

Signed: _*Elsie M. Jordan*_

EXHIBIT

A

LAW OFFICES OF
## RITCHEY & RITCHEY, P.A.
A PROFESSIONAL ASSOCIATION
1910 28TH AVENUE SOUTH
BIRMINGHAM, ALABAMA 35209-2604
e-mail: info@ritcheylaw.com

FERRIS S. RITCHEY, JR.
ALBERT E. RITCHEY
GEORGE M. RITCHEY
GREGORY S. RITCHEY
RICHARD S. WALKER
NICHOLAS J. RITCHEY

RECEIVED
NOV 2 0 2006
BY:

MAILING ADDRESS:
P.O. DRAWER 590069
BIRMINGHAM, AL 35259-0069

TELEPHONE 205/271-3100
FACSIMILE 205/271-3111

DIRECT DIAL:
271-3103
mike@ritcheylaw.com

November 17, 2006

Frank H. Hawthorne, Jr., Esquire
HAWTHORNE & MYER, LLC
322 Alabama Street
Montgomery, AL 36104

     Re:    Elsie Fondren Averett v. H & S Homes, LLC., et al

Dear Frank:

    Our firm represents GreenPoint Credit, LLC, the assignee of a Retail Installment Contract executed by Elsie Fondren Averett and H & S Homes, LLC. You have advised me that your client has signed an arbitration agreement, calling for GreenPoint as the assignee, to select an arbitrator with the consent of the buyer, your client. You have provided me with the names of four attorneys to consider as arbitrators in this case. Please be advised that on behalf of our client, we select Randall Stark Haynes, Esquire, as arbitrator in this case.

    On your receipt of this letter, please call me if you have any questions.

            Yours very truly,

            George M. Ritchey

GMR/pc
cc:   Mr. Michael Najewicz

EXHIBIT
B

**HAWTHORNE & MYERS, LLC**
**ATTORNEYS AT LAW**
322 ALABAMA STREET
MONTGOMERY, ALABAMA 36104

Frank H. Hawthorne, Jr.
Randy Myers

Telephone: (334) 269-5010
Telefax: (334) 834-0080

Of Counsel
Frank H. Hawthorne
1923-2002

November 29, 2006

VIA FACSIMILE (205) 271-3111
AND U.S. MAIL

George M. Ritchey, Esquire
Ritchey & Ritchey, P.A.
P. O. Drawer 590069
Birmingham, AL 35259-0069

Re:    William Cruthirds v. H & S Homes, et al
       and
       Elsie Averette v. H & S Homes, et al
       Arbitrator selection

Dear Mike:

We are in receipt of your letter selecting Randall Haynes as arbitrator in the above-referenced cases. On behalf of our clients, we hereby agree and consent to Mr. Haynes serving as arbitrator.

Thank you for your assistance in this matter.

Sincerely,

Frank H. Hawthorne, Jr.

FHHjr./kcc

CC:    Randy Myers, Esq.
       Mike Harper, Esq.

EXHIBIT

C

"Cruthirds Defendants' Demand for Arbitration"

Exhibit N

IN RE ARBITRATION MATTER OF:

WILLIAM AND SHERRIE CRUTHIRDS,

     Claimants,

vs.

H & S HOMES, L.L.C. AND HORTON
HOMES, INC.,

     Respondents.

ser # 152754

FREECODED MAILED
DEC 08 2006

## DEMAND FOR ARBITRATION

TO:   VIA CERTIFIED MAIL
      H&S Homes, L.L.C.
      c/o The Corporation Company
      2000 Interstate Park Drive, Suite 204
      Montgomery, AL 36109

      VIA CERTIFIED MAIL
      Horton Homes, Inc.
      P.O. Drawer 4410
      Eatonton, GA 31024

COMES NOW William and Sherrie Cruthirds, by and through their counsel of

record, and hereby makes this their demand for arbitration regarding their disputes with

the respondents.  Claimants respectfully requests that this matter be submitted to

arbitration and further state as follows:

     1.    Nature of the dispute:  On or about March 31, 2000, claimants purchased a

mobile home from respondents.  The parties executed an Arbitration Agreement in

connection with this transaction providing that the arbitration contract shall be governed

by the Federal Arbitration Act (Attached hereto as Exhibit "A").  Said Arbitration

1

RECEIVED
DEC 0 5 2006

Agreement also provided that one arbitrator shall be selected by the assignee (Greenpoint Credit) with the consent of buyer.

