UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HORTON HOMES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:07-CV-506-MEF |
| | ) | |
| LARUE BANDY, MARIE BANDY, | ) | |
| PATRICK PRITCHETT, WILLIAM | ) | |
| SHANER, ELSIE FONDREN | ) | |
| AVERETTE, WILLIAM CRUTHIRDS, | ) | |
| and SHERRIE CRUTHIRDS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff Horton Homes, Inc. ("HHI") pursuant to Fed. R. Civ. P. 15(a), moves the Court for leave to file its Second Amendment to Complaint, a copy of which is attached hereto as Exhibit A and made a part hereof, on the following separate and several grounds:

1.      This diversity action was filed on June 8, 2007, seeking a declaratory judgment and injunctive relief against the defendants' maintenance of arbitration proceedings against HHI based on (a) the fact that HHI is not a party to arbitration agreements with any of the defendants and (b) that issues of arbitrability are reserved for decision by a court, rather than an arbitrator, the latter having no jurisdiction to decide the question. See, e.g., Battels v. Sears Nat'l Bank, 365 F.

Supp. 2nd 1205, 1211 (M.D. Ala. 2005) ("Issues to be decided by the Court includes certain gateway matters, such as whether the parties have a valid arbitration agreement at all.")

2.    One of the defendants asserting claims in arbitration against HHI and over its objections is William Shaner.  Complaint ¶ 18(c).  Three days before the filing of this action, defendant Shaner participated in an arbitration hearing conducted in the Middle District of Alabama seeking an arbitration award against HHI based on claims arising from Mr. Shaner's alleged purchase of an HHI manufactured home.  Notwithstanding HHI's objections and motion to dismiss the arbitration proceeding for lack of jurisdiction, the arbitrator went forward with the hearing and deferred ruling on HHI's jurisdictional objection.  Complaint ¶ 68.

3.    On July 6, 2007, the arbitrator issued an award of damages in the amount of $487,500 against HHI and other respondents in the arbitration proceeding.  A copy of the damage award is attached hereto as <u>Exhibit B</u>.

4.    HHI's amendment to the Complaint seeks to vacate the arbitration award for lack of jurisdiction on the same grounds as those asserted in the original Complaint in this action, <u>viz</u> (a) that HHI is not a signatory to any arbitration agreement with defendant Shaner and (b) the arbitrator had no jurisdiction to entertain the claims against HHI and/or to enter the July 6, 2007 award.  Thus this Court has jurisdiction of the claims asserted in the second amendment and issues

raised by the requested amendment are integrally related to HHI's original claims, such that the motion for leave to amend should be granted in the interest of justice ("leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)).

WHEREFORE, plaintiff HHI requests that the Court grant permission for the filing of the requested amendment.

Dated this  11th  day of July, 2007.

/s/ Sydney F. Frazier, Jr.
Sydney F. Frazier, Jr. (FRA007)

/s/ James L. Paul
James L. Paul (Ga. Bar No. 567600)

/s/ Thomas C. Grant
Thomas C. Grant (Ga. Bar  No. 297455)

Attorneys for Plaintiff Horton Homes, Inc.

OF COUNSEL:
CABANISS, JOHNSTON, GARDNER,
        DUMAS & O'NEAL LLP
2001 Park Place North, Suite 700
Birmingham, Alabama 35203
Telephone: 205-716-5200
Facsimile: 205-716-5389
Email: sff@cabaniss.com

CHAMBERLAIN, HRDLICKA, WHITE,
    WILLIAMS & MARTIN
191 Peachtree Street, N.E. – 34th Floor
Atlanta, Georgia 30393
Telephone: (404) 659-1410
Facsimile: (404) 659-1852
Email: jimmy.paul@chamberlainlaw.com
      thomas.grant@chamberlainlaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that a  true and correct copy of the foregoing Motion for
Leave to Amend Complaint has been filed using the CM/ECF system and copies
have been served on counsel for the defendants as follows:

        Frank Howard Hawthorne, Jr.
        Hawthorne & Myers LLC
        322 Alabama Street
        Montgomery, AL  36104
        Email:  frank@hawthorneonline.com

        Michael Stephen Harper
        Michael S. Harper, PC
        P.O. Box 780608
        Tallahassee, AL  36078-0007
        Email:  mikeharper@elmore.rr.com

        Randy A. Myers
        Hawthorne & Myers LLC
        322 Alabama Street
        Montgomery, AL  36104
        Email:  randy@hawthorneonline.com

This  11th  day of July, 2007.

