UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

| | | |
|---|---|---|
| HORTON HOMES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| LARUE BANDY, MARIE BANDY, PATRICK PRITCHETT, WILLIAM SHANER, ELSIE FONDREN AVERETTE, WILLIAM CRUTHIRDS, and SHERRIE CRUTHIRDS, | ) ) ) ) ) | 2:07-CV-506-MEF |
| | ) | |
| Defendants. | ) | |

**MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Horton Homes, Inc. ("HHI") moves the court pursuant to Fed. R. Civ. P. 65 for a preliminary injunction, after notice to the Defendants and an evidentiary hearing, on the following separate and several grounds:

1.  In its complaint, HHI avers that the Defendants have no basis for compelling HHI to arbitrate warranty and other claims relating to manufactured homes purchased by the Defendants when HHI has never signed arbitration agreements requiring it to do so.

2.  The preliminary relief requested by HHI is to enjoin the Defendants from any further pursuit of arbitration proceedings against HHI, thus preserving the status quo until this court can enter a final ruling on the issues of

arbitrability and permanent injunctive relief which HHI has requested in its complaint.

3. This court has jurisdiction to entertain motions seeking injunctive relief in arbitration cases. Frontier Bank v. R&L Trucking Co., Inc., 2005 WL 2654038 (M.D. Oct. 17, 2005) (Fuller, C.J.) ("Several federal courts have found that such jurisdiction is proper and this court does not disagree." Id. at p.1).

4. Issues of arbitrability are reserved for decision by the court rather than an arbitrator, the latter having no jurisdiction to decide the question. Battels v. Sears Nat'l Bank, 365 F.Supp.2d 1205, 1211 (M.D. 2005) ("Issues to be decided by the Court include certain gateway matters, such as whether the parties have a valid arbitration agreement at all.").

5. At a hearing on the requested motion, evidence offered by HHI will include the following:

(a) H&S Homes, L.L.C. ("H&S Homes") is one of approximately 200 retail dealers who purchase manufactured homes from HHI for resale to individual customers.

(b) While H&S Homes is a subsidiary of HHI, HHI and H&S Homes are organized and operate as completely separate entities.

(c) The manufactured homes purchased by each of the Defendants at various times in 1999 and 2000 were, at the time of purchase, owned by H&S Homes which had acquired title through its purchase of the homes from HHI.

(d) At the time of purchase, each of the Defendants signed purchase contracts and retail installment contracts, the latter of which include arbitration agreements which expressly adopt the provisions and procedures of the Federal Arbitration Act, 9 U.S.C. §§ 1-16.

(e) HHI is not a party to the purchase contracts or retail installment contracts with any of the Defendants, nor is it a signatory or otherwise a party to the arbitration agreements.

(f) The Defendants commenced arbitration proceedings against both H&S Homes and HHI at various times in 2005 and 2006, asserting breach of warranty and other claims relating to the manufactured homes purchased by the Defendants from H&S Homes.

(g) HHI has consistently objected to and/or requested to be dismissed from the arbitration proceedings brought against it by the Defendants on the ground that it did not sign any of the arbitration agreements with the Defendants and thus it is not a proper party in the arbitration of the Defendants'

claims. Despite these objections and requests, all of the arbitrations initiated by the Defendants continue to go forward against HHI, including the recent entry of a damage award in the arbitration brought against HHI by the Defendant Thomas Shaner.

6.      The action of the Defendants in pursuing arbitration against HHI has the effect of (i) depriving HHI of its constitutional right to a judicial forum for the resolution of the claims of the Defendants, including the right to a trial by jury, (ii) forcing HHI to choose whether to subject itself to the expense and liability of improperly filed arbitrations or suffer default in those proceedings and (iii) requiring HHI to seek the vacation of any arbitration award rendered against it based on the limited standard of review which applies to arbitration. That such circumstances constitute irreparable injury has been recognized by the Third, Eighth and Ninth Circuits. See e.g., Paine Webber, Inc. v. Hartmann, 921 F.2d 507 (3rd Cir. 1990) ("We think it obvious that the harm to a party would be *per se* irreparable if a court were to abdicate its responsibility to determine the scope of an arbitrator's jurisdiction and, instead, were to compel the party, who has not agreed to do so, to submit to an arbitrator's own determination of his authority." Id. at 515.).

7.      By way of summary of the foregoing allegations, HHI avers that it is entitled to preliminary injunctive relief because it can demonstrate (A) a

substantial likelihood of success on the merits, (B) that it will suffer irreparable injury if the preliminary injunction is not granted, (C) that the threatened injury to HHI outweighs any alleged harm that the injunction could cause to the Defendants and (D) that the granting of the preliminary injunction is not adverse to the pubic interest.  Digitel Corp. v. Deltacom, Inc., 953 F.Supp. 1486, 1495 (M.D. Ala. 1966) (citing Ferrero v. Associated Materials, Inc., 923 F.2d 1441, 1448 (11th Cir. 1991).

Wherefore, HHI requests that the court schedule a hearing on its motion for a preliminary injunction, and following proof of the foregoing allegations, that the court enter a preliminary injunction which enjoins and restrains the Defendants, separately and severally, directly or indirectly, from maintaining, pursuing or seeking to enforce their claims against HHI in arbitration and from enforcing or otherwise seeking to collect awards obtained by the Defendants, or any of them, against HHI  in arbitration pending the final resolution of this case.

/s/ Sydney F. Frazier, Jr.
Sydney F. Frazier, Jr. (FRA007)

/s/ James L. Paul
James L. Paul (Ga. Bar No. 567600)

/s/ Thomas C. Grant
Thomas C. Grant (Ga. Bar No. 297455)

Attorneys for Plaintiff Horton Homes, Inc.

- 6 -

OF COUNSEL:

CABANISS, JOHNSTON, GARDNER,
   DUMAS & O'NEAL LLP
2001 Park Place No. Ste 700
Birmingham, Alabama 35203
Telephone:  (205) 716-5200
Facsimile:  (205) 716-5389
Email:  sff@cabaniss.com

CHAMBERLAIN, HRDLICKA, WHITE,
   WILLIAMS & MARTIN
191 Peachtree Street, N.E. – 34th Floor
Atlanta, Georgia  30393
Telephone:  (404) 659-1410
Facsimile:  (404) 659-1852
Email:   jimmy.paul@chamberlainlaw.com
            thomas.grant@chamberlainlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing MOTION FOR PRELIMINARY INJUNCTION has been filed using the CM/ECF system and will be served by the system on:

>Frank Howard Hawthorne, Jr.
>Hawthorne & Myers LLC
>322 Alabama Street
>Montgomery, AL  36104
>Email:  frank@hawthorneonline.com
>
>Michael Stephen Harper
>Michael S. Harper, PC
>P. O. Box 780608
>Tallahassee, AL  36078-0007
>Email:  mikeharper@elmore.rr.com
>
>Randy A. Myers
>Hawthorne & Myers LLC
>322 Alabama Street
>Montgomery, AL  36104
>Email:  randy@hawthorneonline.com

This  13th  day of July, 2007.

>*/s/ Sydney F. Frazier, Jr.*