UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **HORTON HOMES, INC.,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:07-cv-506-MEF |
| | ) |
| **LARUE BANDY, MARIE BANDY,** | ) |
| **PATRICK PRITCHETT, WILLIAM** | ) |
| **SHANER, ELSIE FONDREN** | ) |
| **AVERETTE, WILLIAM CRUTHIRDS,** | ) |
| **and SHERRIE CRUTHIRDS,** | ) |
| | ) |
|     **Defendants.** | ) |

**DEFENDANTS' BRIEF IN RESPONSE TO
PLAINTIFFS MOTION FOR PRELIMINARY INJUNCTION**

Come now your defendants, Larue Bandy, Marie Bandy, Patrick Pritchett, William Shaner, Elsie Fondren Averette, William Cruthirds, and Sherrie Cruthirds(hereinafter "defendants") and herby file this their brief in opposition to plaintiffs motion for preliminary injunction and state as follows:

**I.  INTRODUCTION**

Plaintiff avers that the Defendants are attempting to force Plaintiff Horton to arbitrate without a basis in law or fact and that said arbitrations are somehow improper. Such is not the case. On the contrary, there is a basis in both law and fact which would require Plaintiff to arbitrate. However, since the arbitrations have not been set for hearing, except Shaner which now on appeal to the Alabama Supreme Court, Defendants Bandy, Pritchett, Averette, and Cruthirds agree to a stay of the arbitrations until a jury

trial in this matter, upon the filing of an appropriate bond. The only remaining issue is the Shaner case.[1]

## II. STATEMENT OF THE FACTS

The Defendants purchased mobile homes from H & S Homes, LLC, in five separate transactions in the State of Alabama during the years 1999 and 2000. In each of these transactions, the Defendants signed an arbitration agreement with H & S Homes, LLC. Defendants concede that they purchased their mobile homes from H & S Homes, LLC and not Horton Homes, Inc. Furthermore, Horton Homes, Inc. was not a signatory to any of the arbitration agreements executed between the Defendants and H & S Homes, LLC. However, it is the contention of the Defendants that H & S Homes, LLC is a mere instrumentality or alter-ego of Horton Homes, Inc. And, as such, Horton Homes, Inc. can be compelled to arbitrate the claims of the Defendants. It is undisputed that all of the arbitration agreements were executed in the state of Alabama.

Defendant William Shaner has arbitrated all of his claims against Horton Homes, Inc. and H&S Homes, LLC and an arbitrator has entered an award, which award has been reduced to final judgment. The final judgment is the subject of an appeal to the Alabama Supreme Court on behalf of Horton Homes, Inc. and H&S Homes, LLC. The appeal by Horton Homes, Inc. raises some of the same issues it raises in this court.

## II. ARGUMENT

Defendants aver that this court lacks subject matter jurisdiction to hear this case. Nonetheless, should this court determine that it does have subject matter jurisdiction, then the Defendants, <u>other than William Shaner</u>, hereby agree to a preliminary injunction, so

---

[1] Defendants do not concede that Plaintiff would prevail on its preliminary injunction motion or on the merits, as there is more than ample proof of alter-ego.

long as an acceptable bond is posted. However, Defendants do not waive any defenses available to them at final hearing or trial.

The Defendant Shaner objects to a preliminary injunction because his case has already been arbitrated and is on appeal to the Alabama Supreme Court. In order for a plaintiff to prevail in obtaining a preliminary injunction, plaintiff must prove there is a substantial threat of irreparable injury to plaintiff <u>and</u> plaintiff has a substantial likelihood of success on the merits. *Frontier Bank v. R & L Trucking Company, Inc.,* 2005 U.S. Dist. Lexis 34878 (2005) There is no substantial threat of irreparable injury to the Plaintiff in the Shaner case and Plaintiff Horton does not have a substantial likelihood of success on the merits.

