UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HORTON HOMES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LARUE BANDY, MARIE BANDY, )<br>PATRICK PRITCHETT, WILLIAM )<br>SHANER, ELSIE FONDREN )<br>AVERETTE, WILLIAM CRUTHIRDS, )<br>and SHERRIE CRUTHIRDS, )<br>)<br>Defendants. )<br>_____) | CIVIL ACTION NO.<br>2:07-CV-506-MEF |

## PLAINTIFF HORTON HOMES, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION AGAINST DEFENDANTS' ARBITRATIONS

James L. Paul
Thomas C. Grant
Chamberlain, Hrdlicka, White, Williams & Martin
191 Peachtree Street, N.E. – Thirty-Fourth Floor
Atlanta, Georgia 30303
(404) 659-1410

Sydney F. Frazier
Cabaniss, Johnston, Gardner, Dumas & O'Neal
2001 Park Place North, Suite 700
Birmingham, Alabama 35203
(205) 716-5291

*Co-counsel for Plaintiff Horton Homes, Inc.*

NOW COMES Plaintiff Horton Homes, Inc. ("Plaintiff Horton" or "Horton Homes") and files this its Reply Brief in Support of its "Motion for Preliminary Injunction Against Arbitrations" ("Plaintiff Horton's Motion for Preliminary Injunction"), and states as follows:

I.   **INTRODUCTION.**

Plaintiff Horton filed this action to contest arbitrability in the five Defendants' Arbitrations because there is no arbitration agreement that allows any of the Defendants to compel Plaintiff Horton to arbitrate with them. To preserve the status quo until this Court can finally determine the contested issue of arbitrability, Plaintiff Horton has moved for entry of a preliminary injunction prohibiting Defendants from proceeding against Plaintiff Horton in any of Defendants' Arbitrations. Rather than opposing Plaintiff Horton's Motion for Preliminary Injunction, ***all of the Defendants except Defendant Shaner agree that this Court can enter the requested preliminary injunction against them.***

In Defendants' Response Brief [Doc. #22], only Defendant Shaner contests entry of a preliminary injunction against him, apparently because he believes that he has the right to seek confirmation of his arbitration award against Plaintiff Horton in a duplicative state court confirmation proceeding that he filed *after* appearing in the instant action by filing an Answer [Doc. #9] in which he admitted this Court's jurisdiction. Although Defendant Shaner admits that his subsequent,

state court confirmation proceeding involves the "identical" issues of arbitrability that are involved in the instant action, Defendant Shaner nonetheless intends to pursue confirmation and collection of his disputed arbitration award against Plaintiff Horton in that proceeding.

Because Defendant Shaner has failed to show why the requested preliminary injunction should not also issue as to him, this Court should grant Plaintiff Horton's Motion for Preliminary Injunction against *all* Defendants, including Defendant Shaner. As explained below, Defendant Shaner's attempt to circumvent this Court's jurisdiction by filing a state court proceeding does not interfere with this Court's ability to enjoin him from pursuing that action.

II. **ARGUMENT AND CITATION OF AUTHORITIES.**

    A. **Defendants Admit That the Requested Preliminary Injunction Can Be Entered Against Four of the Five Arbitrations That Are the Subject of This Action.**

In response to the arguments raised in Plaintiff Horton's Opening Brief, Defendants admit that the requested preliminary injunction can be entered against four of the five Defendants' Arbitrations. Specifically, Defendants agree that the requested preliminary injunction is proper as to all but the Shaner Arbitration. (Defendants' Response Brief, pp. 1-3 ("[t]he *only* remaining issue is the Shaner case" (emphasis added)).) Defendants make this admission despite their arguments opposing Horton's Opening Brief, including Defendants' unsupported claim that

this District Court somehow lacks subject matter jurisdiction over the instant action. (Defendants' Response Brief, p. 2.)

Consistent with their admission that the requested preliminary injunction can be entered against four of the Defendants' Arbitrations, Defendants have also admitted the fundamental facts that support the relief requested in Plaintiff Horton's Motion for Preliminary Injunction. *First*, Defendants admit Plaintiff Horton did not sell a manufactured home to any of the Defendants. (*Id.*, p. 2.) *Second*, Defendants admit that Plaintiff Horton is not a party to any arbitration agreement with any of Defendants. (*Id.*) *Third*, Defendants also admit that their alter ego claim is the sole basis for their alleged right to arbitrate against Plaintiff Horton. (*Id.*) Further, Defendants do not contest that the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1, *et seq.*, governs these arbitrations. (Defendants' Answer [Doc. # 9], ¶ 1 (admitting the jurisdictional allegations contained in Complaint ¶¶ 11-13).)

