UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HORTON HOMES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:07-CV-506-MEF |
| | ) | |
| LARUE BANDY, MARIE BANDY, | ) | |
| PATRICK PRITCHETT, WILLIAM | ) | |
| SHANER, ELSIE FONDREN | ) | |
| AVERETTE, WILLIAM CRUTHIRDS, | ) | |
| and SHERRIE CRUTHIRDS, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF HORTON HOMES, INC.'S POST-HEARING BRIEF IN
SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION**

NOW COMES Plaintiff Horton Homes, Inc. ("Plaintiff Horton" or "Horton Homes") and files this post-hearing Brief in support of its "Motion for Preliminary Injunction Against Arbitrations" ("Plaintiff Horton's Motion for Preliminary Injunction") [Doc. No. 15], as directed by the Court at the September 24, 2007 hearing, and shows the Court as follows:

## I.    **INTRODUCTION.**

At the September 24, 2007 hearing in this case, the Court announced that its schedule would not permit the Court to consider testimony which Plaintiff Horton was prepared to offer in support of Plaintiff Horton's Motion for Preliminary

Injunction. Instead, the Court focused on a number of points which could be dealt with, consistent with the Court's schedule.

**First**, the Court dealt with the Defendants' contention in their Response Brief[1] that the Court lacks subject matter jurisdiction to proceed with the case. [Doc. No. 22.]    After Defendants' counsel conferred among themselves, Mr. Harper stated that the Defendants conceded that the value of the injunctive relief sought against each of the Defendants exceeded the jurisdictional amount, such that this Court had subject matter jurisdiction.

**Second**, the Court focused on the Defendants' statements in their Response Brief that they did not oppose entry of a preliminary injunction as to all Defendants but Shaner; however, Defendant Shaner contends the elements necessary for entry of a preliminary injunction under Fed. R. Civ. P. 65(a) had not been met as to him.[2] After defense counsel conferred among themselves, Mr. Harper announced that the

---

[1]  Defendants conceded subject matter jurisdiction in their initial Answer at paragraph 1 [Doc. No. 9] (admitting jurisdictional allegations contained in paragraphs 11-13 of the Complaint [Doc. No. 1]). In their Amended Answer, Defendants admitted the specific jurisdictional allegations at paragraph 1, but nevertheless raised subject matter jurisdiction as an affirmative defense. Defendants then argued in their Response Brief that the Court lacked subject matter jurisdiction. (Defendants' Response Brief, pp. 2, 7.)

[2]  In their Response Brief, Defendants had argued that the necessary element of irreparable injury had not been met as to Defendant Shaner; therefore, a preliminary injunction should not be issued. (Defendants' Response Brief, p. 3. [Doc. No. 22.]

Defendants stipulated that the requirements necessary for issuance of a preliminary injunction under Fed. R. Civ. P. 65(a) had been met.

With these two stipulations, the Court then turned its attention to any reason why a preliminary injunction should not be issued respecting the Shaner Arbitration in the same way it would be issued respecting the other Defendants' Arbitrations. Defendants responded by contending that preliminary injunctive relief respecting the Shaner Arbitration was barred by the doctrines of waiver and laches. Specifically, Mr. Harper argued that Plaintiff Horton had waived its right to preliminary injunctive relief by participating in the Shaner Arbitration.

Counsel for Horton Homes responded that in the Shaner Arbitration, Horton Homes had preserved its right to object to arbitrability by moving to dismiss the Arbitration as to Horton Homes on grounds that Horton Homes was not subject to Arbitration. Horton Homes argued further that notwithstanding its objection to Arbitration at the outset of the Arbitration proceeding and its prompt Motion to Dismiss the Arbitration as to Horton Homes, the Arbitrator deferred any ruling on Horton's Motion to Dismiss until the final award. In response to inquiry from the Court, Mr. Harper conceded that even though Horton had objected to the Arbitrator's jurisdiction and earlier moved to dismiss the Arbitration, the Arbitrator deferred any ruling on the Horton Motion to Dismiss until after conclusion of the Arbitration. Mr. Harper also conceded that the Arbitrator did not rule on the

Horton Motion to Dismiss except in connection with entry of the Final Award. Thus Plaintiff Horton argued at the hearing that the Supreme Court's decision in *First Options of Chicago, Inc. v. Kaplan*, 152 U.S. 938, 946 (1995), and subsequent Circuit Court decisions, clearly establish that Plaintiff Horton did not waive its right to seek preliminary injunctive relief in this case.

At the conclusion of these preliminary arguments, the Court granted the parties through Monday, October 1, 2007 within which to submit a brief regarding Defendant Shaner's claims that preliminary injunctive relief is barred by the doctrines of waiver and laches. The Court also stated that the parties may submit evidence related to these issues.

## II.    STATEMENT OF FACTS.

In Section II.B of its Opening Brief, Plaintiff Horton explained that it had expressly objected to arbitrability in all of the Defendants' Arbitrations. Defendants did not contest or otherwise dispute these allegations, either in Defendants' Response Brief or at the September 24 hearing. Specifically, Horton Homes objected to arbitrability in the Defendants' Arbitrations as follows:

- Bandy Defendants: Plaintiff Horton submitted an "Objection and Motion to Dismiss in this Arbitration", objecting to its inclusion because Plaintiff Horton has not agreed to arbitrate with the Bandy Defendants. A copy of Plaintiff Horton's "Objection and Motion to

Dismiss" is attached as Exhibit "A" to the Appendix filed herewith.[3]

Plaintiff Horton's counsel reiterated its objection at a July 6, 2007 telephonic status conference before the arbitrator, retired Judge William Gordon, who agreed to stay proceedings in the Bandys' arbitration for two weeks, in order to see when this Court would set a hearing on Plaintiff Horton's Motion to Enjoin Arbitrations. This arbitration has now been stayed pending disposition of the instant case.

- Defendant Pritchett: Plaintiff Horton's arbitration counsel sent two emails, dated October 6, 2006 and October 16, 2006, to the American Arbitration Association stating its objection to being included in Defendant Pritchett's arbitration, due to a lack of any agreement to arbitrate with Defendant Pritchett. Copies of these two emails are attached hereto as Exhibits "B" and "C" to the Plaintiff's Appendix.

- Defendant Shaner: Plaintiff Horton initially objected to its inclusion in Defendant Shaner's arbitration by filing its "Answer of Respondent Horton Homes, Inc.", a copy of which is attached as Exhibit "D" to the Plaintiff's Appendix. Additionally, at the beginning of Defendant

---

[3] *See* the "Appendix to Plaintiff Horton Homes, Inc.'s Post-Hearing Brief in Support of its Motion for Preliminary Injunction" ("Plaintiff's Appendix"), filed herewith.

Shaner's arbitration hearing on June 5, 2007, Plaintiff Horton again made an oral motion to dismiss on the record, which the Arbitrator took under advisement.  Despite these objections, Defendant Shaner pursued the arbitration against Plaintiff Horton, which resulted in a purported $487,500.00 award against Plaintiff Horton and H&S Homes, jointly and severally.  A copy of this July 6, 2007 "Award of Arbitrator" is attached as Exhibit "E" to the Plaintiff's Appendix. Plaintiff Horton has been forced to file a notice of appeal because the deadline for notice of appeal from the arbitration award preceded this Court's September 24 hearing.

- Defendant Averette:  On January 5, 2007, Plaintiff Horton's arbitration counsel sent a letter to Defendant Elsie Averette's arbitration counsel, objecting to arbitration against Plaintiff Horton Homes, Inc.  A copy of this letter is attached as Exhibit "F" to the Plaintiff's Appendix.

- Cruthirds Defendants:  On January 5, 2007, Plaintiff Horton's arbitration counsel sent a letter to the Cruthirds Defendants' arbitration counsel, objecting to arbitration against Plaintiff Horton Homes, Inc. A copy of this letter is attached as Exhibit "F" to the Plaintiff's Appendix.

## III.    ARGUMENT AND CITATION OF AUTHORITY.

Plaintiff Horton has previously cited Supreme Court and other controlling authority showing that it has preserved its right to challenge arbitrability in this action by clearly and consistently objecting to the arbitrability of the Defendants' Arbitrations. Even after the September 24 hearing, Defendant's have failed to cite or submit *any* authority supporting their argument that Plaintiff Horton Homes has somehow waived its right to challenge the arbitrability of the Shaner Arbitration in the instant action.

Prior to the September 24 hearing, Plaintiff Horton twice cited Supreme Court and other controlling authority showing that Plaintiff Horton has clearly preserved its right in the instant action to challenge the arbitrability of the Defendants' Arbitrations. (Plaintiff Horton's Opening Brief, pp. 23-24; Plaintiff Horton's Reply Brief [Doc. No. 23], p. 5.) Defendants' Response Brief [Doc. No. 22] does not even raise a waiver argument. Although Defendants now assert a waiver argument that directly contradicts this previously cited, established line of authority, Defendants have yet to cite *any* contrary authority in support of their waiver argument. Instead, Defendants have simply argued that Plaintiff Horton Homes has waived its right to contest the arbitrability of the Shaner Arbitration by participating in that arbitration, in part because waiting to file the instant action allegedly constitutes laches or other impermissible delay.

