UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HORTON HOMES, INC. | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO.: 2:07-cv-506-MEF |
| LARUE BANDY, et al., | ) |
| Defendants. | ) |

## DEFENDANT'S RESPONSE TO LACHES ISSUE

Comes now Defendant William Shaner, who responds to the Court on the laches issue raised and discussed in the Court's motion hearing on September 24, 2007 by saying as follows:

This Court should invoke the equitable doctrine of laches, thereby barring Plaintiff from proceeding with its petition for injunctive and other relief, because Plaintiff "inexcusably slept on [its] rights so as to make a decree against the defendant unfair". Holmberg v. Armbrecht, 327 U.S. 392, 396, 66 S. Ct. 582, (1946). "There must be conscience, good faith, and reasonable diligence, to call into action the powers of the court." McKnight v. Taylor, 1 How. 161, 168, 11 L. Ed. 86. A federal court may not be bound by a State statute of limitation and yet that court may dismiss a suit where the plaintiffs' lack of diligence is wholly unexcused; and both the nature of the claim and the situation of the parties was such as to call for diligence. Benedict v. City of New York, 250 U.S. 321, 328, 39 S.Ct. 476, 478, 63 L.Ed. 1005. A suit in equity may fail though not barred by the act of limitations. McKnight v. Taylor, supra.; Alsop v. Riker, 155 U.S. 448, 15 S. Ct. 162, 39 L. Ed. 218; Holmberg v. Armbrecht,, 327 U.S. 392, 66 S. Ct. 582 (1946).

"But the doctrine of estoppel by laches is not one which can be measured out in days and months, as though it were a statute of limitations. For what might be inexcusable delay in one case would not be inconsistent with diligence in another, and unless the nonaction of the complainant operated to damage the defendant, or to induce it to change its position, there is no necessary estoppel arising from the mere lapse of time." Townsend v. Venderwerker, 160 U. S. 186, 40 L. Ed. 388, 16 Sup. Ct. Rep. 258; Northern Pac. R. Co. v. Boyd, 228 U.S. 482, 33 S. Ct. 554 (1913).

In this case, the arbitration demand was filed with the American Arbitration Association on or about August 9, 2006. Within days thereafter, Plaintiff Horton Homes, Inc. received its arbitration demand. Plaintiff took no action to enjoin the arbitration proceedings notwithstanding the fact that it knew that it objected to proceeding in arbitration at every turn thereafter. Plaintiff participated in discovery in the arbitration proceeding, attended hearings and otherwise participated in the arbitration, including the actual arbitration hearing itself on June 5, 2007. Only after the arbitration hearing did Plaintiff file this proceeding seeking to stop the arbitration against it.

The evidence undoubtedly establishes that Plaintiff "inexcusably slept on [its] rights" with full knowledge of its contentions throughout the process. As a result of Plaintiff's failure to timely assert its position, Defendant Shaner traveled from New York and went through the arbitration process against Plaintiff. Plaintiff has thereby been allowed the benefit of having "two bites at the apple" after having seen Defendant Shaner try his case. Defendant Shaner would have withheld its evidence against Plaintiff and would have presented evidence as to H & S Homes, L.L.C. solely had Plaintiff timely asserted its contentions in this Court. This puts Defendant Shaner at a disadvantage in future litigation, as Plaintiff has already "seen his hand". This in injury that this Court cannot repair. In addition, Shaner incurred unnecessary time and expense.

While we are involved in these proceedings, Plaintiff is pursuing an appeal to the Alabama Supreme Court. Also involved in the appeal is Horton Homes' subsidiary, H & S Homes, L.L.C., which is not a party to these proceedings. Plaintiff now asks this Court to essentially stay the very proceedings that it instigated, which would do nothing to stop the appellate proceedings instigated by H & S Homes, since this Court has no jurisdiction over the non-party, H & S Homes. Defendant Shaner would then be required to litigate both in this lawsuit as well as H & S Homes' appeal. This defies logic, as well as the law. Plaintiff can remedy the problem by simply dismissing its appellate proceedings in favor of this Court's jurisdiction. Alternatively, Plaintiff could dismiss this case in favor of its pending appeal. In any event, equity demands that Plaintiff should not be allowed to benefit from the very dilemma that it created.

Based on the foregoing, Defendant Shaner respectfully prays that this Court will dismiss this case and allow the matter to be determined by the Supreme Court of Alabama.

                                          ATTORNEYS FOR DEFENDANTS:

                                          */s/ Randy Myers*
                                          RANDY MYERS (MYE003)

                                          */s/ Frank H. Hawthorne, Jr.*
                                          FRANK H. HAWTHORNE, JR. (HAW012)

OF COUNSEL:
Hawthorne & Myers, LLC
322 Alabama Street
Montgomery, AL  36102
(334) 269-5010
(334) 834-0080

OF COUNSEL:
Michael S. Harper
P.O. Box 780608
Tallassee, AL  36078
(334) 283-6855
(334) 283-6858 Fax


CERTIFICATE OF SERVICE

 I hereby certify that I have not served Plaintiff's counsel of record with a copy of the foregoing pursuant to this Court's instructions given in the September 24, 2007 hearing.

               */s/ Frank H. Hawthorne, Jr.*
               OF COUNSEL