IN THE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

| | | |
|---|---|---|
| HORTON HOMES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| LARUE BANDY, MARIE BANDY, PATRICK | ) | 2:07-CV-506-MEF |
| PRITCHETT, WILLIAM SHANER, ELSIE | ) | |
| FONDREN AVERETTE, WILLIAM | ) | |
| CRUTHIRDS, and SHERRIE CRUTHIRDS, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO PERMIT TESTIMONY
## BY CONTEMPORANEOUS TRANSMISSION

Plaintiff Horton Homes, Inc. ("Plaintiff Horton" or "Horton Homes"), moves the court pursuant to Fed. R. Civ. P. 43(a) to permit presentation of the testimony of Mr. Dudley Horton in open court by contemporaneous video transmission from a different location, and as good cause therefore, submits the following:

1. As indicated in the October 18, 2007 report of Mr. Horton's treating physician, Robert S. Cowles, III, M.D., a copy of which is attached hereto as Exhibit A and made a part hereof, Mr. Horton is experiencing a medical condition which renders him incapable of traveling from his residence in Eatonton,

Georgia to Montgomery, Alabama for the scheduled hearing of this case on October 26, 2007. Aside from his inability to travel, however, Mr. Horton has declared himself ready, willing and able to testify as a witness in this case in support of the motion for preliminary injunction sought by Horton Homes.[1]

      2.    The situation thus presented falls squarely within the 1996 amendment to Rule 43 which added a provision for the contemporaneous transmission of testimony in "compelling circumstances." The 1996 Advisory Committee Notes for Rule 43 are directly applicable: "The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a difference place."

      3.    Testimony by contemporaneous video will give the court an opportunity to hear the witness and observe his demeanor – which are the primary benefits of live testimony, see <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 401 (1947), to directly rule on any matters presented by the testimony, and, where the court deems it necessary or advisable in the course of the ore tenus presentation, to question the witness on points of significance to the court. See <u>Duncan v. IBM Corp.</u>, 1996 WL 720106 (S.D.N.Y.) (not reported in F.Supp.) ("[T]he federal

---

[1] Mr. Horton was present in court and prepared to testify on September 24, 2007, which was the original hearing date for the requested motion.

courts have shown consistent sensitivity to evolving technology that may facilitate efficient litigation practices. Present videotaping techniques can provide jurors high-quality pictures and sound, and thus go far to replicating the experience of viewing a witness live in the courtroom." Id. at p. 4).

4. Because Mr. Horton will offer live testimony, counsel for the defendants will have the opportunity to conduct cross-examination of the witness, the same as if he were present and, if they chose to do so, to have an attorney present with Mr. Horton at the place of his examination to observe the circumstances of his testimony.

5. The undersigned represents that on October 17, 2007 counsel for defendants were advised in writing of the nature of Mr. Horton's condition and requested to advise plaintiff's counsel if there was any objection to the contemporaneous presentation of his testimony by the means described herein. As of the filing of this motion, no such objection has been communicated.

For the foregoing reasons, Horton Homes submits that its motion for the presentation of the testimony of Mr. Dudley Horton in the means and manner described above is due to be granted.

This __18th__ day of October, 2007.

                                          */s/ Sydney F. Frazier, Jr.*
                                          Sydney F. Frazier, Jr. (FRA007)

CABANISS, JOHNSTON, GARDNER,
   DUMAS & O'NEAL LLP
2001 Park Place No. Ste 700
Birmingham, Alabama 35203
Phone:  (205) 716-5200
Facsimile:  (205) 716-5389
Email:  sff@cabaniss.com

                                        */s/ James L. Paul*
                                        James. L. Paul (Ga. Bar No. 567600)

                                        */s/ Thomas C. Grant*
                                        Thomas C. Grant (Ga. Bar No. 297455)

OF COUNSEL:

CHAMBERLAIN, HRDLICKA, WHITE,
     WILLIAMS & MARTIN
191 Peachtree Street, N.E. – 34th Floor
Atlanta, Georgia 30393
Telephone: (404) 659-1410
Facsimile: (404) 659-1852
Email: jimmy.paul@chamberlainlaw.com
       thomas.grant@chamberlainlaw.com

                                        Attorneys for Plaintiff
                                        Horton Homes, Inc.

## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing MOTION TO PERMIT TESTIMONY BY CONTEMPORANEOUS TRANSMISSION has been filed using the CM/ECF system and will be served by the system on:

>Frank Howard Hawthorne, Jr.
>Hawthorne & Myers LLC
>322 Alabama Street
>Montgomery, AL  36104
>Email:  frank@hawthorneonline.com
>
>Michael Stephen Harper
>Michael S. Harper, PC
>P. O. Box 780608
>Tallahassee, AL  36078-0007
>Email:  mikeharper@elmore.rr.com
>
>Randy A. Myers
>Hawthorne & Myers LLC
>322 Alabama Street
>Montgomery, AL  36104
>Email:  randy@hawthorneonline.com

    This   18th   day of October, 2007.

                                                 */s/ Sydney F. Frazier, Jr.*

# EXHIBIT A



COWLES CLINIC CENTER FOR UROLOGY

ROBERT S. COWLES III, M.D., F.A.C.S.

October 18, 2007

The Honorable Mark E. Fuller
Chief Judge, U. S. District Court
Middle District of Alabama
One Church Street
Montgomery, Alabama 36104

Dear Sir:

My patient, Dudley Horton has recently been found to be in renal failure and urinary retention. He has an indwelling foley catheter and his lab work is being monitored presently on a daily or every other day basis. He will require operative procedures and close medical follow up for the next several weeks. At this point it is unclear as to when he will be able to travel as his physical condition presently is serious. I would not advise this patient, under any circumstance, to travel away from myself and his other physicians who are caring for this serious medical problem.

If you have any questions, please do not hesitate to contact me.

Respectfully,

Robert S. Cowles, III MD

RSC/dr

Cc:  Jimmy Paul
     Syd Frazier

1000 COWLES CLINIC WAY • CYPRESS COTTAGE, SUITE C-100 • GREENSBORO, GA 30642 • P 706/454-1000 • F 706/454-0101 • WWW.COWLESCLINIC.COM