UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HORTON HOMES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07-cv-506-MEF |
| ) | |
| LARUE BANDY, MARIE BANDY, ) | |
| PATRICK PRITCHETT, WILLIAM ) | |
| SHANER, ELSIE FONDREN ) | |
| AVERETTE, WILLIAM CRUTHIRDS, ) | |
| and SHERRIE CRUTHIRDS, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO COMPEL

COME NOW your Defendants in the above-styled cause and hereby move this Honorable Court to enter an Order compelling the Plaintiff Horton Homes, Inc., to produce documents in response to Defendants Request for Production of Documents and to fully and completely answer Interrogatories, and state as grounds therefore:

1. On October 25, 2007, Defendants submitted Request for Production of Documents 4 thru 15 to Horton Homes, Inc.

2. On December 10, 2007, Horton Homes, Inc. responded to Request for Production numbers 4, 7, 8, 9, 10, and 11, stating it "will produce" said documents. (See Attached Exhibit "A") Since that time, Defendants have asked orally and in writing(twice) for Horton Homes, Inc. to produce said documents, to which it responded that Defendants must come to Eatonton, GA, in order to get the documents. Defendants have yet to receive any of the documents Horton Homes, Inc., agreed to produce over two months ago.

3. Request for Production number 13 requests that Plaintiff produce any and all documents touching, concerning, or pertaining to the lawsuit styled Horton Homes, Inc. v. H & S Homes, LLC. The Court will recall that the Superior Court of Putnam County entered a $22,000,000.00 default judgment against H & S Homes, LLC. Horton Homes objected to producing this information on the basis it is outside the scope of discovery under Fed. R. Civ. P. 26. (See Attached Exhibit "B") However, this request seeks information that is relevant to this matter, is reasonably calculated to lead to the discovery of admissible evidence and is not outside the scope of discovery.

4. On November 27, 2007, Defendants submitted Request for Production of Documents 16 thru 21 to Horton Homes, Inc.

5. On December 31st, 2007, Horton Homes, Inc. responded to Request for Production number 19, which seeks a true and correct copy of each and/or every arbitration agreement that was included in the sale of each mobile home to each Defendant in this case. Horton Homes, Inc. responded that it has already produced Arbitration Agreements that were "signed" by the Defendants. (See Attached Exhibit "C") Request for Production number 19 is not limited to Arbitration Agreements that were signed, and Defendants believe there are unsigned Arbitration Agreements relating to the Manufacturer's Warranty and/or contained in the Homeowner's Manual. Plaintiff need only state under oath that there are no other Arbitration Agreements, signed or unsigned, other than those previously produced.

6. On November 27, 2007, Defendants submitted Interrogatories 18 thru 26.

7.  Interrogatory number 25 asks for the names, addresses, phone numbers, type of account and account numbers of any and all financial accounts held by H & S Homes, LLC, at each and every financial institution.

8.  Horton Homes, Inc. objected to Interrogatory number 25, on December 28, 2007, stating it would only answer this question pursuant to a mutually acceptable confidentiality agreement. (See Attached Exhibit "D")  Defendants agreed in writing on two separate occasions to sign a confidentially agreement and have yet to receive one from Horton Homes, Inc.

9.  Counsel for Defendants hereby certify that he has attempted in good faith to confer with Plaintiff and resolve these matters, without court action, with the Horton Homes, Inc. attorneys to no avail.

WHEREFORE, above premises considered, Defendants respectfully pray this Honorable Court set this matter down for hearing and further Order the Plaintiff, Horton Homes, Inc., to produce the requested documents, they have already agreed to produce, and to fully and completely answer interrogatory number 25.

Respectfully submitted on this the 19th day of February, 2008.

