UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HORTON HOMES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:07-CV-506-MEF |
| | ) | |
| LARUE BANDY, MARIE BANDY, | ) | |
| PATRICK PRITCHETT, WILLIAM | ) | |
| SHANER, ELSIE FONDREN | ) | |
| AVERETTE, WILLIAM CRUTHIRDS, | ) | |
| and SHERRIE CRUTHIRDS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**NOTICE OF FILING**
**DECLARATION OF JIMMY L. PAUL IN SUPPORT OF PLAINTIFF'S**
**OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

COMES NOW Plaintiff Horton Homes, Inc., and hereby gives notice of its

filing the "Declaration of Jimmy L. Paul In Support of Plaintiff's Opposition to

Defendants' Motion to Compel" attached hereto as Exhibit "A".

Dated this _6th_ day of March, 2008.

By: _____

JAMES L. PAUL
*Georgia Bar No. 567600*
THOMAS C. GRANT
*Georgia Bar No. 297455*
(Admitted Pro Hac Vice)

*Counsel for Plaintiff Horton Homes, Inc.*

*Chamberlain, Hrdlicka, White, Williams & Martin*
191 Peachtree Street, N.E., 34th Fourth Floor
Atlanta, Georgia  30303
(404) 659-1410
(404) 659-1852 (Facsimile)
*james.paul@chamberlainlaw.com*

SYDNEY F. FRAZIER
SJIS #FRA007
*Cabaniss, Johnston, Gardner, Dumas & O'Neal, LLP*
Suite 700
2001 Park Place North
Birmingham, Alabama  35203
(205) 716-5291
(205) 716-5389 (Facsimile)
*sff@cabaniss.com*

*Co-Counsel for Plaintiff Horton Homes, Inc.*

**<u>EXHIBIT "A"</u>**
**<u>TO</u>**
**<u>NOTICE OF FILING</u>**
**<u>DECLARATION OF JIMMY L. PAUL IN SUPPORT OF PLAINTIFF'S</u>**
**<u>OPPOSITION TO DEFENDANTS' MOTION TO COMPEL</u>**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HORTON HOMES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:07-CV-506-MEF |
| | ) | |
| LARUE BANDY, MARIE BANDY, | ) | |
| PATRICK PRITCHETT, WILLIAM | ) | |
| SHANER, ELSIE FONDREN | ) | |
| AVERETTE, WILLIAM CRUTHIRDS, | ) | |
| and SHERRIE CRUTHIRDS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF JIMMY L. PAUL
## PURSUANT TO 28 U.S.C. § 1746

**NOW COMES JIMMY L. PAUL**, who makes the following Declaration under penalty of perjury.

1.

My name is Jimmy L. Paul. I am over twenty-one years of age and am competent to make this Declaration.

2.

I am making this Declaration in support of Plaintiff Horton Homes, Inc.'s Brief in opposition to the Motion to Compel that Defendants have filed in the case referenced above.

3.

I am making this Declaration based on my own personal knowledge.

4.

I am an equity shareholder at the firm of Chamberlain, Hrdlicka, White, Williams & Martin. I am lead counsel for Plaintiff Horton Homes, Inc. in the case referenced above.

5.

Attached as Exhibit "A" to this Declaration is a true and correct copy of a letter that I drafted and signed, which is dated January 25, 2008 and addressed to Michael S. Harper and Frank H. Hawthorne, Jr. (collectively, "Defendants' Counsel"). At my direction, staff in my office sent this letter to Defense Counsel by First Class Mail and by email to the addresses listed on the first page. The mailed letters were not returned, and my office has not received any indication that the emailed copies were undeliverable.

6.

Attached as Exhibit "B" to this Declaration is a true and correct copy of a letter that I drafted and signed, which is dated February 9, 2008 and addressed to Defendants' Counsel. At my direction, staff in my office sent this letter to Defense Counsel by First Class Mail and by email to the addresses listed on the first page. The mailed letters were not returned, and my office has not received any indication

that the emailed copies were undeliverable.  (The attached copy of my February 9,
2008 letter does not include the enclosure, because the only enclosure to my
February 9, 2008 letter was a copy of my January 25, 2008 letter which is attached
to this Declaration as Exhibit "A".)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ____ day of March, 2008.

