UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HORTON HOMES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:07-CV-506-MEF |
| | ) | |
| LARUE BANDY, MARIE BANDY, | ) | |
| PATRICK PRITCHETT, WILLIAM | ) | |
| SHANER, ELSIE FONDREN | ) | |
| AVERETTE, WILLIAM CRUTHIRDS, | ) | |
| and SHERRIE CRUTHIRDS, | ) | |
| | ) | |
| Defendants. | ) | |

## HORTON HOMES, INC.'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT TO ADD LARRY C. MCCULLOUGH AND ROBERT JEROME TEAL, III, AS DEFENDANTS

NOW COMES Plaintiff Horton Homes, Inc. ("Horton Homes") and files this its "Motion for Leave to File Supplemental Complaint to Add Larry C. McCullough and Robert Jerome Teal, III, as Defendants" ("Horton Home's Motion for Leave to File Supplemental Complaint") and shows the Court as follows:

1.

Horton Homes filed its Complaint [Doc. #1] in this action on June 8, 2007 to prevent Defendants from proceeding against Horton Homes in arbitrations based solely on arbitration agreements signed by Defendants and H&S Homes, LLC

("H&S Homes").[1] Defendants are represented in this action and in their attempted

arbitrations against Horton Homes by the same counsel:  Frank H. Hawthorne, Jr.,

Randy Meyers, and Michael S. Harper.[2]  Defendants are attempting to assert

arbitration claims against Horton Homes based on alleged fraud concerning

furniture and other items which Defendants claimed that they ordered but did not

receive.

2.

Because Horton Homes is not a party to the arbitration agreements that

underlie each of the Defendants' attempted arbitrations against Horton Homes,

Defendants allege that Horton Homes is liable for arbitration agreements signed by

H&S Homes because Defendants contend that Horton Homes is the alter ego of

H&S Homes.   (*See, e.g.*, Defendants' Amended Answer [Doc. #21], ¶ 1;

Defendants' Answer [Doc. #9], Affirmative Defense No. 2.)

3.

Defendants admit that this Court has subject matter jurisdiction over this

action. Accordingly, this Court has held that it has subject matter jurisdiction over

this case pursuant to 28 U.S.C. § 1332, because Defendants are citizens of

---

[1]     Defendant William Shaner did not sign an arbitration agreement with H&S Homes.  Instead, he lived in a manufactured home that was purchased by his mother, Cliffie Shaner, who entered into an arbitration agreement with H&S Homes.

[2]     The Defendants' arbitration demands are attached as Exhibits "F" through "N" of Horton Homes' Complaint [Doc. #1].

Alabama and Horton Homes is a citizen of Georgia. (*See* Memorandum and Order [Doc. # 46], p. 2 n.2.)

4.

Since Horton Homes filed this action on June 8, 2007, McCullough and Teal have each attempted to force Horton Homes to arbitrate claims that are essentially the same as the arbitrations asserted by Defendants. Attached hereto as Exhibits "A" and "B", respectively, are copies of the arbitration pleadings that McCullough and Teal have each served on Horton Homes. As these pleadings indicate, McCullough and Teal are each represented by Defendants' counsel of record in the instant action. Like Defendants, McCullough and Teal are each citizen of Alabama who allege that Horton Homes committed fraud by failing to delivery furniture and other equipment that was ordered with the manufactured homes that each of them purchases. Also like Defendants, McCullough and Teal purchased their manufactured home from sales lots operated by H&S Homes and are attempting to force Horton Homes into arbitration based on arbitration agreements that each of them entered into with only H&S Homes. Furthermore, McCullough and Teal also contend that Horton Homes is liable for arbitration agreements signed only by each of them and by H&S Homes, because they contend that Horton Homes is the alter ego of H&S Homes.

5.

Pursuant to this Court's Scheduling Order [Doc. #48], the deadline for parties to amend their pleadings in this action is March 24, 2008. Therefore, Horton Homes has acted within this deadline by moving for leave to join McCullough and Teal as Defendants by filing "Horton Homes' Third Supplemental, Amended Complaint", which is attached as Exhibit "C" hereto.

6.

Because McCullough and Teal are each subject to service of process and because their joinder will not deprive this Court of jurisdiction over the subject matter of this case, they should be joined as defendants, as failure to join them could subject Horton Homes to inconsistent obligations based on the issue of arbitrability that is presently before this Court.

WHEREFORE, Horton Homes respectfully requests that the Court grant this motion and grant Horton Homes leave to file "Plaintiff Horton Homes, Inc.'s Third Supplemental, Amended Complaint", a copy of which is attached hereto as Exhibit "C".

Dated this 24th day of March, 2008.

