UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HORTON HOMES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LARUE BANDY, MARIE BANDY, )<br>PATRICK PRITCHETT, WILLIAM )<br>SHANER, ELSIE FONDREN )<br>AVERETTE, WILLIAM CRUTHIRDS, )<br>and SHERRIE CRUTHIRDS, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO.<br>2:07-CV-506-MEF |

**BRIEF IN SUPPORT OF HORTON HOMES, INC.'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT TO ADD LARRY C. MCCULLOUGH AND ROBERT JEROME TEAL, III, AS DEFENDANTS**

NOW COMES Plaintiff Horton Homes, Inc. ("Horton Homes") and files this its Brief in support of its "Motion for Leave to File Supplemental Complaint to Add Larry C. McCullough and Robert Jerome Teal, III, as Defendants" ("Horton Home's Motion for Leave to File Supplemental Complaint") and shows the Court as follows:

**I.    INTRODUCTION.**

Defendants are attempting to file arbitrations against Horton Homes based on arbitration agreements to which Horton Homes is not a party. Defendants are all represented by the same counsel and are attempting to arbitrate nearly identical

claims against Horton Homes. Because Defendants have no basis to force Horton Homes to arbitrate with them, Horton Homes has filed this action to prevent Defendants from proceeding with their attempted arbitrations against Horton Homes. Horton Homes filed this action based on diversity jurisdiction because it is a citizen of Georgia, and because each of Defendants is a citizen of Alabama, and because Defendants' claims satisfy the amount-in-controversy requirement of 28 U.S.C § 1332. Defendants have admitted that this Court has subject matter jurisdiction over this case, and this Court has held that it has jurisdiction over this case. (*See* Memorandum and Order [Doc. # 46], p. 2 n.2.)

Since Defendants filed this action on June 8, 2008, Larry C. McCullough ("McCullough") and Robert Jerome Teal, III ("Teal"), have attempted to file arbitrations against Horton Homes that are nearly identical to the arbitrations that Defendants are attempting to pursue against Horton Homes. McCullough and Teal are represented by the same counsel as Defendants. Like Defendants, McCullough and Teal are citizens of Alabama who are attempting to force Horton Homes to arbitrate based solely on arbitration agreements that they entered into only with H&S Homes, LLC ("H&S Homes"). Also like Defendants, McCullough and Teal contend that Horton Homes is bound by arbitration agreements signed by H&S Homes because Horton Homes is allegedly the alter ego of H&S Homes. Because

McCullough and Teal present similar issues of arbitrability to those raised by Defendants, McCullough and Teal should be added as defendants to this case.

## II.   STATEMENT OF FACTS.

Horton Homes filed its Complaint [Doc. #1] in this action on June 8, 2007 to prevent Defendants from proceeding against Horton Homes in arbitrations based solely on arbitration agreements signed by Defendants and H&S Homes, LLC ("H&S Homes").[1] Defendants are represented in this action and in their attempted arbitrations against Horton Homes by the same counsel: Frank H. Hawthorne, Jr., Randy Meyers, and Michael S. Harper.[2] Defendants are attempting to assert arbitration claims against Horton Homes based on alleged fraud concerning furniture and other items which Defendants claimed that they ordered but did not receive.

Because Horton Homes is not a party to the arbitration agreements that underlie each of the Defendants' attempted arbitrations against Horton Homes, Defendants allege that Horton Homes is liable for arbitration agreements signed by H&S Homes because Defendants contend that Horton Homes is the alter ego of

---

[1] Defendant William Shaner did not sign an arbitration agreement with H&S Homes. Instead, he lived in a manufactured home that was purchased by his mother, Cliffie Shaner, who entered into an arbitration agreement with H&S Homes.

[2] The Defendants' arbitration demands are attached as Exhibits "F" through "N" of Horton Homes' Complaint [Doc. #1].

H&S Homes.  (*See, e.g.*, Defendants' Amended Answer [Doc. #21], ¶ 1; Defendants' Answer [Doc. #9], Affirmative Defense No. 2.) Defendants admit that this Court has subject matter jurisdiction over this action. Accordingly, this Court has held that it has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, because Defendants are citizens of Alabama and Horton Homes is a citizen of Georgia. (*See* Memorandum and Order [Doc. # 46], p. 2 n.2.)

Since Horton Homes filed this action on June 8, 2007, McCullough and Teal have each attempted to force Horton Homes to arbitrate claims that are essentially the same as the arbitrations asserted by Defendants.[3] Like Defendants, McCullough and Teal are each citizen of Alabama who allege that Horton Homes committed fraud by failing to delivery furniture and other equipment that was ordered with the manufactured homes that each of them purchases. Also like Defendants, McCullough and Teal purchased their manufactured home from sales lots operated by H&S Homes and are attempting to force Horton Homes into arbitration based on arbitration agreements that each of them entered into with only H&S Homes. Furthermore, McCullough and Teal also contend that Horton Homes

---

[3] Attached as Exhibits "A" and "B", respectively, to Horton Home's Motion for Leave to File Supplemental Complaint, are copies of the arbitration pleadings that McCullough and Teal have each served on Horton Homes. As these pleadings indicate, McCullough and Teal are each represented by Defendants' counsel of record in the instant action.

is liable for arbitration agreements signed only by each of them and by H&S Homes, because they contend that Horton Homes is the alter ego of H&S Homes.

