**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK                                   TELEPHONE (334) 954-3600

April 15, 2008

# NOTICE OF CORRECTION

**From:   Clerk's Office**

**Case Style: Horton Homes, Inc. vs. Larue Bandy**
 **Case Number: 2:07cv506-MEF**

**Pleading : #64 - Amendment to Complaint**

**Notice of Correction is being filed this date to advise that the referenced pleading was e-filed on 4/4/08 without Exhibit A-D attached.**

 **The omitted exhibits are attached to this notice.**

Loan No. 151000019640

**ITEMIZATION OF AMOUNT FINANCED:**

1. CASH PRICE
   - a. cash sale price — $45,740.00
   - b. sales tax — $1,029.15
   - c. Total Cash Price — $46,769.15

2. DOWN PAYMENT
   - a. cash down payment — $20,000.00
   - b. Your Trade-in:
     - i. trade-in allowance — $0.00
     - ii. balance due on trade-in — $0.00
     - iii. net trade-in allowance
       (amount on line 2bi minus amount on line 2bii) — $0.00

   Year _____  Make _____
   Model _____  Size _____  Serial # _____

   - c. Total Down Payment
     (amount on line 2a plus amount on line 2biii) — $20,000.00

3. UNPAID BALANCE OF CASH PRICE
   (amount on line 1c minus amount on line 2c) — $26,769.15

4. AMOUNTS PAID TO OTHERS ON YOUR BEHALF:
   We may be retaining a portion of the charges set forth below.
   - a. To Public Officials (Title & Filing Fees) — $30.00
   - b. To Insurance Company
     1. Manufactured Home Insurance — $0.00
     2. Credit Life Insurance — $0.00
     3. Credit Disability Insurance — $0.00
   - c. For Flood Insurance Certification — $0.00
   - d. To Manufactured Home Broker — $0.00
   - e. For Appraisal Fee — $0.00
   - f. For Title Search Fee — $0.00
   - g. Delivery Service Fee — $0.00
   - h. Other: _____ — $0.00
   - i. Total of all Amounts Paid to Others on Your Behalf
     (total of amounts on lines 4a through 4h) — $30.00

5. DOCUMENTATION FEE PAID TO
   _____ — $0.00

6. POINTS PAID TO US — $0.00

7. PREPAID FINANCE CHARGE — $(0.00)

8. AMOUNT FINANCED
   (amount on line 3 plus amount on line 4i
   plus amount on line 5 plus amount on line 6
   minus amount on line 7) — $26,799.15

Title & Filing Fees (if not financed) — $0.00

SELLER'S AGREEMENT. Seller agrees to this Contract, and, subject to acceptance by
UNITED COMPANIES FUNDING, INC.
at its designated office, assigns it to
UNITED COMPANIES FUNDING, INC.
in accordance with the assignment set forth herein. Notice of acceptance is hereby waived.
Seller  H & S HOMES, LLC DBA HORTON HOMES OF GRIFFIN
(Firm Name)
By _____
Signator's Title _____   Date _____

**ARBITRATION.** Except as explained below, you and we understand and agree that all disputes, claims or controversies from or relating to this Contract (whether under case law, statutory law, or any other laws including, but not limited to, all contract, tort and property disputes) shall be resolved by binding arbitration ("Arbitration"). This Contract is made pursuant to a transaction in interstate commerce and shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1. Arbitration shall be conducted by one arbitrator selected by us with your consent. You and we agree that the arbitrator shall have all powers provided by law, and this Contract. These powers shall include all legal and equitable remedies including, but not limited to, money damages, declaratory relief and injunctive relief. Judgment upon the arbitrator's decision may be entered in any court having jurisdiction. You and we agree and understand that you and we choose Arbitration instead of litigation to resolve disputes, except as explained below. You and we understand that you and we each have a right to litigate disputes in court, but that you and we each prefer to resolve disputes through Arbitration, except as explained below. YOU AND WE VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT YOU OR WE HAVE TO A JURY TRIAL EITHER IN ARBITRATION OR IN A COURT ACTION BY US. EXCEPTION TO ARBITRATION: Even though you and we agree to Arbitration, we still may use judicial (filing a lawsuit) or nonjudicial relief to enforce our security interest, or to otherwise collect the balance due on this Contract. We may begin a lawsuit to enforce our security interest, or to obtain a monetary judgment, without waiving your right or our right to compel Arbitration of any other dispute or remedy, including the filing of a counterclaim by you in a lawsuit brought by us.

