UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HORTON HOMES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LARUE BANDY, MARIE BANDY, ) <br> PATRICK PRITCHETT, WILLIAM ) <br> SHANER, ELSIE FONDREN ) <br> AVERETTE, WILLIAM CRUTHIRDS, ) <br> SHERRIE CRUTHIRDS, LARRY C. ) <br> McCULLOUGH, and ROBERT ) <br> JEROME TEAL, III, ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. <br> 2:07-CV-506-MEF |

**PLAINTIFF HORTON HOME'S BRIEF IN OPPOSITION TO DEFENDANT'S "MOTION TO SHORTEN TIME"**

**COMES NOW** Horton Homes, Inc. ("Horton Homes") and files this Brief in Opposition to Defendants' "Motion to Shorten Time" [Doc. No. 67] and shows this Court as follows:

Plaintiff Horton Homes opposes Defendants' Motion to Shorten Time because Defendants want to cut Horton Homes' response time in half for their own benefit without any legitimate basis for doing so.

Defendants served their "Continuing Request for Production of Documents" ("Defendants' Continuing Request") on May 30, 2008 by mail. Pursuant to

Fed. R. Civ. P. 6(e) and 34(b), Horton Homes' response is due on July 2, 2008. Defendants now seek permission to move that deadline up to June 16, 2008, which would reduce the thirty-three day period for Horton Homes' response by sixteen days.

Defendants' Continuing Request consists of fifteen document requests that seek production of documents relating to numerous entities that are not even parties to this action. Horton Homes is presently working on its response to Defendants' Continuing Request under the assumption that it will have the full time provided by the Federal Rules. Although Defendants want to cut Horton Homes' response time in half, they have not made any attempt to communicate with Horton Homes to determine the feasibility and impact of their requested, shortened response time.

Instead, Defendants simply state that they will be prejudiced by having to wait for Defendants to respond within the customary period. Specifically, Defendants claim that this "will impede Defendants' ability to prepare for the upcoming depositions and conclude the necessary discovery in advance of the present discovery cut off imposed by the Court's Scheduling Order". (Motion to Shorten Time, pp. 1-2.)

Defendants make no attempt to specify at all how they would be prejudiced if their Motion to Shorten is not granted. Defendants do not identify the

"upcoming depositions" or explain how expedited responses to Defendants' Continuing Request are necessary to prepare for those depositions. Defendants also fail to show at all how this information is needed within a shortened time in order "to conclude the necessary discovery". Defendants do not even elaborate on "the necessary discovery". Furthermore, Defendants also conveniently omit any explanation of why, after more than seven months of discovery, they suddenly need expedited discovery responses.

Most important, Defendants have failed to show why they need a shortened response time, given that they will have *more than four weeks* to engage in discovery, even after the current July 2, 2008 deadline for Horton Homes' response to Defendants' Continuing Request. Under Section 7 of the Scheduling Order [Docket No. 48], discovery ends in this action on August 1, 2008. Therefore, Defendants will have thirty additional days of discovery, after Horton Homes responds on July 2, 2008. Because this is a sufficient time to conduct discovery, Defendants have not shown any justifiable basis for prejudicing Horton Homes by cutting its response time in half. Furthermore, Horton Homes will serve its response to Defendants' Continuing Request by facsimile and email, to ensure that Defendants immediately receive it.

Therefore, the Court should deny Defendants' Motion to Shorten Time and allow Horton Homes to have the full response period to which it is entitled under the Federal Rules.

Dated this 6th day of June, 2008.

By: /s/ James L. Paul
JAMES L. PAUL
*Georgia Bar No. 567600*
THOMAS C. GRANT
*Georgia Bar No. 297455*
(Admitted Pro Hac Vice)

*Counsel for Plaintiff Horton Homes, Inc.*

*Chamberlain, Hrdlicka, White, Williams & Martin*
191 Peachtree Street, N.E., 34th Fourth Floor
Atlanta, Georgia 30303
(404) 659-1410
(404) 659-1852 (Facsimile)
*james.paul@chamberlainlaw.com*

SYDNEY F. FRAZIER
SJIS #FRA007
*Cabaniss, Johnston, Gardner, Dumas & O'Neal, LLP*
Suite 700
2001 Park Place North
Birmingham, Alabama 35203
(205) 716-5291
(205) 716-5389 (Facsimile)
*sff@cabaniss.com*

*Co-Counsel for Plaintiff Horton Homes, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served a true and correct copy of the within and foregoing "Brief in Opposition to Defendant's 'Motion to Shorten Time'" on the following parties, by manner of service as indicated below, in properly addressed envelopes, with adequate postage affixed thereon, as necessary, addressed as follows:

Michael S. Harper
213 Barnett Boulevard
P.O. Box 780608
Tallassee, Alabama 36078
*(Via Certified Mail, RRR #7007 0220 0004 0762 4179)*

Frank H. Hawthorne, Jr.
Randy A. Myers
Hawthorne & Myers LLC
322 Alabama Street
Montgomery, Alabama 36104
*(Via Certified Mail, RRR #7007 0220 0004 0762 4186)*

Dated this 6th day of June, 2008.

By: _____
JAMES L. PAUL
*Georgia Bar No. 567600*
THOMAS C. GRANT
*Georgia Bar No. 297455*
(Admitted Pro Hac Vice)

*Co-Counsel for Plaintiff Horton Homes, Inc.*

*Chamberlain, Hrdlicka, White, Williams & Martin*
191 Peachtree Street, N.E., 34th Fourth Floor
Atlanta, Georgia 30303
(404) 659-1410
(404) 659-1852 (Facsimile)
*james.paul@chamberlainlaw.com*
282208.1
730302-000067:6/6/2008