UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HORTON HOMES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:07-CV-506-MEF |
| | ) | |
| LARUE BANDY, MARIE BANDY, | ) | |
| PATRICK PRITCHETT, WILLIAM | ) | |
| SHANER, ELSIE FONDREN | ) | |
| AVERETTE, WILLIAM CRUTHIRDS, | ) | |
| SHERRIE CRUTHIRDS, LARRY C. | ) | |
| McCULLOUGH, and ROBERT | ) | |
| JEROME TEAL, III, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF HORTON HOMES, INC.'S MOTION FOR PROTECTIVE ORDER PROHIBITING DISCOVERY ABOUT NON-PARTY ENTITIES NOT THE SUBJECT OF CLAIMS OR DEFENSES

COMES NOW Plaintiff Horton Homes, Inc. ("Plaintiff Horton") and files this its "Motion for Protective Order Prohibiting Discovery About Non-Party Entities Not the Subject of Claims or Defenses" ("Plaintiff Horton's Motion for Protective Order") and shows the Court as follows:

1.

Plaintiff Horton manufactures homes at its plant in Eatonton, Georgia, and sells these manufactured homes to retailers located throughout the Southeast. Plaintiff Horton does not sell any manufactured homes directly to consumers.

Instead, the retailers take title to these homes and bear the risk of loss until the homes are sold to consumers.

2.

H&S Homes, LLC ("H&S Homes") is one of more than 400 retailers to which Plaintiff Horton has sold manufactured homes during the period 1996 to 2007.  At one time, H&S Homes had more than 50 retail sales lots, including lots located in Alabama.  Each of the Defendants purchased a manufactured home from an H&S Homes sales lot located in Alabama (collectively, the "Subject Manufactured Homes").[1]  All of the Subject Manufactured Homes were built by Plaintiff Horton and sold to H&S Homes.  The pleadings establish that the Subject Manufactured Homes from H&S Homes pursuant to sales contracts that each of Defendants entered into with H&S Homes (collectively, the "Sales Contracts"). (Complaint [Doc. # 1], ¶ 18; First Amendment to Complaint [Doc. # 7], ¶ 18; Third Supplemental, Amended Complaint [Doc. # 64], ¶ 18; Answer [Doc. # 9], ¶ 1; Amended Answer [Doc. # 21], ¶¶ 1, 5.)

3.

The Sales Contracts include arbitration agreements (collectively, the "Arbitration Agreements") whereby each of the Defendants and H&S Homes

---

[1] Unlike the other Defendants, Defendant Shaner did not actually purchase a manufactured home from H&S Homes.  Instead, Defendant William Shaner lived in a manufactured home that his mother, Cliffie Shaner, bought for him from H&S Homes.

agreed to arbitrate claims related to the Subject Manufactured Homes. *Id.*
Defendants admit that Plaintiff Horton is not a party the Sales Agreements or to the
Arbitration Agreements. (Defendants' Brief in Opposition to Plaintiff's Motion for
Preliminary Injunction [Doc. #22], p. 2 ("Horton Homes, Inc. was not a signatory
to any of the arbitration agreements executed between the Defendants and H&S
Homes, LLC").)

4.

Defendants each allege fraud and conversion claims related to the sale of the
Subject Manufactured Homes, claiming that Defendants did not receive furniture
and rebates to which they contend they were entitled. Because these claims are
within the scope of the Arbitration Agreements, Defendants seek to arbitrate these
claims.[2] Defendants have improperly named Plaintiff Horton as a respondent in
these arbitrations, although Plaintiff Horton is not a party to the Arbitration
Agreements nor the Sales Agreements. Plaintiff Horton has consistently objected
to Defendants' attempt to bring it within the jurisdiction of any arbitrator. Because
Defendants admit that Plaintiff Horton is ***not*** a party to the Arbitration

---

[2] Unlike the other Defendants, Defendant Shaner has already participated in
an arbitration against both H&S Homes and Horton Homes. This arbitration
occurred despite objection by Plaintiff Horton and resulted in an arbitration award
that was issued after Plaintiff Horton filed the instant action. The Supreme Court
of Alabama recently remanded this arbitration award to the Circuit Court of
Montgomery, Alabama, for further proceedings on Defendant Shaner's Motion to
enter judgment on the arbitration award.

