UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HORTON HOMES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:07-CV-506-MEF |
| | ) | |
| LARUE BANDY, MARIE BANDY, | ) | |
| PATRICK PRITCHETT, WILLIAM | ) | |
| SHANER, ELSIE FONDREN | ) | |
| AVERETTE, WILLIAM CRUTHIRDS, | ) | |
| SHERRIE CRUTHIRDS, LARRY C. | ) | |
| McCULLOUGH, and ROBERT | ) | |
| JEROME TEAL, III, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF FILING DISCOVERY BY
## PLAINTIFF HORTON HOMES, INC.

COMES NOW Plaintiff Horton Homes, Inc. ("Plaintiff Horton") in the

above-captioned case, and pursuant to Local Rule 5.1, hereby gives notice of filing

of the following discovery in this action:

1.    Defendants' "Continuing Request for Production of Documents", a

copy of which is attached hereto as Exhibit "A" (Plaintiff Horton is

hereby requesting that Defendants file the original of this document);

and

2.      "Plaintiff Horton, Inc.'s Answers and Objections to 'Defendants'
Continuing Request for Production of Documents'", a copy of which
is attached as Exhibit "B".

Dated this 1st day of July, 2008.

By:    / s / Jimmy L. Paul
　　　　JIMMY L. PAUL
　　　　*Georgia Bar No. 567600*
　　　　THOMAS C. GRANT
　　　　*Georgia Bar No. 297455*
　　　　(Admitted Pro Hac Vice)

Chamberlain, Hrdlicka, White, Williams & Martin
191 Peachtree Street, N.E., 34th Fourth Floor
Atlanta, Georgia  30303
(404) 659-1410
(404) 659-1852 (Facsimile)
james.paul@chamberlainlaw.com

SYDNEY F. FRAZIER
SJIS #FRA007
Cabaniss, Johnston, Gardner, Dumas & O'Neal, LLP
2001 Park Place North, Suite 700
Birmingham, Alabama  35203
(205) 716-5291
(205) 716-5389 (Facsimile)
sff@cabaniss.com

*Co-Counsel for Plaintiff Horton Homes, Inc.*

**<u>EXHIBIT "A"</u>**
**<u>TO</u>**
**<u>NOTICE OF FILING DISCOVERY BY</u>**
**<u>PLAINTIFF HORTON HOMES, INC.</u>**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HORTON HOMES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07-cv-506-MEF |
| | ) | |
| LARUE BANDY, MARIE BANDY, | ) | |
| PATRICK PRITCHETT, WILLIAM | ) | |
| SHANER, ELSIE FONDREN | ) | |
| AVERETTE, WILLIAM CRUTHIRDS, | ) | |
| and SHERRIE CRUTHIRDS, | ) | |
| | ) | |
| Defendants. | ) | |

## CONTINUING REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW the Defendant, pursuant to Rule 34 of the Federal Rules of Civil Procedure, and request Plaintiffs, separately and severally, to produce the following documents and things for inspection at the law offices of Hawthorne & Myers, LLC in Montgomery, Alabama 36104, within the time provided by law.

Defendant demands that you produce the documents described herein below, whether the same be in your possession or subject to the control of you or any of your agents, representative, employees, servants, accountants and/or attorneys. Defendant further states that this Request is of a continuing nature as provided for by the Federal Rules of Civil Procedure, requiring timely additions or supplementations for the documents and records and things which are discovered or become available to you subsequent to the time of the production as noted herein. Defendant further demands that the documents requested hereinbelow be produced in the file folder or other container in which they are maintained or stored, and that the order or sequence of the documents, if more than one within a file is requested, be in the same order or sequence within such file as was

maintained in the ordinary course of business just prior to the production thereof.

