UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**HORTON HOMES, INC.**

      **PLAINTIFF**

**VS.**                                      **2:07-cv-506-MEF**

**LARUE BANDY, ET. AL.,**

      **DEFENDANTS**

**DEFENDANTS' RESPONSE TO SHOW CAUSE AND MOTION TO COMPEL**

Come now the Defendants herein, who respond to Plaintiff's Motion for Protective Order and this Court's Order to Show Cause and who move this Court to compel the response to certain discovery previously served on Plaintiff by saying as follows:

1. Defense counsel took depositions of certain of Plaintiff's representatives and witnesses on May 21 and 22, 2008. In response to information obtained in those depositions, Defendants propounded additional requests for production of documents.

2. During the depositions, Plaintiff's representatives testified that they chose to close H & S Homes, L.L.C. due to the fact that the retail mobile home business was no longer financially viable for Plaintiff as a result of what it contended were certain market factors.

3. Notwithstanding Plaintiff's contentions as to why H & S Homes was closed, the President of Horton Homes testified that one of Plaintiff's related companies, created and opened another group of retail mobile home dealers under the name of Triangle Homes, L.L.C., that was performing the same function as H & S Homes on some of the same lots, only these new companies were not encumbered with judgments as was H & S Homes.

4. Even though Plaintiff contends that H & S Homes was closed for reasons related to the market, further discovery on that point could likely lead to other evidence showing that, for all intents and purposes, Plaintiff was merely playing a "shell game" with these companies by closing one company once it became encumbered with judgments and opening a new group of companies to serve the same purpose, thereby subverting the judgments against H & S Homes. Defendants' request for production items 26, 27, 28, 29, 33 and 34 seek documents specifically directed to those issues.

5. The discovery would also be likely to lead to evidence of how the new retail group was capitalized and how that varied from Plaintiff's capitalization of H & S Homes.

6. The Plaintiff has produced documents indicating that H & S Homes was indebted to Plaintiff for a certain amount of money that justified the judgment Plaintiff obtained against H & S Homes in the sum of $22 million. However, during the

course of the depositions of Plaintiff's representatives, Defendants learned that Plaintiff had other documents that reflected that H & S Homes owed to Plaintiff a sum less than the $22 million claimed by Plaintiff in its judgment against H & S Homes.

7. Accordingly, information as to loans among and between the related Horton companies is reasonably calculated to lead to the discovery of admissible evidence on the issue of whether the $22 million **default judgment** against H & S Homes and in favor of Plaintiff was, in essence, a sham and a fraud on both the Defendants and the Courts. Defendants' request for production items 30, 31 and 35 are directed specifically to those issues.

8. Rule 26(b) allows discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. The discovery propounded by Defendants serves this very purpose.

9. The ultimate issue to be determined in this case is whether H & S Homes, L.L.C. was the *alter ego* or mere instrumentality of Horton Homes, Inc. The discovery as propounded requests information that goes to the very heart of that issue. Horton Homes' obtaining of a fraudulent judgment against H & S Homes; Horton Homes closing of H & S Homes after it became riddled with judgments under the guise of a faltering retail market only to almost immediately open another group

of companies to serve the same purpose; falsely claiming debts due from H & S Homes to Horton Homes all are facts that a jury could rely on in determining that Horton Homes acted through its *alter ego*, H & S Homes, with regard to its dealings with these Defendants.

10. Based on the foregoing, a jury would be justified in finding H & S Homes to be Horton Homes' *alter ego*. Wide latitude should be granted to Defendants to prove this, as Plaintiff will not willingly admit its actions involving H & S Homes. By allowing such discovery, Defendants will be able to prove the acts committed by Horton Homes to conceal its true identity as the principal in these matters.

WHEREFORE, Defendants respectfully pray that this Court will enter an Order overruling Plaintiff's motion for a protective order and compelling Plaintiff to produce the information sought in Defendants' continuing discovery as previously propounded. Defendants also pray for such other further and different relief as may be just and appropriate.

MICHAEL S. HARPER,
A PROFESSIONAL CORPORATION

213 Barnett Boulevard
Post Office Box 780608
Tallassee, Alabama 36078
Telephone: 334-283-6855
Fax: 334-283-6858

/s/ Michael S. Harper
MICHAEL S. HARPER - HAR094
Attorney for Defendant

OF COUNSEL:

Frank H. Hawthorne, Jr.
Randy A. Myers
Hawthorne & Myers, L.L.C.
322 Alabama Street
Montgomery, Alabama 36104
Telephone: 334/269-5010

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 15th day of July, 2008, filed the above document electronically with the CM/ECF E-Filing System in Federal District Court. The below counsel will receive a copy from the system via e-mail if registered in the system. If not, I certify that I have placed a copy of the same in the U.S. Mail this day to:

> Sydney F. Frazier, Jr., Esquire
> Cabaniss, Johnston, Gardner, Dumas & O'Neal, LLP
> 2001 Park Place North, Suite 700
> Birmingham, Alabama 35203

> James L. Paul, Esquire
> Thomas C. Grant, Esquire
> Chamberlin, Hrdlicka, White, Williams & Martin
> 191 Peachtree Street, N.E., 34th Floor
> Atlanta, Georgia 30303

/s/ Michael S. Harper
OF COUNSEL