IN THE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

| | |
|---|---|
| HORTON HOMES, INC., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. |
| LARUE BANDY, MARIE BANDY, PATRICK ) | |
| PRITCHETT, WILLIAM SHANER, ELSIE ) | 2:07-CV-506-MEF |
| FONDREN AVERETTE, WILLIAM ) | |
| CRUTHIRDS, SHERRIE CRUTHIRDS, LARRY ) | |
| C. McCULLOUGH and ROBERT JEROME ) | |
| TEAL, III, ) | |
| ) | |
|     Defendants. ) | |

**PLAINTIFF'S RESPONSE
TO SHOW CAUSE ORDER AND
OPPOSITION TO DEFENDANTS'
<u>MOTION TO STRIKE EXPERT DESIGNATION</u>**

Horton Homes, Inc. ("Horton Homes") responds to the Court's show cause order of July 29, 2008 and submits the following opposition to defendants' motion (Doc. 86) to strike the designation of Henry H. Hutchinson as an expert witness:

I.
BACKDROP TO THE PRESENT MOTION.

On May 16, 2008, Horton Homes timely served defendants' counsel with reports of two expert witnesses, one of which was Henry H. Hutchinson, a Montgomery lawyer. A copy of the transmittal letter and the Hutchinson report are attached hereto as Exhibit A. As demonstrated herein, the report sets forth specific opinions directed to the central issue in this case, which involves the relationship between Horton Homes and its solely owned subsidiary, H&S Homes, L.L.C. The Hutchinson report also states the basis for those opinions and describes the documents on which such opinions are based. Report, p. 4. With the exception of the transcript itself, all of the documents reviewed by Mr. Hutchinson for the preparation of his May 16, 2008 report have been in the possession of the defendants' counsel since their introduction as exhibits in the November 20, 2007, preliminary injunction hearing in this case.

In a letter dated July 7, 2008, and without raising any issue concerning the clarity of the opinions expressed in the report or the description of supporting documents, defendants' counsel Michael Harper requested the deposition of Mr. Hutchinson, at which time "we will inquire of Mr. Hutchinson regarding all of his opinions and the facts supporting such opinions for which he was designated as an expert in this case." A copy of Mr. Harper's letter of July 7 and the deposition notice which he enclosed are attached hereto as Exhibit B.

By agreement, the deposition was scheduled for July 28, 2008, and the defendants did not address the matter further until July 23, 2008, at which time the defendants unilaterally canceled the deposition of Mr. Hutchinson and filed the present motion to strike.

## II.
## THE REPORT COMPLIES WITH RULE 26(a)(2)(B)

The defendants specific complaints[1] concerning the Hutchinson report are expressed in paragraph 7 on page 3 of the motion, viz.:

> Specifically, the report fails to state the witness's specific opinions to be expressed at the trial of this case and the basis and reasons therefore. No data or other information considered by the witness in forming the opinions has been identified and disclosed. No specific exhibits were provided to be used as a summary or support for the opinions. Basically, the facts and data supporting any opinions which Mr. Hutchinson may express were not adequately documented in [sic] report as required by the applicable rule.

---

[1] Defendants do not challenge Mr. Hutchinson's experience and qualifications to testify as an expert on the subjects identified in his report. In both the introductory paragraph of the report and in the biography which accompanies the report, Mr. Hutchinson's qualifications as an expert in the field of business organizations are clearly demonstrated.

As to the contention that the report fails for want of specificity, a reading of the report demonstrates just the opposite. There are nine separate paragraphs of opinion, each of which identifies an initial subject area, which is then followed by a specific statement of opinion on the referenced subject. The nine specific statements of opinion are found on pages 1 through 3 of the report, and are quoted as follows:

1. "The relationship of Horton Homes and H&S as parent and subsidiary and the operations of each company were customary and ordinary in comparison with other closely held corporations and limited liability companies."

2. "Horton Homes as the parent did not take unfair advantage of H&S or engage in fraudulent or abusive or other wrongful conduct to adversely affect H&S or its creditors, suppliers, or customers."

3. "The control exercised by Horton Homes over H&S, as its sole owner, was necessarily substantial. However, that degree of control and exercise of its authority was no greater or more extensive than customarily exercised by the parent organization of many single member limited liability companies."

4. "It is customary for members of a group of affiliated organizations such as Horton Homes and H&S to file consolidated income tax returns and consolidated financial statements and, in some instances, affiliated organizations are essentially required to do so."

5. "Horton Homes provided, by means of subordinated loans, substantial capital to H&S, which capital enabled H&S to conduct its operations for a substantial period of time."

