## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| HORTON HOMES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 2:07-cv-506-MEF |
| ) | |
| LARUE BANDY, MARIE BANDY, ) | |
| PATRICK PRITCHETT, WILLIAM ) | |
| SHANER, ELSIE FONDREN ) | |
| AVERETTE, WILLIAM CRUTHIRDS, ) | |
| and SHERRIE CRUTHIRDS, ) | |
| ) | |
| Defendants. ) | |

### MOTION FOR CONTINUANCE

COME NOW your Defendants in the above-styled cause and move this Honorable Court to continue this cause and state as grounds therefore:

1. At the pre-trial conference of this cause, this Honorable Court advised counsel that this case was the fourth oldest case on the docket of nine scheduled for trial on September 29, 2008.

2. This Honorable Court asked counsel if they believed that this case could be ready for trial as scheduled, to which counsel for the Defendants advised the Court that we did not think so but that we would do our best to get it ready.

3. We believe that a brief history of the discovery issues would aid the Court in understanding the current status of this case.

4. On January 10, 2008, this Honorable Court entered a Uniform Scheduling Order setting cut-offs, specifically setting the discovery cut-off for August 1, 2008.

5. On October 25, 2007, Defendants submitted a Request for Production of Documents and on November 27, 2007, submitted Interrogatories to the Plaintiff, many of which were objected to.

6. When counsel for the Defendants were unable to work out a resolution of this discovery, we filed a Motion to Compel on February 19, 2008, which was set to be heard before the Honorable Charles Coody on March 13, 2008.

7. On March 13, 2008, at the Federal Courthouse, counsel for the Plaintiff first approached Defendants' counsel and agreed to fully answer almost all Defendants' Interrogatories and produce most of the documents requested, making the hearing before Judge Coody unnecessary and moot.

8. Not wanting to proceed with depositions prior to receiving the paper discovery, counsel for the Defendants first inquired by letter on April 3, 2008, about taking the depositions of the Horton people.

9. Hearing nothing from Plaintiff's counsel, defense counsel faxed another letter on April 9, 2008, again requesting deposition dates.

10. Plaintiff's counsel advised that conflicts in their schedules would not allow the depositions to go forward until May 20th and 21st, 2008, which was reluctantly agreed to, said depositions to be taken in Macon, Georgia.

11. At said depositions on May 20, and 21, defense counsel first learned of Triangle Homes, LLC and its significance to this case and thereafter submitted a Third Request for Production of Documents on May 30, 2008, pertaining to Triangle and other Horton related companies.

12. Noting the discovery cut-off was only two months away, defense counsel filed a Motion to Shorten Time on June 5, 2008. A telephone conference hearing was

held and Judge Coody denied the Motion to Shorten Time. However, on June 9, 2008, Judge Coody did order the Plaintiff to file its objections to said discovery no later than June 23, 2008.

13. On June 23, 2008, Plaintiffs did file their objections to Defendants' Continuing Request for Production of Documents, basically objecting to all of said discovery and seeking a protective order.

14. On July 8, 2008, defense counsel noticed the depositions of the President and 30(b)(6) representative of Triangle Homes to be taken on July 22, 2008. (Nine days before the discovery cut-off)

15. On July 14, 2008, Plaintiff filed a Motion for Protective Order pertaining to said deposition notice. Receiving no ruling on Plaintiff's Motion for Protective Order, counsel for the defendants traveled to Macon, Georgia, on July 21, 2008, and took depositions the following day, as noticed.

16. At said depositions, Plaintiff's counsel first advised that they also represented Triangle Homes and would not allow the Triangle Homes representative, Mr. Hicks, to testify regarding the issues stated in Defendants' 30(b)(6) notice. That same afternoon, and <u>after the witness refused to answer questions</u>, the Motion for Protective Order was granted by Judge Coody.

17. Judge Coody set oral arguments for August 5, 2008, on Plaintiff's Motions for Protective Order and Defendants' Motion to Compel discovery. (Of course, the discovery cut-off had expired by this time.)

18. On August 14, 2008, the afternoon before the scheduled pre-trial, Judge Coody entered an order granting Defendants' Motion to Compel, as it related to documents requested and depositions to be taken regarding Triangle Homes and ordered

3

that the documents be produced by August 25, 2008, and the deposition(s) be taken by August 29, 2008.

19. In addition, at the Pre-trial of this cause, defense counsel brought it to the attention of this Honorable Court that in light of the fact that the Court denied Plaintiff's Motion to Strike Henry Hutchison as an expert witness for the Plaintiff, Defendants needed to depose Mr. Hutchison. The Court indicated that this also should be accomplished by August 29, 2008.

