UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HORTON HOMES, INC.

        PLAINTIFF

VS.                                                    2:07-cv-506-MEF

LARUE BANDY, ET. AL.,

        DEFENDANTS

**<u>DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT</u>**

Come now the Defendants herein, who answer Plaintiff's Third Amended Complaint by saying as follows:

1.      Defendants admit the allegations of paragraph 13(d) of the third amended complaint.

2.      Defendants deny the allegations of paragraph 19 of the third amended complaint and demand strict proof thereof.

3.      Defendants deny the allegations of paragraph 23 of the third amended complaint and demand strict proof thereof.

4.      Defendants admit the allegations of paragraph 8.1 of the third amended complaint.

5.      Defendants admit the allegations of paragraph 8.2 of the third amended complaint.

6.      Defendant McCullough admits that he purchased a mobile home from H & S Homes, L.L.C., d/b/a Horton Homes of Griffin on or about June 15, 1998. Defendant denies the remaining allegations of paragraph 18 (f) of the third amended complaint and demands strict proof thereof.

7.      Defendant Teel admits that he purchased a mobile home on or about July 10, 2001.  He admits that he entered into an arbitration agreement with Horton Homes of Opelika.   Defendant Teel denies the remaining allegations of paragraph 18 (g) of the third amended complaint and demands strict proof thereof.

8.      Defendants admit or deny the re-allegations of paragraphs 1 through 24 as previously stated.

9.      Defendant McCullough admits the allegations of paragraph 109 of the third amended complaint.

10.    Defendant McCullough admits the allegations of paragraph 110 of the third amended complaint.

11.    Regarding paragraph 111 of the amended complaint, Defendant McCullough admits that the demand for arbitration says what it says and that the instrument speaks for itself.

12.    Defendant McCullough admits that portion of paragraph 112 of the third amended complaint stating that he seeks arbitration as to both H & S Homes, L.L.C. and Horton Homes, Inc.; however, Defendant McCullough denies the remaining allegations of paragraph 112 and demands strict proof thereof.

13.    Defendant McCullough denies the allegations of paragraph 113 of the third amended complaint and demands strict proof thereof.

14.    Defendant McCullough admits the allegations of paragraph 114 of the third amended complaint.

15.    Defendant McCullough denies the allegations of paragraph 115 of the third amended complaint and demands strict proof thereof.

16.    Defendant McCullough denies the allegations of paragraph 116 of the third amended complaint and demands strict proof thereof.

17.    Defendant McCullough admits that he seeks arbitration against Horton Homes, Inc.; however, Defendant McCullough denies the remaining allegations of paragraph 117 of the third amended complaint and demands strict proof thereof.

18.    Defendant McCullough denies the allegations of paragraph 118 of the third amended complaint and demands strict proof thereof.

19.    Defendant McCullough denies the allegations of paragraph 119 of the third amended complaint and demands strict proof thereof.

20    Defendant McCullough denies that Plaintiff is entitled to the relief prayed for in its ad damnum to Count XI of the third amended complaint and demands strict proof thereof.

21.    Defendants admit or deny the re-allegations of paragraphs 1 through 24 and 108 through 119 as previously stated.

22.    Defendant McCullough denies the allegations of paragraph 121 of the third amended complaint and demands strict proof thereof.

23.    Defendant McCullough denies the allegations of paragraph 122 of the third amended complaint and demands strict proof thereof.

24.    Defendant McCullough denies the allegations of paragraph 123 of the third amended complaint and demands strict proof thereof.

25.    Defendant McCullough denies that Plaintiff is entitled to the relief prayed for in its ad damnum to Count XII of the third amended complaint and demands strict proof thereof.

26.    Defendant Teel Defendants admit or deny the re-allegations of paragraphs 1 through 24 as previously stated.

27.    Defendant Teel admits the allegations of paragraph 125 of the third amended complaint.

28.    Defendant Teel admits the allegations of paragraph 126 of the third amended complaint.

29.    Regarding paragraph 127 of the third amended complaint, Defendant Teel admits that the demand for arbitration says what it says and that the instrument speaks for itself.

30.    Defendant Teel denies the allegations of paragraph 128 of the third amended complaint and demands strict proof thereof.

31.    Defendant Teel denies the allegations of paragraph 129 of the third amended complaint and demands strict proof thereof.

32.    Defendant Teel admits the allegations of paragraph 130 of the third amended complaint.

33.    Defendant Teel denies the allegations of paragraph 131 of the third amended complaint and demands strict proof thereof.

34.    Defendant Teel denies the allegations of paragraph 132 of the third amended complaint and demands strict proof thereof.

35.    Defendant Teel admits that he seeks to proceed with arbitration against Horton Homes, Inc., ; however, Defendant Teel denies the allegations of paragraph 133 of the third amended complaint and demands strict proof thereof.

36.    Defendant Teel denies the allegations of paragraph 134 of the third amended complaint and demands strict proof thereof.

37.    Defendant Teel denies the allegations of paragraph 135 of the third amended complaint and demands strict proof thereof.

38.    Defendant Teel denies that Plaintiff is entitled to the relief prayed for in its ad

damnum to Count XIII of the third amended complaint and demands strict proof thereof.

39.     Defendant Teel Defendants admit or deny the re-allegations of paragraphs 1 through 24 and 120 through 135 as previously stated.

40.     Defendant Teel denies the allegations of paragraph 137 of the third amended complaint and demands strict proof thereof.

41.     Defendant Teel denies the allegations of paragraph 138 of the third amended complaint and demands strict proof thereof.

42.     Defendant Teel denies the allegations of paragraph 139 of the third amended complaint and demands strict proof thereof.

43.     Defendant Teel denies that Plaintiff is entitled to the relief prayed for in its ad damnum to Count XIV of the third amended complaint and demands strict proof thereof.

44.     Defendants adopt and incorporate by reference as if set forth at length herein any and all affirmative defenses previously alleged in prior pleadings.

MICHAEL S. HARPER,
A PROFESSIONAL CORPORATION

213 Barnett Boulevard                    /s/ Michael S. Harper
Post Office Box 780608                   MICHAEL S. HARPER - HAR094
Tallassee, Alabama 36078                 Attorney for Plaintiff
Telephone: 334-283-6855

OF COUNSEL:

Frank H. Hawthorne, Jr.
Randy A. Myers
Hawthorne & Myers, L.L.C.
322 Alabama Street
Montgomery, Alabama 36104
Telephone: 334/269-5010

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this 22nd day of August, 2008 filed the above

pleading/discovery electronically with the CM/ECF E-Filing System in Federal District Court.

The below counsel will receive a copy from the system via e-mail if registered in the system.  If

not, I certify that I have placed a copy of the same in the U.S. mail this date.

1.   Sydney F. Frazier, Jr., Esquire
     2001 Park Place North, Suite 700
     Birmingham, Alabama 35203

2.   James L. Paul, Esquire
     Thomas C. Grant, Esquire
     191 Peachtree Street, N.E., 34th Floor
     Atlanta, Georgia 30393.

/s/ Michael S. Harper
OF COUNSEL