IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HORTON HOMES, INC., | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:07-cv-506-MEF |
| | ) | |
| LARUE BANDY, et al., | ) | (WO - Do Not Publish) |
| | ) | |
| DEFENDANTS. | ) | |

## ORDER

This cause is before the Court on Plaintiff Horton Homes, Inc.'s Motion (i) in Limine to Exclude Evidence Related to Alter Ego After July 10, 2001, or (ii) in the Alterative, for a Ruling Pursuant to Fed. R. Evid. 104(a) on the Time Period of Evidence That Can Be Admitted With Respect to Defendants' Alter Ego Defense (Doc. # 133). The Court has carefully considered the motions in support of and in opposition to the motion.

H&S Homes, LLC ("H&S") operated sales lots for certain manufactured housing. H&S entered into a contract with each of the Defendants by which Defendants purchased a manufactured home. These sales contracts included arbitration agreements requiring the arbitration of claims related to the homes. Plaintiff Horton Homes, Inc. ("Horton Homes") manufactured the homes Defendants purchased, but did not sign the contracts containing arbitration provisions. Defendants contend that they have several claims against H&S and Horton Homes, and consequently, they have sought arbitration against both H&S and Horton

Homes.[1]  Consequently, Horton Homes brought this suit seeking declaratory and injunctive relief.  Specifically, Horton Homes contends that as it is not a party to the arbitration agreements it cannot be compelled to allow Defendants to arbitrate claims against it or to have Defendants collect any arbitration award from it.  Defendants contend that Horton Homes is subject to the arbitration agreements because it is the alter ego of H&S Homes. This is the sole issue in this case.[2]

In the instant motion in limine, Horton Homes contends that due to the nature of the claim at issue, that is whether a non-signatory to an agreement to arbitrate can be bound by the terms of that agreement the only relevant time period is the date, or in this case dates, of the execution of the agreement to arbitrate.  Defendants wish to offer evidence regarding events which occurred after the date on which the last agreement was reached.

Based on the record before the Court, the Court is persuaded that the relevant time period for the determination of an alter ego claim for purposes of this case is the time of the transaction for which alter ego liability on the contract is sought.  Accordingly, because Horton Homes seeks a determination that it is not bound by the arbitration clauses in the contracts between H&S and Defendants executed during the period up through July 10, 2001,

---

[1]  At least one of the Defendants has prevailed in an arbitration and received an arbitration award against both H&S and Horton.

[2]  Importantly, Defendants have no counterclaims against Horton Homes.  For example, this is not a case in which the holder of a judgment or arbitration award has filed suit against a corporation claiming that it is the alter ego of the judgment debtor or the recipient of fraudulently conveyed funds from the judgment debtor.  The relevant time frame for the alter ego determination might well be different in a case such as that.

that is the only time period relevant to the alter ego determination in this action.  Indeed, in the Court's view, the jury will be called upon to decide whether Horton Homes was the alter ego of H&S on the dates on which each Defendant entered into an agreement with H&S. Thus, there will be no judicial determination in this case as to whether Horton Homes ever later became the alter ego of H&S at any time after July 10, 2001.[3]

For good cause shown, it is hereby ORDERED that the motion in limine is CONDITIONALLY GRANTED.[4]  It is further ORDERED that the Defendants shall not make any reference to any events or admit any evidence of any events after July 10, 2001, without first being granted leave by this Court upon a showing that the Court believes that the information has been made relevant and admissible and upon the Court's finding that it is more probative than prejudicial.

DONE this the 29th day of April, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[3]   In reaching this conclusion, the Court has considered and rejected Defendants' arguments, including their erroneous contention that judicial estoppel somehow limits Plaintiff from taking its current position and their conspiracy analogy.

[4]   The alternative request for relief is DENIED as MOOT.