This procedure was followed, as Greenpoint Credit by and through its counsel, George M. Ritchey, Esquire selected Randall Stark Haynes, Esquire to serve as arbitrator (See Letter from George M. Ritchey, Esquire to Frank H. Hawthorne, Jr., Esquire attached as Exhibit "B"). Claimants, William and Sherrie Cruthirds, by and through her counsel, Frank H. Hawthorne, Jr., consented to Randall Stark Haynes serving as arbitrator (See Letter from Frank H. Hawthorne, Jr. to George M. Ritchey attached as Exhibit "C").

This case alleges various theories of fraud and conversion against the respondents in connection with claimant's purchase of their mobile home, including, but not limited to, theft of furniture.

Claimants seek unspecified relief by way of compensatory and punitive damages.

2.    Amount involved:  Undetermined.

3.    Remedy sought:  Claimants seek money damages for fraud, suppression, conversion, mental anguish, negligence and wantonness.

4.    Hearing locale requested:  Montgomery County, Alabama.


The facts and allegations of the Demand are set forth in detail as follows:

2

RECEIVED
DEC 0 0 2006

## COMPLAINT

1.     Claimants are residents of Alabama and over the age of majority.

2.     Respondent H & S Homes, L.L.C., (hereinafter referred to as "H&S") is a limited liability company qualified to do business in Alabama and did business by an agent in Alabama at all times complained of.  H&S is, and was, a mere instrumentality or alter-ego of Horton Homes, Inc. at all times complained of.

3.     On or about March 31, 2000, claimants purchased their mobile home from respondents.  As part of the transaction, claimants were entitled to $5,000.00 worth of third party furniture as standard equipment in the mobile home.

4.     Unbeknownst to claimants, the mobile home was delivered and respondents failed to inform claimants of said $5,000 third party furniture allowance and claimants did not receive same.

5.     Claimants took the delivery of the mobile home and recently learned about the $5,000 third party furniture allowance they should have received in their purchase.

6.     As the direct and proximate result of respondents' fraudulent, malicious, intentional and wrongful conduct, claimant was deprived of standard equipment furniture that they paid for as part of the deal and have suffered damages.  All of the events alleged were first discovered within two years prior to the filing of this Demand for Arbitration.

RECEIVED
DEC 0 0 2006

_(signature)_
Frank H. Hawthorne, Jr.

_(signature)_
Randy Myers

Counsel for Claimant:
Frank H. Hawthorne, Jr., Esq.
Randy Myers, Esq.
Hawthorne & Myers, L.L.C.
322 Alabama Street
Montgomery, AL 36104
Telephone (334) 269-5010
Facsimile (334) 834-0080

Michael S. Harper, Esq.
Attorney at Law
P. O. Box 780608
Tallassee, AL 36078-0608
Telephone (334) 283-6855
Facsimile (334) 283-6858

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following by certified mail; postage prepaid and properly addressed this the 5th day of December, 2006.