                */s/ Sydney F. Frazier, Jr.*
                Of Counsel

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HORTON HOMES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:07-CV-506-MEF |
| | ) | |
| LARUE BANDY, MARIE BANDY, | ) | |
| PATRICK PRITCHETT, WILLIAM | ) | |
| SHANER, ELSIE FONDREN | ) | |
| AVERETTE, WILLIAM CRUTHIRDS, | ) | |
| and SHERRIE CRUTHIRDS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## SECOND AMENDMENT TO COMPLAINT

Plaintiff Horton Homes, Inc. ("plaintiff Horton"), with leave of the Court first obtained, amends the Complaint previously filed herein by amending paragraphs 68 and 71 as follows:

68.

Despite demand by plaintiff Horton's counsel, defendant William Shaner has refused to withdraw plaintiff Horton from defendant Shaner's demand for arbitration. Defendant Shaner proceeded with arbitration against plaintiff Horton at a hearing held on June 5, 2007. At the outset of the hearing, plaintiff Horton moved for dismissal on the ground that the arbitrator lacked jurisdiction to arbitrate

**EXHIBIT A**

disputes involving plaintiff Horton and because Horton was not a party to any arbitration agreement. Notwithstanding this objection, the arbitrator went forward with the hearing and on July 6, 2007, entered a damage award against plaintiff Horton and other respondents, a copy of which is attached hereto as Exhibit A and made a part hereof.

71.

Consequently, plaintiff Horton is entitled to a judgment by the Court declaring its rights and obligations under defendant Shaner's demand for arbitration.

WHEREFORE, Plaintiff Horton prays:

(1)    That this Court issue a judgment declaring defendant William Shaner cannot pursue arbitration against plaintiff Horton pursuant to defendant Shaner's demand for arbitration;

(2)    That this Court issue a judgment declaring that defendant William Shaner has no right to pursue arbitration against plaintiff Horton under defendant Shaner's arbitration agreement;

(3)    That the decision of the arbitrator dated July 6, 2007 be vacated and held of no effect against plaintiff Horton because (a) the arbitrator had no jurisdiction to decide the question of arbitrability and (b) plaintiff Horton was not a signatory to any arbitration agreement with defendant Shaner.

(4)    That the Court enter preliminary and permanent injunctive relief against enforcement of the July 6, 2007 arbitration award.

(5)    That all costs of this action, including reasonable attorneys fees be taxed jointly and severally against defendant William Shaner; and

(6)    That this Court grant such other and further relief as is just and proper.

Dated this 11<u>th</u> day of July, 2007.

/s/ Sydney F. Frazier, Jr.
Sydney F. Frazier, Jr. (FRA007)

/s/ James L. Paul
James L. Paul (Ga. Bar No. 567600)

/s/ Thomas C. Grant
Thomas C. Grant (Ga. Bar  No. 297455)

Attorneys for Plaintiff Horton Homes, Inc.