The issue to be decided is whether or not a signatory to an arbitration agreement can compel a non-signatory to arbitrate. The majority of United States Courts of Appeals have held that a signatory can compel a non-signatory to arbitrate under five distinct legal theories:

(1) Incorporation by reference;

(2) Assumption;

(3) Agency;

(4) **Veil-Piercing/Alter-Ego**; and

(5) Estoppel.

*Brantley v. Republic Mortgage Insurance Co.*, 424 F.3d 392 (4th Cir. S.C., 2005), *Employrs. Ins. of Wausau v. Bright Metal Specialties*, Inc., 251 F.3d 1316 (11th Cir. Fla. 2001). Defendants seek to compel arbitration based on (4) Veil-Piercing/Alter-Ego.

Counsel for Defendants can find no Alabama case holding that Georgia law controls Defendants alter-ego argument. (See contra *Perry v. Household Retail Services, Inc.,* 953 F. Supp. 1378 (1996)) Defendants concede that the federal cases cited by Plaintiff hold that Georgia law controls. However, if Georgia law controls, Georgia law dictates that contract actions under the traditional rule of lex loci are to be governed as to there nature, validity and interpretation by the law of the place where they were made. *Multi Media Holdings, Inc. v. Peadmont Center,* 262 Ga. App. 283 (2003) Since it is undisputed the arbitration contracts were entered into in Alabama, Georgia law dictates that Alabama law is controlling.

The Alabama Supreme Court set out eleven non-exclusive factors to consider in making a judicial determination of an alter ego/mere instrumentality in the case of *Duff v. Southern Railway Co.*, 496 So.2d So. 60 (Ala. 1986). The eleven *Duff* factors are:

    (a)    The parent corporation owns all or most of the capital stock of the subsidiary.

    (b)    The parent and subsidiary corporations have common directors or officers.

    (c)    The parent corporation finances the subsidiary.

    (d)    The parent corporation subscribes to all the capital stock of the subsidiary or otherwise causes its incorporation.

    (e)    The subsidiary has grossly inadequate capital.

    (f)    The parent corporation pays the salaries and other expenses or losses of the subsidiary.

    (g)    The subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation.

    (h)    In the papers of the parent corporation or in the statements of its officers, the subsidiary is described as a department or division of the

parent corporation, or its business or financial responsibility is referred to as the parent corporation's own.

(i) The parent corporation uses the property of the subsidiary as its own.

(j) The directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take their orders from the parent corporation in the latter's interest.

(k) The formal legal requirements of the subsidiary are not observed.

In *Duff,* the court held that proof of only four factors was sufficient to establish alter-ego. In the case of *Garrett v. Southern Railway*, 173 F. Supp. 915 ( E. D. Tenn. 1959), the court found only two Duff factors and still established alter-ego. In the case of *Environmental Waste Control, Inc., v. Browning-Ferris Industries, Inc.*, 711 So.2d 912 (1997), the court found three factors to be sufficient.

In the Shaner case, Defendants proved more than five factors clearly evidencing that H & S Homes, LLC is a mere instrumentality or alter-ego of Horton Homes, Inc.. Horton Homes, Inc. is the <u>sole owner</u>, of H & S Homes, LLC. The two companies have a common officer in Steve Sinclair, who is president, of H & S Homes, LLC. Horton Homes, Inc. financed H & S Homes, LLC and caused its creation. Horton Homes funded H & S Homes when it was created and the pays the salary of its president, Steve Sinclair. H & S Homes, LLC has no business with any other companies and sells Horton Homes, Inc. mobile homes exclusively. Both companies are located on the same premises. Mr. Dudley Horton controls <u>all</u> the Horton companies. H & S Homes, LLC held itself out to the public as being Horton Homes by using its parent's name, "Horton Homes of Montgomery," "Horton Homes of Selma," "Horton Homes of Opelika," "Horton Homes of Lanett," etc. These companies led the public to believe that H & S Homes, LLC was,

in fact, Horton Homes. Until this case was filed, H & S Homes, LLC and Horton Homes, Inc., were represented by the same attorneys.