> B. **Having Admitted That the Requested Preliminary Injunction Can Issue Against All But One Arbitration, Defendants Unsuccessfully Attempt to Distinguish the Shaner Arbitration from the Other Four Arbitrations.**

Because Defendants have admitted that the requested preliminary injunction can issue against all but the Shaner Arbitration, the Defendants' Response Brief is effectively an attempt to distinguish the Shaner Arbitration from the other four Defendants' Arbitrations. As explained below, Defendants' Response Brief fails to

show that the requested preliminary injunction should not issue as to the Shaner Arbitration.

> 1. **The Procedural Posture of the Shaner Arbitration Does Not Insulate Defendant Shaner from the Requested Preliminary Injunction.**
>
>> a. <u>Plaintiff Horton Has Preserved Its Right to Challenge Validity of the Shaner Arbitration, Despite the Entry of an Arbitration Award against Plaintiff Horton.</u>

As explained in Section II.B of Plaintiff Horton's Opening Brief, Plaintiff Horton has consistently objected to arbitrability in all of the Defendants' Arbitrations. Pursuant to established Supreme Court and Eleventh Circuit authority, a party preserves its right to contest arbitrability as long as it consistently objects to arbitrability throughout its participation in a contested arbitration. This rule does not change because a party participates in an arbitration over objection or because an arbitration award is subsequently entered against an objecting party. *See, e.g., First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 941, 947-48 (1995) (permitting party to contest arbitrability in a District Court case filed *after* objecting party had participated in an arbitration in which an award was entered against that party); *Czarina, L.L.C. v. W.F. Poe Syndicate*, 358 F.3d 1286, 1294 (11th Cir. 2004). Because Plaintiff Horton objected to arbitrability throughout the Shaner Arbitration, Horton can bring the instant action to contest the arbitrability

of that proceeding, even though it participated in the arbitration proceeding and even though an arbitration award was entered against Horton.

     b. <u>This District Court Can Enjoin Defendant Shaner from Prosecuting a State Court Action Seeking Confirmation of an Arbitration Award Which Is the Subject of Horton's Previously Filed Injunction Action</u>.

Defendant Shaner's Answer filed June 28, 2007 [Doc. #9] admitted this Court's jurisdiction to determine the arbitrability of the Defendants' Arbitrations as to Plaintiff Horton. After admitting this Court's jurisdiction in its Answer, Defendant Shaner has pursued a state court action to circumvent the jurisdiction already admitted. (Defendants' Response Brief, p. 7.) Plaintiff Horton filed the instant action on June 8, 2007 [Doc. #3]. Defendants answered on June 28, 2007 and admitted this Court's jurisdiction. (*See* Answer, ¶ 1 (admitting jurisdictional allegations contained in ¶¶ 11-13 of the Complaint).) More than a week later, on July 6, 2007, the arbitrator issued a $487,500.00 award in the Shaner Arbitration against Plaintiff Horton and H&S Homes, L.L.C. ("H&S"). After admitting this Court's jurisdiction over what he concedes is "the identical issue" of arbitrability (Defendants' Response Brief, p. 7), Shaner nonetheless filed a duplicative state court proceeding (the "Montgomery County Confirmation Proceeding") on

July 10, 2007, by filing a Motion for Entry of Judgment in the Circuit Court for Montgomery County, Alabama.[1]

Having admitted that this Court has diversity jurisdiction, Defendant Shaner could have sought to confirm his arbitration award against Plaintiff Horton in the instant action, pursuant to Section 9 of the FAA, 9 U.S.C. § 9.[2] Instead, Defendant Shaner filed the ill conceived Montgomery County Confirmation Proceeding in an attempt to create a procedural and jurisdictional defense to Horton's Complaint for declaratory and injunctive relief. Defendant Shaner's run at forum selection is an improper attempt to circumvent this Court's admitted jurisdiction over this dispute concerning arbitrability.