As Plaintiff Horton Homes has already twice explained, the Supreme Court has specifically rejected this waiver argument, where a party contesting arbitrability in a judicial proceeding has also raised its objection to arbitrability before the arbitrator. In *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (1995), the party seeking arbitration argued that the objecting party had waived its objection to arbitrability by contesting arbitrability in the challenged arbitration proceedings. *Id.* at 946-47. The Supreme Court disagreed and found to the contrary, holding that the objecting party had simply preserved its right to contest arbitrability in a subsequent judicial proceeding. Specifically, the Supreme Court held that

> [m]erely arguing the arbitrability issue to an arbitrator does not indicate a clear willingness to arbitrate that issue, *i.e.*, a willingness to be effectively bound by the arbitrator's decision on that point. To the contrary, insofar as the [objecting parties] were forcefully objecting to the arbitrators deciding their dispute . . . , one naturally would think that they did ***not*** want the arbitrators to have authority over them.

*Id.* at 946 (emphasis in original). Similarly, the Eleventh Circuit has held that a party which consistently objects to arbitrability in an arbitration proceeding does not waive its right subsequently to press the same objection to arbitrability before a court. *Czarina, L.L.C. v. W. F. Poe Syndicate*, 358 F.3d 1286, 1294 (11th Cir. 2004).

This is not a novel or contested point of law. In addition to the Supreme Court and the Eleventh Circuit, the Third, Seventh, and Tenth Circuits have also

held that a party preserves its right to object to arbitrability when it participates in a contested arbitration pursuant to consistent, express objections to the arbitrability of that proceeding. *See, e.g., Lewis v. Circuit City Stores, Inc.*, No. 05-3383, 2007 WL 2460232, at \*6-\*7 (10th Cir. Aug. 31, 2007); *China Minmetals Materials Import & Export Co., Ltd. v. Chi Mei Corp.*, 334 F.3d 274, 290 (3d Cir. 2003); *AGCO Corp. v. Anglin*, 216 F.3d 589, 593 (7th Cir. 2000); *Int'l Ass'n of Machinists & Aerospace Workers, Lodge No. 1777 v. Fansteel, Inc.*, 900 F.2d 1005, 1009-10 (7th Cir. 1990).

Also, Courts expressly recognize that there is no improper delay where a party waits until after the conclusion of an arbitration, to file an action in District Court contesting arbitrability. Specifically, the Supreme Court, as well as the Third, Seventh, Tenth, and Eleventh Circuits, have all held that a party which objects to the arbitrability of an arbitration preserves its right to file a subsequent judicial action contesting arbitrability, even where the objecting party participates in the entire arbitration process and even after an arbitration award has issued. *See First Options of Chicago, Inc.*, 514 U.S. at 946 (Supreme Court); *Lewis*, 2007 WL 2460232, at \*6 (Tenth Circuit); *Czarina, L.L.C.*, 358 F.3d at 1294 (Eleventh Circuit); *China Minmetals Materials Import & Export Co., Ltd.*, 334 F.3d at 290 (Third Circuit); *AGCO Corp.*, 216 F.3d at 593 (Seventh Circuit). Furthermore, research by counsel for Plaintiff Horton Homes has uncovered no contrary Circuit

Court decision holding that participation in arbitration, subject to an express objection to arbitrability, waives the objecting party's right to later file a judicial action contesting arbitrability.

Though Defendants' counsel argued at the September 24 hearing that Plaintiff Horton Homes is unfairly attempting to get a "second bite at the apple" by waiting to challenge arbitrability in the Shaner Arbitration, the Tenth Circuit recently recognized that Plaintiff Horton Homes' prior objections to arbitrability defeat such an argument:

> The Supreme Court has observed that to the extent parties "forcefully object[] to the arbitrators deciding their dispute," they preserve their objection even if they follow through with arbitration. . . . On the other hand, many courts have held that, ***absent an explicit statement objecting to the arbitrability of the dispute***, a party cannot "await the outcome and then later argue that the arbitrator lacked authority to decide the matter."

*Lewis*, 2007 WL 2460232, at *6 (citations omitted) (emphasis added). Similarly, the Seventh Circuit has held that,

> [i]f a party willingly and without reservation allows an issue to be submitted to arbitration, he cannot await the outcome and then later argue that the arbitrator lacked authority to decide the matter. . . . ***If, however, a party clearly and explicitly reserves the right to object to arbitrability, his participation in the arbitration does not preclude him from challenging the arbitrator's authority in court.***

*AGCO Corp.*, 216 F.3d at 593 (citations omitted) (emphasis added).

Furthermore, contrary to Defendants' argument that it is wasteful and improper to allow a party such as Plaintiff Horton Homes to contest arbitrability

first in an arbitration and then in a judicial action, Courts have found that allowing

both objections "reflects wise public policy", as follows:

> In permitting an arbitrator to attempt to address a dispute prior
> to a judicial arbitrability determination, parties may well be able to
> resolve their disputes without requiring the involvement of the
> judiciary.   Furthermore, our upholding of the process does not
> discriminate in favor of the party who submits to arbitration of a
> grievance that it did not initiate subject to a later judicial arbitrability
> challenge.  The party initiating arbitration has made a decision that the
> dispute is arbitrable when it initiates an arbitration proceeding.  If that
> party felt the dispute was not arbitrable it would have chosen a forum
> other than arbitration.  Thus, permission for the non-initiating party to
> preserve arbitrability objections following the arbitration hearing
> merely permits the non-initiating party to make the same decision
> concerning arbitrability that the initiating party made prior to
> submission of the decision to arbitrate and does not discriminate
> against the initiating party.  Indeed, such a rule frequently is beneficial
> to the party who initiated arbitration in allowing that party access to
> the arbitral process without the necessity of the filing of a lawsuit to
> compel arbitration.
>
> ***We are convinced that both precedent and public policy
> support a rule that permits a party to proceed with an arbitration
> hearing subject to the right to later challenge the grievance's
> arbitrability in a judicial forum.***

*Fansteel, Inc.*, 900 F.2d at 1009-10 (emphasis added).

Therefore, Defendants' waiver argument first made at the September 24

hearing fails because controlling authority clearly establishes that Plaintiff Hortons'

objections to arbitrability made in the Shaner Arbitration have absolutely preserved

the right of Plaintiff Horton Homes to challenge arbitrability in this instant action.

## IV.    **CONCLUSION**.

For the reasons stated above and in Plaintiff Horton's prior briefs, the Court should grant Plaintiff Horton's Motion for Preliminary Injunction.[4]

Dated this _____ day of October, 2007.

By: _____

    JAMES L. PAUL
    *Georgia Bar No. 567600*
    THOMAS C. GRANT
    *Georgia Bar No. 297455*
    (Admitted Pro Hac Vice)

    *Counsel for Plaintiff Horton Homes, Inc.*

*Chamberlain, Hrdlicka, White, Williams & Martin*
191 Peachtree Street, N.E., Thirty-Fourth Floor
Atlanta, Georgia 30303
(404) 659-1410
(404) 659-1852 (Facsimile)
james.paul@chamberlainlaw.com

---

[4] Plaintiff Horton understands that defense counsels' stipulations referenced in Section I obviate the need for further evidence in support of Plaintiff Horton's Motion for Preliminary Injunction.  However, Plaintiff Horton remains ready to proceed with the testimony and documentary evidence it was prepared to present at the September 24 hearing.

Sydney F. Frazier
SJIS #FRA007
*Cabaniss, Johnston, Gardner, Dumas & O'Neal, LLP*
Suite 700
2001 Park Place North
Birmingham, Alabama  35203
(205) 716-5291
(205) 716-5389 (Facsimile)
*Co-Counsel for Plaintiff Horton Homes, Inc.*
sff@cabaniss.com

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served a true and correct copy of the within and foregoing "Plaintiff Horton Homes, Inc.'s Post-Hearing Brief in Support of its Motion for Preliminary Injunction" on the following parties, by manner of service as indicated below, in properly addressed envelopes, with adequate postage affixed thereon, as necessary, addressed as follows:

Michael S. Harper
213 Barnett Boulevard
P.O. Box 780608
Tallassee, Alabama  36078
*(Via Certified Mail, RRR #70070710000493716466)*

Frank H. Hawthorne, Jr.
Randy A. Myers
Hawthorne & Myers LLC
322 Alabama Street
Montgomery, Alabama  36104
*(Via Certified Mail, RRR #70070710000493716473)*

Dated this __1st__ day of October, 2007.