/s/ Frank H. Hawthorne, Jr.
FRANK H. HAWTHORNE, JR. (HAW012)
Attorney for Defendants

OF COUNSEL:
Hawthorne & Myers, LLC
322 Alabama Street, Suite A
Montgomery, AL  36104
(334) 269-5010 / (334) 834-0080 Fax

3

OF COUNSEL:
Michael S. Harper
P.O. Box 780608
Tallassee, AL 36078
(334) 283-6855
(334) 283-6858 Fax

### CERTIFICATE OF SERVICE

    I hereby certify that I have on this the 19th day of February, 2008, filed the above pleading/discovery electronically with the CM/ECF E-Filing System in Federal District Court. The below counsel will receive a copy from the system via email if registered in the system. If not, I certify that I have placed a copy of the same in the U.S. mail this day.

Sydney F. Frazier, Jr., Esq.
Cabaniss, Johnston, Gardner, Dumas & O'Neal, LLP
2001 Park Place North, Suite 700
Birmingham, AL 35203

James L. Paul, Esq.
Thomas C. Grant, Esq.
Chamberlin, Hrdlicka, White, Williams & Martin
191 Peachtree Street, N.E., 34th Floor
Atlanta, GA 30303

                                                     /s/ *Frank H. Hawthorne, Jr.*
                                                     OF COUNSEL

*Request for Production No. 4:*

4.

A true and correct copy of any and all contracts or agreements entered into at any time between Horton Homes, Inc. and H&S Homes, LLC.

*Plaintiff Horton's Specific Objections to Request for Production No. 4:*

Plaintiff Horton objects to Request No. 4 on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is thus outside the scope of discovery under Fed. R. Civ. P. 26. Plaintiff Horton further objects to this Request on the grounds that it is unlimited as to time and that it is unduly burdensome, because it seeks identification of hundreds of agreements entered into over more than a decade.

*Plaintiff Horton's Response to Request for Production No. 4, Subject to Objections:*

Plaintiff Horton will produce all non-privileged documents that it understands to be responsive to Request No. 4.

*Request for Production No. 5:*

5.

A true and correct copy of each and every written manufacturer's warranty that came with the mobile homes purchased by each defendant in this case.



*Plaintiff Horton's Response to Request for Production No. 5, Subject to Objections:*

Plaintiff Horton has already produced the requested documents, which are labeled HORTON000073 through HORTON000179.

*Request for Production No. 6:*

6.

A true and correct copy of each and every homeowner's manual that came with the mobile homes purchased by each defendant in this case.

*Plaintiff Horton's Response to Request for Production No. 6, Subject to Objections:*

Plaintiff Horton has already produced the requested documents, which are labeled HORTON000073 through HORTON000179.

*Request for Production No. 7:*

7.

A true and correct copy of any and all documents that were executed causing or relating to the creation of, or formation of, H&S Homes, LLC.

*Plaintiff Horton's Specific Objections to Request for Production No. 7:*

Plaintiff Horton objects to Request No. 7 on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is thus outside the scope of discovery under

- 4 -

Fed. R. Civ. P. 26. Plaintiff Horton also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege.

***Plaintiff Horton's Response to Request for Production No. 7, Subject to Objections:*__**

Plaintiff Horton will produce all non-privileged documents that it understands to be responsive to Request No. 7.

**_Request for Production No. 8:_**

8.

A true and correct copy of any and all documents reflecting the identity of any and all persons or entities that have any membership or financial interest in H&S Homes, LLC since its inception through the date of responses to these requests.

**_Plaintiff Horton's Specific Objections to Request for Production No. 8:_**

Plaintiff Horton objects to Request No. 8 on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is thus outside the scope of discovery under Fed. R. Civ. P. 26. Plaintiff Horton also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, and on the ground that it is overly vague because it is unclear exactly what Defendants mean by "reflecting the identity" and "financial interest".

*Plaintiff Horton's Response to Request for Production No. 8, Subject to Objections:*

Plaintiff Horton will produce all non-privileged documents that it understands to be responsive to Request No. 8.

*Request for Production No. 9:*

9.

A true and correct copy of any and all documents reflecting any and all financing, financial contributions or payments to H&S Homes, LLC by Horton Homes, Inc. at any time. This would include, but not be limited to, all instances where Horton Homes, Inc. co-signed or guaranteed any loans made by, or on behalf of H&S Homes, LLC.