Jimmy L. Paul

275157.1
730302-000067:3/4/2008

**EXHIBIT "A"**
**TO**
**DECLARATION OF JIMMY L. PAUL**
**PURSUANT TO 28 U.S.C. § 1746**

## CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & MARTIN

A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

**ATTORNEYS AT LAW**

JIMMY L. PAUL
SHAREHOLDER
DIRECT DIAL NO  404.658.5468
E-MAIL  jimmy.paul@chamberlainlaw.com

191 PEACHTREE STREET, N.E. - THIRTY-FOURTH FLOOR

**ATLANTA, GEORGIA 30303-1747**

(404) 659-1410  (800) 800-0745

FAX (404) 659-1852

HOUSTON
ATLANTA
PHILADELPHIA

January 25, 2008

Michael S. Harper
213 Barnett Boulevard
P.O. Box 780608
Tallassee, Alabama 36078

*Via First Class Mail*
*& Email:  mikeharper@elmore.rr.com*

Frank H. Hawthorne, Jr.
Randy A. Myers
Hawthorne & Myers LLC
322 Alabama Street
Montgomery, Alabama 36104

*Via First Class Mail*
*& Email:  frank@hawthorneonline.com*
*and randy@hawthorneonline.com*

     Re:    *Horton Homes, Inc. v. Larue Bandy, et al.*, United States District Court, Middle District of Alabama, Middle Division, Case No. 2:07-506-MEF

Gentlemen:

I am writing in response to your January 11, 2008 letter concerning Horton Homes, Inc.'s responses to discovery requests served by your clients. Following are our responses to the issues raised in your letter:

### *Issue No. 1*:

#### A.    **Defendants' Statement:**

On November 13, 2007 we received your responses to our Request for Production of Documents numbers one and two, which were faxed to you on October 25, 2007. You correctly assumed that "warrant" meant "warranty" and agreed to produce a copy of the Manufacturer's Warranty and the Homeowner's Manual that came with the mobile homes purchased by each Defendant in this case. It has been more than two months since you agreed to produce these

Michael S. Harper
Frank H. Hawthorne, Jr.
Randy A. Myers
January 25, 2008
Page 2

documents and we would appreciate your forwarding them to us as
soon as possible.

## B.    Plaintiff's Response:

We produced the requested manufacturer's warranty and homeowner's
manual on November 7, 2007, as enclosures to our letter to you of that date. The
warranty is included in the homeowner's manual, which has been labeled
"HORTON 000073" through "HORTON 000179" for purposes of production in
this case.

## *Issue No. 2*:

### A.    Defendants' Statement:

On approximately December 10, we received your responses to
our Request for Production of Documents numbers 4-15 and
Interrogatories numbers 4-17. Your response to our Request for
Production of Documents numbers 4-17 stated that you would
produce those documents. We would appreciate your forwarding
those documents to us as soon as possible. In addition, you interposed
an objection to request numbers 12-15 and we would ask you to
reconsider your objection. We are available to speak with you
regarding your objection in an effort to compromise.

### B.    Plaintiff's Response:

On a preliminary, but important note that is global in scope, we have not
agreed and are not required to search for documents, copy them, and forward them
to you at Horton's expense. Rather, the rules require us to produce documents for
your inspection. You can designate what you want copied. We will agree on a
commercial copy service and the documents will be delivered to the commercial
copy service for copying.

Michael S. Harper
Frank H. Hawthorne, Jr.
Randy A. Myers
January 25, 2008
Page 3


To this point, your Second Document Request did not attempt to deviate from his procedure. Rather, your Second Document Request attempted to have documents produced "*in the file folder or other container in which they are maintained or stored, and that the order or sequence of the documents, if more than one within a file is requested, be in the same order or sequence within such file as was maintained in the ordinary course of business just prior to the production thereof*".

While we do not agree that the rules permit you to specify this as the exclusive method of production, rather than also allowing production of categories of documents organized and labeled to correspond with categories in the document request (see Fed. R. Civ. P. 34(b)(ii)), the point is that your document request envisions production of documents in a form which obviously must take place at Horton's headquarters in Eatonton, Georgia, unless its entire office will be dismantled and moved to Montgomery.

You have not called to make an appointment to inspect the documents which we have agreed to produce months ago. Given the volume of the documents you may be requesting under some interpretations of your document requests, please furnish us two weeks notice of when you would like to inspect the documents.