By:  /s/ Thomas C. Grant
     JAMES L. PAUL
     *Georgia Bar No. 567600*
     THOMAS C. GRANT
     *Georgia Bar No. 297455*
     (Admitted Pro Hac Vice)

*Co-Counsel for Plaintiff Horton Homes, Inc.*

*Chamberlain, Hrdlicka, White, Williams & Martin*
191 Peachtree Street, N.E., 34th Fourth Floor
Atlanta, Georgia  30303
(404) 659-1410
(404) 659-1852 (Facsimile)
james.paul@chamberlainlaw.com

SYDNEY F. FRAZIER
SJIS #FRA007
*Cabaniss, Johnston, Gardner, Dumas & O'Neal, LLP*
Suite 700
2001 Park Place North
Birmingham, Alabama  35203
(205) 716-5291
(205) 716-5389 (Facsimile)
sff@cabaniss.com

*Co-Counsel for Plaintiff Horton Homes, Inc.*

276626.1
730302-000064:3/24/2008

**EXHIBIT "A"**

**TO**

**HORTON HOMES, INC.'S MOTION FOR LEAVE TO FILE
SUPPLEMENTAL COMPLAINT TO ADD LARRY C. MCCULLOUGH
AND ROBERT JEROME TEAL, III, AS DEFENDANTS**

*6010-24*
*DS/JH(P)*

IN RE ARBITRATION, MATTER OF:

**LARRY C. McCULLOUGH**

      **Claimant,**

**vs.**

**H & S HOMES, L.L.C. AND HORTON
HOMES, INC.,**

      **Respondents.**

<u>**DEMAND FOR ARBITRATION**</u>

TO:        VIA CERTIFIED MAIL
           H&S Homes, L.L.C.
           c/o The Corporation Company
           2000 Interstate Park Drive, Suite 204
           Montgomery, AL 36109

           VIA CERTIFIED MAIL
           David L. Selby, II, Esq.
           Kee & Selby
           1900 International Park Dr., Suite 220
           Birmingham, AL 35243

           VIA CERTIFIED MAIL
           Horton Homes, Inc.
           P.O. Drawer 4410
           Eatonton, GA 31024

      COMES NOW Larry C. McCullough, by and through his counsel of record, and hereby makes this his demand for arbitration regarding his dispute with the respondents. Claimant respectfully requests that this matter be submitted to arbitration and further states as follows:

      1.    Nature of the dispute:  On or about August 21, 1998, claimant purchased a mobile home from respondents.  The parties executed an Arbitration Agreement in connection with this transaction providing that the arbitration contract shall be governed

by the Federal Arbitration Act (Attached hereto as Exhibit "A").    Said Arbitration Agreement also provided that one arbitrator shall be selected by respondents with the consent of claimant.

Please provide counsel for the claimant ten (10) names of potential arbitrators so that the selection process can begin.

This case alleges various theories of fraud and conversion against the respondents in connection with claimant's purchase of his mobile home, including, but not limited to, theft of furniture.

Claimant seeks unspecified relief by way of compensatory and punitive damages.

2.    Amount involved:  Undetermined.

3.    Remedy sought:  Claimant seeks money damages for fraud, suppression, conversion, mental anguish, negligence and wantonness.

4.    Hearing locale requested: Montgomery County, Alabama.

The facts and allegations of the Demand are set forth in detail as follows:

## COMPLAINT

1.    Claimant is a resident of Alabama and over the age of majority.

2.    Respondent H & S Homes, L.L.C., (hereinafter referred to as "H&S") is a limited liability company qualified to do business in Alabama and did business by an agent in Alabama at all times complained of.  H&S is, and was, a mere instrumentality or alter-ego of Horton Homes, Inc. at all times complained of.

3.    On or about June 25, 2001, claimant purchased his mobile home from respondents.  As part of the transaction, claimant was entitled to a third party furniture

allowance of $5,000.00 as set forth on the invoice as standard equipment in the mobile home.

     4.    The salesman represented to the Plaintiff that there was no furniture or allowance that came with the mobile home and charged the Plaintiff additional money to receive the furniture.

     5.    Claimant took the delivery of the mobile home and recently learned that a furniture allowance of $5,000.00 was standard that he should have received in his purchase.

     6.    As the direct and proximate result of respondents' fraudulent, malicious, intentional and wrongful conduct, claimant was deprived of standard equipment furniture that he paid for as part of the deal and has suffered damages.  All of the events alleged were first discovered within two years prior to the filing of this Demand for Arbitration.

 

                    _____
                    RANDY MYERS (MYE003)
                    Attorney for Claimant

                    _____
                    FRANK H. HAWTHORNE, JR. (HAW012)
                    Attorney for Claimant

OF COUNSEL:
Hawthorne & Myers, L.L.C.
322 Alabama Street
Montgomery, AL 36104
Telephone (334) 269-5010
Facsimile (334) 834-0080

Michael S. Harper, Esq.
Attorney at Law
P. O. Box 780608
Tallassee, AL  36078-0608
Telephone (334) 283-6855
Facsimile (334) 283-6858

Loan No. 151000019640

**ITEMIZATION OF AMOUNT FINANCED:**

1  CASH PRICE
   a cash sale price                                   $45,740.00
   b. sales tax                                        $    1,029.15
   c  Total Cash Price                                              $  46,769.15