Pursuant to this Court's Scheduling Order [Doc. #48], the deadline for parties to amend their pleadings in this action is March 24, 2008. Therefore, Horton Homes has acted within this deadline by moving for leave to join McCullough and Teal as Defendants by filing "Horton Homes' Third Supplemental, Amended Complaint", which is attached as Exhibit "C" to Horton Homes' Motion for Leave to File Supplemental Complaint, filed herewith.

### III.   ARGUMENT AND CITATION OF AUTHORITIES.

Horton Homes seeks leave to file a supplemental complaint to add McCullough and Teal as defendants to this action. Leave of court is required by Fed. R. Civ. P. 15(d), because the requested amendment relates to events that occurred after Horton Homes filed its Complaint [Doc. #1].

As explained above in Section II., McCullough and Teal are each persons represented by Defendants' counsel of record and have each attempted to force Horton Homes to arbitrate similar claims to those asserted by Defendants, based upon the same alter ego theory as asserted by Defendants. As also explained above, McCullough and Teal are citizens of Alabama and, therefore, will not destroy the diversity of citizenship upon which this Court's jurisdiction is based, since Horton Homes is a citizen of Georgia. Furthermore, because McCullough

and Teal seek to assert the same claims that Defendants have asserted, McCullough's and Teal's claims also satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332.

Joinder of McCullough and Teal as defendants to this action is proper, pursuant to Fed. R. Civ. P. 19(a), which states in pertinent part as follows:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action *shall* be joined as a party in the action if . . . (2) the person claims an interest related to the subject of the action and is so situated that the disposition of the action in the person's absence may . . . (ii) leave any of the persons already parties subject to a substantial risk of incurring . . . inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a) (emphasis added).

McCullough and Teal are citizens of Alabama who are both subject to service of process in this action and who can be joined without destroying diversity jurisdiction. Because they are attempting to force Horton Homes into arbitrations based on facts and legal theories similar to those alleged by Defendants in the instant action, failing to join McCullough and Teal could create a substantial risk of creating inconsistent obligations for Horton Homes. Specifically, if McCullough and Teal are not joined as Defendants in the instant action, Horton Homes could be subjected to inconsistent determinations on what is essentially the same issue of arbitratility, if another court or arbitrator reaches a different decision

on this issue for McCullough and/or Teal than this Court reaches on this issue for Defendants.

Therefore, according to Fed. R. Civ. Proc. 19(a), McCullough and Teal should be joined as defendants to this action.

## IV.   CONCLUSION.

For the reasons stated above, the Court should grant Horton Homes' Motion for Leave to File Supplemental Complaint.

Dated this 24th day of March, 2008.

By:   /s/ Thomas C. Grant
JAMES L. PAUL
*Georgia Bar No. 567600*
THOMAS C. GRANT
*Georgia Bar No. 297455*
(Admitted Pro Hac Vice)

*Co-Counsel for Plaintiff Horton Homes, Inc.*

*Chamberlain, Hrdlicka, White, Williams & Martin*
191 Peachtree Street, N.E., 34th Fourth Floor
Atlanta, Georgia  30303
(404) 659-1410
(404) 659-1852 (Facsimile)
james.paul@chamberlainlaw.com

-8-

SYDNEY F. FRAZIER
SJIS #FRA007
*Cabaniss, Johnston, Gardner, Dumas & O'Neal, LLP*
Suite 700
2001 Park Place North
Birmingham, Alabama  35203
(205) 716-5291
(205) 716-5389 (Facsimile)
sff@cabaniss.com

*Co-Counsel for Plaintiff Horton Homes, Inc.*

276569.1

# **CERTIFICATE OF SERVICE**

This is to certify that the undersigned has this date served a true and correct copy of the within and foregoing "Brief in Support of Horton Homes, Inc.'s Motion for Leave to File Supplemental Complaint to Add Larry C. McCullough and Robert Jerome Teal, III, as Defendants" on the following parties, through the Court's CM/ECF system and by manner of service as indicated below, in properly addressed envelopes, with adequate postage affixed thereon, as necessary, addressed as follows:

    Michael S. Harper
    213 Barnett Boulevard
    P.O. Box 780608
    Tallassee, Alabama  36078
    *(Via Certified Mail, RRR 70070710000214057298)*

    Frank H. Hawthorne, Jr.
    Randy A. Myers
    Hawthorne & Myers LLC
    322 Alabama Street
    Montgomery, Alabama  36104
    *(Via Certified Mail, RRR 70070710000214057281)*

Dated this 24th day of March, 2008.

                                              By:  /s/ Thomas C. Grant
                                                  JAMES L. PAUL
                                                  *Georgia Bar No. 567600*
                                                  THOMAS C. GRANT
                                                  *Georgia Bar No. 297455*
                                                  (Admitted Pro Hac Vice)

                            *Co-Counsel for Plaintiff Horton Homes, Inc.*

*Chamberlain, Hrdlicka, White, Williams & Martin*
191 Peachtree Street, N.E., 34th Fourth Floor
Atlanta, Georgia  30303
(404) 659-1410
(404) 659-1852 (Facsimile)
james.paul@chamberlainlaw.com