**NOTICE TO THE BUYER**

DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO AN EXACT COPY OF THE CONTRACT YOU SIGN. UNDER THE LAW, YOU HAVE THE RIGHT TO PAY OFF IN ADVANCE THE FULL AMOUNT DUE. KEEP THIS DOCUMENT TO PROTECT YOUR LEGAL RIGHTS.

YOU ACKNOWLEDGE THAT ON 6-15-98 YOU READ, SIGNED, AND RECEIVED A COMPLETELY FILLED IN COPY OF THIS RETAIL INSTALLMENT CONTRACT.

Signed, Sealed and Delivered By:

Buyer  *Larry C. McColley*  (Seal)

Buyer _____ (Seal)

Buyer _____ (Seal)

Buyer _____ (Seal)

GUARANTEE OF BUYER'S PROMISES. The undersigned, separately and together, agree(s) to pay all amounts due on this Retail Installment Contract as of today's date and until all amounts due on this Contract are paid in full. The undersigned also agree(s) to all the terms and conditions of this Retail Installment Contract. The undersigned waives any right to require us to take action against the principal as provided in O.C.G.A. 10-7-24.

On _____ I (we) read, signed and received a completely filled in copy of this
RETAIL INSTALLMENT CONTRACT.

Signed, Sealed and Delivered By:

Cosigner: X _____

Cosigner: X _____

**DISCLAIMER OF WARRANTIES**

NO WARRANTIES, EXPRESS OR IMPLIED, OR FOR MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, OR OTHERWISE, HAVE BEEN MADE BY US ABOUT THE MANUFACTURED HOME. YOU ACKNOWLEDGE HAVING EXAMINED THE MANUFACTURED HOME, AND, IF IT IS USED, ACCEPT THE MANUFACTURED HOME "AS IS." THIS DISCLAIMER DOES NOT AFFECT (1) ANY WARRANTIES REQUIRED BY LAW, (2) ANY WARRANTIES FROM THE MANUFACTURER, (3) WRITTEN WARRANTIES BY THE SELLER OR (4) SERVICE CONTRACTS MADE WITH THE SELLER WITHIN 90 DAYS FROM THE DATE OF THIS CONTRACT.

# ARBITRATION AGREEMENT

All disputes, claims, or controversies arising from or relating from or relating to this Contract or the relationships which result from this Contract, or the validity of this arbitration clause or the entire Contract, shall be resolved by binding arbitration by one arbitrator selected by Seller with consent of Buyers(s). This arbitration Contract is made pursuant to a transaction in interstate commerce, and shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1. Judgment upon the award rendered may be entered into any court having jurisdiction. The parties agree and understand that they have a right or opportunity to litigate disputes through a court but they prefer to resolve their disputes through arbitration, except as provided herein. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION. The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort and property disputes, will be subject to binding arbitration in accord with this Contract. The parties agree and understand that the arbitrator shall have all powers provided by law and the Contract. These powers shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief, and injunctive relief. Notwithstanding anything hereunto to the contrary, costs of arbitration imposed by the arbitrator shall be paid in full by H & S HOMES, LLC.

_____
Horton Homes of Opelika, General Manager

_____
Buyer

_____
Co-Buyer

07-10-01
Date

(Rev. 7/2000)

IN RE ARBITRATION, MATTER OF:

LARRY C. McCULLOUGH

    Claimant,

vs.

H & S HOMES, L.L.C. AND HORTON
HOMES, INC.,

    Respondents.

### DEMAND FOR ARBITRATION

TO:        VIA CERTIFIED MAIL
             H&S Homes, L.L.C.
             c/o The Corporation Company
             2000 Interstate Park Drive, Suite 204
             Montgomery, AL 36109

             VIA CERTIFIED MAIL
             David L. Selby, II, Esq.
             Kee & Selby
             1900 International Park Dr., Suite 220
             Birmingham, AL 35243

             VIA CERTIFIED MAIL
             Horton Homes, Inc.
             P.O. Drawer 4410
             Eatonton, GA 31024

    COMES NOW Larry C. McCullough, by and through his counsel of record, and hereby makes this his demand for arbitration regarding his dispute with the respondents. Claimant respectfully requests that this matter be submitted to arbitration and further states as follows:

    1.    Nature of the dispute: On or about August 21, 1998, claimant purchased a mobile home from respondents. The parties executed an Arbitration Agreement in connection with this transaction providing that the arbitration contract shall be governed

by the Federal Arbitration Act (Attached hereto as Exhibit "A"). Said Arbitration Agreement also provided that one arbitrator shall be selected by respondents with the consent of claimant.