Agreements, they are relegated to arguing that Plaintiff Horton is subject to the Arbitration Agreements because it is allegedly the alter ego of H&S Homes. (Answer [Doc. # 9], Second Affirmative Defense; Amended Answer [Doc. # 21], ¶ 1.)

5.

Plaintiff Horton filed the instant action to prevent Defendants from pursuing arbitrations against Plaintiff Horton based on the Arbitration Agreements. Accordingly, Plaintiff Horton's Complaint [Doc. # 1] concerns only Plaintiff Horton, Defendants, and H&S Homes. Specifically, Plaintiff Horton asserts two claims against each of the Defendants in this action. First, it seeks a declaratory judgment that Plaintiff Horton is not subject to arbitration with Defendants pursuant to the Arbitration Agreements. Second, Plaintiff Horton seeks a permanent injunction against any attempt by Defendants to arbitrate against Plaintiff Horton pursuant to the Arbitration Agreements.

6.

Similarly, Defendants' Answers [Doc. # 9, 21] involve only Plaintiff Horton, H&S Homes, and Defendants. Defendants do not dispute that: (i) Plaintiff Horton built the Subject Manufactured Homes; (ii) Defendants purchased the Subject Manufactured Homes from H&S Homes; or (iii) Defendants and H&S Homes are the only parties to the Arbitration Agreements.

7.

In their Answers, Defendants assert two defenses. In their First Affirmative Defense, Defendants argue that Plaintiff Horton is estopped from objecting to the arbitrations that Defendants filed against Plaintiff Horton. Defendants do not contend that their First Affirmative Defense relates to any person or entity other than Plaintiff Horton.

8.

As their Second Affirmative Defense, Defendants allege that "H&S Homes, LLC is the alter ego of Horton Homes, Inc., or acts as the mere instrumentality of Horton Homes, Inc. and therefore Horton Homes, Inc. is a party to the Arbitration Agreements". (Answer [Doc. No. 9], p. 2; Amended Answer [Doc. No. 21], ¶ 1 (adopting previously asserted defenses).) Therefore, this defense concerns only Plaintiff Horton and H&S Homes, LLC.

9.

Defendants have not attempted to join any additional parties to this action and have not asserted as a defense that Plaintiff Horton has failed to join any necessary parties to this action. Defendants also have not asserted any counterclaims against Plaintiff Horton. Because the deadlines for joining parties and amending pleadings expired on March 24, 2008 (Uniform Scheduling Order [Doc. # 48], § 4); the pleadings in this action are closed.

10.

Under the Amended Complaint and Amended Answers, the claims and defenses concern only whether Defendants can subject Plaintiff Horton to arbitration based on the Arbitration Agreements executed by H&S Homes and Defendants. No other persons or entities are involved in the claims or defenses in this action. Defendants concede this point in pleadings and in a letter from their counsel.

11.

In Defendants' Brief in Opposition to Plaintiff's Motion for Preliminary Injunctions, Defendants describe this case as follows:

> The Defendants purchased mobile homes from H&S Homes, LLC, in five separate transactions in the State of Alabama during the years 1999 and 2000. In each of these transactions, the Defendants signed an arbitration agreement with H&S Homes, LLC. Defendants concede that they purchased their mobile homes from H&S Homes, LLC and not Horton Homes, Inc. Furthermore, Horton Homes, Inc. was not a signatory to any of the arbitration agreements executed between the Defendants and H&S Homes, LLC. However, it is the contention of the Defendants that H&S Homes, LLC is a mere instrumentality or alter-ego of Horton Homes, Inc. And, as such, Horton Homes, Inc. can be compelled to arbitrate the claims of the Defendants. It is undisputed that all of the arbitration agreements ere executed in the state of Alabama.

(Defendants' Brief in Opposition to Plaintiff's Motion for Preliminary Injunction [Doc. No. 22], p. 2.)

12.