If you object to the production of any document based upon a claim that such document is privileged, for each document, supply the following information, to-wit:

    A.  The author of the document;

    B.  The person or persons to whom the document was addressed;

    C.  The date of the document; and

    D.  The subjects discussed in the said document;

## DEFINITIONS

"Document" shall mean every original and every nonidentical copy (including blind copies) of each and every paper, writing, email, picture, photograph, slide, movie, film, visual or audio transcription, videotape, tape recording, video recording, sound recording, microfilm, data stored or recorded on or in punch cards, computer tapes, disks, reels, or other devices for business machines or other means of storing and/or transmitting human intelligence, or any other printed or readable material. To be included without limitation, in this definition of "document", are every invoice, statement, ledger sheet, recommendations, endorsement, order, direction, letter, email, telegram, teletype, facsimile, report, memorandum (including, without limitation, every intra-office memorandum, file memorandum, and memorandum of telephone conversation), interview sketch, diagram, graph, chart, note (including, without limitation, notes used to prepare any letter, memorandum, report, or other documents as herein defined), contract, agreement, form, work sheet, time sheet, expense ledger, check (cancelled or otherwise), check stub, voucher receipts, witness (including potential witness) statement (signed or unsigned), transcript, interview, sound recording transcription, videotape, computer printout, book of account, payroll of records, minutes, diaries

(both office and personal), log, file card, raw data, notes and/or travel report, data evidence, statement of expense incurred, report of investigation, report of interview, record, brochure, book exhibit, draft, certificate, table price list and any other tangible item or thing or readable or visual material of whatever nature <u>and each and every file folder or other container in which the above items are stored, filed, or maintained.</u>

  The documents requested are as follows:

   22. True and correct copies of any and all documents touching, concerning or pertaining to the separation or disassociation of the Douglas family from American Manufactured Housing, LLC/H & S Homes, LLC. This request shall include, but not be limited to any and all written agreements and copies of any and all checks written to or from Riley Douglas and/or Robert Douglas.

   23. True and correct copies of any and all notes evidencing any and all monies loaned to American Manufactured Housing, LLC by Horton Homes, Inc.

   24. True and correct copies of any and all Horton Homes, Inc. checks written to and made payable to American Manufactured Housing, LLC in the years 1996 and 1997.

   25. True and correct copies of any and all documents touching, concerning or pertaining to any and all auctions of any property of H & S Homes, LLC, within the last five (5) years.

   26. A true and correct copy of the Triangle Homes, LLC and its subsidiaries operating agreements, articles of organization, by-laws, or any other documents pertaining to the organization of Triangle Homes, LLC, and its subsidiaries.

   27. True and correct copies of any and all check written by Triangle Homes, LLC, or its subsidiaries, made payable to Horton Industries.

   28. True and correct copies of any and all checks written by Horton Industries and made payable to Triangle Homes, LLC or its subsidiaries.

   29. True and correct copies of any and all notes executed by Triangle Homes, LLC, or its subsidiaries, in favor of Horton Industries, reflecting any and all loans from Horton Industries.

30. True and correct copies of any and all ledgers reflecting loans and payments on loans between Horton Homes and Horton Industries for the past 6 years.

31. True and correct copies of any and all ledgers reflecting loans and payments on loans between Horton Homes and Horton Ironworks, Inc.

32. True and correct copies of any documents memorializing the payment of all funds used for the initial capitalization of H & S Homes, LLC.

33. True and correct copies of all documents reflecting the payment of all money or other assets for the initial capitalizations of Triangle Homes, LLC, or its subsidiaries.

34. True and correct copies of all minutes of any meetings of any governing board of Triangle Homes, LLC, or its subsidiaries.

35. True and correct copies of all minutes of all governing boards of Horton Industries from January 1, 2004 to the present.

36. True and correct copies of all general ledgers of all companies related to Horton Homes, Inc. that owe Horton Homes, Inc. money or has owed Horton Homes, Inc. money at any time within the last five (5) years, such ledgers encompassing the prior five (5) physical years up to the present.

Respectfully submitted this 30th day of May, 2008.