6. "H&S as the subsidiary company maintained separate books and records from the parent and conducted distinctly different businesses from that of the parent."

7. "The organization and operation of the companies during that period [1998 through 2001] were customary and ordinary and consistent with a properly conducted parent-subsidiary relationship."

8. "The formalities and attention to detail followed by H&S and its management exceeded that followed by many closely-held limited liability companies."

9. "The organization and operation of Horton Homes and H&S were not detrimental to the creditors, suppliers, and customers of H&S during the relevant time period, but rather benefited them, sometimes to the detriment of Horton Homes."

Clearly, these disclosures of opinion are more than adequate to serve the purpose of expanded Rule 26(a)(2)(B), "such as the minimization of the expense of deposing experts, the shortening of direct examination, and the

prevention of ambush at trial." Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico, 248 F.3d 29, 35 (1st Cir. 2001). See also, K.W. Plastics v. United States Can Co., 199 F.R.D. 687 (M.D. Ala. 2000) ("The point of Rule 26(a)(2) is to minimized unfair surprise and prejudice resulting from 'sketchy and vague' disclosure prior to trial." Id. at 690.).

Following the foregoing statements of his opinions, Mr. Hutchinson identified the basis and documents on which those opinions were expressed:

> My testimony will be based on my education, training, experience and research regarding business organizations and their operations and relationships generally. My testimony will also be based upon my review of materials and documents relevant to this particular litigation including the organizational and operational documents of H&S, the financial statements of Horton Homes and H&S for the relevant periods, and my review of the transcript of testimony and other evidence presented at the hearing on a motion for preliminary injunction that was conducted on November 20, 2007.

The foregoing descriptions specifically refer to exhibits and testimony with which the defendants' counsel are well familiar, since they attended the

November 20, 2007 hearing, they are in possession of the referenced documents, and they proceeded to notice Mr. Hutchinson's deposition on July 7, 2008. Defendants' counsel never picked up the phone to ask for a single document or clarification before canceling the deposition and filing the present motion on July 23, 2008, which was over two months following their receipt of the report.  See Richman v. Sheahan, 415 F.Supp.2d 929 (N.D. Ill. 2006) ("Consequently, this is not an occasion for an exercise of discretion to strike the expert reports for failure to comply with the requirements of Rule 26(a)(2)(B). * * * [B]y waiting until after the close of discovery, the plaintiff has waived any conceivable claim that the reports adversely affected their ability to depose the experts...." Id. at 940).

       Moreover, to the extent that the report is in some way deficient in detailing the basis for Mr. Hutchinson's opinions, the defendants' motion describes no resulting prejudice and, indeed, the defendants' opportunity to depose Mr. Hutchinson would have remedied any such alleged disadvantage.  See, K.W. Plastics, supra, at 691, noting that the complaining party had ample time to engage in discovery and prepare any arguments in opposition to the expert's opinions.  See also, Chapple v. State of Alabama, 174 F.R.D. 698 (M.D. 1987) ("Failure to make the required expert witness disclosures is harmless 'when there is no prejudice to the party entitled to the disclosure.'" Id. at 701.).

It should be undisputed that the documents reviewed by Mr. Hutchinson in the preparation of his May 16 report consisted of (a) exhibits introduced in the November 20, 2007 hearing, and (b) the transcript of the November 20, 2007 hearing.  Nevertheless, additional copies of the documents which were reviewed by Mr. Hutchinson are being delivered to counsel for the defendants contemporaneous with the filing of this response.

Horton Homes submits that under the foregoing circumstances, the motion to strike has no colorable basis and is due to be denied and overruled.

>
> */s/ Sydney F. Frazier, Jr.*
> Sydney F. Frazier, Jr. (FRA007)
>
> */s/ James L. Paul*
> James L. Paul (Ga. Bar No. 567600)
>
> */s/ Thomas C. Grant*
> Thomas C. Grant (Ga. Bar No. 297455)
>
> Attorneys for Plaintiff Horton Homes, Inc.