20. Since the Pre-trial hearing, defense counsel has written and emailed Plaintiff's counsel to obtain the documents ordered by Judge Coody and to set up the Triangle Homes deposition(s) and the deposition of Mr. Hutchison. To date, Plaintiff's counsel have proposed putting off the deposition of Mr. Hutchison until the first week of September. They have agreed to put Mr. Hicks up for deposition on August 28, 2008, but refused to agree to produce the documents four days prior thereto pursuant to the spirit of Judge Coody's Order.

21. In related Horton Homes State court cases, defense counsel filed a motion to remove the cases of *Jones v. Horton Homes, Inc., et al.*, and *Stevens v. Horton Homes, Inc., et al.,* on July 17, 2008. Of course, this required counsel for current Defendants to timely file a Motion to Remand these cases, which has been done. However, the Federal District courts have set briefing schedules for responsive briefs to be filed by the undersigned no later than September 4, 2008.

22. As defense counsel advised the Court, our schedules are very hectic during the month of September.

23. Plaintiff has been able to obtain all of its discovery through the cooperation of Defendants, although the same cannot be said for the discovery which Defendants seek

4

from Plaintiffs.  Defendants have diligently sought discovery in this case and should not be prejudiced by having to take necessary discovery well after the cut-off, while at the same time prepare this case for trial, write briefs in this case and other Horton related cases, and keeping other matters current on their calendars.

24. The Court will recall that on the morning of the Pre-trial, this Court and defense counsel first received Plaintiff's Motion in Limine but did not get a chance to read it before pre-trial.  It should be noted that at the preliminary hearing of this matter, counsel for the Plaintiff introduced an abundance of evidence of things that happened years after the initial transaction between the parties.  Plaintiff's Motion in Limine was the first time counsel for Plaintiff raised an issue to limit the testimony to the time of the transaction.  This is an inconsistent position by Plaintiff to the one taken at the Preliminary Injunction hearing.  It also is an **"ambush",** which this Court clearly stated it would not tolerate.  A great deal of the discovery has been in an effort to refute the volumes of evidence presented by the Plaintiff at the preliminary hearing concerning the years 2002 – 2006.

25. On August 19, 2008, this Honorable Court entered an order requiring Plaintiff to respond to Defendants' first raised issue by August 29, 2008, the same date to which the additional depositions were to be taken and the discovery of Triangle Homes produced.

26. On August 20, 2008, the Plaintiff filed its Witness List in this cause listing at least ten witnesses unknown to Defendants.  In order to prevent the Plaintiff from trying this case by **"ambush"**, Defendants need additional discovery on these unknown witnesses.

27. Defendants will be prejudiced if not allowed a reasonable time to prepare their case and respectfully request this Honorable Court to grant a continuance of this cause.

28. A reasonable continuance will not prejudice the Plaintiffs in this cause.

29. The undersigned have conferred with counsel for Plaintiff and have been unable to obtain their position on this matter.

WHEREFORE, the above premises considered, Defendants respectfully pray this Honorable Court suspend all deadlines and continue this cause. Defendants pray this Honorable Court to reset the trial of this cause for the May 4, 2009, Montgomery jury trial term. Counsel for Defendants presently have a State court case set for trial January 5, 2009, *Bruce McDonald, et al. v. Craig H. Jenkins, et al.*, Civil Action No. 2007-1268.

Respectfully submitted this 22nd of August, 2008.

/s/ Frank H. Hawthorne, Jr.
FRANK H. HAWTHORNE, JR. (HAW012)
Attorney for Plaintiff

OF COUNSEL:
Hawthorne & Myers, L.L.C.
322 Alabama Street
Montgomery, AL 36104
334-269-5010 / 334-834-0080 facsimile

Michael S. Harper, Esquire
P. O. Box 780608
Tallassee, AL  36078-0608
334-283-6855

**CERTIFICATE OF SERVICE**

      I hereby certify that I have on this the 22nd day of August, 2008, filed the above pleading/discovery electronically with the CM/ECF E-Filing System in Federal District Court. The below counsel will receive a copy from the system via email if registered in the system. If not, I certify that I have placed a copy of the same in the U.S. mail this day.

Sydney F. Frazier, Jr., Esq.
Cabaniss, Johnston, Gardner, Dumas & O'Neal, LLP
2001 Park Place North, Suite 700
Birmingham, AL  35203

James L. Paul, Esq.
Thomas C. Grant, Esq.
Chamberlin, Hrdlicka, White, Williams & Martin
191 Peachtree Street, N.E., 34th Floor
Atlanta, GA  30303

                                                */s/ Frank H. Hawthorne, Jr.*
                                                OF COUNSEL