H&S Homes, L.L.C.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

Horton Homes, Inc.
P.O. Drawer 4410
Eatonton, GA 31024

_(signature)_
OF COUNSEL

4

RECEIVED

DEC 08 2006

## ARBITRATION AGREEMENT

All disputes, claims, or controversies arising from or relating to this Contract or the relationships which result from this Contract, or the validity of this arbitration clause or the entire Contract, shall be resolved by binding arbitration by one arbitrator selected by Assignee with consent of Buyer(s). This arbitration Contract is made pursuant to a transaction in interstate commerce, and shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1. Judgment upon the award rendered may be entered into any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right or opportunity to litigate disputes through a court but they prefer to resolve their disputes through arbitration, except as provided herein. **THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY ASSIGNEE (AS PROVIDED HEREIN).** The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort and property disputes, will be subject to binding arbitration in accord with this Contract. The parties agree and understand that the arbitrator shall have all powers provided by the law and the Contract. These powers shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief, and injunctive relief. Notwithstanding anything hereunto to the contrary [sic], Assignee retains an option to use judicial or nonjudicial relief to enforce a security agreement relating to the Manufactured home secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation secured by the Manufactured Home or to foreclose on the Manufactured home. Such judicial relief would take the form of a lawsuit. The institution and maintenance of an action for judicial relief in a court to foreclose upon any security agreement shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Contract, including the filing of a counterclaim in a suit brought by Assignee pursuant to this provision. Costs of arbitration imposed by the arbitrator shall be paid in full by H & S Homes, LLC.

H & S HOMES, L.L.C.

By: _____

Buyer(s):

Signed: _____

Signed: _____

EXHIBIT

A

LAW OFFICES OF
## RITCHEY & RITCHEY, P.A.
A PROFESSIONAL ASSOCIATION
1910 28TH AVENUE SOUTH
BIRMINGHAM, ALABAMA 35209-2604
e-mail: info@ritcheylaw.com

November 17, 2006

FERRIS S. RITCHEY, JR.
ALBERT E. RITCHEY
GEORGE M. RITCHEY
GREGORY S. RITCHEY
RICHARD S. WALKER
NICHOLAS J. RITCHEY



RECEIVED
NOV 20 2006
BY:

MAILING ADDRESS:
P.O. DRAWER 590069
BIRMINGHAM, AL 35259-0069

TELEPHONE 205/271-3100
FACSIMILE 205/271-3111

DIRECT DIAL:
271-3122
mike@ritcheylaw.com

Frank H. Hawthorne, Jr., Esquire
HAWTHORNE & MYER, LLC
322 Alabama Street
Montgomery, AL  36104

    Re:   Sherry Cruthirds v. H & S Homes, LLC., et al

Dear Frank:

    Our firm represents GreenPoint Credit, LLC, the assignee of a Retail Installment Contract executed by Sherry Cruthirds and H & S Homes, LLC. You have advised me that your client has signed an arbitration agreement, calling for GreenPoint as the assignee, to select an arbitrator with the consent of the buyer, your client. You have provided me with the names of four attorneys to consider as arbitrators in this case. Please be advised that on behalf of our client, we select Randall Stark Haynes, Esquire, as arbitrator in this case.

    On your receipt of this letter, please call me if you have any questions.

                  Yours very truly,

                  George M. Ritchey

GMR/pc
cc:   Mr. Michael Najewicz

EXHIBIT
B

**HAWTHORNE & MYERS, LLC**
ATTORNEYS AT LAW
322 ALABAMA STREET
MONTGOMERY, ALABAMA 36104

RECEIVED

DEC 06 2006

Frank H. Hawthorne, Jr.
Randy Myers

Telephone: (334) 269-5010
Telefax: (334) 834-0080

Of Counsel
Frank H. Hawthorne
1923-2002

November 29, 2006

VIA FACSIMILE (205) 271-3111
AND U.S. MAIL

George M. Ritchey, Esquire
Ritchey & Ritchey, P.A.
P. O. Drawer 590069
Birmingham, AL 35259-0069

Re:    William Cruthirds v. H & S Homes. et al
       and
       Elsie Averette v. H & S Homes. et al
       Arbitrator selection

Dear Mike:

   We are in receipt of your letter selecting Randall Haynes as arbitrator in the above-referenced cases. On behalf of our clients, we hereby agree and consent to Mr. Haynes serving as arbitrator.

   Thank you for your assistance in this matter.

Sincerely,

Frank H. Hawthorne, Jr.

FHHjr./kcc

CC:    Randy Myers, Esq.
       Mike Harper, Esq.

EXHIBIT
C