OF COUNSEL:

CABANISS, JOHNSTON, GARDNER,
    DUMAS & O'NEAL LLP
2001 Park Place North, Suite 700
Birmingham, Alabama 35203
Telephone: 205-716-5200
Facsimile: 205-716-5389
Email: sff@cabaniss.com

CHAMBERLAIN, HRDLICKA, WHITE,
    WILLIAMS & MARTIN
191 Peachtree Street, N.E. – 34th Floor
Atlanta, Georgia 30393
Telephone: (404) 659-1410
Facsimile: (404) 659-1852
Email: jimmy.paul@chamberlainlaw.com
        thomas.grant@chamberlainlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a   true and correct copy of the foregoing Second
Amendment to Complaint has been filed using the CM/ECF system and copies
have been served on counsel for the defendants as follows:

> Frank Howard Hawthorne, Jr.
> Hawthorne & Myers LLC
> 322 Alabama Street
> Montgomery, AL 36104
> Email: frank@hawthorneonline.com
>
> Michael Stephen Harper
> Michael S. Harper, PC
> P.O. Box 780608
> Tallahassee, AL 36078-0007
> Email: mikeharper@elmore.rr.com
>
> Randy A. Myers
> Hawthorne & Myers LLC
> 322 Alabama Street
> Montgomery, AL 36104
> Email: randy@hawthorneonline.com

This  11th  day of July, 2007.

> /s/ Sydney F. Frazier, Jr.
> Of Counsel

- 4 -

# AMERICAN ARBITRATION ASSOCIATION
## Consumer Arbitration Tribunal

In the Matter of the Arbitration between

Re: 30 434 00729 06
    William Shaner (Claimant)
    and
    H&S Homes, LLC/Horton Homes, Inc. (Respondents)

## AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties and having been duly sworn, and having duly heard the proofs and allegations of the Parties, do hereby, AWARD, as follows:

This matter comes before the undersigned arbitrator by way of an arbitration agreement included in documents executed in connection with the purchase of a mobile home by William Shaner from Respondent H & S Homes, L.L.C. The undersigned arbitrator was appointed pursuant to the order of the Circuit Court of Montgomery County, Alabama in *William Shaner and Patrick Pritchett v. H & S Homes, LLC et al.* Case number 2004-1909. In *H & S Homes, L.L.C. v William Shaner and Patrick Pritchett, 940* So.2d 981 (Ala. 2006), the Supreme Court of Alabama upheld the appointment of the undersigned arbitrator, but reversed the trial court's decision that the American Arbitration Association (herein "AAA") would not administer the arbitration. The Claimant then filed an arbitration with AAA consistent with the Supreme Court's decision and AAA has administered this arbitration. An issue arose concerning the applicability of the Consumer Rules to this arbitration and AAA decided that, despite the amount of the Claimant's claim, the Consumer Rules did apply. This arbitrator has applied those rules to the hearing and to this award.

This matter was heard in a single day of hearing on **June 5, 2007**. The parties requested, and were allowed, additional time to submit evidentiary materials and post-hearing briefs and proposed orders. Those materials were provided June 22, 2007, and this award is being rendered within fourteen days as required by the Consumer Rules.

The undersigned arbitrator having considered the evidence presented by the parties, the voluminous documents introduced and argument of counsel, it is **ORDERED** as follows:

1.     The Claimant's Motion to Strike the Affidavit of David L. Selby is **DENIED**. The arbitrator rejects the Claimant's argument that Mr. Selby is disqualified from providing such an affidavit as a result of his participation as counsel in this case.

**EXHIBIT B**

2.    All motions filed by Respondents and continued for decision until the close of the evidence are **DENIED**.

3.    Claimant is **AWARDED** damages in the amount of FOUR HUNDRED EIGHTY-SEVEN THOUSAND AND FIVE HUNDRED DOLLARS ($487,500) against all Respondents separately and severally.

4.    The costs of the arbitration, including all filing fees and the arbitrator's fee are taxed against the Respondent.

The administrative filing and case service fees of the American Arbitration Association totaling $950.00 shall be borne entirely by Respondents separately and severally. The fees and expenses of the arbitrator totaling $1270.00 shall be borne entirely by Respondents separately and severally. Therefore Respondents separately and severally, shall reimburse Claimant the sum of $125.00, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Claimant.

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

_July 6, 2007_
Date

_Frank M. Wilson_
Frank M. Wilson

I, Frank M. Wilson, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_July 6, 2005_
Date

_Frank M. Wilson_
Frank M. Wilson