Furthermore, within three weeks from the date of the Alabama Supreme Court opinion affirming a $500,000.00 arbitration award against H & S Homes, LLC, Horton Homes, Inc. filed a $22,000,000.00 lawsuit against its' subsidiary, H & S Homes, LLC. <u>The lawyer who simultaneously represented Horton Homes, LLC and H & S Homes, LLC instructed Steve Sinclair, president of H & S Homes, LLC, to allow a default judgment to be entered against H & S Homes, LLC in the amount of $22,000,000.00</u>. This is clear evidence of absolute control and also evidence of an attempt by the two companies to defraud H & S creditors.

This evidence more than satisfies the legal requirement in establishing alter ego/mere instrumentality. The Alabama Supreme Court has held that a separate corporate existence would not be recognized where a corporation is so organized <u>and controlled</u> in its business so as to make it merely an instrumentality of another. *Forest Hill Corp. v. Latter & Blum*, 29 So.2d 298 (1947). In the case of *Jim Walter Homes, Inc. v. Spraggins*, 853 So. 2d 913 (Ala. 2002), the court held that a non-signatory corporate entity could enforce an arbitration agreement against another party.

The Shaner case was fully litigated before a AAA Arbitrator, namely Frank Wilson, on June 5, 2007 with both Horton Homes, Inc. and H & S Homes, LLC participating in said arbitration and being represented by the same attorneys. On July 6, 2007 the Arbitrator entered an award in favor of Shaner and against Horton Homes, Inc. and H & S Homes, LLC. Said award was reduced to a final judgment and is the subject of an appeal by Horton Homes, Inc. and H & S Homes, LLC. Horton Homes, Inc. raised

at the arbitration, and is raising on appeal, many of the same issues it has raised before this honorable court.

The Federal Anti-Injunction Act, *28 U.S.C.A. § 2283* states that a court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by act of Congress, or where necessary in aid of jurisdiction or to protect or factuate its judgments. If this court has jurisdiction of this matter, then said jurisdiction is concurrent jurisdiction with the state court of Alabama involving the identical issue of whether or not Horton Homes, Inc. can be compelled to arbitrate. These actions may proceed simultaneously, and neither court may enjoin the other proceeding. Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed. *St. Paul Fire and Marine Insurance Co. v. Lack,* 443 F. 2d 404 (1971)

Wherefore, Defendants respectfully requests this case to be dismissed for lack of subject matter jurisdiction, or in the alternative, Defendant Shaner requests this Honorable court deny Plaintiffs request for preliminary injunction pertaining to his case.

Respectfully submitted on this the 6th day of September, 2007.

ATTORNEYS FOR DEFENDANTS:

   */s/ Randy Myers*
RANDY MYERS (MYE003)

   */s/ Frank H. Hawthorne, Jr.*
FRANK H. HAWTHORNE, JR. (HAW012)

   */s/ Michael S. Harper*
MICHAEL S. HARPER (HAR094)

OF COUNSEL:
Hawthorne & Myers, LLC
322 Alabama Street
Montgomery, AL  36102
(334) 269-5010
(334) 834-0080


OF COUNSEL:
Michael S. Harper
P.O. Box 780608
Tallassee, AL  36078
(334) 283-6855
(334) 283-6858 Fax


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record by placing a copy of same in the United States Mail, first class postage prepaid, and properly addressed, this the 6th day of September, 2007:

Sydney F. Frazier, Jr., Esq.
Cabaniss, Johnston, Gardner, Dumas & O'Neal, LLP
2001 Park Place North, Suite 700
Birmingham, AL  35203

James L. Paul, Esq.
Thomas C. Grant, Esq.
Chamberlin, Hrdlicka, White, Williams & Martin
191 Peachtree Street, N.E., 34th Floor
Atlanta, GA  30303

                                                                             __/s/ Randy Myers_____
                                                                             OF COUNSEL