Without any explanation or support, Defendants simply cite the Anti-Injunction Act, 22 U.S.C. § 2283, to support their statement that a federal District

---

[1] The Montgomery County Confirmation Proceeding is currently pending in the Circuit Court for Montgomery County, Alabama, under the caption *William Shaner v. H&S Homes, L.L.C. and Horton Homes, Inc.*, and bears case no. CV-04-1909. The Circuit Court entered judgment confirming arbitration award on or about July 10, 2007. On August 17, 2007, Plaintiff Horton appealed this proceeding to the Alabama Supreme Court, where an appeal is pending under Appeal no. 1061659. The Alabama Supreme Court has issued an order staying the Appeal while the case is screened for mediation. (*See* Notice of Stay, entered on August 31, 2007, Ex. "A" attached hereto.)

[2] In fact, had the arbitration award been issued before Defendant Shaner filed his Answer in the instant action, any attempt by him to confirm that award would have been a compulsory counterclaim in the instant action. *In re Arbitration between Intercarbon Bermuda, Ltd. & Calltex Trading & Transp. Corp.*, 146 F.R.D. 64, 70 (S.D.N.Y. 1993) (petition to confirm arbitration award is compulsory counterclaim in response to petition to vacate the arbitration.

Court cannot enjoin a state court proceeding that involves "whether or not Horton Homes, Inc. can be compelled to arbitrate". (Defendants' Response Brief, p. 7.) This argument is incorrect because numerous reported decisions demonstrate that federal District Courts can and do stay state court proceedings where such a stay is necessary to effectuate a federal District Court's jurisdiction over an arbitration governed by the FAA.

A federal District Court's power to stay state court proceedings derives from the All Writs Act, 28 U.S.C. § 1651, and is permitted by the Anti-Injunction Act, 22 U.S.C. § 2283. Under the All Writs Act, federal District Courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law". 22 U.S.C. § 1651. This federal power is not limited by the Anti-Injunction Act, which provides that

> [a] court of the United States may not grant an injunction to stay proceedings in a State court *except* as expressly authorized by Act of Congress, or *where necessary in aid of its jurisdiction, or to protect or effectuate its judgments*.

28 U.S.C. § 2283. *See, e.g., Woodmen of the World Life Ins. Soc. v. Johnson*, 23 F. Supp. 2d 1344, 1345 (S.D. Ala. 1998) ("the 'aid of jurisdiction' exception to the Federal Anti-Injunction Act . . . allows this Court to stay the parallel state court proceeding pending arbitration") (citing *TranSouth Fin. Corp. v. Bell*, 149 F.3d 1292, 1297 (11th Cir. 1998)); *Specialty Bakeries, Inc. v. Robhal, Inc.*, 961 F. Supp.

822, 830 (E.D. Pa. 1997), *aff'd as modified and remanded*, 129 F.3d 726 (3d Cir. 1997) (same). Consequently,

> [a]lthough the federal arbitration statutes do not explicitly grant to United States District Courts the authority to stay state court proceedings, this Court has held that *a stay of state court proceedings is authorized by 28 U.S.C. § 2283 when the dispute in question has been found by the federal court to be subject to the arbitration provisions of 9 U.S.C. § 2*.

*Blount Bros. Corp. v. M. K. Steel, Inc.*, 524 F. Supp. 1037, 1039 (N.D. Ala. 1981) (emphasis added) (quoting *Network Cinema Corp. v. Glassburn*, 357 F. Supp. 169 (S.D.N.Y. 1973)).

Therefore, a federal District Court may grant a preliminary injunction to ensure that an arbitration clause in a contract is carried out as written. *See RGI Inc. v. Tucker & Assoc., Inc.*, 858 F.2d 227, 231 (5th Cir. 1988). Courts also recognize that the ability to enjoin parties from proceeding with concurrent litigation is essential to the federal Courts' ability to implement the FAA, notwithstanding the Anti-Injunction Act. *See, e.g., Am. Heritage Life Ins. Co. v. Beasley*, 174 F. Supp. 2d 450, 457 (N.D. Miss. 2001) (stating that "[t]he policies embodied in the [FAA] militate against having ongoing state proceedings at the very same time those claims are the subject of arbitration proceedings").