By: _____
   JAMES L. PAUL
   *Georgia Bar No. 567600*
   THOMAS C. GRANT
   *Georgia Bar No. 297455*
   (Admitted Pro Hac Vice)

   *Counsel for Plaintiff Horton Homes, Inc.*

*Chamberlain, Hrdlicka, White, Williams & Martin*
191 Peachtree Street, N.E., Thirty-Fourth Floor
Atlanta, Georgia 30303
(404) 659-1410
(404) 659-1852 (Facsimile)
james.paul@chamberlainlaw.com
262829.1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HORTON HOMES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:07-CV-506-MEF |
| | ) | |
| LARUE BANDY, MARIE BANDY, | ) | |
| PATRICK PRITCHETT, WILLIAM | ) | |
| SHANER, ELSIE FONDREN | ) | |
| AVERETTE, WILLIAM CRUTHIRDS, | ) | |
| and SHERRIE CRUTHIRDS, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>APPENDIX TO PLAINTIFF HORTON HOMES, INC.'S POST-HEARING BRIEF IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION</u>

### <u>APPENDIX LISTING:</u>

"Respondent Horton Homes, Inc.'s Objection and Motion to Dismiss and Motion for a More Definite Statement and Answer to Demand for Arbitration and Complaint" dated February 2, 2007 (filed in the Bandy Arbitration).          Exhibit A

October 6, 2006 email objecting to arbitrability in the Shaner Arbitration.          Exhibit B

October 16, 2006 email objecting to arbitrability in the Shaner Arbitration and in the Pritchett Arbitration.          Exhibit C

"Answer of Respondent Horton Homes, Inc." dated January 8, 2006 (filed in the Shaner Arbitration).          Exhibit D

"Award of Arbitrator" dated July 6, 2007 (filed in the          Exhibit E
Shaner Arbitration).

January 5, 2007 letter objecting to arbitrability in the Averette          Exhibit F
Arbitration and the Cruthirds Arbitration.

Dated this 1st day of October, 2007.

By: _____

JAMES L. PAUL
*Georgia Bar No. 567600*
THOMAS C. GRANT
*Georgia Bar No. 297455*
(Admitted Pro Hac Vice)

*Counsel for Plaintiff Horton Homes, Inc.*

*Chamberlain, Hrdlicka, White, Williams & Martin*
191 Peachtree Street, N.E., Thirty-Fourth Floor
Atlanta, Georgia 30303
(404) 659-1410
(404) 659-1852 (Facsimile)
james.paul@chamberlainlaw.com

Sydney F. Frazier
SJIS #FRA007
*Cabaniss, Johnston, Gardner, Dumas & O'Neal, LLP*
Suite 700
2001 Park Place North
Birmingham, Alabama  35203
(205) 716-5291
(205) 716-5389 (Facsimile)
*Co-Counsel for Plaintiff Horton Homes, Inc.*
sff@cabaniss.com

**EXHIBIT "A"**
**TO**
**APPENDIX TO PLAINTIFF HORTON HOME, INC.'S**
**POST-HEARING BRIEF IN SUPPORT OF ITS MOTION**
**FOR PRELIMINARY INJUNCTION**

# AMERICAN ARBITRATION ASSOCIATION

|  |  |  |
|---|---|---|
| LARUE BANDY, | ) | |
| MARIE BANDY, | ) | |
| | ) | |
| Claimants, | ) | AAA Case No. |
| | ) | |
| v. | ) | 30 181 E 01054 06 |
| | ) | |
| H&S HOMES, LLC, | ) | |
| HORTON HOMES, INC. | ) | |
| | ) | |
| Respondents. | ) | |

## RESPONDENT HORTON HOMES, INC.'S
## OBJECTION AND MOTION TO DISMISS
## AND MOTION FOR A MORE DEFINITE STATEMENT
## AND ANSWER TO DEMAND FOR ARBITRATION AND COMPLAINT

### Objection and Motion To Dismiss

Respondent Horton Homes, Inc. ("HORTON" or "Respondent") objects to AAA proceeding

forward with the arbitration of any claims in this matter against Horton. Horton Homes, Inc. is a

separate legal entity and is simply the parent corporation of H&S Homes, LLC. Horton Homes, Inc.

was not a party to the arbitration agreement or contract at issue in this case, nor was Horton Homes,

Inc.

Horton Homes, Inc. may have manufactured the mobile home at issue in this case and sold it

to H&S Homes, LLC in a bona fide, legal transaction. H&S Homes, LLC would have then sold the

home to the a retail purchaser such as the Claimants. The Claimants' claims in this action relates

solely to the purchase of the home from H&S Homes, LLC. Horton Homes, Inc. is not a party to the

arbitration agreement. Horton Homes, Inc. does not consent to Arbitration in this matter.

Therefore, it is Respondent Horton Homes, Inc.'s position that there is no authority that would allow the AAA to administer any of the claimant's claims against Horton Homes, Inc. We believe further that this a threshold matter that must be decided by the AAA itself, not the arbitrator.

Horton Homes, Inc. respectfully request that the AAA decline to administer the arbitration of any claims against Horton Homes, Inc. in this matter.

## Motion For a More Definite Statement

Respondent Horton Homes, Inc. ("HORTON" or "Respondent") asserts that it cannot frame a response to the Complaint. In the Style of Claimants' "Demand For Arbitration" it list H&S Homes, LLC and Horton Homes, Inc. as Respondent, however, the Complaint does not name Horton Homes, Inc. as a Defendant and does not set forth any allegations against Horton Homes, Inc. As a result, Claimants' Demand For Arbitration and Complaint is so vague or ambiguous that it cannot reasonably be required to frame a responsive pleading.

Notwithstanding the foregoing, because of the generality of the Complaint, Respondent cannot frame a responsive pleading and reserves the right to assert additional defenses or objections to the proceedings as more specific information is alleged or becomes available. Among other things, the Complaint does not allege when the representations and/or "specific occasions" occurred, the identity of the agent or employee who made the alleged misrepresentations or allegedly failed to disclose information required to be disclosed, the specific content or substance of the misrepresentations (i.e. what was said), the identity of the financing company or companies involved

in the transaction, the entire copy of the written contract attached to Claimants' Demand For

Arbitration (i.e. the only thing attached is an unsigned copy of "PAGE 4 OF 8," "PAGE 5 OF 8,"

and "PAGE 6 OF 8" of the written contract), when Claimants learned or discovered the alleged

misrepresentations. The Complaint makes only the most general assertions concerning the alleged

statute-of-limitations tolling and contains no factual allegation to support that contention.

   <u>As such, AAA and/or the arbitrator should require the Claimants to submit a new Demand</u>
<u>For Arbitration and Complaint which does NOT include Horton Homes, Inc. as party and contains</u>
<u>more specific allegations as it relates to H&S Homes, Inc.</u>

## <u>General Denials/Defenses</u>

   Notwithstanding the foregoing, Respondent asserts the following defenses and general

denials in response to the Demand submitted by Claimants.   In asserting the following defenses,

Respondent does not assume any burden of proof that would otherwise be imposed on the Claimants.

### *First Defense*

   Respondent denies the material allegations of the Complaint, denies any wrongdoing in its

dealings with Claimants and demands strict proof thereof.

### *Second Defense*

   The Complaint fails to state a claim upon which relief can be granted as to Respondent or

some of the purported causes of action asserted fail to state a claim upon which relief can be granted

as to Respondent.

### Third Defense

To the extent alleged, Respondent denies that it is the alter ego and/or mere instrumentality of H&S Homes, LLC.

### Fourth Defense

To the extent the Complaint suggests that other claimants may be joined in this arbitration proceeding, Respondent denies that other claimants may be joined in this proceeding without its consent. Should other claimants be joined, Respondent reserves the right to assert additional defenses not included herein against any such claimants after being joined.

### Fifth Defense

Some or all of the Claimants' claims, if any, are barred by the applicable statute of limitations.

### Sixth Defense

The Claimants' claims, if any, are barred by the doctrines of waiver, laches, unclean hands, acquiescence, or estoppel (including but not limited to judicial estoppel).

### Seventh Defense

The Claimants lack standing or are not the real party in interest.

### Eighth Defense

Respondent did not breach any provision of any contract with the Claimants.

### Ninth Defense

The Claimants cannot show "reasonable reliance" on any false statements made or alleged to have been made by Respondent and cannot show "reasonable reliance" on any facts not disclosed or alleged not to have been disclosed that Respondent had a duty to disclose.

FEB 02 '07 16:38  FROM:KEE & SELBY                    205-968-9909         T-476  P.06/15  F-387

### Tenth Defense

Respondent made all disclosures it was required to make or had a duty to make under applicable law.

### Eleventh Defense

The damages claimed by the Claimant were not proximately caused by any acts or omissions of Respondent.

### Twelfth Defense

Respondent cannot be held vicariously liable for compensatory damages for the intentional torts of its employees.  Respondent cannot be held vicariously liable for punitive damages for the intentional torts of it employees.