*Plaintiff Horton's Specific Objections to Request for Production No. 9:*

Plaintiff Horton objects to Request No. 9 on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is thus outside the scope of discovery under Fed. R. Civ. P. 26. Plaintiff Horton objects to this Request on the grounds that it is unlimited as to time and subject matter and is therefore unduly burdensome and harassing. Plaintiff Horton also objects to this Request to the extent it seeks documents that may be protected by the attorney/client privilege, and/or the work-product doctrine.

*Plaintiff Horton's Response to Request for Production No. 9, Subject to Objections:*

Plaintiff Horton will produce all non-privileged documents that it understands to be responsive to Request No. 9.

**Request for Production No. 10:**

10.

A true and correct copy of any and all documents reflecting the initial capitalization of H&S Homes, LLC.

**Plaintiff Horton's Specific Objections to Request for Production No. 10:**

Plaintiff Horton objects to Request No. 10 on the grounds that it seeks documents that may be protected by the attorney/client privilege.

*Plaintiff Horton's Response to Request for Production No. 10, Subject to Objections:*

Plaintiff Horton will produce all non-privileged documents that it understands to be responsive to Request No. 10.

**Request for Production No. 11:**

11.

A true and correct copy of any and all checks for payments that Horton Homes, LLC gave, loaned or provided to, or on behalf of, H&S Homes, LLC at any time since the inception of H&S Homes, LLC.

*<u>Plaintiff Horton's Specific Objections to Request for Production No. 11</u>:*

Plaintiff Horton objects to Request No. 11 on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is thus outside the scope of discovery under Fed. R. Civ. P. 26. Plaintiff Horton also objects to this Request because it is unlimited as to time and subject matter, and is therefore unduly burdensome and harassing.

*<u>Plaintiff Horton's Response to Request for Production No. 11, Subject to Objections</u>:*

Plaintiff Horton will produce all non-privileged documents that it understands to be responsive to Request No. 11.

### *Request for Production No. 13:*

13.

A true and correct copy of any and all documents touching, concerning or pertaining to the lawsuit styled Horton Homes, Inc. v. H&S Homes, LLC case 2005 CV04-01, in the Superior Court of Putnam County, Georgia.

### *Plaintiff Horton's Specific Objections to Request for Production No. 13:*

Plaintiff Horton objects to Request No. 13 on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is thus outside the scope of discovery under Fed. R. Civ. P. 26. Plaintiff Horton also objects to this Request to the extent that it seeks documents which may be protected by the attorney/client privilege, and/or the work-product doctrine. Furthermore, Defendants can obtain copies of all pleadings, orders, and other court documents for the referenced case from the Superior Court of Putnam County, Georgia.

EXHIBIT B

*Request for Production No. 19:*

19.

A true and correct copy of each and/or every arbitration agreement that was included in the sale of each mobile home to each defendant in this case.

*Plaintiff Horton's Response to Request for Production No. 19, Subject to Objections:*

Plaintiff Horton has already produced the Arbitration Agreements signed by the Defendants in this action, as Exhibits "A" through "E" to its Complaint [Doc. #1] filed in this case on June 8, 2007.

- 5 -



*Interrogatory No.25:*

25.

Please list the names, addresses, phone numbers, type of account and account numbers of any and all financial accounts held by H&S Homes, LLC at each and every financial institution beginning January, 2002 to the present.

*Plaintiff Horton's Specific Objections to Interrogatory No. 25:*

Plaintiff Horton objects to Interrogatory No. 25 on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is thus outside the scope of discovery under Fed. R. Civ. P. 26. Plaintiff Horton objects to this Interrogatory on the ground that it seeks disclosure of confidential financial account numbers; therefore, Plaintiff Horton will only supply this information pursuant to a mutually acceptable confidentiality agreement. Plaintiff Horton also objects to this Interrogatory as overly vague, because it is unclear exactly what Defendants mean by "financial accounts".

EXHIBIT D
Blumberg No. 5208