Regarding Request No. 4, Defendants have requested production of contracts or agreements entered into by Horton Homes, Inc. and H&S Homes, L.L.C. We are assuming that Defendants intend Request No. 4 to seek production of promissory notes and other intercorporate contracts and agreements. Accordingly, we assume Defendants do not seek production of the thousands of contracts concerning Horton Homes, Inc.'s sale of manufactured homes to H&S Homes, L.L.C. Over its entire existence, H&S Homes, L.L.C. has purchased more than 7,000 manufactured homes from Horton Homes, Inc. If we are incorrect in this assumption, and you actually want to inspect and possibly copy the approximately 7,000 contracts between Horton and H&S Homes related to the sale of approximately 7,000 homes, please let us know.

Although we believe that production of these thousands of sales documents are outside the scope of discovery (consistent with our specific objection to Request No. 4), we would probably agree to produce these documents for

Michael S. Harper
Frank H. Hawthorne, Jr.
Randy A. Myers
January 25, 2008
Page 4

inspection in Eatonton, Georgia, provided that we can agree on a mutually
acceptable confidentiality order to guard against concerns that include
dissemination of confidential customer information and use of this information to
solicit additional clients. In case it affects your response, please be advised that
these sales documents are organized only by year, and not by dealer, customer, or
geographic area. Therefore, we would produce them in this order, as they are
maintained in the regular course of business.

   With respect to the objections to Request Nos. 12-15, we respond as follows:

- Request No. 12: Consistent with Horton Homes, Inc.'s response to
  Interrogatory No. 12, there are no responsive documents to Request
  No. 12.

- Request No. 13: Horton Homes, Inc. stands by its objection to
  producing "all documents touching, concerning or pertaining to" the
  referenced lawsuit between Horton Homes, Inc. and H&S Homes,
  LLC. The entire record for that lawsuit is available at the Superior
  Court of Putnam County, Georgia, where the lawsuit was filed.
  Furthermore, such a broad request for documents concerning a lawsuit
  includes documents that are protected by the attorney-client privilege
  and by the work product doctrine. Although we are willing to discuss
  Request No. 13 if you are seeking a particular document or type of
  document, Horton Homes, Inc. otherwise stands by its stated
  objections to this Request.

- Request Nos. 14 and 15: These Requests are unduly broad and
  burdensome because they seek production of literally *"any and all"*
  documents *ever* filed with "*any* governmental agency in the State of
  Georgia" by Horton Homes, Inc. and by H&S Homes, Inc.,
  respectively, during the *entire* existence of each entity. Given the size
  of these entities and the fact that the manufactured housing industry is
  highly regulated, this overly broad request includes thousands of
  documents filed over decades, which documents are not within the
  scope of discovery under Fed. R. Civ. P. 26. Additionally, this broad
  request for documents is unduly burdensome and harassing.

Michael S. Harper
Frank H. Hawthorne, Jr.
Randy A. Myers
January 25, 2008
Page 5

>          Therefore, Horton Homes, Inc. stands by its objections to Request
>          Nos. 14 and 15.

## *Issue No. 3*:

### A.    Defendants' Statement:

In your response to interrogatory numbers 4, 5, 8 and 12 you answered that you would respond by making documents available for inspection. We would appreciate your producing these documents as soon as possible. In your response to interrogatory number 5 you stated that Horton is <u>currently</u> the sole owner of H&S Homes. However, said interrogatory requests information regarding "Who has ever held any financial interest in H&S Homes, LLC?" We would appreciate your amending your response to fully answer this interrogatory. Interrogatory number 11 requested information on when H&S Homes, LLC was initially formed and capitalized, etc. Your response referenced American Manufactured Homes, LLC. We would appreciate your amending your response to include H&S Homes, LLC and the information requested.

### B.    Plaintiff's Response:

With respect to your Request to inspect the documents that respond to Interrogatory Nos. 4, 5, 8, and 12, Horton Homes, Inc. will make these documents available for inspection at its headquarters in Eatonton, Georgia, where the documents are located. As stated above, please coordinate your review of these documents with us, and furnish the requested two weeks notice.