2. DOWN PAYMENT
   a. cash down payment                                            $  20,000.00
   b  Your Trade-in:
      i   trade-in allowance              $      0.00
      ii. balance due on trade-in         $      0.00
      iii. net trade-in allowance
      (amount on line 2bi minus amount on line 2bii)    $      0.00

   Year        Make

   Model                    Size     Serial #

   c. Total Down Payment
   (amount on line 2a plus amount on line 2biii)                   $  20,000.00

3  UNPAID BALANCE OF CASH PRICE
   (amount on line 1c minus amount on line 2c)                     $  26,769.15

4  AMOUNTS PAID TO OTHERS ON YOUR BEHALF:
   We may be retaining a portion of the charges set forth below.

   a. To Public Officials
      (Title & Filing Fees)                            $     30.00

   b. To Insurance Company

      1  Manufactured Home Insurance  $      0.00

      2. Credit Life Insurance        $      0.00

      3. Credit Disability Insurance  $      0.00

   c  For Flood Insurance Certification $    0.00

   d. To Manufactured Home Broker     $      0.00

   e  For Appraisal Fee               $      0.00

   f  For Title Search Fee            $      0.00

   g. Delivery Service Fee            $      0.00

   h. Other:                          $      0.00

   i  Total of all Amounts Paid to Others on Your Behalf
      (total of amounts on lines 4a through 4h)        $     30.00

5  DOCUMENTATION FEE PAID TO

   _____                     $      0.00

6. POINTS PAID TO US                                   $      0.00

7  PREPAID FINANCE CHARGE                              $(     0.00   )

8. AMOUNT FINANCED
   (amount on line 3 plus amount on line 4i
   plus amount on line 5 plus amount on line 6
   minus amount on line 7)                             $  26,799.15

Title & Filing Fees (if not financed)                  $      0.00

**SELLER'S AGREEMENT.** Seller agrees to this Contract, and, subject to acceptance by
UNITED COMPANIES FUNDING, INC.
at its designated office, assigns it to
UNITED COMPANIES FUNDING, INC.
in accordance with the assignment set forth herein. Notice of acceptance is hereby waived.
Seller  H & S HOMES, LLC DBA HORTON HOMES OF GRIFFIN
                          (Firm Name)

By _____

Signator's Title _____    Date _____

**ARBITRATION.** Except as explained below, you and we understand and agree that all disputes, claims or controversies from or relating to this Contract (whether under case law, statutory law, or any other laws including, but not limited to, all contract, tort and property disputes) shall be resolved by binding arbitration ("Arbitration"). This Contract is made pursuant to a transaction in interstate commerce and shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1. Arbitration shall be conducted by one arbitrator selected by us with your consent. You and we agree that the arbitrator shall have all powers provided by law, and this Contract. These powers shall include all legal and equitable remedies including, but not limited to, money damages, declaratory relief and injunctive relief. Judgment upon the arbitrator's decision may be entered in any court having jurisdiction. You and we agree and understand that you and we choose Arbitration instead of litigation to resolve disputes, except as explained below. You and we understand that you and we each have a right to litigate disputes in court, but that you and we each prefer to resolve disputes through Arbitration, except as explained below. YOU AND WE VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT YOU OR WE HAVE TO A JURY TRIAL EITHER IN ARBITRATION OR IN A COURT ACTION BY US. EXCEPTION TO ARBITRATION: Even though you and we agree to Arbitration, we still may use judicial (filing a lawsuit) or nonjudicial relief to enforce our security interest, or to otherwise collect the balance due on this Contract. We may begin a lawsuit to enforce our security interest, or to obtain a monetary judgment, without waiving your right or our right to compel Arbitration of any other dispute or remedy, including the filing of a counterclaim by you in a lawsuit brought by us.

### NOTICE TO THE BUYER

DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO AN EXACT COPY OF THE CONTRACT YOU SIGN. UNDER THE LAW, YOU HAVE THE RIGHT TO PAY OFF IN ADVANCE THE FULL AMOUNT DUE. KEEP THIS DOCUMENT TO PROTECT YOUR LEGAL RIGHTS.

YOU ACKNOWLEDGE THAT ON ● 6-15-98
YOU READ, SIGNED, AND RECEIVED A COMPLETELY FILLED IN COPY OF THIS RETAIL INSTALLMENT CONTRACT.

Signed, Sealed and Delivered By:

Buyer  *Larry C McClly*          (Seal)

Buyer _____   (Seal)

Buyer _____   (Seal)

Buyer _____   (Seal)

**GUARANTEE OF BUYER'S PROMISES.** The undersigned, separately and together, agree(s) to pay all amounts due on this Retail Installment Contract as of today's date and until all amounts due on this Contract are paid in full. The undersigned also agree(s) to all the terms and conditions of this Retail Installment Contract. The undersigned waives any right to require us to take action against the principal as provided in O.C.G.A. 10-7-24.

On _____  I  (we)  read,  signed  and
received a completely filled in copy of this
                RETAIL INSTALLMENT CONTRACT.