Please provide counsel for the claimant ten (10) names of potential arbitrators so that the selection process can begin.

This case alleges various theories of fraud and conversion against the respondents in connection with claimant's purchase of his mobile home, including, but not limited to, theft of furniture.

Claimant seeks unspecified relief by way of compensatory and punitive damages.

2.  Amount involved: Undetermined.

3.  Remedy sought: Claimant seeks money damages for fraud, suppression, conversion, mental anguish, negligence and wantonness.

4.  Hearing locale requested: Montgomery County, Alabama.

The facts and allegations of the Demand are set forth in detail as follows:

## COMPLAINT

1.  Claimant is a resident of Alabama and over the age of majority.

2.  Respondent H & S Homes, L.L.C., (hereinafter referred to as "H&S") is a limited liability company qualified to do business in Alabama and did business by an agent in Alabama at all times complained of. H&S is, and was, a mere instrumentality or alter-ego of Horton Homes, Inc. at all times complained of.

3.  On or about June 25, 2001, claimant purchased his mobile home from respondents. As part of the transaction, claimant was entitled to a third party furniture

allowance of $5,000.00 as set forth on the invoice as standard equipment in the mobile home.

4. The salesman represented to the Plaintiff that there was no furniture or allowance that came with the mobile home and charged the Plaintiff additional money to receive the furniture.

5. Claimant took the delivery of the mobile home and recently learned that a furniture allowance of $5,000.00 was standard that he should have received in his purchase.

6. As the direct and proximate result of respondents' fraudulent, malicious, intentional and wrongful conduct, claimant was deprived of standard equipment furniture that he paid for as part of the deal and has suffered damages. All of the events alleged were first discovered within two years prior to the filing of this Demand for Arbitration.

_____
RANDY MYERS (MYE003)
Attorney for Claimant

_____
FRANK H. HAWTHORNE, JR. (HAW012)
Attorney for Claimant

OF COUNSEL:
Hawthorne & Myers, L.L.C.
322 Alabama Street
Montgomery, AL 36104
Telephone (334) 269-5010
Facsimile (334) 834-0080

Michael S. Harper, Esq.
Attorney at Law
P. O. Box 780608
Tallassee, AL 36078-0608
Telephone (334) 283-6855
Facsimile (334) 283-6858

3

Loan No. 151000019640

| ITEMIZATION OF AMOUNT FINANCED: | | |
|---|---|---|
| 1 CASH PRICE | | |
| a. cash sale price | $45,740.00 | |
| b. sales tax | $ 1,029.15 | |
| c. Total Cash Price | | $ 46,769.15 |
| 2. DOWN PAYMENT | | |
| a. cash down payment | $ 20,000.00 | |
| b. Your Trade-in: | | |
| i. trade-in allowance | $ 0.00 | |
| ii. balance due on trade-in | $ 0.00 | |
| iii. net trade-in allowance (amount on line 2bi minus amount on line 2bii) | $ 0.00 | |
| Year ____ Make ____ | | |
| Model ____ Size ____ Serial # ____ | | |
| c. Total Down Payment (amount on line 2a plus amount on line 2biii) | | $ 20,000.00 |
| 3 UNPAID BALANCE OF CASH PRICE (amount on line 1c minus amount on line 2c) | | $ 26,769.15 |
| 4 AMOUNTS PAID TO OTHERS ON YOUR BEHALF: We may be retaining a portion of the charges set forth below. | | |
| a. To Public Officials (Title & Filing Fees) | $ 30.00 | |
| b. To Insurance Company | | |
| 1. Manufactured Home Insurance | $ 0.00 | |
| 2. Credit Life Insurance | $ 0.00 | |
| 3. Credit Disability Insurance | $ 0.00 | |
| c. For Flood Insurance Certification | $ 0.00 | |
| d. To Manufactured Home Broker | $ 0.00 | |
| e. For Appraisal Fee | $ 0.00 | |
| f. For Title Search Fee | $ 0.00 | |
| g. Delivery Service Fee | $ 0.00 | |
| h. Other: ____ | $ 0.00 | |
| i. Total of all Amounts Paid to Others on Your Behalf (total of amounts on lines 4a through 4h) | | $ 30.00 |
| 5 DOCUMENTATION FEE PAID TO ____ | | $ 0.00 |
| 6. POINTS PAID TO US | | $ 0.00 |
| 7 PREPAID FINANCE CHARGE | | $( 0.00 ) |
| 8. AMOUNT FINANCED (amount on line 3 plus amount on line 4i plus amount on line 5 plus amount on line 6 minus amount on line 7) | | $ 26,799.15 |
| Title & Filing Fees (if not financed) | | $ 0.00 |

SELLER'S AGREEMENT. Seller agrees to this Contract, and, subject to acceptance by UNITED COMPANIES FUNDING, INC. at its designated office, assigns it to UNITED COMPANIES FUNDING, INC. in accordance with the assignment set forth herein. Notice of acceptance is hereby waived.