Similarly, in a June 2, 2008 letter to Plaintiff Horton's counsel concerning the unlikelihood of settlement, Defendants' counsel stated as follows: "As this is not a case of damages, we do not believe it can be settled. Either H&S Homes, LLC is the alter ego of Horton Homes, Inc., or it is not".[3] (June 7, 2008 letter from Frank H. Hawthorne, Jr., to Jimmy L. Paul.)

13.

Despite the limited scope of this action, Defendants are attempting to obtain discovery about non-party entities that are not the subject of claims or defenses in this action. Defendants' intent to conduct such discovery is evident from document requests that they have served and from their stated intent to inquire about additional, irrelevant entities at upcoming depositions.

14.

On May 30, 2008, Defendants served their "Continuing Request for Production of Documents" ("Defendants' Request for Production"),[4] which seeks production of documents about numerous entities that have nothing to do with the

---

[3] A copy of this June 2, 2008 letter is attached to the "Declaration of Jimmy L. Paul Pursuant to 28 U.S.C. § 1746", filed herewith.

[4] Pursuant to Local Rule 5.1, Plaintiff Horton has filed herewith a copy of "Defendants Continuing Request for Production of Documents", and has requested that Defendants file the original copy of this discovery request. Plaintiff Horton has also filed herewith the original of its "Plaintiff Horton Homes, Inc.'s Answers and Objections to Defendants Request for Production of Documents".

claims and defenses in this action. Specifically, Defendants' Request for Production seeks extensive documents about the formation and finances of the following three irrelevant non-party entities: Triangle Homes, LLC, Horton Industries, Inc., and Horton Ironworks, Inc. (Consistent with Plaintiff Horton's Motion for Protective Order, Plaintiff Horton has objected to these document requests because they seek documents outside the scope of discovery.)

15.

With respect to non-party Triangle Homes, LLC, Defendants seek the following:

26.    A true and correct copy of the Triangle Homes, LLC and its subsidiaries operating agreements, articles of organization, by-laws, or any other documents pertaining to the organization of *[non-party]* Triangle Homes, LLC, and its subsidiaries.

27.    True and correct copies of any and all check written by *[non-party]* Triangle Homes, LLC, or its subsidiaries, made payable to *[non-party]* Horton Industries.

28.    True and correct copies of any and all checks written by *[non-party]* Horton Industries, Inc. and made payable to *[non-party]* Triangle Homes, LLC or its subsidiaries.

29.    True and correct copies of any and all notes executed by Triangle Homes, LLC, or its subsidiaries, in favor of *[non-party]* Horton Industries, reflecting any and all loans from *[non-party]* Horton Industries, Inc..

33.    True and correct copies of all documents reflecting the payment of all money or other assets for the initial capitalizations of *[non-party]* Triangle Homes, LLC, or its subsidiaries.

34.    True and correct copies of all minutes of any meetings of any governing board of *[non-party]* Triangle Homes, LLC, or its subsidiaries.

(Defendants' Request for Production, pp. 3-4.)

16.

In addition to Requests Nos. 27-29 quoted above, Defendants are also

seeking documents about non-party Horton Industries, Inc., as follows:

30.    True and correct copies of any and all ledgers reflecting loans and payment on loans between Horton Homes and *[non-party]* Horton Industries for the past 6 years.

35.    True and correct copies of all minutes of minutes of all governing boards of *[non-party]* Horton Industries, Inc. from January 1, 2004 to the present.

(*Id.*, p. 4.)

17.

Defendants have also expressly requested documents about non-party

Horton Ironworks, Inc. as follows:

31.    True and correct copies of any and all ledgers reflecting loans and payments on loans between Horton Homes and *[non-party]* Horton Ironworks, Inc.

(*Id.*)

18.

In addition to the specific Requests quoted above, Defendants have also cast

a broad net in an attempt to discover a large portion of all of Plaintiff Horton's

financial dealings with many other, irrelevant non-party entities, as follows:

36.    True and correct copies of all general ledgers of all companies related to Horton Homes, Inc. that owe Horton Homes, Inc. money or has owed Horton Homes, Inc. money at any time within the last five (5) year, such ledgers encompassing the prior five (5) physical years up to the present.