_____
Frank H. Hawthorne, Jr.

OF COUNSEL:
Hawthorne & Myers, LLC
322 Alabama Street
Montgomery, AL 36102
(334) 269-5010
(334) 834-0080

OF COUNSEL:
Michael S. Harper
P.O. Box 780608
Tallassee, AL 36078
(334) 283-6855
(334) 283-6858 Fax

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served upon all counsel of record by fax transmission and U.S. mail only, this the 30th day of May, 2008:

Sydney F. Frazier, Jr., Esq.
Cabaniss, Johnston, Gardner, Dumas & O'Neal, LLP
2001 Park Place North, Suite 700
Birmingham, AL  35203


James L. Paul, Esq.
Thomas C. Grant, Esq.
Chamberlin, Hrdlicka, White, Williams & Martin
191 Peachtree Street, N.E., 34th Floor
Atlanta, GA  30303

_____
OF COUNSEL

.

**<u>EXHIBIT "B"</u>**
**<u>TO</u>**
**<u>NOTICE OF FILING DISCOVERY BY</u>**
**<u>PLAINTIFF HORTON HOMES, INC.</u>**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HORTON HOMES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:07-CV-506-MEF |
| | ) | |
| LARUE BANDY, MARIE BANDY, | ) | |
| PATRICK PRITCHETT, WILLIAM | ) | |
| SHANER, ELSIE FONDREN | ) | |
| AVERETTE, WILLIAM CRUTHIRDS, | ) | |
| SHERRIE CRUTHIRDS, LARRY C. | ) | |
| McCULLOUGH, and ROBERT | ) | |
| JEROME TEAL, III, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF HORTON, INC.'S ANSWERS AND OBJECTIONS TO "DEFENDANTS' CONTINUING REQUEST FOR PRODUCTION OF DOCUMENTS"

NOW COMES Plaintiff Horton, Inc. ("Plaintiff Horton") and objects to and answers "Defendants' Continuing Request for Production of Documents" ("Defendants' Continuing Request for Production") filed by Defendants Larue Bandy, Marie Bandy, Patrick Pritchett, William Shaner, Elsie Fondren Averette, William Cruthirds, and Sherrie Cruthirds (collectively, "Defendants"), as follows:

## I.    GENERAL OBJECTIONS.

A.    Plaintiff Horton objects to Defendants' Continuing Request for Production to the extent that it seeks to impose any burdens on Plaintiff Horton

greater than those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, and other applicable law.

B.    Plaintiff Horton objects to Defendants' Continuing Request for Production to the extent that it seeks discovery of information or documents that are subject to the attorney-client privilege, and/or the work product doctrine.

C.    Plaintiff Horton objects to Defendants' request that it respond to Defendants Continuing Request for Production by "produc[ing] documents and things for inspection at the offices of Defendants' counsel" in Montgomery, Alabama.   Instead, Plaintiff Horton will make any non-privileged, responsive documents available for inspection at a time and location consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

D.    Plaintiff Horton objects to Defendants' Continuing Request for Production because it fails to "specify a reasonable time" for production, as required by Fed. R. Civ. P. 34(b)(1)(B).  In the absence of any agreement between the parties, Plaintiff Horton will respond by making responsive, non-privileged documents available for inspection on July 10, 2008.

E.    Plaintiff Horton objects to Defendants' Continuing Request for Production because it fails to "specify a reasonable . . . place" for production, as required by Fed. R. Civ. P. 34(b)(1)(B).  In the absence of any agreement between the parties, Plaintiff Horton will respond by making responsive, non-privileged

- 2 -

documents available for inspection at the offices of Plaintiff Horton in Eatonton, Georgia.

F.    Plaintiff Horton objects to Defendants' Request "that the documents requested <u>herein below be produced in the file folder or other container in which they are maintained or stored</u> and that the order or sequence of the documents, if more than one with any file is requested, <u>be in the same order or sequence within such file as was maintained in the ordinary course of business just prior to the production thereof</u>".    Instead, Plaintiff Horton will respond to Defendants' Continuing Request for Production by making any non-privileged, responsive documents available for inspection "as they are kept in the usual course of business" or, alternatively, in folders labeled to correspond to categories of the request, pursuant to Fed. R. Civ. P. 34(b)(2)(E).