OF COUNSEL:

CABANISS, JOHNSTON, GARDNER,
    DUMAS & O'NEAL LLP
2001 Park Place North, Suite 700
Birmingham, Alabama 35203
Telephone: 205-716-5200
Facsimile: 205-716-5389
Email: sff@cabaniss.com

CHAMBERLAIN, HRDLICKA, WHITE,
    WILLIAMS & MARTIN
191 Peachtree Street, N.E. – 34th Floor
Atlanta, Georgia 30393
Telephone: (404) 659-1410
Facsimile: (404) 659-1852
Email: jimmy.paul@chamberlainlaw.com
       thomas.grant@chamberlainlaw.com


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER AND OPPOSITION TO DEFENDANTS' MOTION TO STRIKE EXPERT DESIGNATION has been filed using the CM/ECF system and copies have been served on counsel for the defendants as follows:

    Frank Howard Hawthorne, Jr.
    Hawthorne & Myers LLC
    322 Alabama Street
    Montgomery, AL  36104
    Email:  frank@hawthorneonline.com

    Michael Stephen Harper
    Michael S. Harper, PC
    P.O. Box 780608
    Tallahassee, AL  36078-0007
    Email:  mikeharper@elmore.rr.com

    Randy A. Myers
    Hawthorne & Myers LLC
    322 Alabama Street
    Montgomery, AL  36104
    Email:  randy@hawthorneonline.com

This   30th   day of July, 2008.

                        */s/ Sydney F. Frazier, Jr.*
                        Of Counsel

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & MARTIN**

A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

ATTORNEYS AT LAW

191 PEACHTREE STREET, N.E. - THIRTY-FOURTH FLOOR

ATLANTA, GEORGIA 30303-1747

(404) 659-1410   (800) 800-0745

FAX (404) 659-1852

HOUSTON
ATLANTA
PHILADELPHIA

THOMAS C. GRANT
ATTORNEY AT LAW
DIRECT DIAL NO. (404) 658-5469
E-MAIL: tom.grant@chamberlainlaw.com

May 16, 2008

Mr. Michael S. Harper  
Michael S. Harper, PC  
P.O. Box 78068  
Tallassee, Alabama 36078  

*Via CMRR# 7007 0710 0002 1405 6611*  
*and Via facsimile(334) 283-6858*

Mr. Randy A. Myers  
Mr. Frank Hawthorne, Jr.  
Hawthorne & Myers, LLC  
322 Alabama Street  
Montgomery, Alabama 36104  

*Via CMRR# 7007 0710 0002 1405 6628*  
*and Via facsimile(334) 834-0080*

Re: *Horton Homes, Inc. v Larue Bandy, et al.*, United States District Court, Middle District of Alabama, Northern Division, Civil Action No. 2:07506-MEF

Gentlemen:

Enclosed are service copies of the following:

1. "Expert Witness Report for Michael Thigpen, C.P.A., on Behalf of Plaintiff Horton Homes, Inc."; and

2. "Appendix In Support of 'Expert Witness Report for Michael Thigpen, C.P.A., on Behalf of Plaintiff Horton Homes, Inc."; and

3. "Report of Testimony of Henry H. Hutchinson".

Sincerely,

Thomas C. Grant

Case 2:07-cv-00506-MEF-CSC     Document 89-2     Filed 07/30/2008     Page 2 of 8

Michael S. Harper
Randy A. Myers
Frank Hawthorne, Jr.
March 20, 2008
Page 2


TCG/leh
Enclosures
cc:   Mr. Sidney B. Williams *(via email)(w/enclosures)*
      Mr. Jimmy L. Paul *(w/o enclosures)*
      Mr. Sydney F. Frazier, Jr. *(via email)(w/enclosures)*
      Ms. Lauri J. McKenna *(w/o enclosures)*

277544.1
730302-000067:4/3/2008

**HORTON HOMES, INC.**
**(UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF ALABAMA**
**CIVIL ACTION NO. 2:07-CV-506-MEF)**

**REPORT OF TESTIMONY OF HENRY H. HUTCHINSON**
**MAY 16, 2008**

I am a shareholder in the Montgomery, Alabama, law firm of Capell & Howard, P.C. I was admitted as a member of the Alabama State Bar in 1975 and have practiced corporate and business law continuously since 1976, after obtaining my masters of tax law degree. My legal practice encompasses a broad range of activities in the business law area. I typically advise clients regarding matters concerning organizational and operational legal issues, tax and securities laws, and certain regulatory-compliance-related matters. My publications and lectures are identified in the attached biography.

I understand that I will be expected to testify with respect to the organization and operation of limited liability companies and other legal entities as part of a multi-company organization and, specifically, the relationship of Horton Homes, Inc. ("Horton Homes") and H&S Homes, L.L.C. ("H&S"). Generally, my testimony is expected to address matters related to the so-called piercing of the corporate veil and potential liability of one business entity for the obligations of another under an alter ego theory. Among the matters to which I may testify are:

- The operations and relationships of parent and subsidiary organizations and, in particular, a parent corporation with a single member limited liability company as its subsidiary. The relationship of Horton Homes and H&S as parent and subsidiary and the operations of each company were customary and ordinary in comparison with other closely held corporations and limited liability companies.