For instance, federal District Courts frequently protect the policies of the FAA by staying state court proceedings that are attempts to litigate issues which a federal District Court has determined are arbitrable under the FAA. *See, e.g., Am.*

*Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 712, 714 (5th Cir. 2002); *Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 893-94 (6th Cir. 2002); *Woodmen of the World Life Ins. Soc. v. Johnson,* 23 F. Supp. 2d 1344, 1345 (S.D. Ala. 1998); *Specialty Bakeries, Inc.*, 961 F. Supp. 822, 830; *Doctor's Assoc., Inc. v. Distajo*, 944 F. Supp. 1007, 1008-09 (D. Conn. 1996)*; McGuire, Cornwell & Blakey v. Grider*, 765 F. Supp. 1048, 1052 (D. Colo. 1991); *Snap-On Tools Corp. v. Vetter*, 838 F. Supp. 468, 473-74 (D. Mont. 1993); *Pervel Indus., Inc. v. TM Wallcovering, Inc.*, 675 F. Supp. 867, 870 (S.D.N.Y. 1987), *aff'd,* 871 F.2d 7 (2d Cir. 1989); *A.L. Williams & Assocs., Inc. v. McMahon*, 697 F. Supp. 488, 494-95 (N.D. Ga.1988); *Blount Bros. Corp. v. M. K. Steel, Inc.*, 524 F. Supp. 1037, 1039 (N.D. Ala. 1981).

Therefore, Defendants incorrectly argue that this Court lacks the power to enjoin a state court proceeding. Instead, the above-cited decisions show that federal District Courts can and do enjoin state court proceedings where necessary to protect federal jurisdiction to decide issues of arbitrability under the FAA. Defendants characterize the issue before this Court as "whether or not Horton Homes, Inc. can be compelled to arbitrate". (Defendants' Response Brief, p. 7.) Thus, as framed by Defendants, this case implicates a fundamental issue of arbitrability under the FAA. Just as federal District Courts have authority under the FAA to compel arbitration under valid arbitration agreements, these Courts must also prohibit attempts to arbitrate matters that are not arbitrable.

As this Court has held, "[w]hile federal policy favors arbitration, 'arbitration is a matter of contract and *a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit*'". *Battels v. Sears Nat'l Bank*, 365 F. Supp. 2d 1205, 1211 (M.D. Ala. 2005) (emphasis added) (quoting *United Steel Workers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)). Defendant Shaner admits Horton has not agreed to arbitrate. He admits this Court has jurisdiction to consider claims for declaratory and injunctive relief alleged in the Complaint. After answering and admitting subject matter jurisdiction, Defendant Shaner started a separate state court proceeding to enforce the arbitration award that is the subject of this case. The All Writs Act gives this Court the power to enter declaratory and injunctive relief to protect its jurisdiction. The Anti-Injunction Act does not preclude the relief sought.

> 2. **As with the Other Four Arbitrations, Irreparable Harm Will Result If the Requested Preliminary Injunction Is Not Issued against Defendant Shaner.**

In Section III.C of its Opening Brief, Plaintiff Horton made specific arguments supported by authority, which show that there is a substantial threat of irreparable injury to Plaintiff Horton if the requested preliminary injunction is not entered. Specifically, Plaintiff Horton cited numerous decisions finding irreparable injury that results from having an arbitrator, rather than a federal District Court, decide the contested issue of arbitrability in an arbitration governed by the FAA.

*See, e.g. PaineWebber Inc. v. Hartmann*, 921 F.2d 507, 515 (3d Cir. 1990) (emphasis added), *overruled on other grounds*, *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 85 (2002) (harm would be "*per se* irreparable if a court were to abdicate its responsibility to determine the scope of an arbitrator's jurisdiction and, instead, were to compel the party, who has not agreed to do so, to submit to an arbitrator's own determination of his authority").

Furthermore, Plaintiff Horton specifically showed that Defendant Shaner's continued efforts to obtain and collect on his arbitration award subjects Plaintiff Horton to irreparable injury, because Plaintiff Horton must now appeal the contested arbitration award to prevent it from becoming *res judicata*. In addition, the deferential treatment on appeal of arbitration decisions further subjects Plaintiff Horton to irreparable harm. Whereas this Court in the instant proceeding has jurisdiction under the FAA to make what is effectively a *de novo* determination of the disputed issue of arbitrability, Defendant Shaner will likely argue in the appeal of the Montgomery County Confirmation Proceeding that the Shaner arbitration award can be vacated only on the extremely narrow grounds for vacating an award under Section 10 of the FAA, 9 U.S.C. § 10(a). *See, e.g., Birmingham News Co. v. Horn*, 901 So. 2d 27, 45-46 (2004). *See also U.S. Energy Corp. v. Nukem, Inc.*, 400 F.3d 822, 830 (10th Cir. 2005) (noting that "the standard of review of arbitral awards is among the narrowest known to the law").