### Thirteenth Defense

Alabama law does not allow a plaintiff to recover for emotional distress or mental anguish under a theory of negligence when the emotional distress or mental anguish was not caused by a physical injury or the threat of a physical injury.  Also, Alabama law does not permit an award of punitive damages for mere negligence.

### Fourteenth Defense

Some of all of the Claimants' claims are barred by the Claimants' contributory negligence in that the Claimants were guilty of negligence which contributed to cause Claimants' injuries and damages, if any, in whole or in part.

### Fifteenth Defense

The Claimants' alleged injuries and damages, if any, were caused solely or in part by the acts or omissions of Claimants or third parties, and not by an act or omission by Respondent.

### Sixteenth Defense

The actions or omission alleged in the Complaint by an alleged employee of Respondent were not within the scope of the alleged employee's employment.

### Seventeenth Defense

The Claimants' damages and injuries, if any, were the result of a superseding intervening cause, and not any action of Respondent.

### Eighteenth Defense

Respondent was not negligent in any way with regard to the claims, if any, contained in the Complaint. Respondent did not breach any duty owed to the Claimant.

### Nineteenth Defense

The Claimants signed an agreement that expressly stated they agreed that no person was authorized to make any representations beyond those expressed in the agreement they signed and that verbal promises by a salesman and any promises or understanding not included in the written agreement were waived by them.

### Twentieth Defense

The Claimants' claims, if any, are barred to the extent that he failed to mitigate their damages.

### Twenty-first Defense

Claimants are barred from recovering special damages because they failed to plead them specifically.

### Twenty-second Defense

To the extent the Claimants seek to hold Respondent jointly liable with other Defendants for

misconduct and to recover punitive damages for such misconduct, the Alabama law permitting such joint liability for punitive damages is unconstitutional as violative of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because it permits jury imposition of punitive damages, purportedly based on the character and degree of the wrong committed, without in fact assigning to each defendant a proportionate responsibility for that Respondent's contribution to the wrong committed.

### Twenty-third Defense

With regard to Claimants' claim for punitive damages, Respondent pleads the following punitive damage defenses:

1.    Claims for punitive damages in this case violate the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, and Article I Section 6 of the Constitution of Alabama, on the following grounds:

   a.    It is in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

   b.    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

   c.    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

   d.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provide vague or insufficient standards, for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

FEB 02 '07 16:39    FROM:KEE & SELBY                      205-968-9909              T-476  P.09/15  F-387

    e.      The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

    f.      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

    g.      The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportioned, or bear a reasonable relationship, to the actual harm incurred; and

    h.      The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

2.    Claimants's claims for punitive damages violate the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

    a.      It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendants upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    b.      The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendants;

    c.      The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

    d.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

    e.      An award of punitive damages in this case would constitute a deprivation of property without due process of law.

3.    Any attempt by Claimants to impose punitive or extra contractual damages on Respondent, on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

4.     Any award of punitive damages to Claimants in this action would constitute a deprivation of property without due process of law, which is required under the Fifth and Fourteenth Amendments of the United States Constitution and under Article I, Section 6 of the Alabama Constitution.

5.     Any award of punitive damages against Respondent in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

### Twenty-fourth Defense

To the extent that Claimants' claims for punitive damages exceed $250,000 (the cap imposed by the Alabama Legislature in ALA. CODE (1975) §6-11-21, then Claimants's claims likewise violate the Separation of Powers Clause of the United States Constitution and/or the Alabama Constitution. The Alabama Supreme Court acted beyond its authority in striking down the legislative and statutory mandate of §6-11-21; therefore, the Court's action thereby was unconstitutional and without effect. To allow an award of punitive damages in excess of that statutory cap is in direct contravention of the express public policy of the State of Alabama.

### Twenty-fifth Defense

1.     To the extent that any punitive damages assessed in this action are apportioned to the State of Alabama or a General Fund as prescribed by *Life Ins. Co. of Georgia v. Johnson*, 684 So.2d 685 (Ala. 1996), *vacated* 117 S.Ct. 288 (1996), the award is unconstitutional. The Alabama Supreme Court's directive in that case is violative of the Separation of Powers Clause of the United States Constitution and/or Sections 42, 43 and 70 of the Alabama Constitution.

2.     To the extent that any punitive damages assessed in this action are apportioned to the State of Alabama or a General Fund as prescribed by *Life Ins. Co. of Georgia v. Johnson*, 684 So.2d 685 (Ala. 1996), *vacated* 117 S.Ct. 288 (1996), then the award is violative of the Eighth Amendment to the United States Constitution and Article I, Section 15 of the Alabama Constitution.

3.     To the extent that any punitive damages assessed in this action are apportioned to the State of Alabama or a General Fund as prescribed by *Life Ins. Co. of Georgia v. Johnson*, 684 So.2d 685 (Ala. 1996), *vacated* 117 S.Ct. 288 (1996), the award constitutes an unconstitutional taking of private property without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

4.     To the extent that Claimants's demand for punitive damages may result in multiple punitive damage awards to be assessed for the same act or omission of the defendant, then that award contravenes the Respondent's right to due process of law under the Fourteenth Amendment to the United States Constitution and Article I, Section 13 of the Alabama Constitution. Moreover, such an award of punitive damages would infringe upon the Respondent's rights against double jeopardy, as guaranteed by the Fifth Amendment to the United States Constitution and/or Article 1, Section 9 of the Alabama Constitution.

5.    To the extent that any punitive damages assessed in this action are apportioned to the State of Alabama or a General Fund as prescribed by *Life Ins. Co. of Georgia v. Johnson*, 684 So.2d 685 (Ala. 1996), *vacated* 117 S.Ct. 288 (1996), then such impermissibly infringes on the Respondent's constitutional right to a trial by jury, as guaranteed by Article 1, Section 11 of the Alabama Constitution. The court's decision in that case inevitably places the judiciary and juries of the State of Alabama in a position of conflict of interest, since juries now have a financier incentive to award punitive damages as they will indirectly benefit from any such award.

(a)    Likewise, any such punitive damage award would unconstitutionally encroach on the Respondent's right to due process and open access to the courts of the State of Alabama, in violation of the Fourteenth Amendment to the United States Constitution   Article 1, Section 13 of the Alabama Constitution.

6.    With respect to the Claimants's demands herein for punitive damages, the defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards as articulated in *Green Oil Co. V. Hornsby*, 539 So.2d 218 (Ala. 1989) and *BMW of North America, Inc.*, 116 S.Ct.1589 (1996).

### *Twenty-sixth Defense*

To the extent that any punitive damages are assessed in this action, this defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards as articulated in *Foremost Insurance Co. v. Parham*, Nos. 1950507, 1951238, 1997 WL 112722 (Ala. March 14, 1997). More specifically, that any award of such damages are limited according to the (a) alleged reprehensibility of the defendant's conduct; (b) alleged defendant's knowledge or notice that the alleged misconduct could have resulted in excessive punitive damages; (c) the maximum fines imposed for similar conduct; and (d) the disparity between the actual harm suffered by the plaintiff and the punitive damage award.

### *Twenty-seventh Defense*

Respondent denies that its agents, servants, and employees, if any, have been guilty of any conduct which would entitle Claimants to recover punitive damages.

### *Twenty-eighth Defense*

Claimants' claims for damages are subject to the limitations contained in the Code of Alabama, as amended, section 6-11-20 (clear and convincing evidence standard), section 6-11-21 (punitive damages), section 6-11-27 (principal/agent) and section 12-21-12 (substantial evidence and clear and convincing evidence standards), including 6-11-21(b), which limits punitive damage awards against small businesses to $50,000 or ten (10) percent of the business' net worth, whichever is greater. Respondent is a "small business" as that term is defined by Ala. Code section 6-11-21(c).

*Twenty-ninth Defense*

With regards to Claimants's claim for punitive damages, Respondent pleads the constitutional limitations set forth in State Farm Mutual Automobile Insurance Company v. Campbell, 123 S. Ct. 1513 (Apr. 7, 2003), because determination of the amount of or proper circumstances for an award of punitive damages without consideration of the limitations set forth in Campbell would deny the Defendant due process of law in violation of the fourteenth Amendment to the United States Constitution and of the Alabama Constitution.

*Thirtieth Defense*

Potential liability for mental anguish damages should be restricted to conduct which is bound to result in shame, humiliation, and mental anguish, but not mere disappointment, anger, worry, aggravation, resentment, or embarrassment, and in the absence of emotional distress so severe that no reasonable person could be expected to endure it and substantial evidence a defendant was aware of circumstances that would make alleged intentional or negligent conduct result in shame, humiliation, and mental anguish, claims for mental anguish should not be allowed to be submitted to the jury. No emotional injury recovery is available in this case as Alabama follows the "zone of danger" test, which limits recovery of mental anguish damages to those plaintiffs who sustain a physical injury as a result of a defendant's negligent conduct, or who are placed in immediate risk of physical harm by that conduct. *See Grand Manor, Inc. v. Dykes*, 2000 WL 337528 (Ala. March 31, 2000); *Wal-Mart Stores, Inc. v. Bowers*, 752 So.2d 1201 (Ala. 1999.); *AALAR, Ltd., Inc. v. Francis*, 716 So.2d 1141, 1147 (Ala. 1998); *accord, White Consol. Indus., Inc. v. Wilkerson*, 737 So.2d 447, 449 (Ala. 1999).