With respect to your request for supplementation of the response to Interrogatory No. 5, as the evidence at the preliminary injunction hearing showed H&S Homes, L.L.C. was originally organized as American Manufactured Homes, L.L.C. At the time of its original organization, the capitalization of American Manufactured Homes, L.L.C. was $57,000.00 paid by Plaintiff Horton Homes, $21,500.00 paid by Wiley E. Douglas and $21,500.00 paid by Robert W. Douglas, as is made plain in our Answers to Interrogatory No. 11. To the extent we

Michael S. Harper
Frank H. Hawthorne, Jr.
Randy A. Myers
January 25, 2008
Page 6

understand what you are seeking in Interrogatory No. 5, we think this supplementation makes the answer complete. If this supplementation does not fully answer your request for additional response to Interrogatory No. 5, please let us know. If you wish, we will provide a supplemental answer to this Interrogatory No. 5 with a supplemental declaration.

With respect to your request for additional information in response to Interrogatory No. 11 concerning the capitalization of H&S Homes, L.L.C., Horton Homes, Inc. stands by its current response to this Interrogatory. As was made plain in the testimony at the preliminary injunction hearing, American Manufactured Homes, L.L.C. and H&S Homes, L.L.C. are the same legal entity. The entity was originally organized as American Manufactured Homes, L.L.C. and the name was changed to H&S Homes, L.L.C. The answer to Interrogatory No. 11 is the full and complete answer.

### *Issue No. 4*:

A.    **Defendants' Statement:**

On January 4, 2008 we received your responses to our Request for Production of Documents numbers 16-21 and our Continuing Interrogatories numbers 18-26. Your response to request numbers 16 and 17 was that you produced exhibit 37 and 36 which are the minutes of Horton Homes, Inc. and H&S Homes, LLC. Those exhibits are not the minutes of these two businesses. Consequently, we would appreciate your production of same. Your response to Request for Production numbers 18, 20, and, 21 stated you will produce all non-privileged documents. Please advise when we can expect to receive same.

B.    **Plaintiff's Response:**

Contrary to your statement, Horton Homes, Inc. did produce complete copies of the minutes for Horton Homes, Inc. and for H&S Homes, L.L.C. as Exhibits 36 and 37, respectively, at the November 20, 2007 preliminary injunction hearing. You were given copies of these exhibits at the hearing. Please reexamine

Michael S. Harper
Frank H. Hawthorne, Jr.
Randy A. Myers
January 25, 2008
Page 7

these exhibits. They plainly included the minutes of Horton Homes, Inc. and H&S Homes, L.L.C., and we do not understand the basis for your above quoted comments.

With respect to your request to inspect the documents that have been identified as responsive to Interrogatory Nos. 18, 20, and 21, Horton Homes, Inc. will make all responsive documents available for your inspection at its headquarters in Eatonton, Georgia, where the documents are located. As stated above, please coordinate your inspection of these documents with us on at least two weeks notice.

***Issue No. 5:***

    **A.**    **Defendants' Statement:**

Our Request for Production of Documents number 19 asks for a copy of each and every Arbitration Agreement included in the sale of each mobile home and you responded that you produced Arbitration Agreements signed by the Defendants. As our request asks for <u>each and every</u> arbitration agreement we would appreciate your producing same or amending your response to say that there are no other Arbitration Agreements other than the ones signed by the Defendants.

    **B.**    **Plaintiff's Response:**

We are not sure whether your above quoted comment is an attempt to expand the scope of your actual document Request No. 19 which states: "a true and correct copy of each and/or every arbitration agreement that was included in the sale of each mobile home ***to each Defendant in this case.***" We responded that the arbitration agreements signed by each Defendant were attached as Exhibits "A" through "E" to Plaintiff's Complaint filed in this case.

If your above quoted statement is intended to expand the actual scope of your document Request No. 19, to include arbitration agreements signed by persons ***other than the Defendants***, you will need to send a further document request and we will deal with it in due course. If your above quoted comment is

Michael S. Harper
Frank H. Hawthorne, Jr.
Randy A. Myers
January 25, 2008
Page 8

intended to relate to arbitration agreements **signed by the Defendants**, we have fully responded.