Signed, Sealed and Delivered By:

Cosigner: X _____

Cosigner: X _____

---

### DISCLAIMER OF WARRANTIES

NO WARRANTIES, EXPRESS OR IMPLIED, OR FOR MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, OR OTHERWISE, HAVE BEEN MADE BY US ABOUT THE MANUFACTURED HOME. YOU ACKNOWLEDGE HAVING EXAMINED THE MANUFACTURED HOME, AND, IF IT IS USED, ACCEPT THE MANUFACTURED HOME "AS IS." THIS DISCLAIMER DOES NOT AFFECT (1) ANY WARRANTIES REQUIRED BY LAW, (2) ANY WARRANTIES FROM THE MANUFACTURER, (3) WRITTEN WARRANTIES BY THE SELLER OR (4) SERVICE CONTRACTS MADE WITH THE SELLER WITHIN 90 DAYS FROM THE DATE OF THIS CONTRACT.

**EXHIBIT "B"**

**TO**

**HORTON HOMES, INC.'S MOTION FOR LEAVE TO FILE
SUPPLEMENTAL COMPLAINT TO ADD LARRY C. MCCULLOUGH
AND ROBERT JEROME TEAL, III, AS DEFENDANTS**

6010-23
DS/JH (8)

## IN RE ARBITRATION, MATTER OF:

ROBERT JEROME TEAL, III,

     **Claimant,**

vs.

H & S HOMES, L.L.C. AND HORTON
HOMES, INC.,

     **Respondents.**

## DEMAND FOR ARBITRATION

TO:    VIA CERTIFIED MAIL
       H&S Homes, L.L.C.
       c/o The Corporation Company
       2000 Interstate Park Drive, Suite 204
       Montgomery, AL 36109

       VIA CERTIFIED MAIL
       David L. Selby, II, Esq.
       Kee & Selby,
       1900 International Park Dr., Suite 220
       Birmingham, AL 35243

       VIA CERTIFIED MAIL
       Horton Homes, Inc.
       P.O. Drawer 4410
       Eatonton, GA 31024

     COMES NOW Robert Jerome Teal, III, by and through his counsel of record, and

hereby makes this his demand for arbitration regarding his dispute with the respondents.

Claimant respectfully requests that this matter be submitted to arbitration and further

states as follows:

     1.    Nature of the dispute:  On or about July 25, 2001, claimant purchased a

mobile home from respondents.  The parties executed an Arbitration Agreement in

connection with this transaction providing that the arbitration contract shall be governed

1

by the Federal Arbitration Act (Attached hereto as Exhibit "A"). Said Arbitration Agreement also provided that one arbitrator shall be selected by respondents with the consent of claimant.

Please provide counsel for the claimant ten (10) names of potential arbitrators so that the selection process can begin.

This case alleges various theories of fraud and conversion against the respondents in connection with claimant's purchase of his mobile home, including, but not limited to, theft of furniture.

Claimant seeks unspecified relief by way of compensatory and punitive damages.

2.     Amount involved: Undetermined.

3.     Remedy sought: Claimant seeks money damages for fraud, suppression, conversion, mental anguish, negligence and wantonness.

4.     Hearing locale requested: Montgomery County, Alabama.

The facts and allegations of the Demand are set forth in detail as follows:

## **COMPLAINT**

1.     Claimant is a resident of Alabama and over the age of majority.

2.     Respondent H & S Homes, L.L.C., (hereinafter referred to as "H&S") is a limited liability company qualified to do business in Alabama and did business by an agent in Alabama at all times complained of. H&S is, and was, a mere instrumentality or alter-ego of Horton Homes, Inc. at all times complained of.

3.     On or about June 25, 2001, claimant purchased his mobile home from respondents. As part of the transaction, claimant was entitled to certain furniture as set forth on the invoice as standard equipment in the mobile home.

2

4.    Unbeknownst to claimant, the mobile home was delivered and respondents failed to inform claimant that it had removed furniture and claimant did not receive same.

5.    Claimant took the delivery of the mobile home and recently learned that furniture was standard equipment that he should have received in his purchase.

6.    As the direct and proximate result of respondents' fraudulent, malicious, intentional and wrongful conduct, claimant was deprived of standard equipment furniture that he paid for as part of the deal and has suffered damages. All of the events alleged were first discovered within two years prior to the filing of this Demand for Arbitration.

RANDY MYERS (MYE003)
Attorney for Claimant

FRANK H. HAWTHORNE, JR. (HAW012)
Attorney for Claimant

OF COUNSEL:
Hawthorne & Myers, L.L.C.
322 Alabama Street
Montgomery, AL 36104
Telephone (334) 269-5010
Facsimile (334) 834-0080

Michael S. Harper, Esq.
Attorney at Law
P. O. Box 780608
Tallassee, AL  36078-0608
Telephone (334) 283-6855
Facsimile (334) 283-6858

3

## ARBITRATION AGREEMENT

All disputes, claims, or controversies arising from or relating from or relating to this Contract or the relationships which result from this Contract, or the validity of this arbitration clause or the entire Contract, shall be resolved by binding arbitration by one arbitrator selected by Seller with consent of Buyers(s). This arbitration Contract is made pursuant to a transaction in interstate commerce, and shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1. Judgment upon the award rendered may be entered into any court having jurisdiction. The parties agree and understand that they have a right or opportunity to litigate disputes through a court but they prefer to resolve their disputes through arbitration, except as provided herein. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION. The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort and property disputes, will be subject to binding arbitration in accord with this Contract. The parties agree and understand that the arbitrator shall have all powers provided by law and the Contract. These powers shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief, and injunctive relief. Notwithstanding anything hereunto to the contrary, costs of arbitration imposed by the arbitrator shall be paid in full by H & S HOMES, LLC.