Seller  H & S HOMES, LLC DBA HORTON HOMES OF GRIFFIN
(Firm Name)

By ____

Signator's Title ____   Date ____

ARBITRATION. Except as explained below, you and we understand and agree that all disputes, claims or controversies from or relating to this Contract (whether under case law, statutory law, or any other laws including, but not limited to, all contract, tort and property disputes) shall be resolved by binding arbitration ("Arbitration"). This Contract is made pursuant to a transaction in interstate commerce and shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1. Arbitration shall be conducted by one arbitrator selected by us with your consent. You and we agree that the arbitrator shall have all powers provided by law, and this Contract. These powers shall include all legal and equitable remedies including, but not limited to, money damages, declaratory relief and injunctive relief. Judgment upon the arbitrator's decision may be entered in any court having jurisdiction. You and we agree and understand that you and we choose Arbitration instead of litigation to resolve disputes, except as explained below. You and we understand that you and we each have a right to litigate disputes in court, but that you and we each prefer to resolve disputes through Arbitration, except as explained below. YOU AND WE VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT YOU OR WE HAVE TO A JURY TRIAL EITHER IN ARBITRATION OR IN A COURT ACTION BY US. EXCEPTION TO ARBITRATION: Even though you and we agree to Arbitration, we still may use judicial (filing a lawsuit) or nonjudicial relief to enforce our security interest, or to otherwise collect the balance due on this Contract. We may begin a lawsuit to enforce our security interest, or to obtain a monetary judgment, without waiving your right or our right to compel Arbitration of any other dispute or remedy, including the filing of a counterclaim by you in a lawsuit brought by us.

### NOTICE TO THE BUYER

DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO AN EXACT COPY OF THE CONTRACT YOU SIGN. UNDER THE LAW, YOU HAVE THE RIGHT TO PAY OFF IN ADVANCE THE FULL AMOUNT DUE. KEEP THIS DOCUMENT TO PROTECT YOUR LEGAL RIGHTS.

YOU ACKNOWLEDGE THAT ON 6-15-98 YOU READ, SIGNED, AND RECEIVED A COMPLETELY FILLED IN COPY OF THIS RETAIL INSTALLMENT CONTRACT.

Signed, Sealed and Delivered By:

Buyer  *Larry C McColl*  (Seal)

Buyer ____ (Seal)

Buyer ____ (Seal)

Buyer ____ (Seal)

GUARANTEE OF BUYER'S PROMISES. The undersigned, separately and together, agree(s) to pay all amounts due on this Retail Installment Contract as of today's date and until all amounts due on this Contract are paid in full. The undersigned also agree(s) to all the terms and conditions of this Retail Installment Contract. The undersigned waives any right to require us to take action against the principal as provided in O.C.G.A. 10-7-24.

On ____ I (we) read, signed and received a completely filled in copy of this RETAIL INSTALLMENT CONTRACT.

Signed, Sealed and Delivered By:

Cosigner: X ____

Cosigner: X ____

---

**DISCLAIMER OF WARRANTIES**

NO WARRANTIES, EXPRESS OR IMPLIED, OR FOR MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, OR OTHERWISE, HAVE BEEN MADE BY US ABOUT THE MANUFACTURED HOME. YOU ACKNOWLEDGE HAVING EXAMINED THE MANUFACTURED HOME, AND, IF IT IS USED, ACCEPT THE MANUFACTURED HOME "AS IS." THIS DISCLAIMER DOES NOT AFFECT (1) ANY WARRANTIES REQUIRED BY LAW, (2) ANY WARRANTIES FROM THE MANUFACTURER, (3) WRITTEN WARRANTIES BY THE SELLER OR (4) SERVICE CONTRACTS MADE WITH THE SELLER WITHIN 90 DAYS FROM THE DATE OF THIS CONTRACT.

UCFI Form MHGA11(Georgia-Dealer/Stepped Rate)   Page 3 of 5   D04 DRAFT 4 05/02/97

IN RE ARBITRATION, MATTER OF:

ROBERT JEROME TEAL, III,

    Claimant,

vs.