(*Id.*)

19.

Defendants' counsel have also clearly indicated Defendants' intent to seek discovery about irrelevant non-party entities at deposition.  As described above in Section II.A., Defendants' counsel stated in a June 2, 2008 letter that Defendants "would like to depose David Giddens, the President of Triangle Homes, LLC".[5]

20.

In 2000, Fed. R. Civ. P. 26(b)(1) was amended to define the scope of discovery to the actual claims and defenses asserted in an action.  As Courts, including this Court, have noted, this 2000 amendment was intended to narrow the scope of discovery:

Fed. R. Civ. P. 26(b)(1) permits discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence".  ***This phrasing of the rule was adopted in 2000 to limit the scope of discovery to, in general, "the actual claims and***

---

[5] Because Mr. Giddens performs accounting work for Plaintiff Horton and has already testified at the November 20, 2007 preliminary injunction hearing in this action, Plaintiff Horton does not dispute Defendants' right to depose Mr. Giddens about matters within the scope of discovery in this action.

*defenses involved in the action".*  Fed. R. Civ. P. 26(b)(1) committee note".

*Dees v. Hyundai Motor Mfg. Ala., LLC* 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) (emphasis added).

21.

Therefore Defendants' attempt to discover information and documents about the organization, operation, and financing of non-party entities not even referenced in the pleadings is an improper attempt to go outside the pleadings and, thus, outside the scope of discovery.  Furthermore, discovery has been ongoing for more than six months in this action, and the deadline for amending pleadings and adding parties expired on March 24, 2008.  [Doc. # 48.]  As a result, Plaintiff Horton is entitled to a protective order preventing Defendants from pursuing such discovery.

WHEREFORE, Plaintiff Horton is entitled to a protective order precluding Defendants from using discovery to complicate this case and harass and unduly burden Plaintiff Horton by seeking discovery about non-parties Triangle Homes, LLC, Horton Industries, Inc., Horton Ironworks, Inc., and other entities that are irrelevant to this action.

Dated this 1st day of July, 2008.

By:  / s / Jimmy L. Paul
JIMMY L. PAUL
*Georgia Bar No. 567600*
THOMAS C. GRANT
*Georgia Bar No. 297455*
(Admitted Pro Hac Vice)

Chamberlain, Hrdlicka, White, Williams & Martin
191 Peachtree Street, N.E., 34th Fourth Floor
Atlanta, Georgia  30303
(404) 659-1410
(404) 659-1852 (Facsimile)
james.paul@chamberlainlaw.com

SYDNEY F. FRAZIER
SJIS #FRA007
Cabaniss, Johnston, Gardner, Dumas & O'Neal, LLP
2001 Park Place North, Suite 700
Birmingham, Alabama  35203
(205) 716-5291
(205) 716-5389 (Facsimile)
sff@cabaniss.com

*Co-Counsel for Plaintiff Horton Homes, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this date the undersigned has filed using the CM/ECF system a true and correct copy of "Plaintiff Horton Homes, Inc.'s Motion for Protective Order Prohibiting Discovery About Non-Party Entities Not the Subject of Claims or Defenses" on the following parties and has served the following via the CM/ECF system:

Michael S. Harper
213 Barnett Boulevard
P.O. Box 780608
Tallassee, Alabama 36078

Frank H. Hawthorne, Jr.
Randy A. Myers
Hawthorne & Myers LLC
322 Alabama Street
Montgomery, Alabama 36104

Dated this 1st day of July, 2008.

By: <u>/ s / Jimmy L. Paul</u>
JIMMY L. PAUL
*Georgia Bar No. 567600*
THOMAS C. GRANT
*Georgia Bar No. 297455*
(Admitted Pro Hac Vice)

*Co-Counsel for Plaintiff Horton Homes, Inc.*

Chamberlain, Hrdlicka, White, Williams & Martin
191 Peachtree Street, N.E., 34th Fourth Floor
Atlanta, Georgia 30303
(404) 659-1410
(404) 659-1852 (Facsimile)
james.paul@chamberlainlaw.com
283856.1
730302-000067:6/30/2008