Subject to the above general objections, Plaintiff Horton specifically answers Defendants' Continuing Request for Production of Documents as set forth below.

## II.    <u>PREFATORY NOTES.</u>

A.    Documents will be produced to the extent that said documents: (1) exist; (2) are in the possession of or are under the control of Plaintiff Horton; and (3) can be found.

B.    A response that documents will be produced shall not imply in any way, or be taken to mean, that any such documents: (1) exist; (2) are in the possession of or are under the control of Plaintiff Horton; and (3) can be found.

## III.  SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANTS' CONTINUING REQUEST FOR PRODUCTION OF DOCUMENTS.

Subject to the above and foregoing general objections and while specifically reserving the same and incorporating same herein in each and every one of the responses set forth below, Plaintiff Horton answers the specific paragraphs of Defendants' Continuing Request for Production, as follows:

*Request for Production No. 22*:

22.

True and correct copies of any and all documents touching, concerning or pertaining to the separation or disassociation of the Douglas family from American Manufactured Housing, LLC/H&S Homes, LLC. This request shall include, but not be limited to any and all written agreements and copies of any and all checks written to or from Riley Douglas and/or Robert Douglas.

*Plaintiff Horton's Specific Objections to Request for Production No. 22*:

Plaintiff Horton objects to Request No. 22 on grounds as follows:

(a)    Plaintiff Horton objects to this Request to the extent it seeks information that is protected by the attorney-client privilege.

(b)    Because Defendants' use of the word "touching" is unclear, this Request fails to "describe with reasonable particularity each item or

- 4 -

category of items to be inspected" as required by Fed. R. Civ. P. 34(b)(1)(A).

***Plaintiff Horton's Response to Request for Production No. 22, Subject to Objections:***

Plaintiff Horton will produce all non-privileged documents that it understands to be responsive to Request No. 22.

***Request for Production No. 23:***

23.

True and correct copies of any and all notes evidencing any and all monies loaned to American Manufactured Housing, LLC by Horton Homes, Inc.

***Plaintiff Horton's Response to Request for Production No. 23, Subject to Objections:***

Plaintiff Horton will produce all non-privileged documents that it understands to be responsive to Request No. 23.

***Request for Production No. 24:***

24.

True and correct copies of any and all Horton Homes, Inc. checks written to and made payable to American Manufactured Housing, LLC in the years 1996 and 1997.

***Plaintiff Horton's Response to Request for Production No. 24, Subject to Objections:***

Plaintiff Horton will produce all non-privileged documents that it understands to be responsive to Request No. 24.

- 5 -

***Request for Production No. 25:***

25.

True and correct copies of any and all documents touching, concerning or pertaining to any and all auctions of any property of H&S Homes, LLC, within the last five (5) years.

***Plaintiff Horton's Specific Objections to Request for Production No. 25:***

Plaintiff Horton objects to Request No. 25 on grounds as follows:

(a)    Plaintiff Horton objects to this Request to the extent it seeks information that is protected by the attorney-client privilege.

(b)    Because Defendants' use of the word "touching" is unclear, this Request fails to "describe with reasonable particularity each item or category of items to be inspected" as required by Fed. R. Civ. P. 34(b)(1)(A).

***Plaintiff Horton's Response to Request for Production No. 25, Subject to Objections:***

Plaintiff Horton will produce all non-privileged documents that it understands to be responsive to Request No. 25.

***Request for Production No. 26:***

26.

A true and correct copy of the Triangle Homes, LLC and its subsidiaries operating agreements, articles of organization, by-laws, or any other documents pertaining to the organization of Triangle Homes, LLC, and its subsidiaries.