- The relevance of fraudulent, abusive, or other wrongful conduct by the parent, the subsidiary, or their controlling persons in order to pierce the corporate veil of the parent or successfully assert a claim based upon the alter ego theory. Horton Homes as the parent did not take unfair advantage of H&S or engage in fraudulent or abusive or other wrongful conduct to adversely affect H&S or its creditors, suppliers, or customers.

- The control by a parent organization of one or more of its subsidiary organizations. The control exercised by Horton Homes over H&S, as its sole owner, was necessarily substantial. However, that degree of control and exercise of its authority was no greater or more extensive than customarily exercised by the parent organization of many single member limited liability companies.

- The use of consolidated income tax returns and consolidated financial statements by members of a group of affiliated organizations. It is customary for members of a group of affiliated organizations such as Horton Homes and H&S to file consolidated income tax returns and consolidated financial statements and, in some instances, affiliated organizations are essentially required to do so.

- The importance of adequate capitalization of a subsidiary at the inception or formation of the subsidiary relative to the successful assertion of a claim of piercing the corporate veil or based upon an alter ego theory. Horton Homes provided, by means of subordinated loans, substantial capital to H&S,

2

which capital enabled H&S to conduct its operations for a substantial period of time.

- The relevance and importance of separately maintained books and records and the significance of distinct business operations of the members of a group of affiliated organizations. H&S as the subsidiary company maintained separate books and records from the parent and conducted distinctly different businesses from that of the parent.

- The nature of the organization and operation of Horton Homes and H&S during the relevant time period, including 1998 through 2001. The organization and operation of the companies during that period were customary and ordinary and consistent with a properly conducted parent-subsidiary relationship.

- The degree of formality and attention to detail followed by H&S and its management in comparison to that of a typical closely-held limited liability company. The formalities and attention to detail followed by H&S in its management exceeded that followed by many closely-held limited liability companies.

- The effect of the organization and operation of Horton Homes and H&S upon the creditors, suppliers, and customers of H&S. The organization and operation of Horton Homes and H&S was not detrimental to the creditors, suppliers, and customers of H&S during the relevant time period, but rather benefited them, sometimes to the detriment of Horton Homes.

My testimony will be based upon my education, training, experience, and research, regarding business organizations and their operations and relationships generally. My testimony will also be based in part upon my review of materials and documents relevant to this particular litigation including the organizational and operational documents of H&S, the financial statements of Horton Homes and H&S for the relevant periods, and my review of the transcript of testimony and other evidence presented at the hearing on a motion for preliminary injunction that was conducted on November 20, 2007.

I have been and will be compensated for my services rendered in connection with this case at the rate of $290 per hour. I have not testified as an expert witness during the past four years.

_____
Henry H. Hutchinson

**Henry H. Hutchinson**
Capell & Howard, P.C.
Post Office Box 2069
Montgomery, Alabama 36102
(334) 241-8070
hh@chlaw.com

**Education**
New York University, LL.M., Taxation, 1976
Cumberland School of Law, J.D., cum laude, 1975
University of the South, B.A., 1969

**Bar Admission**
Alabama, 1975

**Admitted to Practice**
United States Middle District of Alabama, 1978
United States Tax Court, 1978
United States Court of Appeals for the Eleventh Circuit, 1988

**Principal Areas of Practice**
Business & Corporate
Mergers & Acquisitions
Securities
Tax

**Honors and Awards**
The Best Lawyers in America (over 20 years)
Nominee for Alabama State Bar Pro Bono Award, Volunteer Lawyer Program, 2003
Listed in Alabama Super Lawyers 2008 Edition

**Memberships, Affiliations, and Activities**
Alabama State Bar – Tax Section – Chairman (1990-91)
Member, American Bar Association – Business Law Section - Negotiated Acquisitions Committee
Fellow, American College of Trust and Estate Counsel
Trustee, American Institute of Federal Taxation
Past President, Alabama Federal Tax Clinic
Past Chairman, Montgomery Estate Planning Council
Montgomery Academy Foundation – Chairman
Montgomery YMCA Foundation
Past President, Central Alabama Community Foundation, Inc.
Articles Editor, Cumberland Law Review

**Selected Publications and Lectures**

Master Guide to State Taxation (Alabama section), Tax Analysts' State Tax OneDisc (2001)