None of the Defendants, other than Defendant Shaner, contest or dispute the irreparable injury stated in Plaintiff Horton's Opening Brief. In response to these specific arguments supported by substantial authority, however, Defendant Shaner does nothing more than to state that "[t]here is no substantial threat of irreparable injury to the Plaintiff in the Shaner case", with literally *no* support or elaboration. (Defendants' Response Brief, p. 3.)

> 3. **As with the Other Four Defendants, Plaintiff Horton Has a Substantial Likelihood of Success on the Merits as to Defendant Shaner in The Instant Action.**

The Defendants other than Defendant Shaner admit that the requested preliminary injunction can be issued against them and thus do not contest Plaintiff Horton's arguments in its Opening Brief that Horton has a substantial likelihood of success on the merits. Although Defendant Shaner argues that Plaintiff Horton does not have a substantial likelihood of success on the merits, his arguments are unavailing because they depend upon the erroneous conclusion that Alabama law, rather than Georgia law, should control the determination of whether to disregard the corporate formalities of Plaintiff Horton and H&S.

In Section III.B.2(a) of its Opening Brief, Plaintiff Horton cited numerous decisions showing that veil-piercing issues are determined according to the law of an entity's state of incorporation. In response, "Defendants concede that the federal cases cited by Plaintiff hold that Georgia law controls" on this issue. (Defendants'

Opposing Brief, p. 4.) Having made this admission, Defendant Shaner nonetheless attempts to apply Alabama law to this issue by applying a choice of law analysis that Alabama law should apply because the relevant contracts were executed in Alabama. Defendant Shaner's argument fails, however, because it fails to recognize the reasoning behind the law used to determine veil-piercing issues, which results from the internal affairs doctrine.

As the Supreme Court has explained,

> [t]he internal affairs doctrine is a conflict of laws principle which recognizes that only one State should have the authority to regulate a corporation's internal affairs-matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders-because otherwise a corporation could be faced with conflicting demands.

*Edgar v. MITE Corp.*, 457 U.S. 624, 645 (1982). This is consistent with the numerous cases cited in Section III.B.2(a) of Plaintiff Horton's Opening Brief. *See also In re Bridge Information Systems, Inc.*, 325 B.R. 824, 831 (Bankr. E.D. Mo. 2005) ("under the internal affairs doctrine, the applicable law in adjudicating a veil piercing claim is the state law under which the corporation exists"). *See also In re Chalk Line Mfg., Inc.*, No. 93-42773(11), 1994 WL 394978, at *2 (Bankr. N.D. Ala. 1994 July 26, 1994) ("Alabama courts have long adhered to the internal affairs doctrine in choosing the appropriate state's law").

    C.    **Defendants Have Admitted the Subject Matter Jurisdiction They Now Purport to Challenge in an Unsuccessful and Procedurally Deficient Manner.**

Although Defendants have filed no motion to dismiss the instant action on any ground, they request in their Response Brief that "this case be dismissed for lack of subject matter jurisdiction". (Defendants' Response Brief, p. 7.) Defendants do not explain this contention; nor do they offer any supporting authority for it.

This argument is not only incorrect but contradicts Defendants' own actions. Defendants appeared in this action by Answer [Doc. #9] filed on June 28, 2007. In that Answer, Defendants did not raise any objections to this Court's jurisdiction and in fact admitted all of Plaintiff Horton's allegations that this Court has jurisdiction over this action. (Answer, ¶ 1 (admitting jurisdictional allegations contained in Complaint, ¶¶ 11-13).) Although Defendants filed an Amended Answer [Doc. #21] on September 6, 2007 which alleged that this Court lacks subject matter jurisdiction, the Amended Answer incorporates Defendants' prior admission of Plaintiff Horton's allegations that this Court has jurisdiction over this action. (Amended Answer, ¶ 1.) More importantly, Defendants have not only appeared in this action; they have also agreed that this Court can enter the requested preliminary injunction against all Defendants other than Defendant Shaner.