*Thirty-first Defense*

The invitation for a trier of fact to impose liability for mental anguish damages, without guidelines or standards for determination of the amount or proper circumstances for such an award, would deny due process of law in violation of the Fourteenth Amendment to the United States Constitution and in violation of the Constitution of the State of Alabama.

*Thirty-second Defense*

The claims relating to mental anguish damages are barred by the Fourteenth Amendment to the United States Constitution and by the Constitution of the State of Alabama.

*Thirty-third Defense*

The imposition of mental anguish damages in this case would contravene the due process clause of the United States Constitution and the Constitution of the State of Alabama and the Fourth, Sixth, Eighth, and Fourteenth Amendments, separately, to the United States Constitution on each of the following grounds:

A.    The procedures pursuant to which mental anguish damages are awarded permit the award of mental anguish damages upon satisfaction of a standard of proof less than the applicable standard of proof required for the imposition of criminal sanctions.

B.    The procedures pursuant to which mental anguish damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrong doing.

C.    The procedures pursuant to which mental anguish damages are awarded fail to provide a reasonable limit on the amount of award.

D.    The procedures pursuant to which mental anguish damages are awarded fail to provide specific standards for the award of mental anguish damages.

E.    The procedures pursuant to which mental anguish damages are awarded are unconstitutionally vague.

F.    The procedures pursuant to which mental anguish damages are awarded fail to provide a means for awarding separate judgments against alleged joint tortfeasors.

G.    The procedures pursuant to which mental anguish damages are awarded fail to provide specific standards for the amount of mental anguish damages.

H.    The procedures pursuant to which mental anguish damages are awarded fail to provide a clear appellate standard of review of an award of mental anguish damages.

I.    The procedures pursuant to which mental anguish damages are awarded may permit the admission of evidence relative to mental anguish damages in the same proceedings during which liability and compensatory damages are determined.

J.    An award of mental anguish damages would constitute an arbitrary and capricious taking of property without due process of law.

Respondent reserves the right to add any and all defenses that may be applicable in this case but which are unidentifiable at this time. Any such defenses will be added by amendment once they are identified.

Respectfully submitted this 2nd day of February, 2007,

David L. Selby, II
ds@keeselby.com

One of the Attorneys for Respondent

## Attorneys For Respondent Horton Homes, Inc.

David L. Selby, II
Jon Hughes
Kee & Selby, LLP
1900 International Park Drive, Suite 220
Birmingham, Alabama 35243
(205) 968-9900

Steven J. Kyle
Bovis, Kyle & Burch, INC.,
53 Perimeter Center East, Suite 300
Atlanta, GA 30346
(770) 391-9100

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 2nd day of February, 2007, served a true and correct copy of the foregoing Respondent Horton Homes, Inc.'s Objection / Motion to Dismiss and Motion for More Definite Statement and Answer of Respondent Horton Homes, Inc. upon Claimants' counsel and the AAA by sending via Facsimile as follows:

Michael S. Harper, Esq.
PO Box 780608
Tallasee, AL 36078
334-283-6858

Frank H. Hawthorne, Jr., Esq.
322 Alabama Street
Montgomery, AL 36104
334-834-0080

Joyce Minano
Case Manager
American Arbitration Association
2200 Century Parkway, Suite 300
Atlanta, GA 30345
404-325-8034

OF COUNSEL

**<u>EXHIBIT "B"</u>**
**<u>TO</u>**
**<u>APPENDIX TO PLAINTIFF HORTON HOME, INC.'S</u>**
**<u>POST-HEARING BRIEF IN SUPPORT OF ITS MOTION</u>**
**<u>FOR PRELIMINARY INJUNCTION</u>**

**Alma Yusuff**

| | |
|---|---|
| **From:** | David Selby [ds@keeselby.com] |
| **Sent:** | Friday, October 06, 2006 4:16 PM |
| **To:** | GrantC@adr.org; Lauryn Hall |
| **Cc:** | Frank Hawthorne; mikeharper@elmore.rr.com; Steven J. Kyle; Jon Hughes |
| **Subject:** | William Shaner vs. H&S Homes, LLC and Horton Homes, Inc. |
| **Attachments:** | Supreme Court - Shaner.pdf |

**AAA Case No. 30 420 00729 06**

Dear Cheryl:

This follows receipt of your October 5, 2006 correspondence which we received via facsimile. The purpose of this e-mail is to address the two issues raised in your October 5 correspondence.

First, you asked that Horton Homes, Inc. provide AAA with the contract clause providing for administration by AAA, or a signed submission to Dispute Resolution. There is not a contract clause in this particular matter naming Horton Homes, Inc. This company was improperly and impermissibly named to this arbitration. It has not signed any document submitting to dispute resolution with AAA. It is Horton Homes, Inc.'s position that they are NOT a proper party to this arbitration proceeding and Horton Homes, Inc. does not and will not submit to arbitration in this proceeding.

Second, you note that the contract clause with H&S Homes, LLC did not designate the AAA as the administering agency. However, please find attached the Alabama Supreme Court opinion ordering that this arbitration between Shaner and H&S Homes, LLC be administered by the AAA. The relevant language is highlighted in yellow on page 6 of the opinion.

Please advise if you have any questions.

Sincerely,
/s/
David L. Selby II
KEE & SELBY LLP
1900 International Park
Suite 220
Birmingham, Alabama 35243
205.968.9906 (Direct)
205.968.9909 (Fax)
ds@keeselby.com

3/16/2007

**EXHIBIT "C"**
**TO**
**APPENDIX TO PLAINTIFF HORTON HOME, INC.'S**
**POST-HEARING BRIEF IN SUPPORT OF ITS MOTION**
**FOR PRELIMINARY INJUNCTION**

**Alma Yusuff**

| | |
|---|---|
| **From:** | David Selby [ds@keeselby.com] |
| **Sent:** | Monday, October 16, 2006 2:12 PM |
| **To:** | GrantC@adr.org |
| **Cc:** | Frank Hawthorne; mikeharper@elmore.rr.com; Steven J. Kyle; Jon Hughes |
| **Subject:** | Pending AAA Cases |

AAA Case No. 30 420 00729 06
William Shaner vs. H&S Homes, LLC

AAA Case No. 30 420 00727 06
Patrick Pritchett vs. H&S Homes, LLC

Dear Ms. Grant:

This follows my previous e-mails of October 6 to AAA and Frank
Hawthorne's facsimile of October 12 to AAA. Again, as we stated in
our October 6 e-mails, Horton Homes, Inc. is not a proper party to
these arbitration proceedings and Horton Homes, Inc. does not and
will not submit to arbitraion in this proceeding.

These cases are before AAA by virtue of the Supreme Court of
Alabama's opinion styled **H&S Homes, LLC vs. William Shaner and
Patrick Pritchett**. At your request, we have previously provided you
a copy of the opinion. This opinion did not mention, recognize, or
otherwise order that Horton Homes, Inc. was a party to these
arbitration proceedings.

The Supreme Court of Alabama's opinion stated that the claims against
H&S Homes, Inc. would be administered by AAA and cited Rule 2 of the
Commercial Rules of Arbitration. As you are aware, Rule 2 states that
when parties agree to arbitrate under these rules they thereby
authorize the AAA to administer the arbitration. The only parties
that have agreed to arbitrate under these rules in these proceedings
are H&S Homes, Inc., William Shaner, and Patrick Pritchett. No other
parties have agreed.

We would ask that AAA immediately recognize that Horton Homes, Inc.
has not agreed to arbitrate these claims and that Horton Homes, Inc.
is not a party to these arbitration proceedings.

Sincerely,
/s/
David L. Selby II
KEE & SELBY LLP

3/16/2007

1900 International Park
Suite 220
Birmingham, Alabama 35243
205.968.9906 (Direct)
205.968.9909 (Fax)
ds@keeselby.com

**EXHIBIT "D"**
**TO**
**APPENDIX TO PLAINTIFF HORTON HOME, INC.'S**
**POST-HEARING BRIEF IN SUPPORT OF ITS MOTION**
**FOR PRELIMINARY INJUNCTION**

## AMERICAN ARBITRATION ASSOCIATION

| | | |
|---|---|---|
| WILLIAM SHANER | ) | |
| | ) | |
| Claimant, | ) | AAA Case No. |
| | ) | |
| v. | ) | 30 420 00729 06 |
| | ) | |
| H&S HOMES, LLC, | ) | |
| HORTON HOMES, INC. | ) | |
| | ) | |
| Respondents. | ) | |

## ANSWER OF RESPONDENT HORTON HOMES, INC.

COMES NOW Respondent Horton Homes, Inc. ("Horton Homes" or "Respondent") and, in response to Claimant William Shaner's Demand and Complaint in Arbitration, states as follows. In answering Claimant's Demand, Horton Homes does not submit to the administration of arbitration claims against it by the American Arbitration Association. Horton Homes maintains that it is not a party to any arbitration agreement with Claimant and no court has ordered that any claims against Horton Homes be arbitrated. The claims against Horton Homes are not due to be arbitrated and the American Arbitration Association does not have jurisdiction or authority to administer any such claims. Furthermore, in answering Claimant's Complaint, Horton Homes does not waive its objection to the arbitrator selected in this matter.