### *Issue No. 6*:

#### A.    Defendants' Statement:

Interrogatory number 25 asks for the names, addresses, phone numbers, type of account and account numbers for H&S Homes, LLC. While you did identify names, addresses and phone numbers, you did not state the type of account and account numbers for any and all financial accounts of H&S Homes, LLC. While you did state you would supply this information pursuant to a mutually acceptable confidentiality agreement, we do not feel that is necessary. However, in the spirit of cooperation, we will and do agree not to reveal this information to any third party not connected with litigation involving H&S Homes, LLC or Horton Homes, Inc.    Please advise as to you position.

#### B.    Plaintiff's Response:

All of the bank accounts identified in response to Interrogatory No. 25 are checking accounts. As stated in response to this Interrogatory, because the account numbers are confidential information, Horton Homes, Inc. will only disclose them pursuant to a mutually acceptable confidentiality order. We will furnish you a draft confidentiality order.

### *Issue No. 7*:

#### A.    Defendants' Statement:

You objected to interrogatory number 26 on the grounds that we have exceeded the limit of 25 interrogatory established by F.R.C.P. 33(a). I would ask you to reconsider your position on that, as the parties clearly represented to Judge Fuller, as evidenced by our Report of Parties Planning Meeting, that paper discovery had already

Michael S. Harper
Frank H. Hawthorne, Jr.
Randy A. Myers
January 25, 2008
Page 9

been initiated and <u>additional paper discovery may be needed</u>. Clearly the parties anticipated additional paper discovery and I would like to avoid having to take the matter before Judge Fuller over one interrogatory. In addition, our local rule does not limit the number of interrogatories. Please advise as to your position and when we can anticipate receiving the documents referenced above.

### B.    Plaintiff's Response:

Horton Homes, Inc. stands by its objection to Interrogatory No. 26 on the ground that it exceeds the limit on the number of interrogatories imposed by Fed. R. Civ. P. 33(a). The parties have not agreed to exceed the 25 interrogatory limit imposed by Fed. R. Civ. P. 33(a), no motion has been filed to exceed the limit, and the Court has not ordered the limit exceeded. We can discuss with you an agreement to modify the limit set by Fed. R. Civ. P. 33(a), but that is separate from dealing with the validity of our objections at the time made.

Yours very truly,

Jimmy L. Paul

JLP:ydn

Cc:    Client
       Thomas C. Grant
       Lauri McKenna
271568.1
730302-000067:1/23/2008

**<u>EXHIBIT "B"</u>**
**<u>TO</u>**
**<u>DECLARATION OF JIMMY L. PAUL</u>**
**<u>PURSUANT TO 28 U.S.C. § 1746</u>**

## CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & MARTIN

A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

**ATTORNEYS AT LAW**

191 PEACHTREE STREET, N.E. · THIRTY-FOURTH FLOOR

**ATLANTA, GEORGIA 30303-1747**

(404) 659-1410   (800) 800-0745

FAX (404) 659-1852

JIMMY L. PAUL
SHAREHOLDER
DIRECT DIAL NO. 404.658.5468
E-MAIL : jimmy.paul@chamberlainlaw.com

HOUSTON
ATLANTA
PHILADELPHIA

February 9, 2008

Michael S. Harper                                    *Via Facsimile 334-834-0080*
213 Barnett Boulevard                         *& Email:  mikeharper@elmore.rr.com*
P.O. Box 780608
Tallassee, Alabama  36078

Frank H. Hawthorne, Jr.                            *Via Facsimile 334-283-6858*
Randy A. Myers                               *& Email:  frank@hawthorneonline.com*
Hawthorne & Myers LLC                         *and randy@hawthorneonline.com*
322 Alabama Street
Montgomery, Alabama  36104

> Re:  *Horton Homes, Inc. v. Larue Bandy, et al.,* United States District
>       Court,  Middle  District  of  Alabama,  Middle  Division,
>       Case No. 2:07-506-MEF

Gentlemen:

I am writing in response to your February 1, 2008 letter concerning Horton Homes, Inc.'s responses to discovery requests served by your clients. We have already dealt with much of what is stated in your February 1, 2008 letter in our January 25, 2008 letter, a copy of which is attached hereto ("January 25, 2008 Letter"). Rather than restate what has already been said in our January 25, 2008 Letter, we will incorporate by reference herein the statements in our attached January 25, 2008 Letter, as appropriate.