Horton Homes of Opelika, General Manager

Buyer

Co-Buyer

07-10-01
Date

(Rev. 7/2000)

**EXHIBIT "C"**

**TO**

**HORTON HOMES, INC.'S MOTION FOR LEAVE TO FILE
SUPPLEMENTAL COMPLAINT TO ADD LARRY C. MCCULLOUGH
AND ROBERT JEROME TEAL, III, AS DEFENDANTS**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HORTON HOMES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:07-CV-506-MEF |
| | ) | |
| LARUE BANDY, MARIE BANDY, | ) | |
| PATRICK PRITCHETT, WILLIAM | ) | |
| SHANER, ELSIE FONDREN | ) | |
| AVERETTE, WILLIAM CRUTHIRDS, | ) | |
| SHERRIE CRUTHIRDS, LARRY C. | ) | |
| McCULLOUGH, and ROBERT | ) | |
| JEROME TEAL, III, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF HORTON HOMES, INC.'S THIRD SUPPLEMENTAL, AMENDED COMPLAINT

NOW COMES Plaintiff Horton Homes, Inc. ("Plaintiff Horton") and files this Third Supplemental, Amended Complaint, pursuant to Fed. R. Civ. P. 15. As described below, this Third Supplemental, Amended Complaint: (i) adds Larry C. McCullough and Robert Jerome Teal, III, as Defendants to this action, (ii) amends Paragraphs 13(d), 19, and 23 of the Complaint [Doc. #1], and (iii) adds Paragraphs 8.1, 8.2, 18(f), 18(g), and 108 through 139 to the Complaint, which include additional Counts XI through XIV.

## I.   **AMENDED PARAGRAPHS.**

Pursuant to Fed. R. Civ. P. 15(a), Plaintiff Horton hereby amends Paragraphs 13(d), 19, and 23 of its Complaint, as follows:

13.

(d)   Defendant William Cruthirds and Defendant Sherrie Cruthirds (collectively, the "Cruthirds Defendants"), Defendant Elsie Averette, Defendant Larry McCullough, and Defendant Robert Teal reside in Alabama; purchased manufactured homes from H&S Homes in Alabama, which manufactured homes are presently located in Alabama; and chose to assert claims against Horton Homes in arbitrations that will occur in the Middle District of Alabama, which arbitrations are the subject of Counts IX and X respecting the Cruthirds Defendants, Counts VII and VIII respecting Defendant Averette, Counts XI and XII respecting Defendant McCullough, and Counts XIII and XIV respecting Defendant Teal.

19.

Plaintiff Horton is neither a party to, nor a third-party beneficiary of, the H&S/Bandy Arbitration Agreement, the H&S/Pritchett Arbitration Agreement, the H&S/Shaner Arbitration Agreement, the H&S/Averette Arbitration Agreement, the

- 2 -

H&S/Cruthirds Arbitration Agreement, the H&S/McCullough Arbitration Agreement, or the H&S/Teal Arbitration Agreement (collectively, the "Defendants' Arbitration Agreements").

23.

Accordingly, counsel for Plaintiff Horton promptly responded to each of the Bandy Defendants' Demand for Arbitration, Defendant Pritchett's Demand for Arbitration, Defendant Shaner's Demand for Arbitration, Defendant Averette's Demand for Arbitration, Defendant McCullough's Demand for Arbitration Agreement, and Defendant Teal's Demand for Arbitration Agreement (collectively, "Defendants' Demands for Arbitration") by stating its objection to the inclusion of Plaintiff Horton as a respondent in each of the Defendants' Demands for Arbitration, because Plaintiff Horton is not subject to the jurisdiction of any of those purported arbitrations.

## II.   **SUPPLEMENTAL PARAGRAPHS.**

Pursuant to Fed. R. Civ. P. 15(d), Plaintiff Horton hereby supplements its Complaint by adding Paragraphs 8.1, 8.2, 18(f), 18(g), and 108 through 139 as follows:

8.1

Defendant Larry C. McCullough is a natural person who, upon information and belief, resides at 1122 Sundown Drive, N.W., Marshall, County, City of Arab, Alabama.

8.2

Defendant Robert Jerome Teal, III, is a natural person who, upon information and belief, resides at 1207 Florida Street, Autauga County, City of Prattville, Alabama.

18.