H & S HOMES, L.L.C. AND HORTON HOMES, INC.,

    Respondents.

## DEMAND FOR ARBITRATION

TO:    VIA CERTIFIED MAIL
H&S Homes, L.L.C.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

VIA CERTIFIED MAIL
David L. Selby, II, Esq.
Kee & Selby
1900 International Park Dr., Suite 220
Birmingham, AL 35243

VIA CERTIFIED MAIL
Horton Homes, Inc.
P.O. Drawer 4410
Eatonton, GA 31024

COMES NOW Robert Jerome Teal, III, by and through his counsel of record, and hereby makes this his demand for arbitration regarding his dispute with the respondents. Claimant respectfully requests that this matter be submitted to arbitration and further states as follows:

1.    Nature of the dispute: On or about July 25, 2001, claimant purchased a mobile home from respondents. The parties executed an Arbitration Agreement in connection with this transaction providing that the arbitration contract shall be governed

1

by the Federal Arbitration Act (Attached hereto as Exhibit "A"). Said Arbitration Agreement also provided that one arbitrator shall be selected by respondents with the consent of claimant.

Please provide counsel for the claimant ten (10) names of potential arbitrators so that the selection process can begin.

This case alleges various theories of fraud and conversion against the respondents in connection with claimant's purchase of his mobile home, including, but not limited to, theft of furniture.

Claimant seeks unspecified relief by way of compensatory and punitive damages.

2. Amount involved: Undetermined.

3. Remedy sought: Claimant seeks money damages for fraud, suppression, conversion, mental anguish, negligence and wantonness.

4. Hearing locale requested: Montgomery County, Alabama.

The facts and allegations of the Demand are set forth in detail as follows:

## COMPLAINT

1. Claimant is a resident of Alabama and over the age of majority.

2. Respondent H & S Homes, L.L.C., (hereinafter referred to as "H&S") is a limited liability company qualified to do business in Alabama and did business by an agent in Alabama at all times complained of. H&S is, and was, a mere instrumentality or alter-ego of Horton Homes, Inc. at all times complained of.

3. On or about June 25, 2001, claimant purchased his mobile home from respondents. As part of the transaction, claimant was entitled to certain furniture as set forth on the invoice as standard equipment in the mobile home.

2

4. Unbeknownst to claimant, the mobile home was delivered and respondents failed to inform claimant that it had removed furniture and claimant did not receive same.

5. Claimant took the delivery of the mobile home and recently learned that furniture was standard equipment that he should have received in his purchase.

6. As the direct and proximate result of respondents' fraudulent, malicious, intentional and wrongful conduct, claimant was deprived of standard equipment furniture that he paid for as part of the deal and has suffered damages. All of the events alleged were first discovered within two years prior to the filing of this Demand for Arbitration.

_____
RANDY MYERS (MYE003)
Attorney for Claimant

_____
FRANK H. HAWTHORNE, JR. (HAW012)
Attorney for Claimant

OF COUNSEL:
Hawthorne & Myers, L.L.C.
322 Alabama Street
Montgomery, AL 36104
Telephone (334) 269-5010
Facsimile (334) 834-0080

Michael S. Harper, Esq.
Attorney at Law
P. O. Box 780608
Tallassee, AL 36078-0608
Telephone (334) 283-6855
Facsimile (334) 283-6858

3

# ARBITRATION AGREEMENT

All disputes, claims, or controversies arising from or relating from or relating to this Contract or the relationships which result from this Contract, or the validity of this arbitration clause or the entire Contract, shall be resolved by binding arbitration by one arbitrator selected by Seller with consent of Buyers(s). This arbitration Contract is made pursuant to a transaction in interstate commerce, and shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1. Judgment upon the award rendered may be entered into any court having jurisdiction. The parties agree and understand that they have a right or opportunity to litigate disputes through a court but they prefer to resolve their disputes through arbitration, except as provided herein. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION. The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort and property disputes, will be subject to binding arbitration in accord with this Contract. The parties agree and understand that the arbitrator shall have all powers provided by law and the Contract. These powers shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief, and injunctive relief. Notwithstanding anything hereunto to the contrary, costs of arbitration imposed by the arbitrator shall be paid in full by H & S HOMES, LLC.

_____
Horton Homes of Opelika, General Manager

_____
Buyer

_____
Co-Buyer

07-10-01
Date

(Rev. 7/2000)