### *Plaintiff Horton's Specific Objections to Request for Production No. 26:*

Plaintiff Horton objects to Request No. 26 on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is thus outside the scope of discovery under Fed. R. Civ. P. 26. Specifically, the scope of discovery is limited to matters that are "relevant to any party's claim or defense". Fed. R. Civ. P. 26(b)(1). The only claims in this case by Plaintiff Horton are its claims for declaratory judgment and a permanent injunction, which claims assert that Plaintiff Horton is not the alter ego of H&S Homes, LLC or vice versa. The only defenses asserted by Defendants are (1) that H&S Homes, LLC is the alter ego of Plaintiff Horton, and (2) that Plaintiff Horton is estopped from claiming it is not a party to the arbitration agreements that were signed by H&S Homes, LLC each of the Defendants. Furthermore, Triangle Homes, LLC is neither a party to this action nor the subject of any claim or defense asserted in this action. The pleadings are closed and cannot be amended. Therefore, Request No. 26 is not relevant to any claim or defense pled in this action.

### *Request for Production No. 27:*

27.

True and correct copies of any and all check written by Triangle Homes, LLC, or its subsidiaries, made payable to Horton Industries.

**_Plaintiff Horton's Specific Objections to Request for Production No. 27:_**

Plaintiff Horton objects to Request No. 27 on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is thus outside the scope of discovery under Fed. R. Civ. P. 26. Specifically, the scope of discovery is limited to matters that are "relevant to any party's claim or defense". Fed. R. Civ. P. 26(b)(1). The only claims in this case by Plaintiff Horton are its claims for declaratory judgment and a permanent injunction, which claims assert that Plaintiff Horton is not the alter ego of H&S Homes, LLC or vice versa. The only defenses asserted by Defendants are (1) that H&S Homes, LLC is the alter ego of Plaintiff Horton, and (2) that Plaintiff Horton is estopped from claiming it is not a party to the arbitration agreements that were signed by H&S Homes, LLC each of the Defendants. Furthermore, Triangle Homes, LLC and Horton Industries are neither parties to this action nor the subject of any claim or defense asserted in this action. The pleadings are closed and cannot be amended. Therefore, Request No. 27 is not relevant to any claim or defense pled in this action.

***Request for Production No. 28:***

28.

> True and correct copies of any and all checks written by Horton Industries and made payable to Triangle Homes, LLC or its subsidiaries.

***Plaintiff Horton's Specific Objections to Request for Production No. 28:***

Plaintiff Horton objects to Request No. 28 on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is thus outside the scope of discovery under Fed. R. Civ. P. 26. Specifically, the scope of discovery is limited to matters that are "relevant to any party's claim or defense". Fed. R. Civ. P. 26(b)(1). The only claims in this case by Plaintiff Horton are its claims for declaratory judgment and a permanent injunction, which claims assert that Plaintiff Horton is not the alter ego of H&S Homes, LLC or vice versa. The only defenses asserted by Defendants are (1) that H&S Homes, LLC is the alter ego of Plaintiff Horton, and (2) that Plaintiff Horton is estopped from claiming it is not a party to the arbitration agreements that were signed by H&S Homes, LLC each of the Defendants. Furthermore, Triangle Homes, LLC and Horton Industries are neither parties to this action nor the subject of any claim or defense asserted in this action. The pleadings are closed and cannot be amended. Therefore, Request No. 28 is not relevant to any claim or defense pled in this action.

- 9 -

## *Request for Production No. 29*:

29.

True and correct copies of any and all notes executed by Triangle Homes, LLC, or its subsidiaries, in favor of Horton Industries, reflecting any and all loans from Horton Industries.

## *Plaintiff Horton's Specific Objections to Request for Production No. 29*:

Plaintiff Horton objects to Request No. 29 on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is thus outside the scope of discovery under Fed. R. Civ. P. 26. Specifically, the scope of discovery is limited to matters that are "relevant to any party's claim or defense". Fed. R. Civ. P. 26(b)(1). The only claims in this case by Plaintiff Horton are its claims for declaratory judgment and a permanent injunction, which claims assert that Plaintiff Horton is not the alter ego of H&S Homes, LLC or vice versa. The only defenses asserted by Defendants are (1) that H&S Homes, LLC is the alter ego of Plaintiff Horton, and (2) that Plaintiff Horton is estopped from claiming it is not a party to the arbitration agreements that were signed by H&S Homes, LLC each of the Defendants. Furthermore, Triangle Homes, LLC and Horton Industries are neither parties to this action nor the subject of any claim or defense asserted in this action. The pleadings are closed and cannot be amended. Therefore, Request No. 29 is not relevant to any claim or defense pled in this action.