Seminar on "Entities of Choice," sponsored by Alabama State Board of Accountancy for CPE Training, on May 7, 1996

Interstate Banking (Alabama section), published by the State Capital Law Firm Group (May 31, 1995)

Seminar on "Business Organizations in Alabama – Advantages and Disadvantages of Operating in Various Forms," presented to Montgomery Area Chamber of Commerce (COSBE Program) on February 16, 1994

Seminar on "Limited Liability Companies: The Entity of Choice in Alabama," sponsored by National Business Institute on January 28, 1994, and November 9, 1994

Henry H. Hutchinson and Carroll Sullivan, Federal Regulation of the Going Private Phenomenon, 6 Cumberland Law Review 141 (1975)

**Other Professional Experience**

First Lieutenant, United States Army, Signal Corps (1969-72)

# Michael S. Harper

A PROFESSIONAL CORPORATION
ATTORNEY AT LAW
POST OFFICE BOX 780608
TALLASSEE, ALABAMA 36078-0608

STREET ADDRESS:
213 BARNETT BOULEVARD
TELEPHONE (334) 283-6855
FAX (334) 283-6858

MICHAEL S. HARPER

July 7, 2008

**SENT VIA E-MAIL AND U.S. MAIL**

James L. Paul, Esquire
191 Peachtree Street, N.E.
34th Floor
Atlanta, Georgia 30393

RE: Horton Homes vs. Bandy, et al

Dear Jimmy:

You had previously given us July 16 and 17 as dates which were available for someone to cover a deposition in this case. It is our understanding that you have designated Henry H. Hutchinson as an expert in this case. At present, I have July 17, 2008 available for his deposition. Accordingly, you will find enclosed with this letter a deposition notice for Mr. Hutchinson to commence at 9:00 a.m. July 17, 2008. At that time, we will inquire of Mr. Hutchinson regarding all of his opinions and the facts supporting such opinions for which he was designated as an expert in this case.

If the date and time of this deposition is an issue, please contact me immediately. Otherwise, I look forward to seeing you or someone on behalf of Horton Homes at Mr. Hutchinson's office in Montgomery at the time set forth herein.

Sincerely,

MICHAEL S. HARPER

MSH/ac

cc: Sydney Frazier
    Thomas Grant
    Randy Myers
    Frank Hawthorne

RECEIVED
JUL - 9 2008

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HORTON HOMES, INC.

      PLAINTIFF

VS.                                                    2:07-cv-506-MEF

LARUE BANDY, ET. AL.,

      DEFENDANTS

NOTICE OF DEPOSITION

TO:    James Paul
         Thomas Grant
         Sydney Frazier

DEPONENT:  Henry H. Hutchinson

TIME:    9:00 a.m.

DATE:    July 17, 2008

LOCATION:  Law Office of Capell & Howard, PC
               150 South Perry Street
               Montgomery, Alabama 36104

RESPONSIBLE FOR COURT REPORTER:

      Please take notice that the Plaintiff's attorney will take the deposition and/or video deposition of the deponent named above, at the time, date and location indicated above, upon oral examination pursuant to the Alabama Rules of Civil Procedure, before a certified court reporter. The oral examination will continue from day to day until completed and you are invited to attend if you desire. The deposition once taken may be used for any purpose allowable under the Alabama Rules of Civil Procedure or for any other purpose.

Exhibit "A" (if attached) is a list of documents which the deponent is to bring to the deposition to be reviewed, copied and about which questions may be asked.

                                      MICHAEL S. HARPER,
                                      A PROFESSIONAL CORPORATION

213 Barnett Boulevard
Post Office Box 780608                    MICHAEL S. HARPER - HAR094
Tallassee, Alabama 36078                Attorney for Plaintiff
Telephone: 334-283-6855

OF COUNSEL:

Frank H. Hawthorne, Jr.
Randy A. Myers
Hawthorne & Myers, L.L.C.
322 Alabama Street
Montgomery, Alabama 36104
Telephone: 334/269-5010

## CERTIFICATE OF SERVICE

I hereby certify that I have this 27th day of July, 2007 mailed a copy of the foregoing upon the following counsel by First Class mail, postage prepaid and properly addressed to Sydney F. Frazier, Jr., Esquire, 2001 Park Place North, Suite 700, Birmingham, Alabama 35203 and James L. Paul, Esquire, and Thomas C. Grant, Esquire, 191 Peachtree Street, N.E., 34th Floor, Atlanta, Georgia 30393.

                                                      OF COUNSEL