## III. <u>CONCLUSION.</u>

Defendants concede that the requested preliminary injunction can be entered against all of Defendants' Arbitrations other than the Shaner Arbitration. For the reasons stated above and in Plaintiff Horton's Opening Brief, the Court should enter the requested preliminary injunction against *all* of the Defendants' Arbitrations, including the Shaner Arbitration.

Dated this 13th day of September, 2007.

By: ___s/ James L. Paul___
JAMES L. PAUL
*Georgia Bar No. 567600*
THOMAS C. GRANT
*Georgia Bar No. 297455*
(Admitted *Pro Hac Vice*)

*Co-counsel for Plaintiff Horton Homes, Inc.*

*Chamberlain, Hrdlicka, White, Williams & Martin*
191 Peachtree Street, N.E. – Thirty-Fourth Floor
Atlanta, Georgia 30303
(404) 659-1410
(404) 659-1852 (facsimile)
james.paul@chamberlainlaw.com

- 17 -

SYDNEY F. FRAZIER *(FRA007)*

*Cabaniss, Johnston, Gardner, Dumas & O'Neal, LLP*
Suite 700
2001 Park Place North
Birmingham, Alabama 35203
(205) 716-5291
(205) 716-5389 (facsimile)
sff@cabaniss.com

*Co-counsel for Plaintiff Horton Homes, Inc.*

261542.1
730302-000067:9/13/2007

**EXHIBIT "A"**
**TO**
**PLAINTIFF HORTON HOMES, INC.'S REPLY BRIEF IN**
**SUPPORT OF ITS MOTION FOR PRELIMINARY**
**INJUNCTION AGAINST DEFENDANTS' ARBITRATIONS**



# IN THE SUPREME COURT OF ALABAMA

August 31, 2007

**1061659**

Horton Homes, Inc. v. William Shaner  (Appeal from Montgomery Circuit Court: CV-04-1909).

### Notice to Stay to Clerk/Court Reporter

```
     This is to notify you that this appeal may be selected for
appellate mediation.  It is, therefore, now on the appellate
mediation docket.

     The Appellate Mediation Office has sent a Mediation
Case-Screening Form to the parties.  Preparation of the record
and/or transcript is stayed pending further order of this
Court.  THE COURT REPORTER SHALL, HOWEVER, NOTIFY THE APPELLANT
OF THE ESTIMATED COST OF PREPARING THE TRANSCRIPT.

     THIS ORDER DOES NOT STAY THE FILING OF A CROSS-APPEAL OR
THE FILING OF ANY RELATED APPEAL.
```

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.

Witness my hand this _31st_ day of _August_ _2007_

*Robert D Esdale, Sr.*
Clerk, Supreme Court of Alabama

cc:
Hon. Johnny Hardwick, Circuit Judge
Montgomery County Circuit Clerk's Office
Sydney F. Frazier, Jr., Attorney
Thomas C. Grant, Attorney
James L. Paul, Attorney
Michael S. Harper, Attorney
Frank H. Hawthorne, Jr., Attorney
Randy Myers, Attorney

/ld

## CERTIFICATE OF SERVICE

This is to certify that on this date the undersigned has filed using the CM/ECF system a true and correct copy of "**Plaintiff Horton Homes, Inc.'s Reply Brief in Support of Its Motion for Preliminary Injunction against Defendants' Arbitrations**" and has served the following visa the CM/ECF system:

Randy A. Myers
Frank Hawthorne, Jr.
Hawthorne & Myers LLC
322 Alabama Street
Montgomery, Alabama  36104

Michael S. Harper
Michael S. Harper, P.C.
PO Box 78068
Tallassee, Alabama  36078

Dated this 13th day of September, 2007.

By:    *s/ James L. Paul*
     JAMES L. PAUL
     *Georgia Bar No. 567600*
     THOMAS C. GRANT
     *Georgia Bar No. 297455*
     (Admitted *Pro Hac Vice*)

*Co-counsel for Plaintiff Horton Homes, Inc.*

*Chamberlain, Hrdlicka, White, Williams & Martin*
191 Peachtree Street, N.E. – Thirty-Fourth Floor
Atlanta, Georgia 30303
(404) 659-1410
(404) 659-1852 (Facsimile)
james.paul@chamberlainlaw.com
261542.1
730302-000067:9/13/2007