1.      Admitted.

2.      Respondent Horton Homes denies that H&S Homes, LLC is the alter ego or mere instrumentality of Horton Homes, Inc.

3.      Respondent Horton Homes admits that it is a corporation duly qualified to do business in Georgia and that it does business there. Respondent Horton Homes denies that H&S Homes, LLC is the alter ego and mere instrumentality of Horton Homes or that Horton Homes acted

through H&S Homes, LLC.

 4. Respondent Horton Homes is without knowledge or information sufficient to respond

to the allegations of this paragraph and therefore denies same.

 5. Denied.

 6. Denied.

 7. Denied.

 8. Denied.

 9. Denied.

 10. Denied.

 11. Denied.

 12. Denied.

 13. Denied.

 14. Respondent Horton Homes incorporates and adopts herein its responses to paragraphs

1 through 13 above. Respondent Horton Homes denies all allegations of this paragraph.

 15. Denied.

 16. Denied.

 In response to the unnumbered paragraph following paragraph 16, Respondent Horton Homes

denies that Claimant is entitled to the relief requested.

 17. Respondent Horton Homes incorporates and adopts herein its responses to paragraphs

1 through 16 above. Respondent Horton Homes denies all allegations of this paragraph.

 18. Denied.

 In response to the unnumbered paragraph following paragraph 18, Respondent Horton Homes

denies that Claimant is entitled to the relief requested.

19.    Respondent Horton Homes incorporates and adopts herein its responses to paragraphs 1 through 18 above.  Respondent Horton Homes denies all allegations of this paragraph.

20.    Denied.

In response to the unnumbered paragraph following paragraph 20, Respondent Horton Homes denies that Claimant is entitled to the relief requested.

21.    Respondent Horton Homes incorporates and adopts herein its responses to paragraphs 1 through 20 above.  Respondent Horton Homes denies all allegations of this paragraph.

22.    Denied.

In response to the unnumbered paragraph following paragraph 22, Respondent Horton Homes denies that Claimant is entitled to the relief requested.

23.    Respondent Horton Homes incorporates and adopts herein its responses to paragraphs 1 through 22 above.  Respondent Horton Homes denies all allegations of this paragraph.

24.    Denied.

In response to the unnumbered paragraph following paragraph 24, Respondent Horton Homes denies that Claimant is entitled to the relief requested.

25.    Respondent Horton Homes incorporates and adopts herein its responses to paragraphs 1 through 24 above.  Respondent Horton Homes denies all allegations of this paragraph.

26.    Denied.

In response to the unnumbered paragraph following paragraph 26, Respondent Horton Homes denies that Claimant is entitled to the relief requested.

27.    Respondent Horton Homes incorporates and adopts herein its responses to paragraphs 1 through 26 above.  Respondent Horton Homes denies all allegations of this paragraph.

28.    Denied.

In response to the unnumbered paragraph following paragraph 28, Respondent Horton Homes denies that Claimant is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Respondent asserts that the arbitrator selected in this case is subject to the disclosure rules of the American Arbitration Association and reserves its right to seek the disqualification of such arbitrator once such required disclosures are made.

### SECOND DEFENSE

Respondent asserts that it is not a party to any arbitration agreement with Claimant and no court has ordered that any claims against Horton Homes be arbitrated. The claims against Horton Homes are not due to be arbitrated and the American Arbitration Association does not have jurisdiction or authority to administer any such claims.

### THIRD DEFENSE

There is no causal relation between the claims being made by Claimant and this Defendant's conduct.

### FOURTH DEFENSE

Respondent denies that any of its acts or omissions were the proximate cause of Claimant's injuries.

### FIFTH DEFENSE

Respondent denies that Claimant was injured or damaged to the nature and extent alleged in the Complaint and demands strict proof thereof.

### SIXTH DEFENSE

Respondent denies that Claimant was injured as a result of any conduct by this Defendant.

## SEVENTH DEFENSE

The alleged damages for which Claimant seeks recovery were caused by others for whom this Defendant is not responsible and Claimant cannot recover from this Defendant.

## EIGHTH DEFENSE

Claimant's claims are barred by the applicable statute of limitations or the doctrine of laches.

## NINTH DEFENSE

Claimant's claims are barred by accord and satisfaction.

## TENTH DEFENSE

Respondent pleads the affirmative defenses of estoppel, waiver, modification, ratification, novation and unclean hands.

## ELEVENTH DEFENSE

Provisions of the limited warranty issued by Respondent or others bars Claimant from recovery herein.

## TWELFTH DEFENSE

Claimant has been guilty of negligence that has proximately caused or contributed to cause the injuries and damages alleged in his Complaint.

## THIRTEENTH DEFENSE

Respondent pleads assumption of the risk.

## FOURTEENTH DEFENSE

Respondent pleads the statute of frauds.

## FIFTEENTH DEFENSE

Claimant's claims are barred by the doctrine of merger.

### SIXTEENTH DEFENSE

Claimant's claims are barred by the parol evidence rule.

### SEVENTEENTH DEFENSE

Claimant failed to mitigate his damages as required by Alabama law.

### EIGHTEENTH DEFENSE

Respondent asserts the defenses of release, payment and setoff.

### NINETEENTH DEFENSE

Claimant does not have standing to bring the claims alleged.

### TWENTIETH DEFENSE

Claimant has suffered no monetary damage.

### TWENTY-FIRST DEFENSE

Respondent denies that it breached any duty owed to Claimant.

### TWENTY-SECOND DEFENSE

Imposition of mental anguish damages would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

### TWENTY-THIRD DEFENSE

Respondent denies that it is the alter ego and mere instrumentality of Horton Homes, Inc.

### TWENTY-FOURTH DEFENSE

Respondent pleads failure to join a party under Rule 19.

### TWENTY-FIFTH DEFENSE

Claimant's Complaint contains allegations of fraud that are not pled with the requisite specificity and particularly as required by the Alabama Rules of Civil Procedure.

## TWENTY-SIXTH DEFENSE

Respondent denies that it suppressed any material facts from Claimant.

## TWENTY-SEVENTH DEFENSE

Respondent denies that it made any misrepresentations to Claimant.

## TWENTY-EIGHTH DEFENSE

Respondent denies that Claimant relied upon any representations to its detriment.

## TWENTY-NINTH DEFENSE

Respondent denies that it deceived Claimant.

## THIRTIETH DEFENSE

Respondent denies that it converted Claimant's property to its own use.

## THIRTY-FIRST DEFENSE

Respondent denies that it acted negligently or wantonly.

## THIRTY-SECOND DEFENSE

To the extent the Claimant seeks to hold Respondent jointly liable with other Defendants for misconduct and to recover punitive damages for such misconduct, the Alabama law permitting such joint liability for punitive damages is unconstitutional as violative of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because it permits jury imposition of punitive damages, purportedly based on the character and degree of the wrong committed, without in fact assigning to each defendant a proportionate responsibility for that defendant's contribution to the wrong committed.

## THIRTY-THIRD DEFENSE

With regard to Claimant's claim for punitive damages, Respondent pleads the following punitive damage defenses:

1.   Claims for punitive damages in this case violate the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, and Article I Section 6 of the Constitution of Alabama, on the following grounds:

   a.   It is in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

   b.   The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

   c.   The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

   d.   The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provide vague or insufficient standards, for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth

Amendment of the United States Constitution;

e.    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

f.    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

g.    The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportioned, or bear a reasonable relationship, to the actual harm incurred; and,

h.    The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

2.    Claimant's claims for punitive damages violate the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

a.    It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendants upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.      The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendants;

c.      The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

e.      An award of punitive damages in this case would constitute a deprivation of property without due process of law.

3.      Any attempt by Claimant to impose punitive or extra contractual damages on Respondent, on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

4.      Any award of punitive damages to Claimant in this action would constitute a deprivation of property without due process of law, which is required under the Fifth and Fourteenth Amendments of the United States Constitution and under Article I, Section 6 of the Alabama Constitution.