## *Issue No. 1*:

### A.    **Defendants' Statement:**

On December 10, 2007, over seven weeks ago, you filed your response to our Request for Production of Documents numbered 4-15. In response to our Request numbers 4, 7, 11, 18 and 20 you stated that you "will produce" said documents. Not receiving the documents you

Michael S. Harper
Frank H. Hawthorne, Jr.
Randy A. Myers
February 9, 2008
Page 2

agreed to produce, we faxed you a letter on January 11, 2008 requesting you to produce same. You have still not produced said documents. If we have not received these documents by 5:00 p.m. next Friday, February 8, 2008, we will have no other choice than to file an appropriate motion with Judge Fuller.

## B.    Plaintiff's Response:

Your above quoted statement completely ignores our response to essentially the same point in our January 25, 2008 Letter, at pages 2 through 4. We specifically incorporate herein, our statements in the January 25, 2008 Letter. As made plain in that letter, Horton Homes is willing to produce documents which it has stated will be produced in its response. As we made clear in the January 25, 2008 Letter, under the circumstances of this document production, the document production needs to take place at Horton Homes' office in Eatonton, Georgia. At the document production, most categories of documents will be produced in the manner in which they are maintained in the ordinary course of business as specifically contemplated by Federal Rule Civil Procedure 34. Only a few categories of documents will be produced in folders organized by paragraph of document request pursuant to the other alternative under Rule 34. You will be allowed to designate the documents for copying, and we will send them to a commercial copier, subject to arrangements for confidentiality set forth in a confidentiality order.

In our January 25, 2008 Letter, we also made clear that your Document Request No. 4 is ambiguous, and under one construction of your Document Request No. 4 you could be requesting production of 7,000 contracts related to sales from Horton to H&S Homes over the approximately ten year existence of H&S Homes. We specifically asked you in our January 25, 2008 Letter to clarify your document request No. 4 and let us know whether you are actually seeking an inspection and possible designation of those 7,000 contracts. Unfortunately, you have not responded to this request for clarification. Certainly, if you are seeking to inspect these approximately 7,000 contracts which are filed by year over the ten year period, along with sales contracts from Horton Homes to its other dealers, the documents you will be inspecting will be of tremendous volume.

Michael S. Harper
Frank H. Hawthorne, Jr.
Randy A. Myers
February 9, 2008
Page 3


Any statement by you to the Court that we have refused to produce documents as stated in our responses will be a misleading statement.  The difference we have is that Horton does not construe Rule 34 production requirements to require it to: (i) search through hundreds of thousands of pages of documents involving all of its dealers over a ten year period; (ii) extract nearly 7,000 sales documents between Horton Homes and H&S Homes; (iii) copy these documents; and (iv) physically deliver them to you in Montgomery.  As we have repeatedly made clear, the documents will be produced if you wish to come to Eatonton, make the inspection as contemplated by Rule 34, made the designation as contemplated by Rule 34, and pay the commercial copy service for the copying.  Again, certain of the documents must be copied only in connection with the terms of a confidentiality order.

### *Issue No. 2*:

#### A.    **Defendants' Statement**:

Our Request for Production number 19 asks for "a true and correct copy of each and/or every Arbitration Agreement that was included in the sale of each mobile home to each Defendant in this case."  You responded that you produced Arbitration Agreements "signed by the Defendants."  As we pointed out to you in our faxed letter of January 11, 2008, said request asks for each and every Arbitration Agreement that was included in the sale of each mobile home to each Defendant and said request is not limited to Arbitration Agreements that were "signed".  Consequently, we would appreciate your amending that response.  As I am sure you are aware, there were unsigned Arbitration Agreements relating to the Manufacturer's Warranty and/or contained in the Homeowner's Manual.

#### B.    **Plaintiff's Response**:

Your above quoted statement raises essentially the same issue concerning Request No. 19 that you raised in your January 11, 2008 letter to us. As explained on page seven of our attached January 25, 2008 Letter, Horton has already fully responded to Request No. 19 by identifying the appropriate exhibits to Plaintiff's Complaint filed in this case.