(f)    On or about June 15, 1998, Defendant Larry McCullough purchased a manufactured home from H&S Homes. Defendant Larry McCullough effected this purchase by entering into a "Retail Installment Contract" that contains an "Arbitration Agreement" provision. Attached hereto is Exhibit "A" is a copy of the H&S/McCullough Retail Installment Contract (the "H&S/McCullough Arbitration Agreement"); and

(g)    On or about July 10, 2001, Defendant Robert Teal purchased a manufactured home from H&S Homes. Defendant Robert Teal effected this purchase by entering into a "Retail Installment Contract" that contains an "Arbitration Agreement" provision.

- 4 -

Attached hereto as Exhibit "B" is a copy of H&S/Teal Arbitration Agreement (the "H&S/Teal Arbitration Agreement").

## COUNT XI

### Complaint for Declaratory Judgment Against Defendant Larry McCullough

108.

Plaintiff Horton repeats and realleges paragraphs 1 through 24 of this Complaint as fully as if set forth verbatim herein.

109.

In approximately August 2007, Defendant Larry McCullough served Plaintiff Horton with a purported "Demand for Arbitration" ("Defendant McCullough's Demand for Arbitration") that included a "Complaint" ("Defendant McCullough's Arbitration Complaint"), a copy of which is attached hereto as Exhibit "C".

110.

Defendant McCullough's Demand for Arbitration and Defendant McCullough's Arbitration Complaint attempt to give notice of commencement of an arbitration. The purported arbitration relates entirely to the manufactured home that Defendant McCullough purchased from H&S Homes, on or about June 15,

1998. Therefore, the purported arbitration is within the H&S/McCullough Arbitration Agreement.

111.

According to Defendant McCullough's Demand for Arbitration, Defendant Larry McCullough alleges "various theories of fraud and conversion" for which he is seeking unspecified "compensatory and punitive damages" for his claims. (Exhibit "C" hereto).

112.

In Defendant McCullough's Demand for Arbitration, Defendant Larry McCullough purports to name both H&S Homes and Plaintiff Horton as arbitration respondents, even though Plaintiff Horton is ***not*** a party to the H&S/McCullough Arbitration Agreement upon which Defendant McCullough's Demand for Arbitration is based.

113.

Defendant McCullough's Demand for Arbitration fails to include any contract or other document, or even reference any contract or document, showing that Plaintiff Horton has agreed to arbitrate any claim with Defendant Larry McCullough.

- 6 -

114.

Arbitrations filed pursuant to the H&S/McCullough Arbitration Agreement involve interstate commerce and are thus conducted pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*  (*See* H&S/McCullough Arbitration Agreement (Exhibit "A" hereto).)

115.

Defendant Larry McCullough is attempting to require Plaintiff Horton to participate in an arbitration pursuant to Defendant McCullough's Demand for Arbitration, even though Defendant McCullough cannot show that Plaintiff Horton has signed any agreement allowing him to file an arbitration against Plaintiff Horton.

116.

Because Plaintiff Horton has not signed a writing in which Plaintiff Horton has agreed to arbitrate with Defendant Larry McCullough, he cannot require Plaintiff Horton to participate in an arbitration.

117.

Despite demand by Plaintiff Horton's counsel, Defendant Larry McCullough has refused to withdraw Plaintiff Horton from Defendant McCullough's Demand for Arbitration.  Consequently, Plaintiff Horton is faced with uncertainty about

whether it must proceed in the arbitrations attempted to be noticed by Defendant McCullough's Demand for Arbitration.

118.

In the absence of a declaration by this Court stating whether Plaintiff Horton must participate in the arbitrations attempted to be noticed by Defendant McCullough's Demand for Arbitration, Plaintiff Horton must choose between either (i) subjecting itself to expense and liability in an improperly filed arbitration against it, or (ii) suffering an alleged default in that improperly filed arbitration.

119.

Consequently, Plaintiff Horton is entitled to a judgment by the Court declaring the status of its rights and obligations under Defendant McCullough's Demand for Arbitration.

**WHEREFORE**, Plaintiff Horton prays:

(1)    That this Court issue a judgment declaring that Defendant Larry McCullough cannot pursue any arbitration against Plaintiff Horton pursuant to Defendant McCullough's Demand for Arbitration;

(2)    That this Court issue a judgment declaring that Defendant Larry McCullough has no right to pursue arbitration against Plaintiff Horton under Defendant McCullough's Arbitration Agreement;

(3)    That all costs of this action, including reasonable attorney's fees, be

taxed jointly and severally against Defendant Larry McCullough; and

(4)    That this Court grant such other and further relief as is just and proper.

## COUNT XII

### Complaint to Enjoin Arbitration Against Defendant Larry McCullough

120.

Plaintiff Horton repeats and realleges herein paragraphs 1 through 24 and

paragraphs 108 through 119 of this Complaint as fully as if set forth verbatim

herein.

121.

In the event that Defendant Larry McCullough goes forward with the

arbitration attempted to be instituted by Defendant McCullough's Demand for

Arbitration, Plaintiff Horton will be irreparably damaged because Plaintiff Horton

will either:  (i) suffer an alleged default for failure to participate in the arbitration;

(ii) lose its constitutional right to a jury trial by proceeding to defend in arbitration

any claims asserted by Defendant Larry McCullough; or (iii) be forced to seek

vacation of any adverse result, resulting from an illegal and unconstitutional

arbitration of Plaintiff Horton's rights.