## Request for Production No. 30:

30.

True and correct copies of any and all ledgers reflecting loans and payments on loans between Horton Homes and Horton Industries for the past 6 years.

## Plaintiff Horton's Specific Objections to Request for Production No. 30:

Plaintiff Horton objects to Request No. 30 on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is thus outside the scope of discovery under Fed. R. Civ. P. 26. Specifically, the scope of discovery is limited to matters that are "relevant to any party's claim or defense". Fed. R. Civ. P. 26(b)(1). The only claims in this case by Plaintiff Horton are its claims for declaratory judgment and a permanent injunction, which claims assert that Plaintiff Horton is not the alter ego of H&S Homes, LLC or vice versa. The only defenses asserted by Defendants are (1) that H&S Homes, LLC is the alter ego of Plaintiff Horton, and (2) that Plaintiff Horton is estopped from claiming it is not a party to the arbitration agreements that were signed by H&S Homes, LLC each of the Defendants. Furthermore, Horton Industries is neither a party to this action nor the subject of any claim or defense asserted in this action. The pleadings are closed and cannot be amended. Therefore, Request No. 30 is not relevant to any claim or defense pled in this action.

***Request for Production No. 31:***

31.

True and correct copies of any and all ledgers reflecting loans and payments on loans between Horton Homes and Horton Ironworks, Inc.

***Plaintiff Horton's Specific Objections to Request for Production No. 31:***

Plaintiff Horton objects to Request No. 31 on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is thus outside the scope of discovery under Fed. R. Civ. P. 26. Specifically, the scope of discovery is limited to matters that are "relevant to any party's claim or defense". Fed. R. Civ. P. 26(b)(1). The only claims in this case by Plaintiff Horton are its claims for declaratory judgment and a permanent injunction, which claims assert that Plaintiff Horton is not the alter ego of H&S Homes, LLC or vice versa. The only defenses asserted by Defendants are (1) that H&S Homes, LLC is the alter ego of Plaintiff Horton, and (2) that Plaintiff Horton is estopped from claiming it is not a party to the arbitration agreements that were signed by H&S Homes, LLC each of the Defendants. Furthermore, Horton Ironworks, Inc. is neither a party to this action nor the subject of any claim or defense asserted in this action. The pleadings are closed and cannot be amended. Therefore, Request No. 31 is not relevant to any claim or defense pled in this action.

***Request for Production No. 32:***

32.

True and correct copies of any documents memorializing the payment of all funds used for the initial capitalization of H&S Homes, LLC.

***Plaintiff Horton's Response to Request for Production No. 32, Subject to Objections:***

Plaintiff Horton will produce all non-privileged documents that it understands to be responsive to Request No. 32.

***Request for Production No. 33:***

33.

True and correct copies of all documents reflecting the payment of all money or other assets for the initial capitalizations of Triangle Homes, LLC, or its subsidiaries.

***Plaintiff Horton's Specific Objections to Request for Production No. 33:***

Plaintiff Horton objects to Request No. 33 on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is thus outside the scope of discovery under Fed. R. Civ. P. 26. Specifically, the scope of discovery is limited to matters that are "relevant to any party's claim or defense". Fed. R. Civ. P. 26(b)(1). The only claims in this case by Plaintiff Horton are its claims for declaratory judgment and a permanent injunction, which claims assert that Plaintiff Horton is not the alter ego

of H&S Homes, LLC or vice versa. The only defenses asserted by Defendants are (1) that H&S Homes, LLC is the alter ego of Plaintiff Horton, and (2) that Plaintiff Horton is estopped from claiming it is not a party to the arbitration agreements that were signed by H&S Homes, LLC each of the Defendants. Furthermore, Triangle Homes, LLC is neither a party to this action nor the subject of any claim or defense asserted in this action. The pleadings are closed and cannot be amended. Therefore, Request No. 33 is not relevant to any claim or defense pled in this action.