5.      Any award of punitive damages against Respondent in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

## <u>THIRTY-FOURTH DEFENSE</u>

To the extent that Claimant's claims for punitive damages exceed $250,000 (the cap imposed by the Alabama Legislature in ALA. CODE (1975) §6-11-21, then Claimant's claims likewise violate

the Separation of Powers Clause of the United States Constitution and/or the Alabama Constitution. The Alabama Supreme Court acted beyond its authority in striking down the legislative and statutory mandate of §6-11-21; therefore, the Court's action thereby was unconstitutional and without effect. To allow an award of punitive damages in excess of that statutory cap is in direct contravention of the express public policy of the State of Alabama.

### THIRTY-FIFTH DEFENSE

1.    To the extent that any punitive damages assessed in this action are apportioned to the State of Alabama or a General Fund as prescribed by *Life Ins. Co. of Georgia v. Johnson*, 684 So.2d 685 (Ala. 1996), *vacated* 117 S.Ct. 288 (1996), the award is unconstitutional. The Alabama Supreme Court's directive in that case is violative of the Separation of Powers Clause of the United States Constitution and/or Sections 42, 43 and 70 of the Alabama Constitution.

2.    To the extent that any punitive damages assessed in this action are apportioned to the State of Alabama or a General Fund as prescribed by *Life Ins. Co. of Georgia v. Johnson*, 684 So.2d 685 (Ala. 1996), *vacated* 117 S.Ct. 288 (1996),   then the award is violative of the Eighth Amendment to the United States Constitution and Article I, Section 15 of the Alabama Constitution.

3.    To the extent that any punitive damages assessed in this action are apportioned to the State of Alabama or a General Fund as prescribed by *Life Ins. Co. of Georgia v. Johnson*, 684 So.2d 685 (Ala. 1996), *vacated* 117 S.Ct. 288 (1996), the award constitutes an unconstitutional taking of private property without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

4.    To the extent that Claimant's demand for punitive damages may result in multiple punitive damage awards to be assessed for the same act or omission of the defendant, then that award contravenes the defendant's right to due process of law under the Fourteenth Amendment to the United States Constitution and Article 1, Section 13 of the Alabama Constitution. Moreover, such an

award of punitive damages would infringe upon the defendant's rights against double jeopardy, as guaranteed by the Fifth Amendment to the United States Constitution and/or Article 1, Section 9 of the Alabama Constitution.

     5.     To the extent that any punitive damages assessed in this action are apportioned to the State of Alabama or a General Fund as prescribed by *Life Ins. Co. of Georgia v. Johnson*, 684 So.2d 685 (Ala. 1996), *vacated* 117 S.Ct. 288 (1996), then such impermissibly infringes on the defendant's constitutional right to a trial by jury, as guaranteed by Article 1, Section 11 of the Alabama Constitution. The court's decision in that case inevitably places the judiciary and juries of the State of Alabama in a position of conflict of interest, since juries now have a financier incentive to award punitive damages as they will indirectly benefit from any such award.

          (a)     Likewise, any such punitive damage award would unconstitutionally encroach on the defendant's right to due process and open access to the courts of the State of Alabama, in violation of the Fourteenth Amendment to the United States Constitution   Article 1, Section 13 of the Alabama Constitution.

     6.     With respect to the Claimant's demands herein for punitive damages, the defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards as articulated in *Green Oil Co. V. Hornsby*, 539 So.2d 218 (Ala. 1989) and *BMW of North America, Inc.*, 116 S.Ct.1589 (1996).

### THIRTY-SIXTH DEFENSE

     To the extent that any punitive damages are assessed in this action, this defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards as articulated in *Foremost Insurance Co. v. Parham*, Nos. 1950507, 1951238, 1997 WL 112722 (Ala. March 14, 1997). More specifically, that any award of

such damages are limited according to the (a) alleged reprehensibility of the defendant's conduct; (b) alleged defendant's knowledge or notice that the alleged misconduct could have resulted in excessive punitive damages; (c) the maximum fines imposed for similar conduct; and (d) the disparity between the actual harm suffered by the plaintiff and the punitive damage award.

### THIRTY-SEVENTH DEFENSE

Respondent denies that its agents, servants, and employees, if any, have been guilty of any conduct which would entitle Claimant to recover punitive damages.

### THIRTY-EIGHTH DEFENSE

Claimants' claims for damages are subject to the limitations contained in the Code of Alabama, as amended, section 6-11-20 (clear and convincing evidence standard), section 6-11-21 (punitive damages), section 6-11-27 (principal/agent) and section 12-21-12 (substantial evidence and clear and convincing evidence standards).

### THIRTY-NINTH DEFENSE

With regards to Claimant's claim for punitive damages, Respondent pleads the constitutional limitations set forth in State Farm Mutual Automobile Insurance Company v. Campbell, 123 S. Ct. 1513 (Apr. 7, 2003), because determination of the amount of or proper circumstances for an award of punitive damages without consideration of the limitations set forth in Campbell would deny the Defendant due process of law in violation of the fourteenth Amendment to the United States Constitution and of the Alabama Constitution.

### FORTIETH DEFENSE

Potential liability for mental anguish damages should be restricted to conduct which is bound to result in shame, humiliation, and mental anguish, but not mere disappointment, anger, worry, aggravation, resentment, or embarrassment, and in the absence of emotional distress so severe that

no reasonable person could be expected to endure it and substantial evidence a defendant was aware of circumstances that would make alleged intentional or negligent conduct result in shame, humiliation, and mental anguish, claims for mental anguish should not be allowed to be submitted to the jury. No emotional injury recovery is available in this case as Alabama follows the "zone of danger" test, which limits recovery of mental anguish damages to those plaintiffs who sustain a physical injury as a result of a defendant's negligent conduct, or who are placed in immediate risk of physical harm by that conduct. *See Grand Manor, Inc. v. Dykes*, 2000 WL 337528 (Ala. March 31, 2000); *Wal-Mart Stores, Inc. v. Bowers*, 752 So.2d 1201 (Ala. 1999.); *AALAR, Ltd., Inc. v. Francis*, 716 So.2d 1141, 1147 (Ala. 1998); a*ccord, White Consol. Indus., Inc. v. Wilkerson*, 737 So.2d 447, 449 (Ala. 1999).

## FORTY-FIRST DEFENSE

The invitation for a trier of fact to impose liability for mental anguish damages, without guidelines or standards for determination of the amount or proper circumstances for such an award, would deny  due process of law in violation of the Fourteenth Amendment to the United States Constitution and in violation of the Constitution of the State of Alabama.

## FORTY-SECOND DEFENSE

The claims relating to mental anguish damages are barred by the Fourteenth Amendment to the United States Constitution and by the Constitution of the State of Alabama.

## FORTY-THIRD DEFENSE

The imposition of mental anguish damages in this case would contravene the due process clause of the United States Constitution and the Constitution of the State of Alabama and the Fourth, Sixth, Eighth, and Fourteenth Amendments, separately, to the United States Constitution on each of the following grounds:

A.  The procedures pursuant to which mental anguish damages are awarded permit the award of mental anguish damages upon satisfaction of a standard of proof less than the applicable standard of proof required for the imposition of criminal sanctions.

B.  The procedures pursuant to which mental anguish damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrong doing.

C.  The procedures pursuant to which mental anguish damages are awarded fail to provide a reasonable limit on the amount of award.

D.  The procedures pursuant to which mental anguish damages are awarded fail to provide specific standards for the award of mental anguish damages.

E.  The procedures pursuant to which mental anguish damages are awarded are unconstitutionally vague.

F.  The procedures pursuant to which mental anguish damages are awarded fail to provide a means for awarding separate judgments against alleged joint tortfeasors.

G.  The procedures pursuant to which mental anguish damages are awarded fail to provide specific standards for the amount of mental anguish damages.

H.  The procedures pursuant to which mental anguish damages are awarded fail to provide a clear appellate standard of review of an award of mental anguish damages.

I.  The procedures pursuant to which mental anguish damages are awarded may permit the admission of evidence relative to mental anguish damages in the same proceedings during which liability and compensatory damages are determined.

J.  An award of mental anguish damages would constitute an arbitrary and capricious taking of property without due process of law.

## FORTY-FOURTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

Respondent reserves the right to add any and all defenses that may be applicable in this case but which are unidentifiable at this time. Any such defenses will be added by amendment once they

are identified.

David L. Selby, II
Jon M. Hughes
Attorneys for Respondent

Kee & Selby, LLP
1900 International Park Drive, Suite 220
Birmingham, Alabama 35243
(205) 968-9900

Steven J. Kyle
Bovis, Kyle & Burch, LLC,
53 Perimeter Center East, Suite 300
Atlanta, GA  30346
(770) 391-9100

## CERTIFICATE OF SERVICE

I hereby certify that I have served, by United States Mail, postage prepaid and properly addressed, a true and correct copy of the above and foregoing upon all counsel to this proceeding this the ___8th___ day of January, 2006.