Michael S. Harper
Frank H. Hawthorne, Jr.
Randy A. Myers
February 9, 2008
Page 4

We do not understand your contention, copied above, that "there were unsigned Arbitration Agreements relating to the Manufacturer's Warranty and/or contained in the Homeowner's Manual". Horton disagrees that the Homeowner's Manual which was in effect at the time of sales to the Defendants contains any words that could be construed to constitute "an unsigned Arbitration Agreement". In any event, the document speaks for itself as to its terms, and the document has already been produced to you on November 7, 2007 as Horton documents bates labeled "Horton 00073 through Horton 00179". We have already advised you of this point in our attached January 25, 2008 Letter, at page 2.

### *Issue No. 3*:

#### A.    **Defendants' Statement**:

Interrogatory Number 25 seeks bank account information which you agreed to disclose pursuant to a confidentiality agreement. Consider this letter as our agreement not to disseminate any of your bank information to any person or entity not connected with this lawsuit until such time as a confidentiality agreement is executed. We will work with you on a confidentiality agreement if you will promptly forward us your proposal.

#### B.    **Plaintiff's Response**:

A proposed confidentiality order will be transmitted under separate cover.

### *Issue No. 4*:

#### A.    **Defendants' Statement**:

You objected to producing copies of documents pertaining to the lawsuit styled Horton Homes, Inc. v. H&S Homes, LLC pursuant to Interrogatory [sic] number 13. For the time being, we are willing to limit that Interrogatory to all documents that Horton Homes, Inc. used to form the basis for filing a 22 million dollar lawsuit against H&S Homes, LLC. Please advise as to your position.

Michael S. Harper
Frank H. Hawthorne, Jr.
Randy A. Myers
February 9, 2008
Page 5


### B.   Plaintiff's Response:

We assume your statement quoted above inadvertently stated "Interrogatory
No. 13" rather than "Document Request No. 13", because your Interrogatory No.
13 has nothing to do with the lawsuit by Horton Homes, Inc. against H&S Homes,
LLC. Assuming your above quoted statement relates to your Document Request
No. 13, we have not initially understood your Document Request No. 13 to be
seeking "documents that Horton Homes, Inc. used to form the basis for filing a $22
million lawsuit against H&S Homes, LLC". Accepting this interpretation of your
Document Request, we will attempt to accommodate your request. First, the notes
from H&S Homes, LLC to Horton Homes would be produced as a part of Horton's
document production in response to your outstanding Document Request No. 4.
Horton Homes can also make available to you at its office in Eatonton, Georgia,
the Horton Homes general ledger which you can inspect, and designate for
copying, those pages which you conclude reflect the outstanding loan balances
from H&S Homes to Horton Homes, Inc. In addition, at trial, you were given
copies of the outside auditor's work papers, created by the accounting firm of
Christen, Kelly and Thigpen. These work papers contain entries which also show
outstanding loan balances from H&S Homes to Horton Homes, and reconciliations
of those balances. These documents are already in your possession.

Yours very truly,

Jimmy L. Paul

JLP/ydn
Enclosure
cc:   Sydney F. Frazier, Jr. (w/enclosure)
      Thomas C. Grant (w/o enclosure)
      Lauri J. McKenna (w/o enclosure)

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served a true and correct copy of the within and foregoing "Notice of Filing Declaration of Jimmy L. Paul In Support of Plaintiff's Opposition to Defendants' Motion to Compel" on the following parties, through the Court's CM/ECF system and by manner of service as indicated below, in properly addressed envelopes, with adequate postage affixed thereon, as necessary, addressed as follows:

Michael S. Harper
213 Barnett Boulevard
P.O. Box 780608
Tallassee, Alabama 36078
*(Via Certified Mail, RRR #7007 0710 0002 1405 7205)*

Frank H. Hawthorne, Jr.
Randy A. Myers
Hawthorne & Myers LLC
322 Alabama Street
Montgomery, Alabama 36104
*(Via Certified Mail, RRR #7007 0710 0002 1405 7212)*

Dated this 6th day of March, 2008.

By: _____

JAMES L. PAUL
*Georgia Bar No. 567600*
THOMAS C. GRANT
*Georgia Bar No. 297455*
(Admitted Pro Hac Vice)

*Co-Counsel for Plaintiff Horton Homes, Inc.*

*Chamberlain, Hrdlicka, White, Williams & Martin*
191 Peachtree Street, N.E., 34th Fourth Floor
Atlanta, Georgia 30303
(404) 659-1410
(404) 659-1852 (Facsimile)
*james.paul@chamberlainlaw.com*