122.

Plaintiff Horton has no adequate remedy at law to prevent the prejudice that will result from the continuation of the arbitration attempted to be commenced by Defendant McCullough's Demand for Arbitration.

123.

Plaintiff Horton is therefore entitled to preliminary and permanent injunctions, enjoining Defendant Larry McCullough from proceeding further against Plaintiff Horton in the arbitration attempted to be commenced by Defendant McCullough's Demand for Arbitration.

**WHEREFORE**, Plaintiff Horton prays:

(1)     That, after notice and hearing, this Court enter preliminary and permanent injunctions, enjoining Defendant Larry McCullough from proceeding further against Plaintiff Horton in the arbitration attempted to be commenced pursuant to Defendant McCullough's Demand for Arbitration;

(2)     That all costs of this action, including reasonable attorney's fees, be taxed jointly and severally against Defendant Larry McCullough; and

(3)     That this Court grant such other and further relief as is just and proper.

## COUNT XIII

### Complaint for Declaratory Judgment Against Robert Teal

124.

Plaintiff Horton repeats and reallages paragraphs 1 through 24 of this Complaint as fully as if set forth verbatim herein.

125.

In approximately August 2007, Defendant Robert Teal served Plaintiff Horton's counsel with a purported "Demand for Arbitration" ("Defendant Teal's Demand for Arbitration") and a "Complaint" ("Defendant Teal's Arbitration Complaint"), a copy of which is attached hereto as Exhibit "D".

126.

Defendant Teal's Demand for Arbitration and Defendant Teal's Arbitration Complaint attempt to give notice of commencement of an arbitration with the AAA. The purported arbitration relates entirely to the manufactured home that Defendant Teal purchased from H&S Homes, on or about July 10, 2001. Therefore, the purported arbitration is within the H&S/Teal Arbitration Agreement.

127.

According to Defendant Teal's Arbitration Complaint, Defendant Robert Teal alleges "various theories of fraud and conversion" for which he is seeking unspecified "compensatory punitive damages" for his claims. (Exhibit "D" hereto).

128.

In Defendant Teal's Demand for Arbitration, Defendant Robert Teal purports to name both H&S Homes and Plaintiff Horton as arbitration respondents, even though Plaintiff Horton is ***not*** a party to the H&S/Teal Arbitration Agreement upon which the Defendant Teal's Demand for Arbitration is based.

129.

Defendant Teal's Demand for Arbitration fails to include any contract or other document, or even reference any contract or document, showing that Plaintiff Horton has agreed to arbitrate any claim with Defendant Robert Teal.

130.

Arbitrations filed pursuant to the H&S/Teal Arbitration Agreement involve interstate commerce and are thus conducted pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* (*See* H&S/Teal Arbitration Agreement (Exhibit "B" hereto).)

131.

Defendant Robert Teal is attempting to require Plaintiff Horton to participate in an arbitration pursuant to Defendant Teal's Demand for Arbitration, even though Defendant Teal cannot show that Plaintiff Horton has signed any agreement allowing him to file an arbitration against Plaintiff Horton.

132.

Because Plaintiff Horton has not signed a writing in which Plaintiff Horton has agreed to arbitrate with Defendant Robert Teal, he cannot require Plaintiff Horton to participate in an arbitration.

133.

Despite demand by Plaintiff Horton's counsel, Defendant Robert Teal has refused to withdraw Plaintiff Horton from Defendant Teal's Demand for Arbitration. Consequently, Plaintiff Horton is faced with uncertainty about whether it must proceed in the arbitrations attempted to be noticed by Defendant Teal's Demand for Arbitration.

134.

In the absence of a declaration by this Court stating whether Plaintiff Horton must participate in the arbitrations attempted to be noticed by Defendant Teal's Demand for Arbitration, Plaintiff Horton must choose between either (i) subjecting itself to expense and liability in an improperly filed arbitration against it, or (ii) suffering an alleged default in that improperly filed arbitration.

135.

Consequently, Plaintiff Horton is entitled to a judgment by the Court declaring the status of its rights and obligations under Defendant Teal's Demand for Arbitration.

**WHEREFORE**, Plaintiff Horton prays:

(1)     That this Court issue a judgment declaring that Defendant Robert Teal cannot pursue any arbitration against Plaintiff Horton pursuant to Defendant Teal's Demand for Arbitration;

(2)     That this Court issue a judgment declaring that Defendant Robert Teal has no right to pursue arbitration against Plaintiff Horton under Defendant Teal's Arbitration Agreement;

(3)     That all costs of this action, including reasonable attorney's fees, be taxed jointly and severally against Defendant Robert Teal; and

(4)     That this Court grant such other and further relief as is just and proper.

## COUNT XIV

### Complaint to Enjoin Arbitration Against Defendant Robert Teal

136.