### *Request for Production No. 34:*

34.

True and correct copies of all minutes of any meetings of any governing board of Triangle Homes, LLC, or its subsidiaries.

### *Plaintiff Horton's Specific Objections to Request for Production No. 34:*

Plaintiff Horton objects to Request No. 34 on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is thus outside the scope of discovery under Fed. R. Civ. P. 26. Specifically, the scope of discovery is limited to matters that are "relevant to any party's claim or defense". Fed. R. Civ. P. 26(b)(1). The only claims in this case by Plaintiff Horton are its claims for declaratory judgment and a permanent injunction, which claims assert that Plaintiff Horton is not the alter ego

of H&S Homes, LLC or vice versa.  The only defenses asserted by Defendants are (1) that H&S Homes, LLC is the alter ego of Plaintiff Horton, and (2) that Plaintiff Horton is estopped from claiming it is not a party to the arbitration agreements that were signed by H&S Homes, LLC each of the Defendants.  Furthermore, Triangle Homes, LLC is neither a party to this action nor the subject of any claim or defense asserted in this action.   The pleadings are closed and cannot be amended. Therefore, Request No. 34 is not relevant to any claim or defense pled in this action.

### Request for Production No. 35:

35.

True and correct copies of all minutes of all governing boards of Horton Industries from January 1, 2004 to the present.

### Plaintiff Horton's Specific Objections to Request for Production No. 35:

Plaintiff Horton objects to Request No. 35 on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is thus outside the scope of discovery under Fed. R. Civ. P. 26.  Specifically, the scope of discovery is limited to matters that are "relevant to any party's claim or defense".  Fed. R. Civ. P. 26(b)(1).  The only claims in this case by Plaintiff Horton are its claims for declaratory judgment and a permanent injunction, which claims assert that Plaintiff Horton is not the alter ego

of H&S Homes, LLC or vice versa. The only defenses asserted by Defendants are (1) that H&S Homes, LLC is the alter ego of Plaintiff Horton, and (2) that Plaintiff Horton is estopped from claiming it is not a party to the arbitration agreements that were signed by H&S Homes, LLC each of the Defendants. Furthermore, Horton Industries is neither a party to this action nor the subject of any claim or defense asserted in this action. The pleadings are closed and cannot be amended. Therefore, Request No. 35 is not relevant to any claim or defense pled in this action.

### *Request for Production No. 36:*

36.

True and correct copies of all general ledgers of all companies related to Horton Homes, Inc. that owe Horton Homes, Inc. money or has owed Horton Homes, Inc. money at any time within the last five (5) years, such ledgers encompassing the prior five (5) physical years up to the present.

### *Plaintiff Horton's Specific Objections to Request for Production No. 36:*

Plaintiff Horton objects to Request No. 25 on the grounds as follows:

(a)    Plaintiff Horton objects to Request No. 35 on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and is thus outside the scope of discovery under Fed. R. Civ. P. 26. Specifically, the scope of discovery is limited to matters that are "relevant to any party's claim

or defense". Fed. R. Civ. P. 26(b)(1). The only claims in this case by Plaintiff Horton are its claims for declaratory judgment and a permanent injunction, which claims assert that Plaintiff Horton is not the alter ego of H&S Homes, LLC or vice versa. The only defenses asserted by Defendants are (1) that H&S Homes, LLC is the alter ego of Plaintiff Horton, and (2) that Plaintiff Horton is estopped from claiming it is not a party to the arbitration agreements that were signed by H&S Homes, LLC each of the Defendants. The pleadings are closed and cannot be amended. Therefore, this Request is not relevant to any claim or defense pled in this action.

(b)  Plaintiff Horton objects to this Request because it is unclear what Defendants mean by "all companies related to" Plaintiff Horton that have owed it money within the last five years. Taken literally, this language could include any number of suppliers, dealers, vendors, and other entities that have had any relationship with Plaintiff Horton and have ever owed it money. Therefore, this Request fails to "describe with reasonable particularity each item or category of items to be inspected" as required by Fed. R. Civ. P. 34(b)(1)(A). Similarly, Plaintiff Horton does not know what Defendants mean by the term "physical year".