Michael S. Harper, Esq.
PO Box 780608
Tallasee, AL 36078

Frank H. Hawthorne, Jr., Esq.
322 Alabama Street
Montgomery, AL 36104

OF COUNSEL

**EXHIBIT "E"**
**TO**
**APPENDIX TO PLAINTIFF HORTON HOME, INC.'S**
**POST-HEARING BRIEF IN SUPPORT OF ITS MOTION**
**FOR PRELIMINARY INJUNCTION**

# AMERICAN ARBITRATION ASSOCIATION
## Consumer Arbitration Tribunal

In the Matter of the Arbitration between

Re: 30 434 00729 06
William Shaner (Claimant)
and
H&S Homes, LLC/Horton Homes, Inc. (Respondents)

## AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties and having been duly sworn, and having duly heard the proofs and allegations of the Parties, do hereby, AWARD, as follows:

This matter comes before the undersigned arbitrator by way of an arbitration agreement included in documents executed in connection with the purchase of a mobile home by William Shaner from Respondent H & S Homes, L.L.C. The undersigned arbitrator was appointed pursuant to the order of the Circuit Court of Montgomery County, Alabama in *William Shaner and Patrick Pritchett v. H & S Homes, LLC et al.* Case number 2004-1909. In *H & S Homes, L.L.C. v William Shaner and Patrick Pritchett, 940* So.2d 981 (Ala. 2006), the Supreme Court of Alabama upheld the appointment of the undersigned arbitrator, but reversed the trial court's decision that the American Arbitration Association (herein "AAA") would not administer the arbitration. The Claimant then filed an arbitration with AAA consistent with the Supreme Court's decision and AAA has administered this arbitration. An issue arose concerning the applicability of the Consumer Rules to this arbitration and AAA decided that, despite the amount of the Claimant's claim, the Consumer Rules did apply. This arbitrator has applied those rules to the hearing and to this award.

This matter was heard in a single day of hearing on **June 5, 2007**. The parties requested, and were allowed, additional time to submit evidentiary materials and post-hearing briefs and proposed orders. Those materials were provided June 22, 2007, and this award is being rendered within fourteen days as required by the Consumer Rules.

The undersigned arbitrator having considered the evidence presented by the parties, the voluminous documents introduced and argument of counsel, it is **ORDERED** as follows:

1.  The Claimant's Motion to Strike the Affidavit of David L. Selby is **DENIED.** The arbitrator rejects the Claimant's argument that Mr. Selby is disqualified from providing such an affidavit as a result of his participation as counsel in this case.

2.   All motions filed by Respondents and continued for decision until the close of the evidence are **DENIED**.

3.   Claimant is **AWARDED** damages in the amount of FOUR HUNDRED EIGHTY-SEVEN THOUSAND AND FIVE HUNDRED DOLLARS ($487,500) against all Respondents separately and severally.

4.   The costs of the arbitration, including all filing fees and the arbitrator's fee are taxed against the Respondent.

The administrative filing and case service fees of the American Arbitration Association totaling $950.00 shall be borne entirely by Respondents separately and severally. The fees and expenses of the arbitrator totaling $1270.00 shall be borne entirely by Respondents separately and severally. Therefore Respondents separately and severally, shall reimburse Claimant the sum of $125.00, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Claimant.

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

July 6, 2007
_____
Date

_____
Frank M. Wilson

I, Frank M. Wilson, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

July 6, 2007
_____
Date

_____
Frank M. Wilson

**EXHIBIT "F"**
**TO**
**APPENDIX TO PLAINTIFF HORTON HOME, INC.'S**
**POST-HEARING BRIEF IN SUPPORT OF ITS MOTION**
**FOR PRELIMINARY INJUNCTION**

## BOVIS, KYLE & BURCH, LLC

Steven J. Kyle
kyle@boviskyle.com

ATTORNEYS AT LAW
53 PERIMETER CENTER EAST
THIRD FLOOR
ATLANTA, GEORGIA 30346-2298

TEL (770) 391-9100
FAX (770) 668-0878

January 5, 2007

**VIA FACSIMILE 334-834-0080**
**& U. S. MAIL**
Frank H. Hawthorne, Jr.
Hawthorne & Myers, LLC
322 Alabama Street
Montgomery, AL 36104

**RE:    Elsie (Fondren) Averette v. H&S Homes, LLC & Horton Homes, Inc.,**
**American Arbitration Association**
**Our File No. 4108-28**

**William & Sherrie Cruthirds v. H&S Homes, LLC & Horton Homes,**
**Inc., American Arbitration Association**
**Our File No. 4108-29**

Dear Frank:

I am writing you with regard to the above two matters in which you have demanded
arbitration with the American Arbitration Association against H&S Homes, LLC and
Horton Homes, Inc.   The claims involve Elsie (Fondren) Averette and William and
Sherrie Cruthirds.

I write for two reasons.  The first involves your naming Horton Homes, Inc. in your
demand for arbitration.  The arbitration agreement that was attached to each of the
demands as Exhibit A clearly show that this was a document executed between your
clients and H&S Homes, LLC.  Horton Homes, Inc. was not a signatory to this
arbitration agreement and cannot be compelled or forced to arbitrate.  Any claims you
wish to assert against Horton Homes, Inc. must be made in state or federal court.

I call upon you to voluntarily dismiss Horton Homes, Inc. from both these claims.

The second purpose for this letter is to take issue with the selection of Randall Stark
Haynes as the arbitrator.  Exhibit B to both demands was a letter written to you from
George M. Ritchey and the letters state, "You have advised me that your client has
signed an arbitration agreement calling for GreenPoint as the assignee to select an
arbitrator with the consent of the buyer, your client."  You correctly recited the
pertinent part of the agreement.  However, Mr. Ritchey did not "select" the arbitrator.
For all intents and purposes, you selected the arbitrator.

Frank H. Hawthorne, Jr.
January 5, 2007
Page 2

His letter went on to point out, "You have provided me with the names of four attorneys to consider as arbitrators in this case. Please be advised that on behalf of our client, we select Randall Stark Haynes, Esq. as arbitrator in this case."

H&S Homes, LLC, (and to the extent that Horton Homes, Inc. remains as party to this arbitration) vigorously opposes this jaundiced selection process. It is flawed, contrary to the spirit and intent of the agreement, and it violates Alabama law and the provisions of the Federal Arbitration Act. I have accessed the webpage for Morris Haynes & Hornesby and under "Firm Overview," it states, "Morris Haynes & Hornesby has a strong concentration on civil jury trials with an emphasis on obtaining punitive damages with verdicts ranging from $5 million in south Alabama to $25 million in both central and northern Alabama."

I call upon you to voluntarily produce to me copies of all written correspondence between you and Mr. Ritchey regarding this flawed and aborted process. I do not believe this conspiracy will be allowed by either the state or federal courts. The landmark of fair and equitable arbitration is the selection of an arbitrator who is neutral, unbiased and unprejudiced. Attorney Haynes cannot pass muster in this regard. I will be very interested to learn the identity of the other three attorneys whom you suggested.

My clients are also deeply troubled and concerned that you saw fit to omit them from participation in the arbitrator selection process. This was obviously designed to skew the arbitration in favor of one party which is abhorrent to the principles of equity and fair play.

I call upon you to work with me toward a mutually agreeable list of recommended arbitrators with Mr. Ritchey and GreenPoint or to ask Mr. Ritchey to select an arbitrator without any influence or suggestion on your part or mine.

The arbitration agreement calls upon the assignee to select the arbitrator. To the extent that suggestions or recommendations are made to the assignee, if it is done at all, it should be done jointly, openly and fairly, and without any attempt to hand pick an individual who will favor one side over the other at the arbitration proceeding.

Please let me hear from you within the next seven days.

Very truly yours,

Steven J. Kyle, P.C.

SJK/bjd
Cc:    David S. Selby, Esq.

276173-1

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned has this date served a true and correct copy of the within and foregoing "Appendix to Plaintiff Horton Homes, Inc.'s Post-Hearing Brief in Support of its Motion for Preliminary Injunction" on the following parties, by manner of service as indicated below, in properly addressed envelopes, with adequate postage affixed thereon, as necessary, addressed as follows:

Michael S. Harper
213 Barnett Boulevard
P.O. Box 780608
Tallassee, Alabama  36078
*(Via Certified Mail, RRR #70070710000493716466)*

Frank H. Hawthorne, Jr.
Randy A. Myers
Hawthorne & Myers LLC
322 Alabama Street
Montgomery, Alabama  36104
*(Via Certified Mail, RRR #70070710000493716473)*

Dated this ____ day of October, 2007.

By: _____
JAMES L. PAUL
*Georgia Bar No. 567600*
THOMAS C. GRANT
*Georgia Bar No. 297455*
(Admitted Pro Hac Vice)

*Counsel for Plaintiff Horton Homes, Inc.*

*Chamberlain, Hrdlicka, White, Williams & Martin*
191 Peachtree Street, N.E., Thirty-Fourth Floor
Atlanta, Georgia 30303
(404) 659-1410
(404) 659-1852 (Facsimile)
james.paul@chamberlainlaw.com
262933.1
730302-000000:10/1/2007