Plaintiff Horton repeats and realleges herein paragraphs 1 through 24 and paragraphs 120 through 135 of this Complaint as fully as if set forth verbatim herein.

137.

In the event that Defendant Robert Teal goes forward with the arbitration attempted to be instituted by Defendant Teal's Demand for Arbitration, Plaintiff Horton will be irreparably damaged because Plaintiff Horton will either: (i) suffer

an alleged default for failure to participate in the arbitration; (ii) lose its constitutional right to a jury trial by proceeding to defend in arbitration any claims asserted by Defendant Robert Teal; or (iii) be forced to seek vacation of any adverse result, resulting from an illegal and unconstitutional arbitration of Plaintiff Horton's rights.

138.

Plaintiff Horton has no adequate remedy at law to prevent the prejudice that will result from the continuation of the arbitration attempted to be commenced by Defendant Teal's Demand for Arbitration.

139.

Plaintiff Horton is therefore entitled to preliminary and permanent injunctions, enjoining Defendant Robert Teal from proceeding further against Plaintiff Horton in the arbitration attempted to be commenced by Defendant Teal's Demand for Arbitration.

**WHEREFORE**, Plaintiff Horton prays:

(1)    That, after notice and hearing, this Court enter preliminary and permanent injunctions, enjoining Defendant Robert Teal from proceeding further against Plaintiff Horton in the arbitration attempted to be commenced pursuant to Defendant Teal's Demand for Arbitration;

(2)    That all costs of this action, including reasonable attorney's fees, be

taxed jointly and severally against Defendant Robert Teal; and

(3)    That this Court grant such other and further relief as is just and proper.

Dated this _____ day of March, 2007.


By: _____
        JAMES L. PAUL
        *Georgia Bar No. 567600*
        THOMAS C. GRANT
        *Georgia Bar No. 297455*
        (Admitted Pro Hac Vice)

        *Counsel for Plaintiff Horton Homes, Inc.*

*Chamberlain, Hrdlicka, White, Williams & Martin*
191 Peachtree Street, N.E., 34th Floor
Atlanta, Georgia  30303
(404) 659-1410
(404) 659-1852 (Facsimile)
james.paul@chamberlainlaw.com

Sydney F. Frazier
SJIS #FRA007
*Cabaniss, Johnston, Gardner, Dumas & O'Neal, LLP*
Suite 700
2001 Park Place North
Birmingham, Alabama  35203
(205) 716-5291
(205) 716-5389 (Facsimile)
*Co-Counsel for Plaintiff Horton Homes, Inc.*
sff@cabaniss.com

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served a true and correct copy of the within and foregoing "Plaintiff Horton Homes, Inc.'s Third Supplemental, Amended Complaint" on the following parties, by manner of service as indicated below, in properly addressed envelopes, with adequate postage affixed thereon, as necessary, addressed as follows:

> Michael S. Harper
> 213 Barnett Boulevard
> P.O. Box 780608
> Tallassee, Alabama  36078

> Frank H. Hawthorne, Jr.
> Randy A. Myers
> Hawthorne & Myers LLC
> 322 Alabama Street
> Montgomery, Alabama  36104

Dated this _____ day of March, 2008.

By: _____

  JAMES L. PAUL
  *Georgia Bar No. 567600*
  THOMAS C. GRANT
  *Georgia Bar No. 297455*
  (Admitted Pro Hac Vice)

  *Counsel for Plaintiff Horton Homes, Inc.*

*Chamberlain, Hrdlicka, White, Williams & Martin*
191 Peachtree Street, N.E., 34th Floor
Atlanta, Georgia  30303
(404) 659-1410
(404) 659-1852 (Facsimile)
james.paul@chamberlainlaw.com

265880.1
730302-000067:3/24/2008

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served a true and correct copy of the within and foregoing "Motion for Leave to File Supplemental Complaint to Add Larry C. McCullough and Robert Jerome Teal, III, as Defendants" on the following parties, through the Court's CM/ECF system and by manner of service as indicated below, in properly addressed envelopes, with adequate postage affixed thereon, as necessary, addressed as follows:

> Michael S. Harper
> 213 Barnett Boulevard
> P.O. Box 780608
> Tallassee, Alabama  36078
> *(Via Certified Mail, RRR 70070710000214057298)*

> Frank H. Hawthorne, Jr.
> Randy A. Myers
> Hawthorne & Myers LLC
> 322 Alabama Street
> Montgomery, Alabama  36104
> *(Via Certified Mail, RRR 70070710000214057281)*

Dated this 24th day of March, 2008.

> By: /s/ Thomas C. Grant
> JAMES L. PAUL
> *Georgia Bar No. 567600*
> THOMAS C. GRANT
> *Georgia Bar No. 297455*
> (Admitted Pro Hac Vice)

> *Co-Counsel for Plaintiff Horton Homes, Inc.*

*Chamberlain, Hrdlicka, White, Williams & Martin*
191 Peachtree Street, N.E., 34th Fourth Floor
Atlanta, Georgia  30303
(404) 659-1410
(404) 659-1852 (Facsimile)
james.paul@chamberlainlaw.com