***Plaintiff Horton's Response to Request for Production No. 36, Subject to Objections:***

Plaintiff Horton has already responded to Request No. 36 to the extent that it comes within the scope of discovery by seeking general ledgers of H&S Homes, LLC which demonstrate amounts owed by it to Plaintiff Horton. Plaintiff Horton made the general ledgers of H&S Homes, LLC and liable for inspection at the November 20, 2007 hearing on Plaintiff Horton's Motion for Preliminary Injunction.

Dated this *23rd* day of June, 2008.

By: _____

JAMES L. PAUL
*Georgia Bar No. 567600*
THOMAS C. GRANT
*Georgia Bar No. 297455*
(Admitted Pro Hac Vice)

*Counsel for Plaintiff Horton, Inc.*

Chamberlain, Hrdlicka, White, Williams & Martin
191 Peachtree Street, N.E., 34th Floor
Atlanta, Georgia 30303
(404) 659-1410
(404) 659-1852 (Facsimile)
james.paul@chamberlainlaw.com

Sydney F. Frazier
SJIS #FRA007
Cabaniss, Johnston, Gardner, Dumas & O'Neal, LLP
2001 Park Place North, Suite 700
Birmingham, Alabama  35203
(205) 716-5291
(205) 716-5389 (Facsimile)
sff@cabaniss.com
*Co-Counsel for Plaintiff Horton, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served a true and correct copy of the within and foregoing "Plaintiff Horton, Inc.'s Answers and Objections to Defendants' 'Continuing Request for Production of Documents'" on the following parties, by manner of service as indicated below, in properly addressed envelopes, with adequate postage affixed thereon, as necessary, addressed as follows:

Michael S. Harper
213 Barnett Boulevard
P.O. Box 780608
Tallassee, Alabama 36078
*(Via Certified Mail, RRR #7007 2680 0001 3478 4292)*

Frank H. Hawthorne, Jr.
Randy A. Myers
Hawthorne & Myers LLC
322 Alabama Street
Montgomery, Alabama 36104
*(Via Certified Mail, RRR #7007 2680 0001 3478 4308)*

Dated this 23rd day of June, 2008.

By: _____
JAMES L. PAUL
*Georgia Bar No. 567600*
THOMAS C. GRANT
*Georgia Bar No. 297455*
(Admitted Pro Hac Vice)

*Counsel for Plaintiff Horton, Inc.*

Chamberlain, Hrdlicka, White, Williams & Martin
191 Peachtree Street, N.E., 34th Floor
Atlanta, Georgia 30303
(404) 659-1410
(404) 659-1852 (Facsimile)
james.paul@chamberlainlaw.com
282579.1
730302-000067:6/17/2008

## CERTIFICATE OF SERVICE

This is to certify that on this date the undersigned has filed using the CM/ECF system a true and correct copy of "Notice of Filing Discovery by Plaintiff Horton Homes, Inc." on the following parties and has served the following via the CM/ECF system:

Michael S. Harper
213 Barnett Boulevard
P.O. Box 780608
Tallassee, Alabama 36078

Frank H. Hawthorne, Jr.
Randy A. Myers
Hawthorne & Myers LLC
322 Alabama Street
Montgomery, Alabama 36104

Dated this 1st day of July, 2008.

By:   / s / Jimmy L. Paul
      JIMMY L. PAUL
      *Georgia Bar No. 567600*
      THOMAS C. GRANT
      *Georgia Bar No. 297455*
      (Admitted Pro Hac Vice)

      *Co-Counsel for Plaintiff Horton Homes, Inc.*

Chamberlain, Hrdlicka, White, Williams & Martin
191 Peachtree Street, N.E., 34th Fourth Floor
Atlanta, Georgia 30303
(404) 659-1410
(404) 659-1852 (Facsimile)
james.paul@chamberlainlaw.com
283767.1
730302-000067:6/27/2008